UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORDAN MARTELL RICE ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-10859-MLW |
| ) | |
| TIM HALL, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS PETITION
FOR WRIT OF HABEAS CORPUS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Tim Hall, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Jordan Martell Rice, on the grounds that the petition fails to state a claim upon which relief may be granted. As grounds for this motion, and as set forth more fully herein, the petition for a writ of habeas corpus may not be granted because the petitioner has failed to exhaust all of the claims stated in his petition for a writ of habeas corpus, i.e., he has failed to present two claims to the state's highest court before bringing it in federal court. Specifically, the petitioner did not present either Ground 7 or Ground 8 of his petition to the Massachusetts Supreme Judicial Court as federal constitutional claims. Because the petitioner has not yet provided the state's highest court with the first opportunity to pass on the merits of these claims, the petition should be dismissed. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## BACKGROUND

### Prior Proceedings

On October 20, 1998, following a trial in the Plymouth County Superior Court in Brockton, the petitioner was found guilty of first-degree murder by extreme atrocity or cruelty and of arson. *See* Docket Sheet, contained in Supplemental Answer, filed herewith (hereinafter cited as "Supp. Ans.") as Exhibit 1; *see also Commonwealth v. Jordan Martel Rice*, 441 Mass. 291 (2004), Supp. Ans., Ex. 6.

The petitioner appealed his conviction on direct appeal to the Massachusetts Supreme Judicial Court (hereinafter, "the SJC"). *See* Supp. Ans., Exs. 2-5. As grounds for his appeal to the SJC, the petitioner argued, *inter alia*, that "[t]hrough his questioning of the defendant, the prosecutor . . . unfairly suggested his unfounded 'rape theory' to the jury" and that the trial judge erroneously permitted a Commonwealth witness to testify beyond his expertise in violation of due process. *See* Supp. Ans., Ex. 2, p. 41, n. 5 and pp. 46-47. The petitioner based his challenges on these two points exclusively on Massachusetts law. *See id.* The petitioner did not raise any constitutional basis for these grounds for appeal. *See id.*

The SJC affirmed the petitioner's conviction on March 24, 2004. *See Commonwealth v. Jordan Martel Rice*, 441 Mass. 291 (2004), Supp. Ans., Ex. 6.

### The Instant Federal Habeas Petition

The petitioner filed the instant petition for a writ of habeas corpus on April 29, 2004. In support of his petition, the petitioner claims, *inter alia*, that "the prosecutor communicated false impressions not based upon any evidence through his cross-examination of the defendant" and that his conviction was obtained "by use of Commonwealth witnesses testifying beyond their

expertise." *See* Petition, ¶ 12(G) and 12(H).

## ARGUMENT

A.  **Standard**

The instant habeas petition should be denied because the petitioner has failed to exhaust his state court remedies. It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler,* 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola,* 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte,* 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion requirement,[1] in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose,* 455 U.S. at 518. *See also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied,* 513 U.S. 1129 (1995); *Duckworth v. Serrano,* 454 U.S. 1, 3 (1984); *Mele,* 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that any federal errors in the state court proceedings were fairly presented to the state's highest court. *Nadworny v. Fair,* 872 F.2d 1093,

---

[1] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele,* 850 F.2d at 819.

3

1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). Further, in order for it to be said that the petitioner has exhausted his state remedies as to his federal habeas claims, he must have presented the state court with evidence of the federal nature of his claim, such as:

> specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character . . . such as would in all likelihood alert a reasonable jurist as to the existence of a federal question.

*Nadworny*, 872 F.2d at 1101. "The fewer the [federal] trappings that adorn a petitioner's state court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson*, 131 F.3d at 262.

**B.  The Petitioner Cannot State an Actionable Claim for a Writ of Habeas Corpus, Since He Has Not First Presented the Federal Constitutional Nature of His Claims to the Massachusetts Supreme Judicial Court.**

Assuming that the claims asserted in Grounds Seven and Eight (paragraphs 12(G) and 12(H)) of the petition for a writ of habeas corpus state claims of a federal constitutional violation,[2] the petitioner has failed to bring these claims before the SJC. Since the petitioner did not present the constitutional basis of these claimed errors in the trial court's decision to the state court, the petitioner's claims are not properly exhausted and the petition should be dismissed.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), *quoting Gagne v. Fair*, 835 F.2d 6, 8 (1st

---

[2] The petitioner does not, in his petition, articulate the constitutional nature of these claims, nor does he cite any legal authority in support of these claims.

Cir. 1987). *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the [brief to the SJC]." *Id.* at 823.

It is not sufficient for a petitioner to rest on a bare suggestion of a federal claim in his brief to the SJC; rather, the petitioner must set forth an analysis in his brief to the SJC which is "likely to alert the court to the claim's federal nature." *Nadworny*, 872 F.2d at 1098, *quoting Daye v. Attorney General of New York*, 696 F.2d 186, 192 (2nd Cir. 1982)(en banc), *cert. denied*, 464 U.S. 1048 (1984). It is not enough that all of the facts necessary to support the federal claim were before the state court, or that a somewhat similar state-law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276-77 (1971). *See also Duncan*, 513 U.S. at 366. Rather, "the exhaustion requirement requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references [that] hint that a [federal] theory may be lurking in the woodwork will not turn the exhaustion trick." *Martens*, 836 F.2d at 717.

Here, the petitioner's appellate brief to the SJC does not contain any reference to a federal constitutional violation when discussing the grounds for appeal which are repeated in Grounds Seven and Eight of his petition for habeas corpus. *See* Supp. Ans., Ex. 2, pp. 41, n.5, 46-47. There is no constitutional analysis of these issues; instead, the petitioner "relied upon Massachusetts case law and debated the assignment of error exclusively in state law terms."

5

*Adelson*, 131 F.3d at 263. Even though the petitioner has set forth the constitutional basis for the other claims in his petition, this fact does not preserve his petition because, under the exhaustion doctrine, *every* claim must have been exhausted. *Rose*, 455 U.S. at 522; *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)(reviewing exhaustion requirements under AEDPA and concluding that petitioner must properly exhaust his state-court remedies with respect to all claims in habeas writ; affirming dismissal of petition containing unexhausted claims). Accordingly, since no federal constitutional issues with respect to Grounds Seven and Eight were ever raised in the petition presented to the SJC, Massachusetts' highest court, the habeas petition contains unexhausted claims, and must, therefore, be dismissed. *See Rose,* 455 U.S. at 510, 518-19. *See also Picard*, 404 U.S. at 275 ("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(*quoting Darr v. Buford,* 339 U.S. 200, 204 (1950)).

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it contains unexhausted claims.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: August 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Jordan Martell Rice, on August 26, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, as follows: Jordan Martell Rice, W65429, P.O. Box 8000, Shirley, Massachusetts 01464

/s/ Maura D. McLaughlin
Maura D. McLaughlin