UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JORDAN MARTELL RICE | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 04-10859-MLW |
| TIM HALL, | ) | |
| Respondent. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Tim Hall, through counsel, answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a-b). Admitted.

9(c). The respondent admits that the date of the decision of the Massachusetts Supreme

Judicial Court (hereinafter, "the SJC") was March 24, 2004. Further answering, the respondent states that the citation to the decision is *Commonwealth v. Jordan Martel Rice*, 441 Mass. 291 (2004).

9(d). The respondent states that the grounds raised in the petitioner's appellate brief to the SJC are set forth in Exhibit 2 to the Supplemental Answer, filed herewith. To the extent that paragraph 9(d) of the petition alleges any additional or different facts, the respondent denies same.

9(e). Admitted.

9(f). The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9(f) of the petition for writ of habeas corpus and calls upon petitioner to prove same.

10. Admitted.

11(a)(1). Admitted.

11(a)(2). Admitted.

11(a)(3). The respondent states that the grounds raised in the petitioner's Rule 30 motion for a new trial are set forth in Exhibit 3 to the Supplemental Answer, filed herewith, at pp. R 35 *et seq*. To the extent that paragraph 11(a)(3) of the petition alleges any additional or different facts, the respondent denies same.

11(a)(4). Admitted.

11(a)(5). Admitted.

11(a)(6). Admitted.

11(b). The respondent is without knowledge or information sufficient to form a belief as

            to the truth of the allegations contained in paragraph 11(b) of the petition for writ of habeas corpus and calls upon petitioner to prove same.

11(c). The respondent admits that the petitioner appealed the denial of his first motion for a new trial to the SJC. The respondent is not aware of the existence of any second or subsequent motion or petition.

11(d). Left blank by the petitioner.

12. The respondent admits that the grounds stated in paragraph 12 of the petition are the grounds for relief are the grounds which the petitioner presented to the SJC. The respondent denies each and every allegation of fact contained in paragraph 12 of the petition for a writ of habeas corpus. To the extent that paragraph 12 of the petition for a writ of habeas corpus contains conclusions of law, they require no response. Further answering, the respondent states that paragraph 12 fails to state a claim upon which relief may be granted and that the petitioner has failed to exhaust the claims stated therein.

13. Left blank by the petitioner.

14. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for writ of habeas corpus and calls upon petitioner to prove same.

15. Admitted.

16. Admitted.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for writ of

habeas corpus and calls upon petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which contains copies of the following documents:

1. Docket Sheet, *Commonwealth v. Jordan Martel Rice*, Plymouth County Superior Court Criminal Action Nos. 1996-98643 and 1996-98805.

2. Brief for the Defendant-Appellant, *Commonwealth v. Jordan Martel Rice*, Massachusetts Supreme Judicial Court No. 2003-08304;

3. Record Appendix for the Defendant-Appellant, *Commonwealth v. Jordan Martel Rice*, Massachusetts Supreme Judicial Court No. 2003-08304;

4. Brief for the Commonwealth, *Commonwealth v. Jordan Martel Rice*, Massachusetts Supreme Judicial Court No. 2003-08304;

5. Reply Brief for the Defendant-Appellant, *Commonwealth v. Jordan Martel Rice*, Massachusetts Supreme Judicial Court No. 2003-08304;

6. *Commonwealth v. Jordan Martel Rice*, 441 Mass. 291 (2004).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The petition should be dismissed since it contains claims which were not presented to the Massachusetts Supreme Judicial Court, and which were, therefore, not exhausted in the state court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: August 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Jordan Martell Rice, on August 26, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, as follows: Jordan Martell Rice, W65429, P.O. Box 8000, Shirley, Massachusetts 01464

/s/ Maura D. McLaughlin
Maura D. McLaughlin

5