Jordan M. Rice - W65484
P.O. Box 8000,
Shirley, Ma. 01464

Mark L. Wolf, Judge
1 Courthouse Way
Boston, Ma. 02210

(PAGE 1 OF 4)

RE: Rice V. Brady, ET AL., 04-10859-MLW

Dear Judge,

Hello, my name is Jordan M. Rice and I am the Petitioner in the above Habeas Corpus. I am unable to represent myself Pro-Se because the Department of Corrections (DOC) has unlawfully held me in Punitive Segregation for almost one year pending out of state transfer. In fact, on Oct. 7, 2004 will be officially one year. Simply I been held in segregation and classified for out of state transfer in retaliation of exercising my First Amendment Rights in regards to % Joseph Ayala placing a hit on me to be carried out by two inmates.

To substantiate this fact, please see the Lawsuit (Rice V. Dennehy, BKT. No. 04-741) I filed in Middlesex Superior Court and/or please call Leslie Walker of Massachusetts Correctional Legal Services (MCLS) at 617-482-2773 or 1-800-882-1413). Attorney Walker is fully aware of my plight but MCLS can't provide me with any assistance in Habeas Corpus or address my situation.

Since I been held in segregation for almost 1 year the DOC has knowingly and willingly denied me my Guaranteed Constitutional Rights of Access to the Courts pursuant to Bounds V. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491 (1977); in which the U.S. Supreme Court has stated, "It is no established beyond doubt that prisoners have a constitutional right of access to the courts".

The DOC has purposely misplaced all my legal documents. The SBCC

# PAGE 2 OF 4

Law Librarian Mary Morrison has failed to provide me with any legal materials on how to proceed in my Habeas Corpus Petition and Lawsuit at my numerous request. In fact I been making this request for the past 8 weeks in a row. In response I only keep receiving sample copies of Habeas Corpus Petitions, along with instructions on how to fill out the Habeas Corpus Petition. As for Legal Research, I am only allowed 15 minutes a week on a CD-Rom and I can't print documents that exceed 15-30 pages. All this fails to meet the standards in <u>Bound v. Smith</u>!

I have filed numerous well detailed Institutional Grievance Forms all to no avail! Also I have wrote numerous well detailed letters to Governor Mitt Romney and Public Safety Secretary Edward Flynn via certified mail all to no avail! The D.O.C. is willingly and knowingly denying me my Guaranteed Constitutional Rights of Access to the courts and other Civil Rights in retaliation for my speaking out about their grave abuse of me and for me filing an lawsuit against them for violating my Civil Rights! I am also being denied access to the courts in regards to my Lawsuit too!

I have wrote numerous organizations requesting representation in my Habeas Corpus Petition and the ones that has at least responded to my request, has all denied my request for help along with directing my attention to either M.C.L.S. or the Federal Public Defender's Office. Well MCLS has stated "there is nothing they can do for me." Both Liz Prevett and Tim Watkins of the Federal Public Defender's Office has repeatedly informed me that "you must Appoint them before they can represent me." I have personally requested that all the above named Attorneys write a letter to your attention requesting that "in the Interest of Justice you appoint me counsel in my Habeas Corpus" but all three Attorney's claimed such a letter would be unethical.

In my wrongful conviction there is numerous misconduct on the Mass State Police behalf. Unfortunately the Trial Judge Charles J. Hely

<u>PAGE 3 of 4</u>

and the S.J.C. Side Stept the issue by denying to grant me a Evidentiary Hearing on my Rule 30 Motion For New Trial. The Wrongful Conviction of me could of been preserved while granting me a Evidentiary Hearing. I know the burden is on me to prove my case but if I am not granted a Evidentiary Hearing to demonstrate the Misconduct then I can't meet the burden of proof. My claims are very Meritorious and relief can be granted!

In fact, the same type of landmark Evidentiary Hearings you held exposing the grave misconduct on the F.B.I.'s behalf. Is the same type of landmark hearings my wrongful conviction will expose misconduct on the State Police's behalf and on a smaller degree the F.B.I.'s behalf! I Promise! There is a bloody print in my case that will exonerate me, which the State Police and then Plymouth County District Attorney Michael Sullivan withhelded along with other prints (some bloody), Hairs, Fibers and Blood all from the crime scene. In fact now U.S Attorney Micheal Sullivan has a history of withholding exculptory evidence for defendants but I am sure your very familiar with Mr. Sullivans tactics. See Exhibit No. G. For you to have better understanding of my wrongful conviction I am enclosing an affidavit that was filed along with my Rule 30 motion for new trial. This same affidavit is attached to my Habeas Corpus Petition I filed with the Court of Clerk Office on April 27, 2004 Please note, see Pages 11-15 of the Affidavit to have a better understanding of the exculptory Bloody Print.

On Aug. 26, 2004 the Attorney General's Office filed for motion to dismiss my Petition and I don't know how to respond, due to the fact the D.O.C. is denying me access to the courts. If you grant this Dismissal then you will be Dismissing a Innocent Man's Life! This is the last chance I will have to prove my <u>Innocence</u>! I have filed two motions for appointment of counsel that you haven't acted upon to date. I am now again requesting that you "<u>please</u>" appoint me counsel to represent in this matter in the name

of "JUSTICE"?

