United States District Court
District Of Massachusetts

Jordan M. Rice,
         Petitioner,
    Vs.                                    Civil Action No. 04-10859-MLW
Bernard Brady,
         Respondent

Affidavit In Support Of Motion To Show Cause For Appointment of Counsel

Jordan M. Rice, being duly sworn, deposes and says:

1. I am the petitioner in the above entitled case. I make this affidavit in support of my Motion to Show Cause For Appointment of Counsel. Two motions for Appointment of Counsel has been filed with the Court on earlier dates, which to date a decision hasn't been rendered on.

2. This is a Petition For Writ Of Habeas Corpus By a Person in State Custody on grounds: 1) Trial Court Erroneously denied a Pretrial Defense Application for discharge of trial counsel, 2) Conviction obtained by use of evidence gained pursuant to unconstitutional search and seizure, 3) Conviction obtained by improper closing summation of Prosecutor and Opening Summation was improper, 4) Conviction obtained by a violation of the privilege against self-incrimination, 5) Denial of effective assistance of Counsel, 6) Conviction obtained by use of improper jury instruction, 7) Conviction obtained by improper cross-examination of the defendant, 8) Conviction obtained by use of Commonwealth witnesses testifying beyond their expertise and 9) Conviction obtained by the unconstitutional failure of the Prosecution to disclose to the defendant evidence favorable to the defendant. See Exhibit No. 1

3. This is a complex case because it contains Nine different legal claims, each claim,

-2-

10. On November 19, 2004 the Petitioner filed his second "Freedom of Information - Privacy Acts Request" with the FBI's FOIA Officer. See Exhibit No. 3

11. On December 1, 2004 the FBI claimed that no records were located despite the fact on October 4, 2002 FBI Agent Randall F. Lzwaters denied destroying the Bloody Palm Print to my former Private Investigator Ronald H. Rice (No Relation). See Exhibit No. 4. The Petitioner has appealed this FBI Bureaucratic excuse. See Exhibit No. 4-A

12. The Petitioner is meeting Governmental Bureaucratic because he is a Pro Se inmate but he is not letting this stop him in his pursuant of Justice! See Exhibit No. 5. Also the Petitioner has been denied assistance in this matter by the ACLU. See Exhibit No. 5-A

13. At the time of the Petitioner's Arrangement thru his Trial in Brockton, Mass. (Plymouth County). The now U.S Attorney Michael J. Sullivan was the then Plymouth County District Attorney and this could explain the withholding of the Bloody Palm Print and other exculpatory evidence because it appears Mr. Sullivan has a consisted pattern of withholding exculpatory evidence from Defendants. This is a fact Justice Wolf is very well familiar with. See Exhibit No. 6. Also the Petitioner has discovered a "State Police Evidence Recovery Log Sheet" that suggest the bloody palm print wasn't destroyed on Sept 27, 1995 because it existed last as Oct. 21, 1996 and this contradicts Trooper Bechan's frivolous assertion that the FBI destroyed the Print. See Exhibit No. 6-A

14. The State Police's malfeasance behavior would of been discovered before trial, if the Petitioner's Trial Attorney, the infamous Henry Owens, III, didn't sell the Petitioner out by refusing to file standard pretrial motions, such as Discovery and ect. SEE Exhibit No. 1 and Exhibit No. 7.

15. Now the Petitioner will demonstrate the most important reason Justice

-4-

Wolf should grant the Petitioner Counsel to represent him in this matter.

16. The Petitioner has been unlawfully held in segregation since October 7, 2003 on Protective Custody Status pending a retaliatory out of State transfer.

17. The Petitioner filed a Lawsuit (Rice V. Dennehy, DKT. No. 04-741) against the Department of Corrections in Middlesex Superior Court for violation of his First Amendent Rights and other Civil Rights because the DOC placed the Petitioner in punitive segregation and classified him for out of state transfer simply for writing Former SBCC Superintendent Edward Ficco to inform him Q: Joseph Ayala placed a hit on him.

18. Now to stop the Petitioner from demonstrating the DOC's malfeasance behavior against him. SBCC Law Librarian Mary Morrison is denying the Petitioner access to Legal Materials because he filed his Lawsuit. In fact Ms. Morrison clearly has stated "She isn't going to help a inmate who is suiting the DOC." Therefore Ms Morrison refuses to answer the petitioners request.

