I have enclosed, in part the trial testimony of Trooper Beehan (Marked Exhibit No. A).

Since my trial, I have learned through my former Appellate Counsel's Private Investigator that F.B.I. Agent Fitzwaters, who supposedly destroyed the print on the cup with chemicals, denies any knowledge or involvement in the alleged destruction of the palm print. I have enclosed, the Affidavit of my Private Investigator Ronald H. Rice (Marked Exhibit No. B)

The Massachusetts State Police fabricated a story about Agent Fitzwaters' destroying the bloody print, because this bloody print was an exculpatory piece of evidence that will exonerated me. The Massachusetts State Police withheld the bloody print to secure a conviction against me.

Massachusetts State Police Colonel Thomas Foley has been publicly condemning Federal Government Agencies for their use of James "Whitey" Bulger and Stephen "The Rifleman" Flemmi as informants. Colonel Foley has further condemned the F.B.I. for allegedly withholding evidence for 30 years that would have exonerated Joseph Salvati, Peter Limone and two other co-defendants in the Deegan Murder.

Now, coincidently, it's the Massachusetts State Police, who are withholding evidence and wrongly accusing the F.B.I. of destroying the evidence that will exonerated me, along with other forensic evidence.

If an Federal Probe is conducted into my wrongful conviction, it would be discovered that not only did the Massachusetts State Police prejure themselves about the F.B.I.'s alleged destruction of the bloody print, but it would be further discovered that the Massachusetts State Police coached and fed five witnesses (all from the same family) information to secure the conviction against me. Work records of this family would prove this point, and my work records has already proved this point.

Also, there were other prints (some bloody), blood samples, hairs and

-40-

Exhibit No. 4A

<u>Page 3 of 3</u>

fibers found at the crime scene that were never examined or tested in any way. And D.N.A. testing was available in Massachusetts when the crime I am now wrongly convicted of was committed. D.N.A. testing of all the forensic evidence and examination of all the print evidence will establish the true identification of the Murderer in this case. Who is James Morgan, the victims ex-boyfriend. Mr. Morgan has giving confessions about this murder to an number of his friends. My Trial Attorney Henry Owens, who conspired with the prosecutor's to convict me, has been disbarred from practicing Law for his Malpractice Representation of other clients.

Well, there were alot of more injustices involved in my wrongful conviction. I hope your office is truly interested in my miscarriage of justice. If your interested please don't attempt to contact me via mail because all my mail is being unlawfully censored by Prison Officials. You can come visit me or contact my Mother (Blenda Rice), former Attorney (Donald Harwood) and/or my former Private Investigator (Ronald H. Rice). All their information is enclosed below. See Exhibit No. B for Mr. Ronald Rice's information.

I look forward to your anticipated cooperation in this matter.

Respectfully Submitted,

x Jordan M. Rice

CC: Donald A. Harwood
305 Broadway, 7th Floor
New York, N.Y. 10007
Phone # 212-822-1400, Ext. 109

Blenda Rice
177 Battles Farm Dr.
Brockton, Ma. 02301
Phone No. 508-586-1849

<u>Certified Mail No.</u>
7002 2410 0004 4648 7681

-41-

Exhibit No. A                    147
Page 1 of 3
From Trial Transcript
Day 2/Oct 14, 1998

Start
Reading
Here.

Exhibit No. 1 A

1    palm print cards that I, myself had taken from

2    numerous people in and around the area.

3    Q    One of those is Mr. Rice?

4    A    Yes, sir.

5    Q    Now, the print that was on the coffee cup in

6    blood, how many points were you able to discern of

7    that particular cup?

8    A    I could only see approximately four points, four

9    characteristics.  Four points was all I was able to

10   see.

11   Q    Now, in order to assist you, did you consult

12   with other individuals on how to proceed with this

13   particular print?

14   A    Yes, I do.

15   Q    Who are those individuals?

16   A    When I was still trying to develop to see if I

17   could develop this print more to have more points

18   become visible to the eye, I spoke with Lieutenant

19   Kenneth Martin from my office to see if he could

20   assist me in other chemicals that I was not familiar

21   with, trying to enhance this print.  In turn, he and

22   myself went to Rhode Island.  There was a seminar on

23   developing prints, different ways, one of them being

24   how to develop prints left in blood.

42.

Exhibit No. A
Page 2 of 3
From Trial Transcript
Day 2 - Oct. 14, 1998

148

Exhibit No 1 A

1    Q    Who was conducting that?

2    A    Mr. Fitzwaters, and he was from the

3    Washington FBI Lab out there.  He is a latent print

4    examiner out there.

5    Q    When did this happen?

6    A    I did this on the 27th of September, of 1995, of

7    that year, a couple of days after the scene itself.

8    Q    Now, when you went to Rhode Island, where in

9    particular in Rhode Island did you go?

10   A    The seminar was held at the Johnson & Wales

11   facility out in -- Seekonk, Massachusetts, right on

12   the Rhode Island/Mass. line.

13   Q    Once you went there did you present this item to

14   Mr. Fitzwater?

15   A    Yes, I did.

16   Q    How did you package it for your journey?

17   A    I had it in a box, upside down, and I had it

18   barricaded around, so it would not move, with

19   different other small boxes with tissues, with paper

20   towels so it would stay stationary in the box, not to

21   disturb the print.

22   Q    Okay.  Was that item presented to this

23   individual?

