United States District Court
District Of Massachusetts

FILED
CLERKS OFFICE
2005 A 8:31

U.S. DISTRICT COURT
DISTRICT OF MASS

Jordan M. Rice,
    Petitioner,

Vs.

Bernard Brady,
    Respondent.

Civil Action No. 04-10859-MLW

## Memorandum Of Law In Support Of Motion To Show Cause For Appointment Of Counsel

### Statement Of the case

This is a Petition under 28 USC § 2254 For Writ Of Habeas Corpus By A Person In State Custody and asserting Nine Meritorious claim of Constitutional Violations, which relief can be granted on in the Petitioner's favor.

### Statement Of Facts

The Petitioner was found guilty of First Degree Murder and Arson by a jury of his peers in Brockton Superior Court on October 20, 1998. Superior Court Judge Charles J. Hely sentenced the Petitioner to Life without the possibility of parole for the Murder Conviction and 19-20 years concurrently for the Arson Conviction. On March 24, 2004 the Commonwealth's Highest Court affirmed the Petitioner's wrongful convictions and affirmed the denial of a Evidentiary Hearing on the Motion For New Trial. The Petitioner filed a Petition for Writ of Habeas Corpus in a timely manner with this Honorable Court. On August 26, 2004 the Office of Attorney General filed for Motion to Dismiss and the Petitioner can't represent myself in this matter for a number of reasons. Most importantly due to the Department of Corrections is unlawfully retaliatory denying the

-143-

petitioner his Guaranteed Constitutional Rights, namely "Access to the Courts"

# ARGUMENT
## Point I

**The Conduct Of The Department Of Corrections Is Denying The Petitioner All His Guaranteed Constitutional Rights, which Warrants Appointment Of Counsel.**

"While provisions of the constitutional that are applicable in general to all citizens must be accomodated to institutional needs and objectives, no wall seperates the Constitution from prison inmates" Wolf V. McDonnell, 418 U.S. 539, 555-556 (1974). The DOC has placed a wall between the petitioner and his constitutional rights which is prohibitting him from representing himself in this matter.

A. The Petitioner has been unlawfully denied his well established Rights of Access to the Courts.

The Supreme Court has stated, "It is now established beyond doubt that prisoner's have a constitutional right of access to the court" Bounds V. Smith, 430 U.S. 817, 821 (1977). The Petitioner has established in his Supporting Affidavit that the DOC has unlawfully denied him his Guaranteed established Constitutional Rights of Access to the Courts. Also see Simmons V. Dickhaut, 804 F.2d 182, 183 (1st Cir. 1986)

The Supreme Court has held that prison officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law". Bounds V. Smith, 430 U.S. 817, 828 (1977). The person trained in the law, who is Ms. Mary Morrison, has refused to help the Petitioner because he has filed a lawsuit against her employer, who is the DOC and the Petitioner has repeatedly made Public Officials aware of this unlawful denial of his

-1A-

Constitutional Right all to no avail.

Prisoner's must be permitted court access that is "adequate, effective and meaningful" 430 U.S. id. at 833. Also categories of prisoners are entitled to court access, and the right extends to Post-Conviction proceedings such as Habeas Corpus Petitions, Civil Rights Actions and other Civil Proceedings. Hatch V. Yamauchi, 809 F. Supp. 59, 61 (E.D. Ark. 1992) (Prisoner's held in a mental hospital); Bounds V. Smith, 430 U.S. at 837 ("Original actions seeking new trials, release from confinement, or vindication of fundamental rights"), Wolf V. McDonnell, 418 U.S. 539, 579 (1974) (Civil Rights Action); Peterkin V. Jeffes, 855 F.2d at 1037 (discretionary appeals, collateral attacks and Civil Rights Actions); Jackson V. Procunier, 789 F.2d 307, 311 (5th Cir. 1986) (Civil Claims, in this case, an appeal from an adverse civil judgment); Cofield V. Alabama Public Service Commission, 936 F.2d 512 517 (11th Cir. 1991) (right of court access is strongest with respect to "direct and collateral appeals of criminal convictions"). The Petitioner has a greater Right of Access to the Court because this Habeas Corpus Petition is a collateral appeal of his wrongful Criminal Conviction.

Because the Constitution protects an inmate access to the Court, prison officials may not retaliate against those who seek or obtain such access: wheather the retaliation takes the form of withholding property or privileges does not matter" DeTomaso V. McGinnis, 970 F.2d 211, 214 (7th Cir. 1992); accord; Williams V. Meese, 926 F.2d 994, 998 (10th Cir. 1991). The DOC has retaliatory lost 70-85 percent of the Petitioner's Criminal and Civil Legal Documents and this is further prohibitting him Access to the Courts.

