UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JORDAN M. RICE,            )
    Petitioner,            )
                           )
        v.                 )    C.A. No. 04-10859-MLW
                           )
TIMOTHY HALL,              )
    Respondent.            )
                           )

                              ORDER

WOLF, D.J.                                      March 17, 2005

     On April 29, 2004, the petitioner, incarcerated in state prison on a conviction for first degree murder and arson, filed an application for writ of habeas corpus under 28 U.S.C. §2254 (Docket No. 5). The petition asserted a number of constitutional claims, including ineffective assistance of counsel and prosecutorial failure to disclose evidence. On the same day, the petitioner filed a Motion for Appointment of Counsel (Docket No. 3). On August 4, 2004, the petitioner filed a renewed Motion for the Appointment of Counsel and Affidavit in Support (Docket No. 10), claiming, among other issues, that he had no access to the institutional law library, that he has limited knowledge of the law and that he suffers from a mental impairment. On August 31, 2004, petitioner filed another renewed Motion for the Appointment of Counsel (Docket No. 20), along with a Motion to Enlarge Time Until Counsel can be Appointed (Docket No. 17). Most recently, on February 28, 2005, the petitioner filed another Motion for the Appointment of Counsel

(Docket No. 29), accompanied by an affidavit (Docket No. 30), numerous exhibits, and a memorandum of law (Docket No. 32). The respondent has filed a Motion to Dismiss (Docket No. 11) on the grounds that the petitioner has failed to exhaust two of his claims. The petitioner has opposed (Docket No. 19) the Motion to Dismiss, stating that he does not know whether the claims are exhausted and offering to withdraw the two apparently unexhausted claims in order to pursue the rest of his case.

While "[t]here is no absolute constitutional right to a free lawyer in a civil case," DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991), the court has the authority to appoint an attorney for a financially eligible person seeking relief under 28 U.S.C. §2254 "upon the determination that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). The factors the court considers in appointing counsel include: "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (citations omitted). The court is satisfied that the interests of justice require appointment of counsel in this case.

The petitioner has alleged that the prosecution failed to disclose possibly exculpatory evidence, a claim which in this case may require expert testimony on DNA and other issues and is

2

sufficiently complex to warrant professional legal assistance. The petitioner has also asserted a variety of constitutional claims. Though the petitioner has demonstrated through his filings with this court an ability to pursue his claims vigorously and persistently, the complexity of his case warrants the appointment of counsel.

Accordingly, it is hereby ORDERED that:

1. Petitioner's Motions for the Appointment of Counsel (Docket Nos. 3, 10, 20 and 29) are ALLOWED. The Clerk is directed to appoint counsel from the Criminal Justice Act panel to represent the petitioner and to report to the court when this has been done.

2. Within sixty (60) days of the appointment of counsel, the petitioner shall file a supplemental reply to the respondent's Motion to Dismiss (Docket No. 11).

　　　　　　　　　　　　　　　　　　　　/s/ Mark L. Wolf
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE