FILED
CLERKS OFFICE

2005 MAR 22  A 8: 25

U.S. DISTRICT COURT
DISTRICT OF MASS

Jordan M. Rice - W65429
P. O. Box 8000
Shirley, Ma. 01464

U.S. District Court Of Massachusetts
Attn: Mark L. Wolf, Justice
1 Courthouse Way, Room 5110
Boston, Ma. 03210

PAGE 1 of 3

RE: Rice V. Brady, DKT. No. 04-10859-MLW
   Supplemental letter in support of Motion To Show Cause For Appointment Of Counsel

Dear Justice Wolf,

Hello, I am the Petitioner in the above-referenced Petition under "28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody" asserting Nine Meritorious Claims of Constitutional Violations, which relief can be granted on in the Petitioner's favor.

I have put before your Court several "Motions For Appointment Of Counsel", which to my Knowledge a decision hasn't been rendered on. Most recently on March 7, 2005 my "Motion to Show Cause For Appointment of Counsel" along with supporting Affidavit, Exhibits and Memorandum of Law was entered on the docket. I now move to supplement the Motion To Show Cause For Appointment of Counsel with another factual issue necessitate an Appointment of Counsel.

On November 12, 2004 the Petitioner wrote Kathleen M. Dennehy, who is the Commissioner of Corrections, explaining how he is being denied Access to the Courts. The Petitioner's Nov. 12, 2004 letter is marked Exhibit No. 16 with his already filed Motion To Show Cause For Appointment of Counsel. On Feb. 4, 2005 Commissioner Dennehy finally responded to the Petitioners Nov. 12, 2004 letter, in which she stated "In order to receive the material you need, you must be specific in your request." See Exhibit No. 1 attached with this Supplemental Letter.

The Petitioner can't be "SPECIFIC" to the material he needs because he isn't trained in the law. Nor has he ever attempted to proceed in this type of legal matter Pro Se. Furthermore the Petitioner has been held in Punitive Segregation since Oct. 7, 2003 on Protective Custody

<u>PAGE 2 OF 3</u>

Status, which prohibits him from being able to physically visit the Law Library. Therefore he doesn't Know what materials to request from Librarian Mary Morrison to provide him. The Petitioner has made the following vague request numerous times: "Any and All Instruction and Sample Forms to Proceed in a Habeas Corpus Petition". Please note Ms. Morrison isn't adequately trained in the law to assist inmates.

The Practice employed in Commissioner Dennehy's letter (Exhibit No. 1) has already been deemed "Unconstitutional" by the Massachusetts First Circuit Court of Appeals in <u>Messere V. Fair</u>, 752 F.Supp. 48, 50 (D.Mass. 1990) (A cell delivery or paging system, by itself, does not provide adequate court access because prisoners who cannot visit the library generally will not Know what materials to ask for). Also see <u>Knop V. Johnson</u>, 977 F.2d at 1006-07; <u>DeMallery V. Cullen</u>, 855 F.2d at 446-47; <u>Kaiser V. City of Sacramento</u>, 780 F.Supp. 1309, 1316 (E.D.Cal. 1992) The DOC Knows this Practice is "Unconstitutional" after Inmate Messere successfully suitted them in <u>Messere V. Fair</u>, Supra. This is just a transparent excuse to deny the Petitioner his "established Constitutional Right of Access to the Courts" <u>Bounds V. Smith</u>, 430 U.S. 817, 821 (1977). Also denying the Petitioner Access to the Courts that is Ms. Morrison isn't a Lawyer or Paralegal because The Supreme Court has held that prison officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" <u>Bounds V. Smith</u>, id. at 828.

Further denying the Petitioner his "Constitutional Right of Access to the Courts" is the limited time he is allowed (15-30 minutes) to do legal research on the CD-Rom as outlined in Exhibit No. 8(A) already filed Motion To Show Cause For Appointment of Court. <u>Bounds V. Smith</u>, Supra. The Courts have held that if prison officials do permit Protective Custody Inmate held in Segregation have physical access to the law library, that access must be adequate. See <u>Nadeau V. Helgemoe</u>, 561 F.2d 411, 417-18 (1st Cir. 1977)(Protective Custody inmates must be given more than one hour a week in the law library); <u>Williams V. Lane</u>, 851 F.2d 867, 874-75, 878-79 (7th Cir. 1988) (restrictions on protective custody inmates' law library access lacked a rational basis and were unconstitutional), <u>Blaney V. Commissioner</u>, 372 N.E.2d 770, 773-74 (Mass. 1978)(State Statute entitled protective custody inmates to the same treatment as general population). The DOC Practices as

a whole "DENY" the Petitioner his Guaranted "Constitutional Right of Access to the Courts" Bound V. Smith, Supra. And "no wall separates the constitution from prison inmates" Wolf v. McDonnell, 418 U.S. 539,

The denial of Access to the Courts is a Factual Issue. The DOC's Unconstitutional Practices is denying the Petitioner his right to answer the Attorney Generals already filed early stage motion to dismiss his mertorious Habeas Corpus, which relief can be granted on in the latter stages because the Petitioner can meet all the elements for an Evidentiary Hearing. In the interest of justice the Petitioner needs Counsel Appointed now during the early stage of his Habeas Corpus pursuant to McCarthy V. Bronson, 683 F. Supp. 880 (D. Conn. 1988)(Appointment of Counsel at earlier stage is only necessary if it is in interest of justice to do so).

## CONCLUSION

Therefore the Petitioner entire record he puts before this Honorable Court has meet the burden for Appointment of Counsel here now in the early stages of his Habeas Corpus Petition.

Respectfully Submitted,

Dated: March 11, 2005 A.D.

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464




*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*50 Maple Street, Suite 3*
*Milford, Massachusetts 01757-3698*
*(508) 422-3300*
*www.mass.gov/doc*

**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*

**James R. Bender**
*Deputy Commissioner*

February 4, 2005

Exhibit No. 1

Jordan Rice, W65429
Bridgewater State Hospital
20 Administration Road
Bridgewater, MA 02324

Dear Mr. Rice,

I am in receipt of your correspondence dated November 12, 2004. I apologize for the delay in responding.

Regarding your legal work being lost subsequent to your transfer from Old Colony Correctional Center, attached you will find a copy of your inventory which indicates one cubic foot of legal work was forwarded to Souza Baranowski Correction Center on July 28, 2004.

Records indicate that on October 26, 2004, Souza Baranowski Correctional Center and Old Colony Correctional Center inventoried their Property Departments based on your Grievance # 5646 and were unsuccessful in locating any additional legal documents belonging to you.

I have been advised by Assistant Deputy Commissioner Marshall that you have not been denied access to the courts. Rather, you have refused to cite your specific needs in your library request. In order to receive the material you need, you must be specific in your request. This is a requirement for all inmates submitting a library request. For this reason, your grievances concerning your library requests were denied.

⊕ PRINTED ON RECYCLED PAPER

Be advised your issues pertaining to medical issues and your claims of staff misconduct will be addressed in separate correspondences.

Sincerely,

Kathleen M. Dennehy
Commissioner

cc:     Timothy Hall, Assistant Deputy Commissioner
        John Marshall, Assistant Deputy Commissioner
        Bernard F. Brady, Acting Superintendent, OCCC
        Sue Martin, Director, Health Services
        Kristie Ladouceur, Department Grievance Coordinator
        Inmate File
        File

Exhibit No. 1