Jordan M. Rice-W65489

P.O. Box 8000

Shirley, Ma. 01464

FILED
N CLERKS OFFICE

2005 MAY 24 A 8: 13

U.S. DISTRICT COURT
DISTRICT OF MASS

Eugene Patrick McCann
59 Jackson St.
Lawrence, Ma. 01840

Re: Rice V. Brady, DKT. No. 04-10859-MLW

May 23, 2005

Dear Sir,

Hello, please find enclosed copy of: "Motion for Impounded Immunity Petition and Affidavits," filed by Prosecutor's Daniel Bulger and Michael O'Connell during trial." I don't know if Attorney Charles K. Stephenson ever received copies of these materials but they are highly exculpatory because I can prove Prosecutor's knowingly granted witness Alan Pzine immunity for his false testimony thats they knew was perjury. This violates Due Process pursuant to Giglio V. United States, 405 U.S. 150 (1972) and Napue V. Illinois, 360 U.S. 264 (1959). Therefore, would you please attain copies of all materials filed by Prosecutor's in regards to Mr. Pzine's Immunity Deal.

Also enclosed is a Boston Herald Newspaper Article quoting Justice Wolf in regards to Governmental Misconduct. After you read this Article you will fully understand why I authored in my May 11, 2005 Letter to you as follows" Justice Wolf, is one of the Best and Brightest Constitutional Federal Justices in the United States, to argue Governmental Misconduct before," due to his past "rendered decisions." I am a victim of Governmental Misconduct as Joseph Salvati, et al. This is why I strongly wish to pursue every single argument in Federal Court as outlined in my opening State Brief !. I firmly stand by all statements authored in this letter !. See also Lawyer Weekly Article on Justice Wolf.

I look forward to your anticipated cooperation to this matter.

Respectfully Submitted,

CC. Mark L. Wolf, Federal Judge
     Enclosure

CHARLES K. STEPHENSON

ATTORNEY AT LAW

P.O. BOX 266

SOUTH HADLEY, MASSACHUSETTS 01075

———

(413) 467-7227

March 23, 2005

Francis R. Powers
Clerk
Plymouth Superior Court
72 Belmont Street
Brockton, Massachusetts   02301

attn: Dawn

Re: Commonwealth v. Jordan M. Rice, # 98643

Dear Dawn:

Enclosed please find my appearance and a motion for copies
of the impounded immunity petition and affidavit(s).   A
certificate of service appears below.

Sincerely yours,

Charles K. Stephenson

CKS/rm

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the attached appearance
and motion were this day served on District Attorney Timothy
J. Cruz, by first class mail, postage prepaid, to his
offices at 32 Belmont Street, Brockton, Massachusetts
02301.

