UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORDAN MARTELL RICE, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civil Action No. 04-10859-MLW |
| ) | |
| TIM HALL, ) | |
| ) | |
| Respondent ) | |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS
OPPOSITION TO RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

**FACTS**

On October 20, 1998, Mr. Rice was found guilty of first-degree murder and arson, and was sentenced to life in prison without the possibility of parole. He appealed his conviction to the Massachusetts Supreme Judicial Court ("SJC") and argued seven (7) general grounds for appeal (some of which can be broken into sub-parts). The SJC affirmed his conviction by a decision dated March 24, 2005. See Commonwealth v. Rice, 441 Mass. 291 (2004).

Mr. Rice filed the instant petition, *pro se*, on April 29, 2004. In the *pro se* petition, Mr. Rice raises nine (9) grounds, all of which were raised in the state court as either one of this seven (7) general grounds for appeal or as a subpart thereof. The Respondent, in its Motion to Dismiss and supporting Memorandum of Law, cites two (2) of these grounds as not being federally exhausted in state court. The first ground (Ground G.) alleges the prosecutor unfairly cross-examined Mr. Rice by suggestion of an unfounded "rape theory." The second ground (Ground

1

E) alleges Mr. Rice's conviction was obtained by Commonwealth expert witnesses testifying beyond their expertise.

## ARGUMENT

The Respondent's Motion and Memorandum are dated August 26, 2004. On March 30, 2005, the United States Supreme Court decided <u>Rhines v. Weber</u>, 03-9046 (U.S. 2005). The holding in <u>Rhines</u> was that a district court has the discretion to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court and to return to federal court for review of his perfected petition. The Supreme Court further held that if the district court determines that "stay and abeyance" is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims.

The first ground cited by the Respondent (Ground G – unfair cross-examination of Mr. Rice) was exhausted in state court. It was raised in the state court as part of a larger, more general, argument concerning the prosecutor's summation. This general argument is also raised as a separate ground in Mr. Rice's *pro se* petition, Ground C ("Conviction obtained by improper closing summation of Prosecutor ..."). Because this ground is part of Ground C – a ground the Respondent <u>does not</u> cite as unexhausted – Mr. Rice maintains the this ground has been exhausted in state court, objects to dismissal of his petition based upon its existence and objects to it deletion as part of Ground C or as Ground G.

The second ground cited by the Respondent (Ground H – Commonwealth expert witnesses testifying beyond their expertise) was not federally exhausted in state court. Mr. Rice concedes that no federal argument was raised in the state court concerning this issue. Thus, pursuant to <u>Rhines</u>, Mr. Rice respectfully requests this Honorable Court to exercise its discretion

and stay the instant petition to allow Mr. Rice to exhaust whatever federal issues may be raised regarding his claims.

If this Honorable Court determines that any request Mr. Rice has made is inappropriate, the court, pursuant to <u>Rhines</u>, may delete either or both of these grounds (Ground G and/or Ground H) and proceed with the remaining claims.

                              Respectfully submitted,
                              Jordan Martell Rice
                              By his attorney,

                              /S/ Eugene Patrick McCann
                              _____
                              Eugene Patrick McCann
                              Manzi & McCann
                              59 Jackson Street
                              Lawrence, MA 01840
                              (978) 686-5664

Dated: July 21, 2002


## CERTIFICATE OF SERVICE

I, Eugene Patrick McCann, hereby certify that on this <u>21st</u> day of July, 2002, I have served a true copy of the foregoing by electronic filing upon counsel for the Respondent:

                      Maura D. McLaughlin
                      Assistant Attorney General
                      Criminal Bureau
                      One Ashburton Place
                      Boston, Massachusetts 02108


                              /S/ Eugene Patrick McCann
                              _____
                              Eugene Patrick McCann