Jordan M. Rice - W65409
P.O. Box 8000
Shirley, Ma. 01464

Mark L. Wolf, Federal Justice
1 Courthouse Way, Room 5110
Boston, Ma. 02210

Re: Rice V. Brady, DKT. No. 04-10859-MLW, Request For New Counsel

Dear Sir,

Hello, now comes Jordan M. Rice, the Petitioner, in the above-referenced Habeas Corpus Petition. The Petitioner now requests that new counsel be appointed to represent him in Letter Form and he requests that this letter be treated as a Motion, Affidavit and Memorandum of Law in regards to this request. New Counsel is warranted in the interest of justice on the following grounds:

1. Breakdown in Communications: Petitioner and Attorney Eugene P. McCann has had a total breakdown in communications. They have shared only approximately six conversation that were ten minutes in duration each at best and everytime the Petitioner calls counsel, the calls aren't accepted. Nor has counsel ever visited the Petitioner as he promised the Petitioner's Mother and Petitioner. Counsel doesn't respond to letters. In fact the petitioner has written counsel no less than four letters, which has been entered on the court docket.

In two most recent letters the petitioner has made request of counsel that would aid him in better representing the Petitioner: A) On May 23, 2005 the Petitioner requested in writing that counsel obtain the Impounded Documents surrounding witness Alan Paines immunity deal because the petitioner can prove Prosecutorial Misconduct hereto upon inspection of such documents, i.e., Petitioner believes from reading the trial transcript the immunity deal was secured on perjuried application(s) and his Pro Se request for inspection has been denied by Trial Justice Charles J. Hely.

B) In the July 13, 2005 Certified Letter the petitioner request pursuant to Rhines V. Weber, ___ U.S. ___ (2005) that counsel request a "Stay of Execution" and return to State Court to exhaust the two claims that are the subject to the Attorney Generals Motion To

Dismiss along with raising five new meritorious Constitutional Claims, which has never been presented to State Court. The Petitioner taken the liberty to draft a Memorandum of Law accompanied with a Joint Appendix in regards to his request to return to State Court, which in his mind to better aid Counsel's understanding of the Constitutional Violations, since there was a grave lack in their Attorney-Client Communications.

A copy of the Memorandum Of Law and Joint Appendix is accompanied with this letter requesting new counsel. On July 20, 2005 the Petitioner spoke with Counsel in regards to his request to return to State Court. Counsel's demeanor towards the Petitioner was very pugnacious in nature but more importantly Counsel Explicitly informed the Petitioner that he won't raise the new constitutional issues, i.e., Ineffective Appellate Counsel in State Court. He further informed the Petitioner to call David Nathanson of Committee For Public Counsel Services to secure counsel to represent him in State Court because Justice Wolf only appointed him to respond to the A.G. Office Motion To Dismiss.

When the petitioner attempted to inform Counsel of his Very Meritorious Unexhaust Constitutional Claim of "Indictment Amendment Depriving Him Fair Notice Of Criminal Charges" this conversation was characterized as "Verbal Masterbation". Then Counsel told the Petitioner to call back the next day (July 21, 2005). On July 21, 2005 Counsel read the petitioner's motion in respond of the pending motion to dismiss and informed petitioner he would receive a copy of it. The Petitioner has never received a copy of this motion and he believes because Counsel's motion doesn't reflect the wishes of the Petitioner. Nor does Counsel accept petitioner's calls or adhere to his letter requesting a copy of the motion!

The said unexhausted claims are "Dead Bang Winners" because they are obvious from the record and via leaping out upon a casual reading of the transcript and will result in a reversal if raised. Tomison v. Collins, 100 F.Supp.2d 647, 737 (2000). These issues must first be raised in State Court because "a petitioner must fairly present the substance of his federal habeas claim to the State before seeking federal review". Gagne v. Fair, 835 F.2d 6,7 (1st Cir. 1987). This will most likely be the only chance for the petitioner to raise these issues on Habeas federal review because second or successive Habeas Corpus Petition are usually procedurally barred. Felker v. Turpin, 116 S.Ct. 2553 (1996). If counsel was truly working in the interest of justice on the petitioners behalf, he would request a Stay of Execution and properly exhaust the unexhausted claims in State Court and then return to the Federal

Court because the District Court Justices has such discretion authority vested in them pursuant to Rhines V. Weber, Supra.

Failure to raise meritorious "issues... clearly stronger than those presented" constitutes Attorney McCann ineffective in the case at bar. Smith V. Murray, 477 U.S. 527, 535-36 (1986). Counsel has a conflict of interest in the case at bar, which mostly likely will explain his failure for "sound appellate strategy" in the above referenced Habeas Corpus Petition. Sidebottom V. Delo, 46 F.3d 744, 759 (8th Cir. 1995). The Petitioner has a right in this Habeas Corpus proceeding to effective counsel, which "requires the guiding hand of counsel at every step in the proceeding against him". Powell V. Alabama, 287 U.S. 45, 69 (1932).

