The Federal Constitution guarantees the defendant under the Sixth and Fourteenth Amendments "No principle of procedural due process is more clearly established than that of notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, State or Federal." Watson v. Jago, 558 F.2d 330, 338 (1977), quoting, Cole v. Arkansas, 333 U.S. 196, 201 (1948). Therefore, it "is no question that the Fourteenth Amendment encompasses the right to fair notice of criminal charges," Watson, 558 F.2d at 338, which is the "basic in our system of jurisprudence..." In re Oliver, 333 U.S. 257, 273 (1948).

The amendment of Rice's indictment via felony murder charge[5] during trial denied him Due Process of Law, which is set forth in Gaither v. United States, 413 F.2d 1061, 1071 (1969) as "an amendment to the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has

---

[5] On October 15, 1996 Rice was indicted for murder and on December 9, 1996 Rice was indicted for Burning of a Dwelling House. These were the only indictments. See Ex. "M"

21

last passed upon them. A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment". See also, Ex Part Bain, 121 U.S. 1 (1887); Stirone v. United States, 361 U.S. 212 (1960); United States v. Pelose, 538 F.2d 41, 45 n.8 (2d Cir. 1976); United States v. Somers, 496 F.2d 723, 743 n. 38 (3d. Cir. 1973), cert. denied, 419 U.S. 832 (1974); United States v. Bursten, 453 F.2d 605, 607 (5th Cir. 1971), cert. denied, 409 U.S. 843 (1972).

"To allow the prosecution to amend the indictment at trial [with an Felony Murder Charge] so as to enable the prosecution to seek a conviction on a charge not brought by the grand jury unquestionably constituted a denial of due process by not giving [the defendant] fair notice of criminal charges to be brought against him... as a matter of law... was prejudiced by the Constructive amendment" of Felony Murder Charge. Weston, 558 F.2d at 338. See also, De Jonge v. Oregon, 299 U.S. 353, 362 (1937); Stirone, 361 U.S. at 212; United States v. DeCavalcante, 440 F.2d 1264 (3d. Cir. 1971); Gaither v. United States, 413 F.2d at 1061.

"Article 12 [of the Declaration of right of the Massachusetts Constitution] requires

22

that no one may be convicted of a crime punishable by a term in the state prison without first being indicted for that crime by a grand jury." Commonwealth v. Barbosa, 421 Mass. 547, 549 (1995); Brown v. Commissioner, 394 Mass. 89, 92 (1985); Jones v. Robbins, 8 Gray 329, 347-349 (1857) Accord Ex parte Bain, 121 U.S. 1, 7 (1887). In Massachusetts, there are antebellum Caselaw that guarantees Rice that "it is essential to an indictment, that the facts constituting the offence intended to be punished should be averred." Tuttle v. Commonwealth, 68 Mass. 505, 506 (1854). See also, Plumbly v. Commonwealth, 43 Mass. 413 (1841). Any underlying felony murder charge "must be set forth in the indictment". Hope v. Commonwealth, 50 Mass. 134, 137 (1845). See also, Commonwealth v. Smith, 1 Mass. 245 (1804); Larned v. Commonwealth, 53 Mass. 240 (1847) and United States v. Reese, 92 U.S. 214, 232-233 (1875). Most recently, United States Supreme Court Justice Anthony Scalia and Justice Clarence Thomas poignantly quoted these Massachusetts "leading antebellum cases" in both their concurring opinions in Apprendi v. New Jersey, 120 S.Ct. 2348, 2367-2379 (2000), which would extend to the majority opinion.

The most important element of the Massachusetts felony-murder doctrine is the

23

fifth, which states "the felony must have been independent of the homicides" Commonwealth v. Ortiz, 408 Mass. at 466-467. Likewise the seventh element of the Model Penal Code states "The underlying felony must be independent of the Homicide." Most recently the Supreme Court held "Where a Statue annexes a higher degree of punishment to a common-law felony, if committed under particular circumstances, an indictment for the offence, in order to bring the defendant within that higher degree of punishment, must expressly charge it to have been committed under those circumstances, and must state the circumstances with certainty and precison." Apprendi, 530 U.S. at 430. In Commonwealth v. Dean, 109 Mass. 349 (1872) the Court overturned the conviction in a somewhat similar situation and stated in part, "It is a rule of the common law, as well as a provision of the Constitution of this Commonwealth, that no one shall be held to answer, unless the crime with which it is intended to charge him is set forth in the indictment with precision and fulness; and this rule is not to be defeated." Id. at 352. There was no fair notice of the felony-murder charge underlying factor "Rape" set forth in Rices indictments, See Ex. "M".

