# United States District Court

Jordan M. Rice
  v.
Bernard Brady

DKT No. 04-10859-MLW

## Order To Show Cause And Temporary Restraining Order

Upon the supporting affidavit of the Petitioner and accompanying memorandum of law, it is

ORDERED that the Department of Corrections (DOC) show cause in room _____ of the United States Courthouse at 1 Courthouse Way, Boston, Massachusetts 02133, on the _____ day of _____, 2005 at _____ O'Clock, why preliminary injunction should not issue pursuant to Rule 65(a), Fed. R. Civ. P., enjoining the DOC, their successors in office, agents and employees and all other persons acting in concert and participation with them, to provide a sound appropriate course of access to the courts, out-door exercise, medical treatment, mental health treatment and the outside world to the petitioner designed to secure all his guaranteed Civil Liberties.

IT IS FURTHER ORDERED that effective immediately and pending the hearing and determination of this order to show, the DOC shall arrange for the petitioner to be transferred to MCI Concord "SHU" or MCI Bayside where he will be afforded all his Civil Liberties and Freedom the SBCC Civil Rights Environment Violations set forth in his accompanying affidavit. And restrain the DOC from transferring the Petitioner out of state until he has fully exhausted all his Federal Remedies.

Respectfully Submitted
Jordan M. Rice
P.O. Box _____
_____, MA _____

## Declaration In Support of Petitioner Motion For A Temporary Restraining Order And Preliminary Injunction

Jordan M. Rice declares under penalty of perjury:

1. I am the Petitioner in this case. I make this declaration in support of my Motion for a temporary restraining order and a preliminary injunction to ensure that I receive my guaranteed constitutional rights and I file this on the advice of Attorney Lauren Petit of Massachusetts Correctional Legal Services (MCLS). See Exhibit No. 1.

2. As set forth in the Motion To Show Cause For Appointment of Counsel accompanied by an affidavit, exhibits and memorandum of law filed on Feb. 28, 2005, which outlined how the Petitioner is being denied access to the courts.

3. Now The Department of Corrections (DOC) has completely cut off the Petitioner's access to the outside world via forcing him to live in a double door medical quarantine cell for 24 Hours a day. All the petitioner's incoming and outgoing mail is being censored to prohibit him from contacting the courts and supportive loving ones in retaliation for exercising his First Amendment Rights.

4. The DOC doesn't want the Outside world to learn of how their Officers has Mentally, Physically and Sexually Tortured the petitioner at SBCC. See the letters dated July 26/27, 2005 forwarded to Public Safety Secretary Edward Flynn, Exhibit No. 2. The Petitioner has been Unconstitutionally held in Punitive Segregation Since June 15, 2001 to the present date with the exception of six months between this time span and this is in violation of Blaney v. Commissioner, 374 Mass. 337, 331 (1978).

5. The DOC has been employing a unconstitutional Law Library System as most

the petitioner, i.e., making him state to "specific" his legal request, which the Massachusetts First Circuit of Appeal Court deemed Unconstitutional because it would be impossible for a trained attorney to perform. See Messere V. Fair, 752 F.S. p. 48, 50 (D. Mass. 1990). After this 15 year old ruling against the DOC, they know this system being employed against the Petitioner is unconstitutional but they are purposely employing it to circumvent the Petitioner's Constitutional Rights of access to the Court in reprisal for him speaking against the DOC. See Exhibit No. 3

6. Most recently the Petitioner has been allowed to visit only the SMU (segregation) Law Library for one hour a week but this mock Law Library isn't adequate because it has only 57 Federal Digest Books, 57 Federal Shepardizing Books 1995 edition and 8 other various other type of books, which totals only 122 books. The Petitioner has been promised that the HSU (Hospital) is going to be made CD-Rom ready for well over two months. See Exhibit No(s). 4, 5 & 6. The Petitioner doesn't have access to the CD-Rom to look up Caselaw but ironically SBCC Director of Treatment Lynn Chernesky is asking the Petitioner to furnish her with a list of caselaw to obtain for him. This is direct violation of Messere V. Fair.