On September 24, 2004 I spoke with Attorney Rosemary Scapicchio over the telephone (617-263-7400) and I was very impressed and comfortable with her. In fact I feel as I can trust her with my life! Therefore if she would kindly accept my case on appointment for you, I would be more than happy! This Attorney fought for 14 years to exonerate Mr. Shawn Drumgold and her hard work finally prevailed. I don't know her schedule or even if she would take my case under the circumstances but I would be <u>Honored</u> to have her to Represent me in my wrongful conviction before such a Noble, opened minded and fair Justice as yourself, Sir!

This would Equal the playing field and truly insure that the eyes of justice are BLINDED and then the State Police Misconduct in my case will be brought to the <u>Light</u>! I am begging you to not let my cries for Help and Justice fall on deaf ear, as did the State Court and Other Public Officials! If so, it will be a grave crime and great injustice because I am fighting the good fight like a true gentleman......

Respectfully Submitted,

x _[signature]_

This letter is true and correct, sign this 27th day of September, 2004 under the penalty of perjury

x _[signature]_
Jordan M. Rice

CC: Brendan A. Rice, Mother
    Enclosure

Exhibit No. G

# Federal judge up in arms over prosecutors' evidence gaffes

B.H. 11/21/02
By J.M. LAWRENCE

An irate federal judge ordered U.S. marshals to be ready to yank U.S. Attorney Michael J. Sullivan out of a dentist's chair yesterday morning when the top prosecutor failed to appear to defend his office's late disclosures of evidence.

"I've got the U.S. marshal here, because I was contemplating sending him to the dentist," U.S. District Court Judge Mark L. Wolf said from the bench yesterday.

Just before 9 a.m., Wolf ordered Sullivan to personally appear at 10 a.m. to face questions about a series of cases after previously undisclosed evidence derailed Wolf's schedule in a Swansea gun and drugs case.

Prosecutors' failure to hand over evidence has led to two mistrials in Wolf's courtroom already this year, while on Monday, U.S. District Court Judge Joseph L. Tauro stopped a bank robbery trial when prosecutors failed to hand over fingerprints.

Sullivan yesterday chose to keep a 10 a.m. appointment for a speaking engagement in Plymouth and sent the chief of the office's criminal division, James B. Farmer, to Wolf's courtroom.

"Quite frankly, I really would have expected that a speaking engagement wouldn't trump a court order," Wolf said.

The judge ordered Sullivan to file an affidavit by noon today "to explain why he has willfully disobeyed my order to be here" and to appear before Wolf on Monday.

Sullivan declined comment on the incident but said his office would file the affidavit today.

The judge's ire comes as defense attorneys are clamoring about an alleged pattern of prosecutors withholding evidence they are legally obligated to turn over to defendants well before trial.

"This series of events shows there is a real systemic problem with prosecutors and agents not paying proper attention to their obligations," said attorney Charles Rankin, president of the defense lawyers association.

Sullivan dismissed the claim, citing an earlier affidavit he filed with Wolf stating the office faced 19 alleged disclosure violations out of more than 800 criminal cases in the past two years.

"There's no basis. Our experience is just the opposite," Sullivan said. "We're fully committed to timely and complete compliance with our discovery obligation."

He called recent incidents "unintentional" stemming from "human error" when prosecutors are faced with hundreds of reports and other documents before trial.

In the case before Wolf yesterday, a prosecutor revealed he had just discovered an additional state trooper's report about the night police raided a Swansea motel room on April 23, 2001. A 16-year-old girl reported two armed drug dealers had raped her and were holding a 15-year-old girl captive.

Attorney Stephen Hrones, who represents one of the accused men, Leonard Baskin, said the report contradicts police claims that they found a gun under a mattress when they busted into the room and searched for more suspects.

Hrones has asked Wolf to throw out evidence of the gun because police had no search warrant to look under the mattress. The newly obtained report shows the 15-year-old victim told police that night where to find the gun.

Baskin, 24, who has a prior criminal record, faces substantial additional prison time if convicted of possessing a gun in addition to cocaine found in the motel.

Wearing an orange prisoner's jumpsuit yesterday, Baskin sat with his head in his hands as the judge ticked off cases in which he found prosecutors failed to produce evidence on time.

Wolf, who held the landmark hearings in 1998 that exposed the FBI's relationship with gangster informants, declared a mistrial on Friday in a case involving a felon found with a gun in his pants during a traffic stop in West Bridgewater.

In April, the judge threw out a case against an alleged marijuana dealer three months after declaring a mistrial in the case and accused federal prosecutors of a pattern of "extreme misconduct."

Rankin attributes the problem to a lack of training for police and other government agencies who don't open their files fully to prosecutors. "I think the overwhelming majority of prosecutors do their best to comply with their obligations. There's an institutional problem," he said.

From Boston Herald Newspaper dated Nov 21, 2002