19. The Petitioner isn't allowed to go to the Law Library and the only way for him to attain Legal Material is thru Ms. Morrison. The only thing she gives the petitioner in this matter is a simple "Petition For Writ Of Habeas Corpus".

20. The Petitioner has exercised the Inmate Grievance Form to no avail.! In fact he has filed no less than 10 Grievance Forms against Ms. Morrison but the DOC refuses to remedy the problem because they are benefiting from Ms. Morrison's denial of the Petitioner Constitutional Rights of Access to the Court. See Exhibit No 8A - 8J

21. Each Grievance Form the Petitioner has filed, the Grievance Coordinator Sgt. Barbara McDermotts has rendered a frivolous excuse to deny the Grievance Form.

-5-

22. Each denial by Sgt. McDermott has been appealed to SBCC Superintendent Lois Russo and Ms. Russo has upheld Sgt. McDermotts frivolous denial.

23. On Oct. 27, 2004 Sgt. McDermott wrote the Petitioner informing him to write SBCC Director of Classification Michael Rodriques. See Exhibit No. 9

24. On Oct. 28, 2004 the Petitioner wrote Mr. Rodriques. See Exhibit No. 10. When Mr. Rodriques didn't respond to that letter, the Petitioner wrote him a second time on Nov 2, 2004. See Exhibit No. 11

25. On Nov. 3, 2004 the Petitioner received a letter from Mr. Rodriques stating Ms. Morrison would write the Petitioner, which still to date has happened. See Exhibit No. 11A

26. Now DOC Officials and Ms. Morrison is stating "the Petitioner must tell them in explicit details what legal materials he needs to proceed in this matter." Which is impossible because this is the first time the petitioner has ever attempted to Represent himself and more importantly the 1st Circuit Court has deemed this practice by the Massachusetts DOC "ILLEGAL" in Messere V. Fair, 752 F. Supp. 48 (D. Mass 1990) See Exhibit No. 9

27. The Petitioner is only allowed 15-20 minutes a week on a CD-Rom to do legal research and isn't allowed to print any legal materials that proceeds 20 pages but now the Petitioner doesn't go to the CD-Rom because Officer's maliciously ransack his cell, steal his legal documents and breaks his personal property

28. The Petitioner has continued to file weekly grievance forms against Ms. Morrison but Sgt. McDermott has repeatedly refuse to acknowledge any of the Grievance Forms.

-6-

29. The Petitioner has wrote numerous Public Officials about his unlawful situation all to no avail. In fact the Petitioner has forwarded copies to "Justice Wolf" to keep the Court abreasted of his grave plight because he been repeated abused in retaliation of his lawsuit.

30. In fact most of the same SBCC Officers identified in the Petitioner's said "Lawsuit" for violating his Civil Rights are now some of the same Officer's retaliatory Physically and Mentally abusing the Petitioner currently. Namely c/o Joseph Ayala, Sgt. James Hart, Sgt. Michael Cormier, c/o Robert Bassett, c/o Scott Nelson, c/o Michael Kasperzak and Sgt. Peter Peladeau. The Petitioner has filed no less than 20 Grievance Forms all to no avail. See Exhibit No. 12A - 12T

31. SBCC Officer's has also denied the Petitioner access to the telephone. See Exhibit No. 13A - 13D

32. SBCC Officer's has censored all the Petitioner's incoming and outgoing mail. See Exhibit No. 14

33. In retaliation of the Petitioners lawsuit, the DOC has purposely lost 70-85 percent of the Petitioners Legal Documents to further prohibit him from seeking remedy thru the legal system of his Civil and Criminal matters. See Exhibit No. 15A - 15B

34. The DOC has made frivolous excuses to deny each Grievance Form and has repeatedly failed to display leadership ability by ordering their Officer's to stop abusing the Petitioner in numerous ways, which is in retaliation of his State Civil Litigation against the DOC!

-7-

35. The Petitioner has repeatedly addressed his concerns to Commissioner of Corrections Kathleen M. Dennehy all to no avail. See Exhibit No. 16

36. The Petitioner has also repeatedly addressed his concerns to Secretary of Public Safety Edward Flynn all to no avail. See Exhibit No. 17

37. The Petitioner has also address his concerns with numerous Governmental Agencies because the SBCC Medical Staff and Mental Health Staff has worked with the DOC to mask the abuse of the Petitioner. These letters to has falling on deaf ear's too! See Exhibit No. 18A - 18E.