24   A    Yes.

-43-

Exhibit No. A
Page 3 Of 3
From Trial Transcript
Day 2 - Oct. 14, 1998

149

1    Q    Did he attempt to enhance the print?

2    A    Yes, he did.

3    Q    What happened when he attempted to enhance the

4    print?

5    A    Inadvertently when he was -- the chemicals we

6    work with are very wet; they're liquid, our

7    chemicals, and while he was working with another

8    chemical, trying to enhance the print, his gloved

9    hand was also wet, and when he went to roll the cup,

10   trying to put the chemicals on the outside of the

11   cup, he inadvertently held the handle of the cup and

12.  wiped away my print.  He washed it away.

13   Q    Now, this was obviously before you had taken a

14   photograph?

15   A    I had taken a photograph of it, yes.

16   Q    You still had the photograph?

17   A    I still had the photograph.

18   Q    Did you take that photograph to somebody to try

19   to get help in enhancing it?

20   A    Yes, I did.

21   Q    Who was that, please?

22   A    One of the people was Juan Smith.  He's a palm

23   print expert out of the Mississippi Crime Lab in

24   Meridian, Mississippi.

Stop
Reading
Here.

Exhibit No. 4 A

FORM CSR - LASER  REPORTERS PAPER & MFG. CO.  800-626-6313

-44-

Exhibit No. B
Page 1 of 3



**CRIMINAL
INDUSTRIAL
INSURANCE
FORENSIC**

# NEW ENGLAND LEGAL INVESTIGATIONS
*Certified Handwriting and Profiling Experts*
*53 AMANDA AVENUE • PLYMOUTH, MA 02360*
*TEL: (508) 759-2551 • FAX: (508) 759-4672*

October 24, 2002

Donald Harwood
Attorney At Law
c/o Primo Law Firm
20 Corporate Woods Blvd.
Albany, New York 12211

### AFFIDAVIT OF RONALD H. RICE

I, Ronald H. Rice, hereby depose and state as follows:

I am a fully licensed Private Investigator through the Massachusetts Department Of State Police, license number: P-99 (copy attached). I have been retained by the defendant, Jordan M. Rice.

On Friday, October 4, 2002, I spoke with an FBI agent, Randall Fitzwater, who supposedly destroyed a palm print on a coffee cup with chemicals, according to the trial testimony of trooper Patricia A. Beehan.

Mr. Fitzwater expressly denied any knowledge, remembrance or involvement with this alleged destruction of evidence, although he declined to forward an affidavit to me in this regard.

On Friday, October 4, 2002, I spoke with Ron Smith, a latent print expert, formerly of the Mississippi Crime Laboratory, who supposedly provided a forensic opinion to the Common-wealth concerning the bloody palm print found on a coffee cup in the kitchen sink at the crime scene.

Mr. Smith told me that he _did not_ provide a forensic opinion to the Commonwealth, only a curtesy opinion, as there was not enough detail to include or exclude the victim as the source of the print; nor was Mr. Smith shown any of the comparison prints of Mr. Rice or any other sus-pect, contradicting trooper Beehan's trial testimony that she brought with her all such compar-ison prints for Smith's examination. Mr. Smith was unable to forward an affidavit to me in this regard.

Attached hereto is a certified copy of a restraining order dated 1/26/94 that the victim obtained against James Morgan.

- 45-







Exhibit No. 1 A

2 of 2

Signed under the penalties of perjury this 24th day of October at Plymouth, MA.

_Ronald H. Rice_

Exhibit No. B

Page 2 of 3

Exhibit No. 1A

-46-



Exhibit No. 1 A

Exhibit No. B
Page 3 of 3

# The Commonwealth of Massachusetts

## Department of State Police

*This is to certify that* CHECKMATE FORENSIC SERVICES, INC.

*of* PLYMOUTH, MASSACHUSETTS

*has been duly licensed to conduct the business of a*

# PRIVATE DETECTIVE

*under the title of* NEW ENGLAND LEGAL INVESTIGATIONS (RONALD H. RICE, RESIDENT MANAGER)

*at* 53 AMANDA AVENUE, PLYMOUTH, MASSACHUSETTS 02360

*in accordance with the provisions of Section 22-30, Chapter 147, of the General Laws,*

*from* AUGUST 31, 2002 *to* AUGUST 31, 2003

(License Number P-99)

*Thomas J. Foley, Colonel*

**THIS LICENSE DOES NOT CONFER UPON THE LICENSEE THE POWER AND THE AUTHORITY OF A CONSTABLE OR POLICE OFFICER**



-47-



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

August 5, 2004

Mr. Jordan Rice
177 Battles Farm Drive
Brockton, Massachusetts  02301

Dear Mr. Rice:

I am writing in response to your correspondence addressed to the FBI.

Based on the information you have provided there is no violation within our jurisdiction.  Therefore, the FBI can take no action regarding this matter.

The issues that you have brought to our attention should be filed through the appropriate appeals process. You may wish to contact an attorney for further assistance.

I am returning your correspondence.

Sincerely yours,

*Jose A Vargas /ry*

Jose A. Vargas
Chief, Civil Rights Unit
Criminal Investigative Division

Enclosure(s)

*Exhibit No. 6*

-48-

Jordan Martell Rice - W65 429
Souza-Baranowski Corr. Center
P.O. Box 8000
Shirley, Ma. 01464

Federal Bureau of Investigation
Attn: Freedom Of Information Officer
Chief F.O.I.A & Privacy Act Section
935 Pennsylvania Avenue, N.W.
Room 6296 JEH
Washington, D.C. 20535

Dear F.O.I.A. Officer,

Re: Freedom of Information Act Request
  Freedom of Information Act, (5 U.S.C. sec. 552);
  Privacy Act, (5 U.S.C. sec. 552 (b) (d) (b) (7);
  General (5 U.S.C. sec. 552A (j) (2)  or
  Specific (5 U.S.C. sec. 552 A (K) (2)
    Not Applicable To This Request.