Courts agree that the type "Cell delivery" or "Paging System" that the DOC is employing against the Petitioner, by itself, does not provide adequate court access because prisoners, such as the Petitioner, who cannot physically visit the library

-145-

generally will not know what materials to ask for. See <u>Messere V. Fair</u>, 752 F.Supp. 48, 50 (D. Mass. 1990); <u>Knop V. Johnson</u>, 977 F.2d at 1006-07; <u>DeMallory V. Cullen</u>, 855 F.2d at 446-47; <u>Kaiser V. City of Sacramento</u>, 780 F.Supp. 1309, 1316 (E.D. Cal. 1945). The DOC has ordered the Petitioner to informed them in explicit details what he needs in his Habeas Corpus Petition. The DOC has used this unlawful system in attempt to mask their unlawful acts of circumventing the petitioner's Constitutional Rights of Access to the Courts among other Constitutional Rights.

B. The Petitioner has been subjected to Cruel and Unusual Punishment

The Eight Amendment, which forbids "Cruel and Unusual Punishments" governs the living conditions of convicted persons. <u>U.S. Const. Amend. VIII</u>

The DOC has violated the Petitioner's State and Federal Constitutional Rights to be Free From Cruel and Unusual Punishment by unlawfully confining him in Punitive Segregation for well over 1 year on Protective Custody Status pending the retaliatory out of state transfer, where he's been denied all his Guaranteed Constitutional Rights.

The Petitioner hasn't been afforded his rights as a Protective Custody Inmate established in <u>Blaney V. Commissioner Of Correction</u>, 374 Mass. 337, 372 N.E.2d 770, 773-74 (Mass. 1978) (where the SJC set forth the State Statute entitled Protective Custody Inmates to the same treatment as general population inmates, except as necessary to maintain security; improved exercise, visiting and lockout privileges ordered. The petitioner has been held in punitive Segregation on Protective Custody Status and hasn't been afforded the same privileges as a population inmates, such as access to the Law Library, access to his Color T.V., able to purchase food items through the canteen, denied adequate access to the Courts, denied access to institutional employment, ~~exclude~~ denied access to contact visits, denied access to the telephone, denied access to earn good time and denied access to institutional rehabilitation programs.

-146-

In Cruel and Unusual Punishments cases, court ask whether conditions, "alone or in combination.... deprive inmates of minimal civilized measures of life necessities" Rhodes V. Chapman, 452 U.S. at 347 (emphasis supplied); accord, Tillery V. Owens, 907 F.2d 418, 426-28 (3d Cir. 1990); Peterkin V. Jeffes, 855 F.2d 1021, 1024-25 (3d. Cir. 1988). In the Petitioner's case, it "in combination" of the DOC neglect all of his state and Federal Constitutional Rights that has deprived him of the minimal measures of Protective Custody Prison Life guaranteed set forth in Blaney V. Commissioner, Supra.

Furthermore Protective Custody conditions that do not provide adequate protection, such as mixing Protective Custody and Punitive Segregation Inmates, are unconstitutional. See Little V. Walker, 552 F.2d 193, 195-97 (7th Cir. 1977); Inmates of Occoquan V. Barry, 717 F. Supp. 854, 867 (D.D.C. 1989); Tillery V. Owens, 719 F. Supp. 1371, 1376 (W.D. Pa. 1989). Again the Petitioner has been held in "Punitive Segregation" on "Protective Custody Status" were he has been physically and mentally abused, harassed, tortured and tormented by both Correctional Officer's and Inmates. The DOC, ET. AL., has systematically denied the Petitioner his Rights to be Free From Cruel and Unusual Punishment and all other State and Federal Constitutional Rights. On it's face, then, these are meritorious claims to warrant Appointment of Counsel.

## Point II

### The Court Should Appoint Counsel For The Petitioner

In deciding whether to appoint counsel for an indigent litigant the Court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issue." Abdullah V. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S. Ct. 1995 (1991). In addition, Courts have suggested that the most important factor is whether the case appears to have

-147-

merit. Cooper V. A. Sargenti Co., Inc, 877 F.2d 170, 173 (2d. Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. <u>Factual Complexity</u>. The Petitioner alleges that the Mass. State Police, District Attorney Office and his Trial Counsel Henry Owens all conspired to convict him and that currently the FBI is prohibiting the Petitioner from demonstrating such a conspiracy. The sheer number of constitutional claims and individuals makes this a factually complex case.