Charles K. Stephenson

Dated: March 23, 2005

| DATE | NO. | DOCKET ENTRIES - (CONTINUED) |
|---|---|---|
| **1998** | | |
| April 24 | | Case cont. to June 19, 1998 for trial |
| | | (Gershengorn, J.) B. St. Charles, court reporter |
| August 26 | 38 | Motion of defense counsel to withdraw as attorney of record |
| September 10 | | Motion of defense counsel to withdraw as attorney of record; denied, written findings to be filed (See #38) |
| | | (Hely,J.) |
| September 14 | 39 | Memorandum of Decision and Order on motion of defense counsel to withdraw as attorney of record |
| | | (Hely,J) |
| September 21 | 40 | Commonwealth's list of witnesses |
| October 6 | 41 | Petition for Grant of Immunity Under the Amended G.L.C. 233,§20C-20E (impounded) |
| October | 42 | Order of Notice (Impounded) |
| | 43 | Order concerning Grant of Immunity Pursuant to G.L.C. 233,§20C-20E (Impounded) |
| | | (Hely,J) |
| October 13 | 44 | Jury list members impaneled |
| | 45 | Defendant's motion to be present individual voir dire and proposed questions |
| | 46 | Defendant's motion for sequestration of witnesses |
| | | (Hely,J.) S.Bates, court reporter |
| October 14 | 47 | Commonwealth's motion for a view |
| | | Hearing RE: Immunity; Immunity Granted. |
| | | (Hely,J) D.Cercone, court reporter. |
| October 16 | 48 | Certificate of service regarding application for grant of Immunity (Impounded) |
| | | (Hely,J). |
| October 19 | 49 | Defendant's motion for a required finding of not guilty filed and denied |
| | | Defendant's renewed oral motion for a required finding of not guilty: Denied (See record) |
| | | (Hely,J). S.Bates, court reporter |
| October 20 | 50 | Verdict of Guilty -Murder 1st Degree |
| | | Sentenced Life MCI Cedar Junction (510 days credit) |
| | | Defendant notified of right to appeal case |
| | 51 | Clerk's written statement under Superior Court Rule 65. |
| | | $60 Victim Witness Fee Imposed |
| | 52 | Warrant for commitment with assessment |
| | | (Hely,J). S.Bates, court reporter |
| November 4 | 53 | Clerk's certificate that transcript has been ordered from S.Bates, D.Cercone, B.StCharles, R.Griffin, & N. Gagnon |
| November 2 | 54 | Transcript 1 volume received from R.Griffin |
| November | 55 | $60 Victim Witness Fee Paid |
| Nov. 16 | | Defendant's pro se notice of appeal filed |
| Nov. 16 | 56 | Notice to Justice, District Attorney, defendant, and counsel of pro se notice of appeal. |

-5-

COMMONWEALTH OF MASSACHUSETTS

Plymouth, ss.                        Superior Court Department
                                          of the Trial Court
                                                No. 98643

```
_____
                                   ]
COMMONWEALTH OF MASSACHUSETTS ]
                                   ]
                                   ]
                                   ]    MOTION FOR A COPY OF
v.                                 ]    IMPOUNDED APPLICATION
                                   ]    FOR WITNESS IMMUNITY
                                   ]
                                   ]
JORDAN M. RICE                     ]
_____]
```

Now comes the undersigned and moves that this court
permit him access to (by photocopy) the Commonwealth's
petition for an order granting immunity to witness Alan
Paine, together with papers filed in support of that
petition.  As cause therefore, counsel states that in order
to conduct a complete analysis of the merits of any
potential post-conviction claims, and therefore to make an
informed recommendation to the Committee for Public Counsel
Services as to whether counsel should be appointed, he
requires unrestricted access to the record.  If, in the
court's judgment there is any continuing reason that papers
impounded in 1997 should retain that status, counsel
acknowledges a duty to refrain from circulating the
documents to anyone, including the defendant.

1

Respectfully submitted,

JORDAN M. RICE

by: _____

Charles K. Stephenson
P.O. Box 266
South Hadley, Massachusetts
(413) 467-7227
B.B.O. #479150

2

COMMONWEALTH OF MASSACHUSETTS


Plymouth, ss.                          Superior Court Department
                                                of the Trial Court
                                                      No. 98643


```
 _____ ]
                              ]
COMMONWEALTH OF MASSACHUSETTS ]
                              ]
                              ]
                              ]          APPEARANCE AS CPCS
v.                            ]          SCREENING COUNSEL
                              ]
                              ]
                              ]
JORDAN M. RICE                ]
 _____ ]
```


    Now comes the undersigned and, on designation by the

Committee for Public Counsel Services, appears on behalf of

the defendant as screening counsel.  A copy of the

appointment is attached.

                              Respectfully submitted,


                              _____
                              Charles K. Stephenson
                              P.O. Box 266
                              South Hadley, Massachusetts
                              (413) 467-7227
                              B.B.O. #479150

| NOTICE OF ASSIGNMENT OF COUNSEL | | Assignment Number | | COMMONWEALTH OF MASSACHUSETTS |
|---|---|---|---|---|
| | | C8003049-5 | | |
| Date of Assignment | Judge | Court | 480 | JurySession |
| 10/19/2004 | CPCS | Plymouth Superior Court | | |

**Name of Person for whom counsel assigned**

Jordan Rice

| Juv/Adult | |
|---|---|
| Docket No. | PLCR1996-98643, 98805 |

The court has found the above-named person:

**Incarceration Status**

Souza-Baranowski Correctional Center

Indigent ☑

Contribution

**Post-Trial Criminal Case Purpose Of Assignment**

Collateral Screening w/contact

**Offense / Charge**

501      Burning a Building

601      Murder

**Attorney Assigned**

| BBO | 479150 |
|---|---|
| Name | Charles Stephenson |
| Address | P.O. Box 266 |
| | So. Hadley, MA  01075 |
| Phone | (413) 467-7227 |

Authorized Signature   *Denise Simonini*

Denise Simonini

Tuesday, October 19, 2004

# Sentence Of Mob Boss Is Vacated

A federal judge vacated the prison sentence of a Mafia captain after concluding that prosecutors withheld key evidence during plea negotiations in the case in order to force him into admitting murder.

Vincent Ferrara pleaded guilty to racketeering and other charges in 1992, but also admitted to a 1985 murder he probably didn't commit, U.S. District Court Judge Mark L. Wolf found, because a prosecutor failed to disclose evidence that would have helped exonerate him of the killing.



**WOLF**

"The government's misconduct utterly undermines the court's confidence in the outcome of Ferrara's case," Wolf wrote in a 124-page ruling issued almost a year after hearing where a Boston police detective's memo surfaced that was never provided to Ferrara's lawyers.

The judge's decision means that Ferrara, a Boston College-educated mob capo, could be freed as a soon as next month, rather than his scheduled release date of January 2009.

Wolf has frequently been critical of government misconduct in mob prosecutions.

Wolf, in his ruling, said there was evidence that Assistant U.S. Attorney Jeffrey Auerhahn did not tell Ferrara's lawyers that a key government witness tried to recant his allegation that Ferrara ordered the 1985 killing of Vincent "Jimmy" Limoli, a turncoat mob foot soldier.

The witness, Walter Jordan, claimed he was bullied by federal authorities to stick to his original story that Ferrara had ordered the killing of Limoli.

Ferrara, who faced life in prison if convicted of being involved in three murders he was charged with as part of the case, was sentenced to 22 years after pleading guilty to racketeering, gambling, extortion and ordering Limoli's murder.

After the plea, Ferrara told probation officials that he had not ordered Limoli's murder, but felt he had no choice but to plea to it, because if he maintained his innocence at trial and a jury convicted him, he would have faced a life sentence, according to Wolf's decision.

Ferrara's attorney, Martin G. Weinberg, said his client has always insisted that he never ordered Limoli's killing.

Wolf scheduled a May 3 re-sentencing date for Ferrara, who is in a federal prison in Pennsylvania.

U.S. Attorney Michael J. Sullivan said he has not decided yet whether to appeal Wolf's decision to dismiss the original sentence.

Exh. LIVI.

# Judge chides prosecutors

**By J.M. LAWRENCE**

A federal judge again accused federal prosecutors of sitting on exculpatory evidence but did not grill U.S. Attorney Michael Sullivan yesterday when he complied with an order to appear.

"I continue to find there is a persistent pattern of failure to discharge evidence in a timely way," said U.S. District Court Judge Mark L. Wolf.

The judge accepted Sullivan's explanation for why he did not immediately comply with an order to appear last week after a newly found state trooper's report surfaced in a Swansea drugs and gun case.

Wolf had threatened to have federal marshals bring Sullivan from a dentist appointment.

Sullivan yesterday told the judge it was "impossible" for him to appear on less than an hour's notice because he was in Holbrook at rush hour.

"I've never once disregarded a court order," Sullivan said.

Wolf maintained he has authority to order Sullivan to appear at any time.

Wolf has declared two mistrials this year based on late evidence while another judge delayed a bank robbery trial last week when prosecutors waited to reveal fingerpints.

Yesterday, the judge noted a notorious case in which the FBI withheld evidence leading to a wrongful conviction that was never corrected by the judiciary, he said.

"We live in a commonwealth that has to live with the memory of Joseph Salvati being imprisoned for 30 years," Wolf said.