2. Conflict Of Interest: Counsel has expressed great reluctance to pursue properly preserved arguments of "Ineffective of Trial Counsel" against the now infamous Attorney Henry Owens, whom is a personal friend of counsels. In regards to the ineffective claim is a very meritorious Brady Violation, which is clear and properly preserved. Counsel claims the Brady Violation in regards to the prosecutor misconduct isn't "Clear cut". Furthermore counsel has characterized the Bloody Palm Print Evidence, which is being withheld by the prosecutors, as "Junk Science" that is unreliable.

By way of letter's dated April 21, 2005 and May 11, 2005, which has been already entered on the court docket, the petitioner has repeatedly tried to explain this clear and meritorious Brady Violation to Counsel but he refuses to adhere these explanations, which is due to his friendship with Attorney Owens. May be if Counsel didn't commit perjury in his May 11, 2005 Motion For Extend Time via stating in paragraph No. 3 that he "discussed Mr. Rice's claims with his appellate counsel and CPCS State Counsel. On July 27, 2005 the petitioner spoke with his former Appellate Counsel, Donald Harwood, and discovered through casual conversation that McCann never spoke with him as he claimed in his said "Motion". McCann has also informed the Petitioner that in his professional legal Opinion he sees no Constitutional Violations. Relief can be granted with effective counsel, i.e., counsel other than McCann. The petitioner may not be an Attorney or possess the legal education to properly articulate his claims but this is not to be misconstrued that he can't identify a meritorious constitutional violation in his own personal wrongful conviction.

The Petitioner has been Mentally, Physically and Sexually Tortured by SBCC

Officers. There is a Lt. McCann employed at SBCC, who the Petitioner will be claiming in Amended Civil Action of his Class Action Lawsuit, has acted in covering up conspiracy to conceal the said "Torturing" of the Petitioner. Counsel's, whoms last name is McCann may be a relative of Lt. McCann and this would further constitute a conflict of interest and explain why Counsel is purposely sabotaging the Petitioner State and Federal Appellate Process. On Feb. 20, 2005 the Petitioner informed counsel he was being denied "Access to Legal Materials" and Counsel stated "because you made a few enemies there". This is proof of Lt. McCann being his relative.

"To compel one charged with a grievous crime to undergo a trial with the assistance of an Attorney with whom he has become embroiled in an irreconcilable conflict is to deprive him of the effective assistance of Counsel" Brown v. Craven, 424 F.2d 1166 (9th Cir. 1970). Also if a District Court don't conduct the necessary inquires into defendants complaints concerning Counsel, thereby requiring reversal. Brown v. Craven, Supra. For the foregoing reasons new Counsel is warranted.

3. <u>Denied Access to the Courts</u>: The Petitioner has been held in Punitive Segregation since June 18, 2001 to present date with exception of six months between this time frame. The DOC is employing a unconstitutional law library system against the petitioner, i.e., attempting to compell the petitioner to inform them in detail what documents he needs. The Massachusetts First Circuit of Appeal has stated it's impossible for a trained lawyer to state in detail and deemed this law library system Unconstitutional for the DOC to employ in <u>Messere v. Fair</u>, 752 F. Supp. 48, 50 (D. Mass. 1990). Currently the DOC is in clear violation of this ruling. The Petitioner has a guaranteed "constitutional right of Access to the Courts" Bounds v. Smith 430 U.S. 817, 831 (1977)

If the petitioner had his proper access to the courts, he could better aid his hopefully new counsel, See the "Order To Show Cause And Temporary Restraining Order", but the Petitioner can't represent himself Pro Se even with proper access to the Courts, which has already been cited in his Feb. 28, 2005 Motion To Show Cause For Appointment of Counsel.

# CONCLUSION

WHEREFORE, new counsel, whom will honestly and zealously represent the Petitioner, is warranted in the case at bar. The Petitioner hopes one of the following Counsel's will be appointed: 1) Tracy Miner, 2) Juliana Ballero, 3) Max Stern, 4) Martin G. Weinburg, 5) Jeffrey Baler, 6) Wendy Sibbison, 7) Charles Rankins, 8) Linda Thompson, 9) Kevin Reddington and 10) Carol Fitzsimmons. Also issue a "Stay of Execution" on any proceedings or time limits until this request is devolved.

Signed under the pains and penalties of perjury this 1st day of August, 2005

*[signature]*

Jordan M. Rice

CC: Bar of Overseers
Court T.V., Personnel interested in Rice's wrongful conviction
Eugene P. McCann, Attorney
Rice Family
Enclosure

### Certified Mail No.

7003 2260 0002 1864 1620