Therefore, Rices indictment was unconstitutional amended denying Rices due process. The State and Federal Courts

24

are in agreement that amendment cannot properly be justified by counsel failure to request a bill of particulars, nor can a bill of particulars cure an amendment. See, Commonwealth v. Barbosa, 421 Mass. 547, 553 (1995); Commonwealth v. Ries, 337 Mass. 565, 580-581 (1958); Watson v. Jago, 558 F.2d 330, 338 (1977); Russell v. United States, 369 U.S. 749, 769-70 (1962); United States v. Norris, 281 U.S. 619, 622 (1930).

The following facts in the case at bar are indisputable. Rice was never Indicted for Rape. Nor was there any evidence the victim in the case at bar was raped. Likewise, the Commonwealth's Autopsy Report by Dr. Bruce Weiner dated March 6, 1996 (Ex. "N"), indicated that the victims "... genitalia are unremarkable", i.e., there was no medical evidence of rape traumas but incredibly the Rape Charge was constructively amended throughout Rice's Trial repeatedly.[6]

The prosecutor promised to call witness Beverly Wilson, who would testify that Rice described the murder, which he was in Florida in the summer of 1995, as being of "an older woman ... who had been stabbed and raped and a fire had been set to cover it up" (T.I/99-100). Not surprisely, the

---

[6] See Page No. 4 of Exhibit "N", proving no physical evidence of Rape.

25

prosecutor never called Wilson at trial to repeat this fictitious claim because it was impossible for Rice to had made such an statement due the fact the murder occured in September of 1995 and Rice was in Florida in the Summer of 1995 and incarcerated in the summer of 1996 to the present date.

Anderson V. Butler, 858 F.2d 16, 17 (D. Mass. 1988) (Failure to produce promised witness reversible error).

During the course of the second day of trial the Prosecution for the first time notified Rice an Felony murder charge underlying fact "Rape" would be pursued and Rice objected (T.II/14-15).[7]

---

[7] The Court: Regarding the photographs of the victim, the Commonwealth is, in part, proceeding on extreme atrocity or cruelty. For my own information, will you be pressing a felony murder theory in this case?
Mr. O'Connell: Yes.
The Court: What underlying facts?
Mr. O'Connell: Rape.
The Court: Okay, Yes?
Mr. Owens: Your Honor, if I may, this is the first time that I've been informed that the Commonwealth is alleging that a rape took place here. There has never been any discovery. I have no knowledge of this whatsoever. The government now is saying that there was rape. He's not charged with rape.
Mr. O'Connell: He doesn't have to be.
The Court: Wait; Wait; one at a time.
Mr. Owens: And this is the first time that I've been given any information that the Government was alleging a rape was committed.

26

At this sidebar on the second day of trial Rice was first giving notice that he was have to defend against is Rape Charge, which denied him Fair Notice of Criminal Charges. This violated Rice's due process rights. See Cole V. Arkansas, 333 U.S. 196, 201 (1948) (Due Process requires fair notice of specific charges).

The prejudicial slang term "Rape Kit" was utilized 37 times (T.I/97; III/ 86, 87, 89, 93, 107, 144, 145, 150; IV/33-35, 37, 40) throughout trial, despite the fact there being absolutely no evidence of rape or an indicted rape charge. The proper medical terminology is "Vaginal swab", which was utilized 11 times (T.V/ 14-16, 30, 31, 33). A vaginal swab is only a small part of a PERK Kit, which stands for "Physical Evidence Recovery Kit" (See Ex. "O"). The Rape Kit terminology was repeatedly utilized to plant the fictitious Rape Charge in the juries mind. It is clear the Rape Kit term left a false rape impersion in one or more of the jurors mind, due to their question during deliberations (T.V/136).[8] Castillo V. United States, 530 U.S. 120 (2000) (Use of the term "Machinegun" state an element of a seperate and unindicted, aggravated crime).

---

[8] Jury Question: Could we have a clarification of whether the rape samples were collected at the Crime scene or at autopsy?

27

Upon the Prosecution resting it's case, Rice moved for dismissal on the grounds that the prosecution, in regards to felony murder unlying fact of Rape, "failed to induce sufficient evidence for which a rational trier of fact could find beyond a reasonable doubt all the elements of the crimes" but this motion was denied (T.V/35-36).

Rice testified on his own behalf and during cross-examination the prosecutor improperly communicated the false Amended Rape Charge impressions through his questioning of Rice (T.V/55-56). Slochower V. Board of Higher Ed. of City of New York, 350 U.S. 551 (1956) (Unrelated questions was violative of due process).; Likewise, during closing arguments the prosecutor attempted to shock the jury by unfairly and repeatedly arguing that a knife had been held to the victims neck while she was raped (T.V/87,93) -- even though there was no evidence whatsoever to support the Commonwealth's rape theory. Berger V. United States, 295 U.S. 78, 88 (1935) (Prosecutor has a duty to refrain from improper methods calculated to produce a wrongful conviction).