7. More importantly there isn't one book on the Federal Habeas Corpus Process or State Civil Process out of the 122 books in the SMU Law Library because pursuant to SBCC Grievance Coordinator Sgt. Barbara McDermott, such books are contraband. See Exhibit No. 7. Nor does the librarian Mary Morrison, whom isn't a Paralegal, make weekly rounds in the HSU. See Exhibit No. 8.

8. The Petitioner needs access to such books to better understand the Habeas Corpus Process because his Court Appointed Attorney Eugene P. McCann is willfully also planning to sabotage the Petitioner's Habeas Corpus due to his friendship with Attorney Henry Owens whom is the subject of a meritorious ineffective assistance of counsel claim and even the Petitioner believes that Attorney McCann is related to a SBCC Lieutenant McCann, whom has also

in the cover up of the torturing of the Petitioner because he is part of the Correctional Officer Brotherhood as cited in the Petitioner's letter requesting new counsel.

9. The DOC has a responsibility to provide the petitioner All his Civil Liberties as Officials acting under color code of law.

10. For the reasons set forth in the memorandum of law filed with this motion, the petitioner is entitled to a temporary restraining order requiring the DOC to remove him from SBCC and arrange for him to be provided with adequate access to the courts to better under the habeas corpus process he now faces. And prohibit them from transferring him out of state in retaliation of speaking against the DOC.

11. For the foregoing reasons, the court should grant the petitioners motion in all respects.

Pursuant to 28 U.S.C. 1746 I declare under penalty of perjury that the foregoing and attached documents are true and correct.

x [signature]

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464

# Memorandum Of Law In Support Of Motion For A TRO And Preliminary Injunction

## Statement Of The Case

This is a Petition For Writ of Habeas Corpus brought under 28 U.S.C.S., 2254 by a State Prisoner whom Federal Constitutional Rights were violated by the State Court. The Petitioner seeks a temporary restraining order and a preliminary injunction to ensure that he receives all his Civil Liberties, access to the courts among one of them.

## Statement Of Facts

As stated in the declaration submitted with this motion, the petitioner is being unconstitutionally denied his Civil Liberties in reprisal of exercising his guaranteed First Amendment Rights of Freedom to Speech in regards of him speaking out about the Mental, Physical, and Sexual Torturing of him, and he is pending out of state transfer for speaking out. The Petitioner's Civil Liberties are also being denied to prohibit him from further exercising his First Amendment Rights.

## ARGUMENT

### Part I

The Petitioner Is Entitled To A Temporary Restraining Order And A Preliminary Injunction

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: Whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these favors the grant of this motion.

A. The Petitioner is threaten with irreparable harm

The petitioner alleges that he is being retaliatory denied all his guaranteed Civil Liberties; access to the courts is among them and this could result in dismissal of the Petitioner's only chance for federal appellate review, because Second or Successive Habeas Corpus are usually procedurally barred. This would be irreparable harm. See Felker v. Turpin, 116 S. Ct. 2553 (1996). Such conduct by DOC Officials is in clear violation of the Sixth and Fourteenth Amendments. Bound v. Smith, 430 U.S. 517, 821 (1977) (Established beyond doubt that prisoners have a constitutional right of access to the courts).

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373 (1976). This principle has been applied in prison litigation generally. See Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804, 866 (2d Cir. 1984).

In addition, the Petitioner is threaten with irreparable harm, i.e., dismissal of his habeas corpus, which will result in him spending the rest of his life in prison for crimes he didn't commit.

B. The Balance of hardships favors the Petitioner

In deciding whether to grant TRO's and Preliminary Injunctions courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See, e.g., Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984) (holding that dangers posed by prison overcrowding outweighed states financial and administrative concerns).

In this case, the present suffering of the petitioner and his potential suffering of life imprisonment if not afforded the chance to properly exhaust his Federal Appellate Remedies because second Petitions are mostly barred. Felker v. Turpin, 116 S.Ct. 2553 (1996). The suffering the DOC will experience if the court grants this order will consist of Justice Itself ordering them to properly execute their Correctional Duties as of oath

acting under the color codes of law which they are obligated to do for prisoners on a daily basis. The DOC's hardship amounts to no more than business as usual.