38. The DOC is in clear violation of numerous State Laws, such as confining the Petitioner in punitive segregation on Protective Custody Status. This fact alone is in violation of Blaney v. Commissioner, 374 Mass. 337 (1978) (State statute entitled protective custody inmates to the same treatment as general population inmates).

39. The Petitioner has been held in Punitive Segregation on Protective Custody Status for well over 1 year and hasn't been afforded the same treatment as a General Population inmate in any way.

40. Despite the clear violations of the Law, Massachusetts Correctional Legal Services, who is suppose to insure that inmates are afforded there Civil Rights, has to turned a blinded eye to the petitioner's plights! Exhibit No. 19.

41. After the Petitioner wrote (Exhibit No. 19) to Ms. Walker. She stop taking his calls and didn't respond to Exhibit No. 19. The Petitioner has also verbally requested that she write Justice Wolf a letter explaining the Petitioner's unlawful condition in support of Appointment of Counsel and Attorney Leslie Walker of MCLS refused to do so. The

-8-

Petitioner fears Justice Wolf won't believe him because the Petitioner feels his credibility is greatly diminished as a prisoner.

42. The Petitioner has reached out for help to numerous other organizations all to no avail. Only seven Organization showed courtesy by answering the Petitioner to ~~acknowledge~~ acknowledge and deny his request for representation. See Exhibit No. 20A-20G.

43. Despite of all these denials, the Petitioner has continued to fight for his rights! On Nov. 5, 2004 he spoke with Harvard Law School Student Anika Simmons and explained his unlawful situation.

44. Ms. Simmons kindly spoke with someone at the Federal Court to explain the Petitioner's unlawful plight. See Exhibit No. 21

45. The Petitioner hasn't failed the system. The system has failed him because in the face of all this adversity, he has fought the good fight as a Gentleman.

46. Case in point, ~~the~~ James Morgan, the victim's abusive ex-boyfriend, has told his friends "He committed the murder" the Petitioner is in prison for. Mr. Morgan maybe a serial killer because a number of other women have been murdered in the same manner in Massachusetts and Rhode Island (See Exhibit No. 22). The Petitioner or his family just hasn't had the funds to pursue these leads via hiring another Attorney or Private Investigator.

47. The Petitioner is a Protective Custody Inmate because he testified against seven high ranking gang member's in the highly publicized murder trials of the upcoming Rapper/R&B Singer Chris Bender and for this there is a contact on the Petitioner's Life for breaking

-9-

the code of Gang Silence

48. The Petitioner has been basicly confined in Punitive Segregation since June 19, 2001 to the present date with only a five month break out of Punitive Segregation, which was from June of 2003 to Oct 7, 2003.

49. Due to these long durations confined in Punitive Segregation and the Physical and Mental torment that has been perpetrated on the Petitioner has caused him to develop a mental impairment.

50. The Petitioner now suffers from deep depression and has spells of grave paranoia. This condition caused the Mental Health Doctor to prescribe the Petitioner the mental Health Medication called "Trazadone", which he is suppose to take daily. Some days it's physically impossible for him to get out of bed.

51. The Petitioner only has a twelfth grade education and no formal education in regards to the law. The Petitioner wants the Court to know that he plagiarized the wording of this Affidavit and Accompanying memorandum of law from the "Prisoner's Self-Help Litigation Manual."

52. For all the foregoing reasons the Petitioner can't answer the Attorney General's Motion to Dismiss his Petition for Writ of Habeas Corpus nor can he represent himself at any stage of proceedings in this matter.

53. The Petitioner nor his Supportive Family can afford to retain Counsel to represent him in this matter.

54. As set forth in the Memorandum of Law submitted with this motion,

-10-

these facts, along with the legal merit of the Petitioner's claim, supports the Appointment of Counsel to represent the petitioner in this matter.

WHEREFORE, the Petitioner's earlier filed motions for the appointment of counsel should be granted.

Signed under the pains and penalties of perjury this 7th day of January, 2005 A.D.

x /s/ Jordan M. Rice

Jordan M. Rice
P.O. Box 800
Shirley, Ma. 01464