This letter will serve as my request, pursuant to the provisions of the "Freedom of Information Act" (5 U.S.C. §552), and the Privacy Act (5 U.S.C. 552A (d) (1) (e)), and applicable state "Freedom of Information Provisional Statute and/or regulations if state agency request, for full disclosure, and release of records and/or data contained in the files of your agency, and specifically maintained under my name and/or identifier assigned to my name.

This request is sought specifically for Complete documents, Amendment, Deletion and/or expungment (5 U.S.C. § 552A (d) (2) (a)), or records maintained by your agency.

The records sought, but not limited to, is either view and go through the records maintained by your office/department, and to have copied after either reviewing or receiving a

-1-                                    -49-

Exhibit No. 3

list of compiled information within your office or department.

1. Investigation and/or Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agent in regards to the Sept. 27, 1995 examined at Johnson & Wales Inn, in Seekonk, Massachusetts during a seminar.

2. Investigation and/or Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agent in regards to the Oct. 4, 2004 about my criminal conviction ~~about~~ with my Private Investigator Ronald H. Rice

3. Reports of Evidentiary and/or Scientific Information finds by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents

4. Final and Closing Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents

5. Criminalistics and/or Chemist Reports filed by Latent Print Expert FBI Randall Fitzwater or any other FBI Agents.

6. Internal Reports filed by Latent Print Expert FBI Agent Randall Fitzwater, any other FBI Agents or Office of Professional Responsibility

7. Any and all information, data or reports and/or memos otherwise not exempted by Statute ( 5 U.S.C. § 552 (c) (a), (b) (7) ), ( 5 U.S.C § 552A (j) (2) (K) (2), or law;

Tarlton V. Saxbe, 507 F. 2d 116, 156 U.S. App. D.C. 293 (1974), Sullivan V. Murphy, 478 F. 2d 938, 156 U.S. App. 28 (1973). Your agency is advised that investigation reports in total are no longer exempted status unless under the specific exemptions noted, and only

*Exhibit No. 3*

with reference to specific citation of authority, Piton V. LaPrade, 524 F.2d 862, 868-69 (3rd Cir. 1975)

It is further requested that your agency in response to the material requested, specifically inform me if and to whom the file and/or material therein contained has been released too. Any identifiable individual(s) or agency, their name, title, purpose and need for such information and need for such information, the date of such release, the specific material that was release, the person within your agency who released such information, and specific reference to authority, statute or regulation, governing such release (5 U.S.C. § 552A (a) (1), Piton V. LaPrade, 524 F.2d 862 (3rd Cir. 1975); Tarlton V. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293 (1974), Linda V. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d 536 (1973).

It is further requested that your agency provide me with a copy of specific regulations of your department as provided by statute (5 U.S.C. § 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. § 701 et seq.).

This request is made pursuant to the "Freedom of Information Act" (5 U.S.C. § 552), and the "Privacy Act" (5 U.S.C. § 552A), together with the "alternative means of access", to permit me maximum access to the records in and maintained on file in your agency. If and for Any reason it is determined that portions of § 552 (b) (2) (b) (7), 552A (j) (2), (k) (2)), or by regulation pursuant to Menard V. Mitchell, 430 F.2d 486, 139 U.S. App. D.C. 113 (1970); Nemetz V. Department of Treasury, 446 F. Supp. 102, I request specific citation to authority for such deletion.

If it should be determined that any material be deemed Confidential, due to identification of source, then permission is granted to the agency to delete source of identification Only from material for release. Piton V. LaPrade, 524 F.2d 862 (3rd Cir. 1975), Chastain V. Kelly, 510 F.2d 1332

Pursuant to title (5 U.S.C. § 552 (b) (a) (i)), it is noted that your agency had (10) TEN working days following the receipt of this request to provide the information and material sought. Should any reasonable delay be occasioned, it is requested that your agency inform

-3-

Exhibit No. 3

me of this delay, as provided by agency regulations, and the data as to when your agency will be able to act upon the request. Also for your convenience any files under my name and/or related to me filed by FBI Agent Randall Fitzwater or any other FBI Agents.

    I look forward to your anticipated cooperation to this matter

Respectfully Submitted,

Jordan Martell Rice

Dated: Nov. 19, 2004

Jordan Martell Rice
D.O.B:_____
S.S.N.:_____

Exhibit No. 3

Certified Mail No.
7003 2360 0000 1351 7502

-4-

-52-

Commonwealth Of Massachusetts

## Affidavit Of Indigency

Pursuant to General Laws Chapter 261, Section 27A-G, the applicant, Jordan M. Rice, swears (or affirm as follows):

Applicant is Indigent in that he is a person:

"Whose income, after taxes is 125%, or less of the the current poverty threshold annually established by the Community Services Administration, pursuant to section 625 of the Enconomic Opportunity Act, as Amended,

1*/_____ or, Applicant requests that the copying fees be waived".