In addition, one of the petitioner's claims involves the denial of exculpatory evidence, cross-examine State Police and FBI Agents, D.N.A. Experts. The presence of Police Malpractice or other issues requiring expert testimony supports the appointment of Counsel. <u>Moore V. Mabus</u>, 976 F.2d 268, 272 (5th Cir. 1992); <u>Jackson V. County of McLean</u>, 953 F.2d 1070, 1073 (7th Cir. 1992); <u>Tucker V. Randall</u>, 948 F.2d 388, 392 (7th Cir. 1991)

2. <u>The Petitioner's ability to investigate</u>. The Petitioner has been locked up in Punitive Segregation for well over 1 year and has no ability to investigate the facts. In fact, the Petitioner has been jerked around by the FBI in the investigation he has unsuccessfully attempted. Other areas need to be investigated too. For example, the Petitioner is unable to identify, locate and interview friends of James Morgan, whois he confessed to about murdering the victim the Petitioner is wrongfully convicted of murdering. The Petitioner is in a greater situation as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. <u>Tucker V. Randall</u>, 948 F.2d 388, 391-92 (7th Cir. 1991); <u>Gatson V. Coughlin</u>, 679 F. Supp 270, 273 (W.D.N.Y. 1988); <u>Armstrong V. Snyder</u>, 103 F.R.D. 96, 105 (E.D. Wis. 1984). In addition, this case will require considerable discovery concerning the FBI, Brockton Fire Department, State Police, Officer's Investigative Reports and Evidence Logs, the history of the Officer's with prior records of Mishandling of evidence and more. <u>Tucker V. Dickey</u>, 613 F. Supp 1134, 1133-1134 (W.D. Wis. 1985) (Need for discovery supported appointment of counsel).

-145-

3. <u>Conflicting Testimony</u>. The Petitioner will be requesting a evidentiary hearing because the denial of FBI Agent Randall Fitzwaters in regards to a bloody Palm Print separately is in conflict with State Police Trooper Patricia Beehan's trial testimony, which she credited Agent Fitzwater's with destroying the said print. This aspect of the case will be a credibility contest between the State Police and FBI, which has a well documented feud. The existence of these credibility issues supports the appointment of Counsel. <u>Galan V. Coughlin</u>, 677 F. Supp. 270, 273 (W.D.N.Y. 1988).

4. <u>The ability of the indigent to present his claim</u>. The Petitioner is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. <u>Whisenant V. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he has been unlawfully held in Punitive Segregation Since Oct. 7, 2003, where he is being denied all his Constitutional Rights, namely Access to the Courts. <u>Rayes V. Johnson</u>, 969 F.2d 700, 703-704 (8th Cir. 1992) (Citing lack of ready access to a law library as a factor supporting appointment of Counsel).

5. <u>Legal Complexity</u>. The large number of Constitutional Claims, presents complex legal issues of determining which constitutional claim were sufficiently compelling to render the Petitioner's Trial Constitutionally unfair. In addition, the Petitioner will request for a evidentiary hearing, which requires much greater legal skill than the Petitioner has or can develop. See <u>Abdullah V. Gunter</u>, 949 F.2d 1032, 1036 (8th Cir. 1991) (Citing jury request as a factor supporting appointment of Counsel), cert. denied, 112 S.Ct. 1995 (1992).

6. <u>Merit of the Case</u>. The Petitioner's legal claims, when proved, clearly will establish a constitutional violation. Some of these legal claims are: <u>Strickland V. Washington</u>, 466 U.S. 668, 686 (1984) (Denial of Effective Assistance of Trial Counsel); <u>Giglio V. U.S.</u>, 405 U.S. 150 (1972) (Conviction based upon perjured testimony violates due process); <u>Brady V. Maryland</u>, 373 U.S. 83, 88 (1963) (Prosecutor failure to turn over exculpatory evidence); <u>Napue V. Illinois</u>, 360 U.S. 264 (1959) (Prosecutor knowingly obtain immunity

-149-

(for false testimony); Richardson v. U.S., 536 U.S. 813 (1999) (unanimity requirement as to theory of predicate acts under continuing federal crime); Apprendi v. U.S., 530 U.S. 466 (2000) (unanimity requirement as to sentencing enhancement factors); U.S. v. Cohen, 796 F.2d 20, 34 (2d Cir. 1986) (Violation of Prisoner's Fourth Amendment Rights); Berger v. U.S., 295 U.S. 78, 88 (1935) (Improper summation by the Prosecutor) and In re Winship, 397 U.S. 358 (1970) (Error in Jury Instructions). On it's face, then, this is a meritorious case to warrant Appointment of Counsel.

## CONCLUSION

For the foregoing reasons, the Court should grant the Petitioner's already filed motions to appoint counsel in this case.

Dated: January 7, 2005 A.D.

Respectfully Submitted,

x_____

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464

-150-