To further bolster the Constructive Amended Rape Charge, i.e., felony murder

28

underlying fact of Rape jury instructions were charged to the jury (T.V/114-118), over Rice's objections (T.V/130-131). Lucas V. O'Dea, 179 F.3d 412, 416-18 (1999) (Jury Instruction resulted in Constructive amendment of Murder charge). ; Rice was convicted of First-Degree Murder by extreme atrocity or cruelty (T.V/5-6) but some members of the jury may have used the prosecutor's amended Rape Charge used throughout the trial to unfairly convict him because under the so-called "Cunneen" factors verdicts do not have to be unanimous. Commonwealth V. Cunneen, 389 Mass. 216, 227 (1983) (factors for Murder under extreme atrocity or cruelty); Commonwealth V. Rice, 441 Mass. 291, 302 (2004) (No unanimity required for Cunneen factors); Commonwealth V. Obershaw, 435 Mass. 794, 809 (2002) (same).

  In Jones V. United States, 526 U.S. 227, 243 (1999) the Supreme Court held "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction)... must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. The Fourteenth Amendment commands the same answer in this case involving a state" conviction. This indelible common law has just

29

been reaffirmed by the Supreme Court in a series of decisions. See, e.g., Apprendi, 120 S.Ct. at 2349; Blakely V. Washington, 124 S.Ct. 2531, 2533 (2004); United States V. Booker, 543 U.S. ___ (2005).

Likewise, "Where there is a substantial risk that the defendant was convicted of a crime for which he was not indicted by a grand jury, [the Court] can not apply harmless error standard" Commonwealth V. Barbosa, 421 Mass. at 554, citing, United States V. Floresca, 38 F.3d 706, 711 (4th Cir. 1994), Strirone V. United States, 361 U.S. 212, 217 (1960).

Watson V. Jago, supra, is a similar situation to the case at bar. The court held in reversing the conviction that the jury not convicting Watson's of Felony Murder doesn't mean he wasn't "denied due process of law under the Fourteenth Amendment when he was forced during the State Court trial to defend against a charge of Felony-murder, which was not contained in the indictment". Id. at 331.

This issue of Rice being denied Due Process of Law under the State and Federal Constitutions when during trial the indictment was constructively amended with felony

30

Murder Charge depriving him fair notice of criminal charges was a "dead bang winner" and Harwood was ineffective on Rice's First Direct Appeal for failing to raise this "dead bang winner" issues on appeal. A dead bang winner is an issue that is obvious on the record and must have leaped out upon a casual reading of the transcript and would have resulted in a reversal on appeal." Jamison V. Collins, 100 F.Supp.2d 647, 737 (2000), quoting, United States V. Cook, 45 F.3d 388, 395 (10th Cir. 1995); Banks V. Reynolds, 54 F.3d 1508, 1515 (10th Cir. 1995).

Accordingly, this error warrants a reversal and/or the exclusion of mentioning of any Rape in the event of retrial on other grounds.

### B. Trial Counsel Failure TO Dispose And/or Interview Jurors.

Trial Counsel wholeheartedly believed no Rape occurred and repeatedly objected to this fictitious argument by the Prosecutor (T.II/15; T.V/130-131). Upon Rice's conviction Counsel should of moved to dispose and/or interview the jurors to inquire how much, the

Constructive amended inflammatory and prejudicial Rape Charge, an disturbing influence on the verdict which Rice has already demonstrate was a denial of Due Process of Law.

Such inquiries are permitted under State and Federal Case Law. "Jury verdicts are not to be lightly cast aside" as being automatically fair and impartial, Stockton V. Com. of Va., 852 F.2d 740, 744 (1988). because "[T]he right to a trial by an impartial jury lies at the very heart of due process. Smith V. Phillips, 455 U.S. 209, 217 (1982), quoting, Irvin V. Dowd, 366 U.S. 717, 721-722 (1961). Due Process means a jury capable and willing to decide the case solely on the evidence before it." Smith, 455 U.S. at 217. Where the prosecution arbitrarily amended the Rape Charge the jury could of convicted Rice of Rape under extreme atrocity or cruelty and this further violated Rice's Due Process of Law because the very essence of Due Process is "protection of the individual against arbitrary action." Ohio Bell Telephone Co. V. Public Utilities Commission, 301 U.S. 292, 302. See also Commonwealth V. Fidler, 377 Mass. 192, 196-197 (1979); Remmer V. United States, 347 U.S. 227 (1954).

Trial Counsel should of investigated this meritorious fact because "the burden rests

32

heavily upon the Government to establish" that their amended rape charge didn't violate Rice's Due Process Rights. <u>Stockton v. Com. of Va</u>, 852 F.2d at 743. Furthermore "effective assistance of counsel includes a duty by counsel to conduct a reasonable investigation and to present all favorable proofs." <u>Strickland v. Washington</u>, 466 U.S. 668, 691 (1984).