C. The Petitioner is likely to succeed on the merits.

The petitioner has a great likelihood of success on the merits of his Habeas Corpus and new grounds that need to be exhausted in state court but only once the Petitioner is granted competent counsel to represent him.

D. The relief sought will serve the public interest.

In this case, the grant of relief will serve the public interest because it is always in the public interest for DOC officials to obey the law especially in the wake of the DOC's malfeasance behavior that led to the murder of Prisoner John Geoghan. Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of highest public interest"); see also Llewelyn v. Oakland County Prosecutors Office, 402 F.Supp. 1379, 1393 (E.D.Mich. 1975) ("the constitution is the ultimate expression of the public interest"). It is also in the public interest that any innocent man or woman not lose their freedom due to wrongful imprisonment and be afforded adequate access to the courts to exonerate themselves in a wrongful conviction.

## POINT II

The Petitioner should not be required to Post Security.

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c) Fed.R.Civ.P. However, the petitioner is an indigent prisoner and is unable to post security. The Court has discretion to excuse an unrepresented litigant from posting security. (Crookston-Brooks v. Smith, 511 F.Supp. 351, 355 n.7 (E.D.Pa. 1981)); see J.L. v. Parham, 412 F.Supp. 112, 141 (D. Ga. 1976), rev'd on other grounds, 442 U.S. 584...

99 S.Ct. 3473 (1979). In view of the serious constitutional violations confronting the petitioner the Court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For the foregoing reasons the court should grant the motion in it's entirety.

Respectfully Submitted,

*[signature]*

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464

## Petition For A Writ Of Habeas Corpus Ad Testificandum

Pursuant to § 28 U.S.C. § 2241(c)(5), the petitioner Jordan M. Rice requests that this Honorable Court issue a writ of habeas corpus ad testificandum requiring Superintendent Lois Russo to bring the petitioner before the court for a hearing scheduled to commence on _____ and states in support:

1. The petitioner's request for "Order to show cause and Temporary Restraining Order" depends in large part his own testimony and supporting documentation. Since the credibility of witnesses will be an issue in this matter, Justice Wolf should be allowed to hear the petitioner testify personally and observe his demeanor.

2. The petitioner should therefore be produced to manage the presentation of only his request, to cross-examine DOC officials who testify and their witnesses, and to hear the DOC Officials' case and present appropriate rebuttal evidence.

Petitioner requests that the DOC bear the cost of the implementation of the terms of this writ.

Respectfully Submitted,

Dated August 2, 2005

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464

<u>Writ Of Habeas Corpus Ad Testificandum</u>

The President Of The United States Of America

TO: Lois Russo, Superintendent of Souza-Baranowski Correctional Center
P.O. Box 8000
Shirley, Ma. 01464

Greeting:

We command that you have the body of Jorden M. Rice - W65489, detained at Souza Baranowski Correctional Center, P.O. Box 8000, Shirley, Ma. 01464, under your custody as it is said, under safe and secure conduct before the Judges of our District Court within and for the District of Massachusetts at 1 Courthouse Way, Boston, Ma 02114 on _____, there to testify to the truth according to his knowledge in a certain cause now pending in said court, and there to be tried, Entitled Rice V. Brady, et al., C.T. No. 04-10859-MLW, before the said court, and the court declares the Hearing to be a "To Show Cause and Temporary Restraining Order" thereof completed, that you return him to the said Souza Baranowski Correctional Center, under safe and secure conduct, and have you then and there this writ.

Witness the Honorable Mark L. Wolf, Judge of the United States District Court for the District of Massachusetts, this ___ day of _____, 2005 A.D.

_____
Clerk

# CERTIFICATE OF SERVICE

I, Jordan M. Rice, hereby certify under the pains and penalties of perjury, that I have served a copy of all the foregoing documents via mail to: 1) Kathleen M. Dennehy, Commissioner of Corrections; 2) Eugene P. McCann, Attorney; 3) Maura D. McLaughlin, Assistant Attorney General; 4) Lauren Petit, Attorney at Massachusetts Correctional Legal Services; and 5) Lois Russo, SBCC Superintendent on this 2 day of August, 2005 A.D.

x /s/ Jordan M. Rice

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464

Certified Mail No.
7004 2510 0000 6842 2654