Signed under the pains and penalties of perjury.

x Jordan Martell Rice

Dated: Nov. 19, 2004

Jordan Martell Rice
P.O. Box 8000
Shirley, Ma. 01464

Exhibit No. 3

1*/

This is substantially the same poverty standard used by legal services programs funded by the Federal Legal Services Corporation 42 U.S.C. 44 2996(F)(2)(A) & (B). The citation to sec. 625 (EOA) G.L.C. 261, sec 27A, Amended St. 1980, c. 539. sec., sec. 624. Pub 88-452, 6 sec. 624 [42 U.S.C. § 2971(d).]

Certified Mail No. 7003 2260 0000 1351 7502

Jordan M. Rice - W65434
P. O. Box 8000
Shirley, Ma. 01464

Office of Information and Privacy
U. S. Department of Justice, Suite# 570
Flag Building
Washington, D.C. 20530

Re: <u>Freedom of Information-Privacy Acts Administration Appeal</u>

Dear Director,

Hello, this is an Administration Appeal under the Freedom of Information-Privacy Acts, 6 U.S.C. Sec. 552(a) and any and all Administrative Appeals applicable to Provisional Statute and/or Regulations.

I filed my First request for documents under the Freedom of Information-Privacy Acts on October 5, 2004, which is marked Exhibit No. 1. Out of fear that this request was too vague to be successful, I filed my Second request for documents under the Freedom of Information-Privacy Acts on November 19, 2004, which is marked Exhibit No. 2. As you will notice my second request (Exhibit No. 2) is in Very Painstaking Detail. At less one of my said "Request" was assigned the following identification number 1009313-00.

On December 1, 2004, I received a response to my request in a letter signed by Mr. David M. Hardy. I am writing to obtain a precise determination of why my request has been denied, when documents do exist pertaining to my said "Request".

The documents that were withheld must be disclosed under the FOIPA because it is likely to contribute significantly to public understanding of the operations or activities of both the State Police of Massachusetts, Federal Bureau of Investigation and Federal Government, and is not primarily in my

- 54 -

commerical interest, nor a business trying to get information on industrial competitors.

I expect a final ruling on my appeal within twenty working days, the time specified in the statute.

Thank you for consideration of this appeal.

Sincerely,

Jordan M Rice

Dated: Dec. 17, 2004

CC: Franci Richardson, Boston Herald Reporter
Charles Stephenson, Attorney
Enclosure

Certified Mail No.
7003 2260 0002 1864 3495

Exhibit No. 4

-55-



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 1, 2004

MR JORDAN MARTELL RICE
**W65429
POST OFFICE BOX 8000
SHIRLEY, MA 01464

Request No.: 1009313- 000
Subject: RICE, JORDAN MARTELL

Dear Mr. Rice:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

Based on the information furnished, a search of the automated indices to our central records system files at FBI Headquarters located no records responsive to your FOIPA request.

Although no records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Should you desire a check of our field office files, it will be necessary for you to direct your request to the appropriate field office.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

EXHIBIT NO. 4A

-56-

# *Justice Denied — Legal Ads*

### "Innocent Man Needs Help!"



Hello, I am serving a Life Sentence without the possibility of parole for Murder with Nineteen through Twenty years running concurrently for Arson. I've been wrongfully convicted! Please let me explain some of my case:

At my trial, State Trooper Patricia Beehan, testified "She took a bloody palm print found on a cup at the crime scene to a FBI Latent Print Expert, who was conducting a seminar. While the Agent was applying chemicals to enhance the print, he destroyed it." There was never any pretrial discovery to this destruction, nor did this Agent testify at my trial.

Since my trial, I have learned the Agent denies destroying the print but refused to provide me an Affidavit. Furthermore there were many other prints from the crime scene that the Police are hiding and making frivolous excuses about! Like the print on the bathroom sink, Trooper Beehan didn't collect because she felt the Police left it, nor did she file any reports but could testify from her memory after working over a hundred crime scenes.

There is other prints, blood samples, hair and fibers from the crime scene. Forensic testing would identify the true murderer who is the victims abusive ex boyfriend. He has told his friends, "He committed this murder!" He maybe a serious killer because many other women have been murdered in the same manner in Massachusetts and Rhode Island. All since I've been wrongfully incarcerated! My Trial Attorney, Henry Owens know all this but he conspired with Prosecutors to convict me! He has been disbarred for his malpractice representation of other clients.

The Police coached and fed five witnesses all from the same family information to secure this conviction. These family members are Alan Paine, Sunni Gonzales and Joanne Maldonado all of Brockton, Massachusetts, Theresa and Jaime Baker of Bonifay, Florida. Work records to this family will prove this point because my work records have already proved it!

Due to my wrongful conviction I've been gravely abused by Correctional Staff at all levels! There are many more injustices involved in my wrongful conviction but I can't write them all. Please write and I will explain my injustices in great detail. I hope to hear from you soon!



**Write to me at:**

Jordan Martell Rice
#W65429
SBCC
PO Box 8000
Shirley, MA 01464

**Send Email**

Justice Denied
Main Section

Exhibit No. 5

Go To: Friends beyond the Wall.Com

October 22, 2004

Dear Jordan Rice:

We have received your letter and we are sorry to hear about the difficulties you are having. Unfortunately, the ACLU is not in a position to help you in this matter.

This response is in no way meant to reflect any judgment on the merits of your case. The ACLU is a private, non-profit organization that seeks to preserve and extend constitutional rights and privileges. ACLU cases are restricted only to those in which the government infringes on civil liberties.

Given our limited resources and the volume of requests that we receive, we must give priority to those cases in which our participation will help to effect the greatest degree of systemic change. Unfortunately, we have concluded that your case does not fulfill the necessary requirements to warrant representation by the ACLU.