Accordingly, this error warrants a reversal.

C. Rice Was Denied Due Process Of Law When His Confrontation Clause Was Violated During Trial.

The Sixth Amendment's Confrontation Clause provides that," [i]n all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him". <u>Crawford v. Washington</u>, 124 S.Ct. 1354, 1359 (2004); quoting, <u>Pointer v. Texas</u>, 380 U.S. 400, 406 (1965)." An off-hand, overheard remark [is] unreliable evidence and thus a good candidate for exclusion under hearsay rules." <u>Crawford</u>, 124 S.Ct. at 1364

Teresa Baker (T.II/88, 92-93), and Joanne Maldonado (T.II/127, 129-130) both testified that they allegedly overheard Rice making incriminating statements to some kids on the deck.

33

None of these alleged kids ever were identified or testified at Rice's Trial. Here Baker and Maldonado could of took this entire conversation out of context. Had Rice been provided his procedural right to confront these individuals, he would of demonstrated Baker and Maldonado overzealous hearsay testimony was false.

"The text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts. Rather, the right...to be confronted with the witnesses against him, Amdt. 6, is most naturally read as a reference to the right of confrontation at common law." Crawford, 124 S.Ct. at 1367, in part quoting, Mattox v. United States, 156 U.S. 237, 243 (1895). Also, Article 12 of the Massachusetts Declaration of Rights commands the same confrontation Rights. Commonwealth v. Richards, 35 Mass. 434, 437 (1837).

Rice was seriously prejudiced by Baker and Maldonado inadmissible overheard hearsay statements entered into evidence at trial without having prior opportunity to cross-examine the unidentified individuals, who Rice allegedly uttered the incriminating statements too.

Accordingly, this error warrants a reversal and/or the exclusion of any overheard

34

hearsay statements in the event of retrial on other grounds.

D. During The Arson Indictment The Grand Jury Failed To Hear Any Sufficient Evidence Of Criminal Activity By Rice Justifying Dismissal.

During the Arson Indictment, the only evidence the Commonwealth put before the Grand Jury was testimony from Trooper Michael Dorn, who testified in regards to the origins of the fire. Not once was Rice identified as the person the Grand Jury intended to indict. Nor did the Grand Jury hear any evidence of criminal activity by Rice.[9]

The Grand Jury heard no "reasonably trustworthy information... sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense", Commonwealth v. Stevens, 362 Mass. 24, 26 (1973), quoting Beck v. Ohio, 379 U.S. 89, 91 (1964), and this practice at common law held true when indictments were issued

---

[9] The Arson Indictment (December 9, 1996) and Murder Indictment (October 15, 1996) were sought on different dates. See Ex. "M".

35

pursuant to statute. Just as the circumstances of the crime and intent of the defendant at the time of commission were often essential elements to be alleged in the indictment." <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 480 (2000). "[T]he grand jury's failure to hear any evidence of criminal activity by the defendant justifies dismissal of this indictment." <u>Commonwealth v. McCarthy</u>, 385 Mass. 160, 163 (1982).

Accordingly, the Indictment warrants dismissal and/or the exclusion of Arson Charges in the event of retrial on other grounds.

<u>Request For Post-Trial Discovery And Evidentiary Hearing</u>

By the accompanying motion and memorandum of Law, Rice not only request a new trial due to ineffective of Trial and Appellate Counsel's based on State and Federal due process grounds but an Evidentiary Hearing concerning counsel's omissions, the truthfulness of trial testimony and the production of all of the Commonwealth's print, blood, hair, fiber and other forensic evidence for inspection and comparison testing by a defense expert. Rice also requests funds for Experts and a Private Investigator along with subpoena power because "Substantial issue's" have been raised

36

which merit such request being granted. Commonwealth V. Stewart, 383 Mass. 253, 257-258 (1981), Commonwealth V. Smith, 49 Mass. App. Ct. 127, 132 (2000), Commonwealth V. Meggs, 30 Mass. App. Ct. 111, 114 (1991), Townsend V. Sain, 372 U.S. 293, 313 (1963).

Rice has raised substantial issues, it would be a "Miscarriage of justice" to deny his above "Request for Post-trial Discovery and Evidentiary Hearing. Commonwealth V. Freeman, 352 Mass. 556, 563-64 (1967), Tart V. Commonwealth, 949 F.2d 490, 496 (1st Cir. 1991), Chapman V. California, 386 U.S. 18, 22 (1967).

Dated: July 12, 2005 A.D.

X. [signature]

Jordan Martell Rice, Pro Se
P.O. Box 8000
Shirley, Ma. 01464

37