If you wish to pursue your case, you should contact a private attorney. Your state's Bar Association should be able to provide you with the name of an attorney who practices in the appropriate field. If you cannot afford private counsel, you should contact a legal services organization.

Again, we regret that we cannot be of more assistance with your situation. Best of luck in resolving your difficulties. We are returning your materials in case you wish to send them elsewhere.

Sincerely,

National ACLU

Exhibit No. 5A

- 58 -

Exhibit No. G

# Federal judge up in arms over prosecutors' evidence gaffes

B.H. 11/21/02.
By J.M. LAWRENCE

An irate federal judge ordered U.S. marshals to be ready to yank U.S. Attorney Michael J. Sullivan out of a dentist's chair yesterday morning, when the top prosecutor failed to appear to defend his office's late disclosures of evidence.

"I've got the U.S. marshal here, because I was contemplating sending him to the dentist," U.S. District Court Judge Mark L. Wolf said from the bench yesterday.

Just before 9 a.m., Wolf ordered Sullivan to personally appear at 10 a.m. to face questions about a series of cases after previously undisclosed evidence derailed Wolf's schedule in a Swansea gun and drugs case.

Prosecutors' failure to hand over evidence has led to two mistrials in Wolf's courtroom already this year, while on Monday, U.S. District Court Judge Joseph L. Tauro stopped a bank robbery trial when prosecutors failed to hand over fingerprints.

Sullivan yesterday chose to keep a 10 a.m. appointment for a speaking engagement in Plymouth and sent the chief of the office's criminal division, James B. Farmer, to Wolf's courtroom.

"Quite frankly, I really would have expected that a speaking engagement wouldn't trump a court order," Wolf said.

The judge ordered Sullivan to file an affidavit by noon today "to explain why he has willfully disobeyed my order to be here" and appear before Wolf on Monday.

Sullivan declined comment on the incident but said his office would file the affidavit today.

The judge's ire comes as defense attorneys are clamoring about an alleged pattern of prosecutors withholding evidence they are legally obligated to turn over to defendants well before trial.

"This series of events shows there is a real systemic problem with prosecutors and agents not paying proper attention to their obligations," said attorney Charles Rankin, president of the defense [...] 's association.

Sullivan dismissed the claim, citing an earlier affidavit he filed with Wolf stating the office faced 19 alleged disclosure violations out of more than 800 criminal cases in the past two years.

"There's no basis. Our experience is just the opposite," Sullivan said. "We're fully committed to timely and complete compliance with our discovery obligation."

He called recent incidents "unintentional" stemming from "human error" when prosecutors are faced with hundreds of reports and other documents before trial.

In the case before Wolf yesterday, a prosecutor revealed he had just discovered an additional state trooper's report about the night police raided a Swansea motel room on April 23, 2001. A 16-year-old girl reported two armed drug dealers had raped her and were holding a 15-year-old girl captive.

Attorney Stephen Hrones, who represents one of the accused men, Leonard Baskin, said the report contradicts police claims that they found a gun under a mattress when they busted into the room and searched for more suspects.

Hrones has asked Wolf to throw out evidence of the gun because police had no search warrant to look under the mattress. The newly obtained report shows the 15-year-old victim told police that night where to find the gun.

Baskin, 24, who has a prior criminal record, faces substantial additional prison time if convicted of possessing a gun in addition to cocaine found in the motel.

Wearing an orange prisoner's jumpsuit yesterday, Baskin sat with his head in his hands as the judge ticked off cases in which he found prosecutors failed to produce evidence on time.

Wolf, who held the landmark hearings in 1998 that exposed the FBI's relationship with gangster informants, declared a mistrial on Friday in a case involving a felon found with a gun in his pants during a traffic stop in West Bridgewater.

In April, the judge threw out a case against an alleged marijuana dealer three months after declaring a mistrial in the case and accused federal prosecutors of a pattern of "extreme misconduct."

Rankin attributes the problem to a lack of training for police and other government agencies who don't open their files fully to prosecutors. "I think the overwhelming majority of prosecutors do their best to comply with their obligations. There's an institutional problem," he said.

From Boston Herald Newspaper dated Nov. 21, 2002

Exhibit No. 6

- 59 -

MASSACHUSETTS STATE POLICE
CRIME SCENE SERVICES SECTION
EVIDENCE RECOVERY LOG

CASE# D95-0808

LOCATION 475 Battles Farm Dr., Brockton
DATE 9-23-95
VICTIM Diane Harrigan
CRIME SCENE TECH. Tpr. EM Clifford
               Tpr. PA Beehan

INVEST. OFFICER Tpr. Joseph Mason
EVID. OFFICER Tprs. Clifford & Beehan
SIGNED
DATE/TIME 9-23-95

Exhibit No. 8A
PAGE 1 of 2

| ITEM# | DESCRIPTION | WHERE FOUND | RECOVERED BY | MARKING Direct Indirect | PACKAGE METHOD | RETURNED TO: DATE | SIGNATURE |
|---|---|---|---|---|---|---|---|
| | Smoke detector | Under bed | EMC/PAB | I | Bag | 12-1-95 | Tpr.J.Mason |
| | Misc.papers | Bedroom floor | EMC/PAB | I | Bag | 9-23-95 | Tpr.J.Mason |
| | Roll of film | Kitchen table | EMC/PAB | I | Bag | 12-1-95 | Tpr.J.Mason |
| | Empty boxes soap | Bathrm wastebsk | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | Coffee cup | Kitchen sink | EMC/PAB | I | Bag | 10-31-96 | Tpr.J.Mason |
| | Phone,pink | Kitchen counter | EMC/PAB | I | Bag | 12-1-95 | Tpr.J.Mason |
| | Key ring | Kitchen counter | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | Kitchen sink faucet | Kitchen | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | -Right handle | | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | -Left handle | | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | -Base | | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | -Water purifier | | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | Dial soap | Kitchen,over sink | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | Fast orange soap | Kitchen,over sink | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | Formica | Kitchen,log by sink | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | Phone,white | Living rm,on couch | EMC/PAB | I | Bag | | Tpr.J.Mason |
| | Remote control | LvRM,table by couch | EMC/PAB | I | Bag | | Tpr.J.Mason |

-60-

EVIDENCE PROCESSING RESULTS

| ITEM # | RESULTS OF PROCESSING |
|--------|----------------------|
| 1. | No latent prints of value developed. |
| 2. | Did not process for prints. |
| 3. | Did not process for prints. |
| 4. | No latent prints of value developed. |
| 5. | Partial palm print, (in blood). |
| 6. | No latent prints of value developed. |
| 7. | No latent prints of value developed. |
| 8. | Insufficient points on right faucet handle (in blood). No value on rest of faucet pa... |
| 9. | No latent prints of value developed. |
| 10. | No latent prints of value developed. |
| 11. | No latent prints of value developed. (in blood). |
| 12. | No latent prints of value developed. |
| 13. | No latent prints of value developed. |

TROOPER PATRICIA A. BEEHAN #0591
CRIME SCENE SERVICES SECTION
STATE POLICE MIDDLEBORO SUB-LAB

Exhibit No.6A
PAGE 2 of 2

- 61 -

Exhibit No. 7

# Boston lawyer Owens faces suspension

**By ERIC CONVEY**

One of Boston's highest-flying legal eagles is fighting to keep his wings from getting clipped.

Civil rights lawyer Henry Owens III, who has fought some of the biggest race-related cases in recent Boston history, will be banned from practicing law for four years if the Board of Bar Overseers and Supreme Judicial Court follow a recommendation from a single BBO hearing officer.

In a scathing report, the hearing officer concluded that Owens gave false testimony in a case and over the course of several years held onto nearly $100,000 that was not rightfully his. In one disciplinary case, hearing officer John I. Mirick wrote, Owens offered "testimony (that) is not credible."

Owens said last night that he was sure he'd be "vindicated" by the state's high court, if not by a Bar panel that reviews Mirick's report.

"I've been a fighter my entire career and I do not intend to stop fighting now — especially when an injustice has been served," Owens said.

In addition to criticizing the way that Owens handled money on three occasions, Mirick slammed the lawyer for the way he represented himself during disciplinary hearings last January.

**OWENS: Vows a fight because 'an injustice' has been done.**

"I do not find that Owens knowingly gave false testimony in the disciplinary proceedings," Mirick wrote. "Rather, I find that he had forgotten his prior testimony and, somewhat astonishingly for an experienced trial attorney, failed to review the prior testimony before testifying in the disciplinary hearing."

Working against Owens, Mirick wrote, is that the alleged misconduct was not carried out in the zealous defense of a client but was apparently for personal financial gain. Mirick suggested that Owens was having money problems at the time he allegedly held onto funds that should have been kept in escrow or returned to clients.

Most or all of the funds have since been returned, some after legal action. A board of overseers decision would not protect Owens from further legal action.

In one instance, Mirick alleges that Owens misrepresented himself in a case involving $50,000 claimed by the federal Department of Housing and Urban Development.

Popular within the defense bar, Owens is a flamboyant crusader against the status quo and a frequent critic of the Boston Police Department.

Among Owens' high-profile cases, he successfully sued the city for the widow of the Rev. Acelynne Williams, who died of a heart attack as police mistakenly stormed his home in a misguided 1994 drug raid.

Owens also represented appeals courtier Judge Frederick Brown after Brown got into trouble with the Judicial Conduct Commission for making hostile remarks about the way judges are picked.

---

Attorney Owens basically Stole my family and I money because my Parents gave him twenty-five Thousand dollars and he refused to file any standard Pretrial Motions. Had these motions been filed the false charges against me would of been dismissed or I would of been exonerated by an jury of my peers!

In fact I had no defense at all against my false Charges!

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| | | |
|---|---|---|
| Name | RICE JORDAN M | Institution  SOUZA-BARANOWSKI CORRECTIONAL |

| | | | |
|---|---|---|---|
| Number | W65429 | Housing  M3 | Appeal Date  06-SEP-2004    Date Of Grievance  03-SEP-2004 |
| | | | Appeal Received Date  17-SEP-2004 |

**Appeal**   IGC McDermott upheld Librarian Mary Morrison denying me access to the courts by denying my request to be provided with 2-3 hours a week on the CD Rom to do legal research on my habeas corpus petition and civil lawsuit and to be provided with any and all books explaining on how to proceed in the Federal Criminal System, Federal habeas corpus and civil lawsuit. Either Sgt. McDermott or Ms. Morrison is fabricating stories because 1) I never refused the CD-Rom, simply I was never called out for CD-Rom and 2) I was never told I was allowed 25 minutes in the CD-Rom, in fact the rule is 15-20 minutes, but even if I am allowed 25 minutes on the CD-Rom it still isn't enough time to do legal research. Also Sgt. McDermott summarized the language in this grievance form too and this is distorting the meritorious grounds outlined in my grievance forms.

**Remedy Requested**   To order Librarian Morrison to privide me with 2-3 hours a week to do legal research time on the CD-Rom and provide me with any and all legal books on the Federal Criminal System, Federal habeas corpus and civil lawsuits and/or transfer me to my requested level 4 institution because I am being denied my guaranteed constitutional rights of access to the courts here at SBCC, segregational unit. Also order Sgt. McDermott to enter into the computer all the language of my grievance form complaints.

**Staff Recipient**   McDermott Barbara J  CO II

**Signature**

## DECISION BY SUPERINTENDENT

| | | |
|---|---|---|
| Appeal Received Date  17-SEP-2004 | Decision Date  26-OCT-2004 | Decision  DENIED |

**Decision By**   Russo Lois A  SUPERINTENDENT

**Reasons**   Appeal denied; amount of time in satellite library is contingent upon how many inmates sign up to use it on a given day.  Additionally, the librarian states that you never sign up to utilize the satellite library as required.

**Signature**                                                                 **Date**

## INMATE RECEIPT

| | | |
|---|---|---|
| Inmate's Name  RICE JORDAN M | | Institution  SOUZA-BARANOWSKI CORRECTIONAL |
| Number  W65429 | | Appeal Received Date  17-SEP-2004 |
| Staff Recipient  McDermott Barbara J  CO II | | |

**Superintendent's Signature**

Exhibit No. 8A

-63-

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| | | | |
|---|---|---|---|
| Name | RICE JORDAN M | Institution | SOUZA-BARANOWSKI CORRECTIONAL |
| Number | W65429 Housing M3 | Appeal Date | 06-SEP-2004  Date Of Grievance 03-SEP-2004 |
| | | Appeal Received Date | 17-SEP-2004 |

**Appeal Remedy Requested**
IGC McDermott upheld Librarian Mary Morrison denying me access to the courts by denying my request for copies of CMR's and case laws. Either Sgt. McDermott or Ms. Morrison is fabricating a story because there is "no case law" in the SMU Satellite Library! Also Sgt. McDermott summarized the language in this grievance form and this is distorting the meritorious grounds outlined in my grievance forms.

**Staff Recipient Signature**
To order Librarian Morrison to privide Mr. Rice with copies of aly and all legal documents that I need and/or transfer Mr. Rice to his requested level 4 institution because he is being denied his guaranteed contstitutional rights of access to the courts here at SBCC segregation unit. Also order Sgt. McDermott to enter into the computer all the language of my grievance forms complaints.

McDermott Barbara J  CO II

---

## DECISION BY SUPERINTENDENT

| | | | | | |
|---|---|---|---|---|---|
| Appeal Received Date | 17-SEP-2004 | Decision Date | 14-OCT-2004 | Decision | DENIED |

Decision By  Russo Lois A  SUPERINTENDENT

**Reasons Signature**  Appeal denied; you must follow the procedures set forth in SBCC's 423 for accessing the satellite library;  classification matters are not grievable and must be handled through the classification process.

Date

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| Inmate's Name | RICE JORDAN M | Institution | SOUZA-BARANOWSKI CORRECTIONAL |
| Number | W65429 | Appeal Received Date | 17-SEP-2004 |
| Staff Recipient | McDermott Barbara J  CO II | | |

Superintendent's Signature

*5486*

Exhibit No. 8B

-64-

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

M3#10

| | | | |
|---|---|---|---|
| **Name** | RICE JORDAN M | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |
| **Number** | W65429 **Housing** M3 | **Appeal Date** | 28-SEP-2004 **Date Of Grievance** 09-SEP-2004 |
| | | **Appeal Received Date** | 30-SEP-2004 |

**Appeal Remedy Requested Staff Recipient Signature**

On 9/28/04 I received the 9/23/04 denial of grievance #5554 which I now appeal. Either Sgt. McDermott or Mary Morrison is lying because still, to date, I haven't received any documentation explaining how to proceed in my petition for Writ of Habeas and this denial has been ongoing for 9 weeks. Nor is this information located in the satellite segregational library and/or the CD-Rom. Being denied access to documentation explaining how to proceed in my petition for Writ of Habeas Corpus is denying me my guaranteed constitutional rights of access to the Courts, which the Supreme Courts set forth a prisoners rights in Bounds vs. Smith, 430 U.S. 817, 821, 97 S.Ct 1491 (1977). Please note, on 8/26/04 the Attorney General's Office filed for motion to dismiss my habeas corpus petition and I don't know how to respond because I am being denied access to the said "documentation!"

Grant Mr. Rice permission to physically go to the law library for three hours a week or immediately transfer Mr. Rice to his requested level 4 institution, where he can physically go to the law library to have access to the proper legal materials so he can represent himself.

McDermott Barbara J  CO II

---

## DECISION BY SUPERINTENDENT

| | | | | | |
|---|---|---|---|---|---|
| **Appeal Received Date** | 30-SEP-2004 | **Decision Date** | 14-OCT-2004 | **Decision** | DENIED |

**Decision By**   Russo Lois A  SUPERINTENDENT

**Reasons Signature**   Appeal denied; per 423, inmates residing in SMU must utilize the satellite law library and request process through the Librarian; Security level must be handled via the classification process.

**Date**

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Inmate's Name** | RICE JORDAN M | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |
| **Number** | W65429 | **Appeal Received Date** | 30-SEP-2004 |
| **Staff Recipient** | McDermott Barbara J  CO II | | |

**Superintendent's Signature**

5554

Exhibit No. 8C

- 65 -

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| | | | |
|---|---|---|---|
| **Name** | RICE JORDAN M | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |
| **Number** | W65429 | **Housing** M3 | |

**Appeal Date** 14-OCT-2004    **Date Of Grievance** 30-SEP-2004

**Appeal Received Date** 18-OCT-2004

**Appeal**

I now appeal the denial of grievance #5967. On 9/30/04 Librarian Mary Morrison again brought me the wrong information on Habeas Corpus Petition. She attempted to give me information on how to file a Habeas Corpus Petition in regards to a civil lawsuit out of the "Prisoner Self-Help Litigation Manual."

On 10/14/04, Ms. Morrison falsely informed IGC Sgt. McDermott "she provided me with instructions from MCLS that provides the information how to file a Habeas Corpus Petition." I never received this information but I don't need information on how to file a habeas corpus petition because I have already filed one. For over three months now I have been informing Ms. Morrison clearly that "I need any and all information on how to proceed in my Petition for Writ of Habeas Corpus."

**Remedy Requested**

To grant Mr. Rice permission to physically go to the law library for three hours a week or immediately transfer Mr. Rice to his requested level 4 institution where he can physically go to the law library to have access to the proper legal material so he can represent himself.

**Staff Recipient** Gosselin Maryanne E CO II

**Signature**

## DECISION BY SUPERINTENDENT

**Appeal Received Date** 18-OCT-2004    **Decision Date** 01-NOV-2004    **Decision** DENIED

**Decision By** Russo Lois A SUPERINTENDENT

**Reasons** Appeal denied; inmates residing in SMU must utilize the satellite law library and place additional requests through the Librarian; Mr. Rice is not a level 4 inmate.

**Signature** **Date**

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Inmate's Name** | RICE JORDAN M | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |
| **Number** | W65429 | **Appeal Received Date** | 18-OCT-2004 |
| **Staff Recipient** | Gosselin Maryanne E CO II | | |

**Superintendent's Signature**

Exhibit No. 8D

-66-

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| | | | |
|---|---|---|---|
| **Name** | RICE JORDAN M | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |

| | | | | |
|---|---|---|---|---|
| **Number** | W65429 | **Housing** M3 | **Appeal Date** 19-OCT-2004 | **Date Of Grievance** 14-OCT-2004 |

**Appeal Received Date** 26-OCT-2004

**Appeal**
On 10/19/04 Sgt Barbara McDermott denied this grievance by frivolously claiming "Duplicate #6231." Grievance 6231 is about my legal documents still missing. This grievance is about one of two issues because I filed only two grievance forms for incidents on 10.14.04. First issue: Librarian Mary Morrison lying to the IGC about furnishing me with the properly legal documentation to proceed in my habeas corpus, which she didn't furnish me with. Second issue: C.O. Andrew Alband verbally harassing me during evening med call. I know this grievance is about one of the two issues. We both could know for sure which issue if Sgt. McDermott didn't fail in her duties by refusing to log in the computer any of my grievance complaint language I physicall authored on my grievance form.

**Remedy Requested**
The remedy I am requesting is what I physically authored on my grievance in the remedy section, which Sgt. McDermott refused to log in the computer. Order Sgt. McDermott to stop distorting all my grievance forms by refusing to log my complaint language in the computer (aka IMS)

**Staff Recipient** McDermott Barbara J CO II

**Signature**

## DECISION BY SUPERINTENDENT

| | | | |
|---|---|---|---|
| **Appeal Received Date** 26-OCT-2004 | **Decision Date** 01-NOV-2004 | **Decision** | DENIED |

**Decision By** Russo Lois A SUPERINTENDENT

**Reasons** Duplicate grievances will not be reviewed again when they have already been processed. Inmate can appeal to the DOC Grievance Coordinator who is final appellate authority

**Signature** | | **Date**

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Inmate's Name** | RICE JORDAN M | **Institution** | SOUZA-BARANOWSKI CORRECTIONAL |

| | | | |
|---|---|---|---|
| **Number** | W65429 | **Appeal Received Date** | 26-OCT-2004 |

**Staff Recipient** McDermott Barbara J CO II

**Superintendent's Signature**

Exhibit No. 8E

-67-

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | |
|---|---|---|---|---|
| **Name** | RICE JORDAN M | **Grievance#** 6506 | **Institution** | SOUZA-BARANOWSKI |
| **Commit No.** | W65429 | **Housing** M3 | | CORRECTIONAL |
| | | | **Date Of Incident** 20041026 | **Date Of Grievance** 20041026 |

**Complaint** Summary: Mary Morrison failed to provide requested Habeas Corpus Petition material.

**Remedy Requested** Physically attend law library. Transfer to level4.

**Staff Recipient** McDermott Barbara J  CO II

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20041101  **Decision Date** 20041101

**Signature** McDermott Barbara J  CO II

**Final Decision** PARTIAL APPROVAL

**Decision** You have been advised via letter by IGC dated October 27, 2004 to place in writting exactly what you are requesting through the library to Director of Classification Rodrigues, due to the fact he oversees the library and will address your issues.

**Signature** _____ **Date** _____

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

## INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | RICE JORDAN M | | **Institution** | SOUZA-BARANOWSKI |
| **Commit No.** | W65429 | **Grievance#** 6506 | **Date Received** | CORRECTIONAL |
| | | | | 20041101 |
| **Signature.** | McDermott Barbara J  CO II | | | |

Exhibit No. 8 F

-68-