## **MASSACHUSETTS CORRECTIONAL LEGAL SERVICES**

8 WINTER STREET, BOSTON, MA 02108-4705

617-482-2773; WATS 800-882-1413
FAX 617-451-6383
State Prisoner Direct Line 877-249-1342
County Collect Calls 617-482-4124
www.mcls.net

July 19, 2005

Jordan Rice, W-65429
SBCC
PO Box 8000
Shirley, MA 01464

Exhibit No. 1

Re:    Your request for assistance

Dear Mr. Rice:

I received two telephone messages from you that were left for other people in my office. The messages addressed the issues that you and I discussed in our telephone conversation of May 23, 2005, and were therefore forwarded to me.

We discussed the issue of law library access on that day. You were going to send to me some paperwork you mentioned that states the policies regarding law library access including the need to request cases by cite and limitations on copying. I have not received anything from you. If you send me the papers, I will be able to do advocacy on the issue. As far as getting further law library time to work on your habe, you should file a motion in the habe asking the judge to order the DOC to give you a specified number of hours per week of law library access. Anything you think is essential you should put in the motion and support why it is necessary.

Your most recent message stated that you have been locked in 24 hours a day for 2 months. If you are not getting your hour per day for recreation, phones, showers or the like, please call my office and ask to speak to Kari Boyum. She will be able to speak with you about the details of how often you are getting out, who is preventing you from getting out, etc... She will not be able to discuss any of your other concerns. I will return from vacation on August 1 and can address your segregation concerns if needed at that time.

Sincerely,

Lauren Petit
Staff Attorney

Jordan M. Rice-0854
P.O. Box 8000
Shirley, Ma. 01464

Edward Flynn, Sec. of Public Safety
1 Ashburton Place, Room 2133
Boston, Ma. 02133

July 26, 2005

Dear Sir,

Hello, I am now writing you to outline some old and new Guantanamo Bay/Abu Ghraib Style Abuses that I am suffering at the hands of DOC Officials for exercising my guaranteed Constitutional Rights of "Freedom of Speech" because an copy of this letter is going to numerous different sources, due to Governor Mitt Romney's Administration, et. al., ignoring the retaliatory tendency of me Wolff V. McDonnell, 418 U.S. 539, 555-56 (1974) (No iron curtain drawn between the constitution and the prisons of this country).

Since June 18, 2001 to the present date I have been held in punitive segregation or on Protective Custody Status all except six months. This is in violation of Blaney V. Commissioner, 374 Mass. 337 (1978) (Protective Custody Inmates are not to be held in Segregation on Protective Custody Status because they aren't afforded the same privileges as population inmates). I was in the SBCC Protective Custody (P.C.) unit from approximately May of 2003 to October 7, 2003 and I was retaliatory placed back in Punitive Segregation for informing Former Superintendent Edward Ficco that C/o Joseph gals placed a hit on me for exercising my Freedom of Speech Rights in regards to receiving his/her endings for harboring myself against Prisoner Joseph Druce's attack against me and the DOC's cover up in the murder of Prisoner John Geoghan. Frazier V. Dubois, 922 F.2d 560, 561-62 (10th 1990) (Retaliation against a prisoner for exercising First Amendment Rights is unlawful).

Then on Oct. 10, 2003 I was retaliatory classified for out of state transfer but not any investigation was launched into my claims. This is a Fact Communication between M. Perachy who told me his letter dated January 12, 2004 being flabbergasted upon on requesting a transfer I objected to by William DuBois and see enclosed three exchanges copy, Diaz V. ___, ___ F.2d ___, ___ (8th Cir. 1981) (Once classified as a non-retaliation for out of the ___ ...

for unconstitutional reasons, such as retaliation for exercising of First Amendment). My Family
Attorney and I have repeatedly informed the DOC that my life would be in more danger
out of state due to the fact I gain national attention when I testified against 7 high
ranking gang members in the murder trials of the rising R&B/Rap Star Chris Bent.

The entire out of state prisoners would know me for my cooperation with the Government and
naturally would hate me and be my enemy but I wont know who they are. Plus other
Massachusetts Prisoners would be there who could divulge my cooperation with the government
i.e, breaking the gang code of silence, which the penalty is "DEATH". Farmer V. Brennan,
114 S Ct. 197, 1983-84 (1994) (Prison Officials must take reasonable measures to protect
prisoners from assault by other inmates).

Then on Jan. 8, 2004 the DOC transferred me to Old Colony Correctional Cent. (OCCC)
in Bridgewater, Massachusetts to await the out of state transfer because SOCC Segregation Officers
were Mentally and Physically Torturing me, which was witnessed by Mental Health Clinicians
Judy Garofalo and Caroline Gray along with being captured on video tape. At OCCC I had three
listed enemies, which the DOC knew in advance to transferring me. Two enemies (Eroy Michelle
and Timothy Lucas) I testified against in the Bender Murder and has a contract on my life for this.
The other enemy was Germain Celeste, who is a member in the gang with the 7 guys I testified
against and is in prison for murdering my cousin. Simply the DOC attempted to have me murdered
by sending me to OCCC to silence me about speaking out about the Geoghan Murder and role DOC
Officer played in this murder. The DOC has also attempted to murder other protective custody prisoners
and these names are Darren Sherakas, Robert Assad and Wilfroy Erices. Sherakas and Erices were
retaliatory placed in punitive segregation too for speaking out about the DOC cover up in the Geoghan
Murder. Now since I have spoken out about this plot to have me murdered The DOC has transferred
Kindelle and Lucas to MCI Norfolk and Celeste to MCI Shirley as a ruse to cover up this plot.
Lucas V. Chambers, 760 F. 3d 351, 363 (3d Cir. 1990) (Prison Officials may be held liable if they
failed to act on a specific wrong of danger to a particular prisoner). If the DOC truly cared about
my safety, they would send me to MCI Bridgewater, which is a population protective Custody
To hold only 90 prisoners, each with PC status. The fact the State's In fact public
essentially not force any Court's "Safety Amend." To address issues presented three times

PAGE 3 of 3

DOC continues to use the excuse I am refusing to leave segregation. I have never been offered nor have I ever received a D-Report for refusing a housing assignment.

While at OCCC I filed a Lawsuit for retaliatory Classification and then Sgt. C. Sgt. Edward Hammond issued me a D-Report in retaliation of filing my lawsuit. This is the same Sgt. Hammond whom ignored the warning from Prisoner Robert Assad that Prisoner Joseph Druce was going to murder Prisoner John Geoghan. The DOC branded Prisoner Assad a liar through their media blitz cover up after the murder of Geoghan. I was Mentally and Physically Tortured by OCCC Officers, for filing my lawsuit. Then on July 28, 2005 I was transferred back to SBCC while in the car alone I was assault by OCCC C/O Michael Smith, who pulled over to the side of the road and beat me along with placing his gun to my head. I suppose to been transferred by Transportation Officers, not OCCC Officers. I was later given a retaliatory d-report for speaking up about this assault by C/O David Shaw, who didn't handle the investigation.

Now while back at SBCC segregation I am being Mentally, Physically and Sexually Tortured by Sgt. Peter Pelletier, C/O Marc P. Ellis, C/O Benjamin McGinnis, C/O Andrew Burns, C/O Anthony Pacheco, C/O Joseph Ayele, C/O Richard Peterson, Lt. James Hart among others. I will now outline facts of the most recent torturing of me but please note, since July 28, 2005 I have been assaulted no less than 10 times by SBCC Officer's and these officers has committed these acts with immunity punishment.

On Feb. 7, 2005 I was Physically and Sexually assaulted by Pelletier, Ellis, McGinnis and Pacheco. Which left me with numerous injuries such as a very deep cut on my right ankle and numerous cuts and bruise on my body. To cover up this assault I was issued two DDU D-Reports, which claimed I assaulted them via headbutting Pelletier and spitting on Ellis face. On April 28, 2005 I was sexually assaulted by C/O Burns, who issued a D-Report to cover it up. I reported this sexual assault pursuant to 103 DOC SH 04 C/O Burns wasn't suppose to have any more contact with me. On April 29, 2005 I was retaliatory assaulted by C/O Peterson for reporting the sexual assault of me by C/O Burns. On May 2, 05 C/O Burns and C/O Pacheco physically assaulted me attempted to rape me via slamming me on my bed & attempting to penetrate my anal cavity with his finger. This contact with C/O Burns was clearly in violation of 103 DOC SH 04. In a fraudulent attempt to whitewash the bogus Feb. 7, 2 claim by Pelletier that I assaulted him and Ellis, Burns and Pacheco claimed in there D-Rep that I headbutted Peterson but the only problem is that they can't logistically fit within there rep, when

Disciplinary officer, Lt. James Hart, is denying me access to the video via refusing to answer my request for evidence.

The 3pm-11pm SBCC Segregation Officer's (Burns, Ellis, Pacheco, Peledeau and P____) are a rouge gang of officer's, who are running around like a pack of wild dogs assaulting prisoner and to cover it up, they are issuing Prisoner's DDU D-Reports. Here are some of the prisoners that is been assaulted and are awaiting DDU Hearings. Brian Medeiros, Nadime Salomeh, Nelson Rodriguez, Kevin Barry and myself. These assaults are being captured on video but no one is doing anything about Officer's abuse. Case in point, on Feb. 14, 2005 Michael Beaudet of Fox News received video tape evidence of Prisoner Shay Barnes being physically and sexually assaulted by SBCC Officers, namely C/O Fisher, which Commissioner Dennehy claimed was unacceptable behavior from the officers. But Prisoner Barnes arbitrarily received three years placement in DDU compared to C/O Fisher's 20 day suspension. Nice Reform.

The DOC is using DDU placement as arbitrary action against Prisoners. DDU is a Special Segregation Unit at MCI Walpole, which is notoriously known for Torturing Prisoners. Officer's give prisoner's pens, papers and envelopes. Therefore officer can control a prisoner's access to the outside world because they also determine if prisoner's can have visits and phone calls. In hindsight sense Officer's determines if and when a prisoner leaves DDU. C/O Pearson has assured me that I am going to DDU and that SBCC Officers will get away with torturing me because Associate Commissioner John Marshall is his uncle. Therefore, I am not going to DDU for assaulting officers. Simply I am going to DDU for speaking out about officers torturing me. C/O Burns has assured me that there are friends (other officers) of his working in the DDU awaiting to teach me a lesson about speaking out against officers. Also C/O Burns claims to ~~once~~ once worked at DDU and has a number of friends there that are officers.

In response of Dr. Mary Ellen Fohr (of Dept. of Mental Health "DMH") informing that a DMH Prison Survey team would be at the prison interviewing Prisoner's in regards to medical and Mental Health treatment of Prisoner's SBCC Officials opened and read this letter. Muhammad v. Pitcher, 35 F.3d 1081, 1083 "So (Letter from to and from Agencies of state, local and federal government was privileged) Prisoner's legal mail to be opened in presence of prisoners and not read.

In retaliation of this letter. I was placed on Mental Health observation cell in the Hole and

PAGE 5 OF 19

for non-medical reasons on May 10, 2005. I requested several times to meet with the IMU prison survey team but my request were ignored. Since May 10, 2005 I been forced to stay in my cell 24 hours a day, 7 days a week. I am not allowed to outside to the rec deck or to the CD-Room to do legal research. This is clear violation of <u>Wilson V. Seiter</u>, 501 U.S. 314, 304-305 (1991) (Under the Eighth Amendment exercise is one of the basic human needs that prison officials must provide). Despite me being held in the Hospital I am being denied adequate Medical and Mental Health Care. <u>Estelle V. Gamble</u>, 439 U.S. 97 (1976) (Prisoners have a Constitutional Right to Medical Care). In fact RN S. san Garepy, whom is related to the Officer (4th Burns) that attempted to rape me, has worked with abusive Officers here in the hospital to put blood in my food in attempt to infect me with a infectious disease such as HIV or Hepatitis. Due to 4th Burns attempting to rape me, I am bleeding from the rectum and because of Nurse Garepy I am being denied medical care. Also Hospital Officers has attempted to infect me by placing used dirty razors in my razor box. All in retaliation of speaking out about the torturing I'm

SBCC Officials are employing a law library system that has been already deemed unconstitutional by the Massachusetts First Circuit Court of Appeals because they are not letting me physically go to the law library but they are stating "I must tell them in detail what I need in my Habeas Corpus Petition and Class Action Lawsuit for Legal Documents, which the Court stated would be impossible for a trained lawyer could do and this is why this law library system is Unconstitutional pursuant to <u>Messere V. Fair</u>, 752 F.Supp. 48, 50 (D.Mass. 1990) (Cell delivery and paging system, by itself, does not provide adequate court access because prisoners who cannot visit the library normally will not know what materials to ask for). Also I have a letter dated Feb. 4, 2005 from Commissioner Dennehy in which she upholds this unconstitutional system that the said Federal Court is forbidding to employ against prisoners. This system is denying me access to the Courts to litigate my Criminal and Civil matter, which is the DOC's ulterior motive and in violation of <u>Bounds V. Smith</u>, 430 U.S. 817, 831 (1977) (Established beyond doubt that prisoners have a Constitutional Right of access to the Courts).

When I do request certain materials in respects to my Habeas Corpus Petition and Class Action Lawsuit, the Librarian Mary Moore cannot bring them. Nor does she make copies or consult with the Judge. This is due to my charges of Civil Rights violations in my Criminal and Civil

matters so serious so DOC Officials are purposely denying me access to the courts so my claims aren't heard. To further deny me access to the courts, SBCC Officials are now engaging in Federal Crimes. I have documentation to prove that SBCC Officials illegally recorded my telephone calls with my Attorney's in violation of Federal Statute 18 U.S.C. §§ 16-3501 (Title VII Omnibus Crime Control and Safe Streets Act of 1968).

The other Federal Crimes is my incoming Legal mail is being opened, read and censored. On June 11, 2005 C/O Donald R. Lacroix opened an legal package from Attorney David Slotsky and issued a D-Report to cover it up (See Exhibit No. #1) because Attorney Slotsky placed my letters name on the return receipt due to the censoring of my mail. SBCC Officials refused to adhere to my request of calling Attorney Slotsky (508-587-3300) to ask him if he send the mail but they had no problem finding me guilty on C/O Lacroix's bogus D-Report. Other legal mail has been opened not in my presence from Attorney Karen Talley, Dr. Mary Ellen Foti of Dept. of Mental Health, Attorney Greta Janusz and Mr. Stephen P. Fauteux of the State Ethics Commission. This is in violation of Wolf V. McDonnell, 418 U.S. 539, 577 (1974)(Prisoner Legal Mail may be opened and inspected for contraband, but only in the prisoners presence). The DOC Officials have no problem admitting these violations in their answer to my grievance form.

Also my outgoing mail is being censored. The following letters never made it to these people: May 10, 2005 letter to Attorney Greta Janusz; Jun 33, 2005 letter to Attorney Karen Talley; Jun 30, 2005 Certified Mail letter to Attorney David Slotsky; July 12, 2005 letter to Attorney Slotsky, and July 30, 2005 letter to Paralegal Darlene Pinto. The following did 5 letters never reached Blanda Rice (My Mother) June 2, 2005; June 28, 2005; July 12, 2005; July 13, 2005 (Certified Mail), and July 30, 2005. I can prove I mailed all these letters because each letter was mailed via charge slip, which means that the postal funds were extracted from my Prisoner account and I preserved the Carbon copies of each charge slip. Procunier V. Martinez, 416 U.S. 396, 411-412(1974)(Prisoners are entitled to uncensored and confidential communication with Courts and with Attorneys and their assistants).

When my mail stops coming for violations, I contacted Paralegal Talley, Michael to fax my mail out cause because The SBCC mailroom is monitoring my mail so closely that they know the

names and addresses of everyone I correspond with. On June 17, 2005 Mr. Medina placed two letters in the mailbox and the mailroom refused to let them leave the institution because they deemed the return address suspicious. One letter was addressed to Attorney in use and the other to my mother under the name Michelle Medina. The mailroom would of never deemed the return address suspicious if they didn't illegally open and read Attorney in use letter address to me the day prior. After this unlawful mail consorting they were anticipating me writing a letter to Attorney Tomasz and when they saw a letter Address to Attorney Tomasz with another Prisoner's name on the envelope it was supposedly suspicious. I guess I am her only client incarcerated at SBCC. [*] Show coerced Mr. Medina into opening the envelope via giving him a direct order and if he refused such a order a [*] Report would of been issued to him. Then [*] Show issued me a D-Report (See Exhibit No B) which he lied in.

Writing letter is my only access to the outside and SBCC Officials are committing State and Federal Crimes to completely cut off my access off to the outside world to prohibit me from informing people about the Mental, Physical and Sexual Torturing of me and if I was fabricating these said "Torturing" than DOC Officials would have to commit these blatant State and Federal Crimes. Also if I was lying about the torturing and plot to murder me Government Officials and others would ignore my letter's because I would be deemed the Little Boy who cried wolf. The DOC trys to use the excuse that I have a very large amounts of complaints but one can look at the sheer number of complaints. One must evaluate the nature of each complaint.

Also to deny me access to the court, SBCC Official has purposely lost another box of my legal documents. I was issued a D-Report for giving another prisoner my legal Documents to assist me because SBCC Officials aren't providing me with access to legal Materials and this too is in violation of Johnson V. Avery, 393 U.S 483, 490 (1969)(Prison authorities cannot prohibit prisoner from help my each other). This bogus D-Report was issued by [*] Joseph Apolis, who is repeatedly harassed me.

14. Tomas Hadt has told me that "most of the good white people of SBCC wants to see me get locked upon or killed by the good white people," which is the crime I am wrongfully is dealt of.

Another way SBCC Officials are denying me access to the court, i.e., turning off Massachusetts Correctional Legal Services (MCLS) and Committee For Public Counsel Services (CPCS) from telephone number of my calling pin list. On June 27, 20- C/O Anthony Pichare and C/O Andrew Burns physically assaulted Prisoner Kevin Ber- via slamming him to the ground punching him in the face and C/O Burns poking him in the eye. It's apparent that C/O Burns has a problem with poking his fingers in places. On June 1, 2005 I called MCLS to report this assault and in retaliation MCLS number was removed from my calling list. As harassment CPCS number was been removed from my calling list.

On July 19, 2005 SBCC Deputy Superintendent Anthony Mendonsa threatened my life and to issue me a D-Report about calling the DOC Duty Station to complain about SBCC Officials Mental, Physical and Sexual Torturing of me. He (Mendonsa) had there number removed from my calling list. Then on July 20, 2005 I had to utilize another prisoner's pin number to call the duty station and C/O John Hansen pulled the plug out the wall disconnecting the telephone. In retaliation of this call C/O Charles Hooper issued me a retaliatory D-Report (See Exhibit No. 5). Now C/O Hansen is prohibiting me from gaining access to the telephone via tell other officers not to give it to me.

Further to prohibit me from speaking out about the Mental, Physical and Sexual Torturing of me. SBCC Officials has repeatedly manipulated the disciplinary process to cut off my access to the outside world, i.e., they have over harshly sanctioned my canteen and telephone privileges for years to come. In fact on July 19, 2005 my visit privilege sanction ended and Lt. James Hart issued me another six months loss of visit privilege to begin on July 19, 2005 on the two bogus D-Reports, which are marked Exhibit No. 1 and 2. In response of me receiving a visit from my Mother on July 17, 2005 Lt. Hart stated to me "he will never hear or speak to your family again as long as your making complaints against officers." In the past Lt. Hart and C/O Lacroy has over sanctioned me. In fact, I served over 70 days isolation with only one 24 Hour break between and this is a violation of 103 CMR 430.25(4) and (No more than 15 day isolation without a 24 hour break) and Libby V. Commissioner 385 Mass 421, 437 (1985) (Noting 15 day limit on "isolation time" where satisfied).

Further to stop me from speaking out about SBCC Officials torturing of me, SBCC ____

PAGE _____

Coordinator, Sgt. Barbara McDermott, doesn't answer my grievance forms and the ones she does answer she provides a frivolous answer via a reply that has nothing to do with the grievance form. Then when I appeal them to SBCC Superintendent Lois Russo, to over- review an issue or the ones she does answer are upholding Sgt. McDermott's frivolous answer. Sgt. Robshaw, "Peterson, "Pacheco "& Burns and other officers has informed me that "since I am just a Nigger who killed a White Woman, like O.J. Simpson  no one is going to do shit for me because it's a White mans World!."

If I was such a scumbag lying prisoner, then DOC Officials wouldn't have blatantly violate State and Federal Laws in attempt to suppress my supposedly un-reinforced Freedom of Speech Constitutional Rights. Also for all my meritorious assault claim the DOC would just produce the video tape to disprove them if they were fabrication as they can't. In this six year old state of the art installation with approximately over 360 camera's, the DOC claim, no video exist for each one of my assault claims, which is impossible. Who's the Scumbag liar? I will let you figure it out but hence, it isn't me!. This prison was designed to prohibit such abuse! Please note, I have gang enemies in New Hampshire, New York, Connecticut, Arizona, Ohio, Virginia, New Mexico and Florida.

Behind these four walls is a impolite society named "Prison" and there are impolite officials called "The DOC", who can't stomach an prisoner exercising his guaranteed Constitutional Rights of Freedom to Speech in any situation. This demeanor is post-Geoghan Murder, which means there has been no REFORM in the wake of the Geoghan Murder and I have documentation to prove this fact Beyond A Reasonable Doubt but the Romney Administration refuses to answer to my cries for help!

I look forward to your anticipated cooperation into prohibiting the brutalization of me.

Respectfully Submitted,

Cc: Named Sarris

[illegible]

Jordan M. Rice W6854
P.O. Box 8000
Shirley, Ma. 01464

Edward Flynn, Sec. of Public Safety
1 Ashburton Place, Room 2133
Boston, Ma. 02133

July 27, 2005, PAGE 1 of 2

Dear Sir,

Hello. I am more to supplement my July 26, 2005 letter. On July 27, 2005 I had two D-Report Hearings for the alleged Feb. 7, 2005 assaults on Sgt. Peter Paladino and C.O. Marc P. Ellis. The following facts are proof beyond a reasonable doubt that SBCC Officials has repeatedly manipulated the disciplinary process against me in reprisal of me exercising my guaranteed Freedom of Speech Constitutional Rights in regards to their Mental, Physical and Sexual torturing of me.

At these "Hearings" there were many irregularities: 1) Lt. James Hart stated in writing that no video evidence existed. In fact there was video evidence. This evidence was produced at the hearing and as I been stating to you whats written in the D-Reports wasn't depicted on video, squarely contradicting both D-Reports, 2) Speaking of both D-Reports, at the hearings was the first time my Legal Representative (Mr. Akilesh Ayyer) and myself were made aware that the D-Reports were written, which denied me the right of notice of charges. The first either of us saw the D-Reports was at the Hearings. and 3) All my witnesses and documentation evidence were denied. The hearings were recorded on audio tape and Mr. Ayyer is in possession of them!

At the end of the hearings, I was having a private and privileged conversation with Mr. Ayyer and Lt. Hart along with another officer busted in the room and abruptly ended my legal meeting with forcibly moving me out the room for no legitimate security reason. Since I am an alleged "Secondary Lifer Prisoner" you can call Mr. Ayyer (617-495-3127), whom is a Harvard Law student and aspiring Attorney, to have a first hand account. The DOC can't label him a "Security Risk"! But they may try.

To put charges my SBCC disciplinary record with any other State Prison disciplinary record the completion of the disciplinary process by SBCC Officials will become apparent. The overall

the D.Rpt Hearings are proof of the manipulation of the disciplinary process, which again is resulted in me losing my access to the outside world for years to come, only in reprisal of making the outside world aware of the said "Torturing" of me! If I am found guilty of these D.Rpts then I will know that in the wake of the Geoghan Murder the Romney Administration are truly committed to "REFORMING" the D.O.C as every single one of you has promised! Bring "REFORM" to the torturing of me.

I look forward to your anticipated REFORM in my plight.

Respectfully Submitted,

X _(signature)_

CC: Numerous Sources

Certified Mail No.

7004 2510 0000 6842 2647

The July 26 & 27, 2005 letters are signed under the pains and penalties under both State and Federal Laws.

X _(signature)_

Jordan M. Rice

Jordan M. Ricci #65489
P.O. Box 8000
Shirley, Ma. 01464

Edward Flynn, Sec of Public Safety
1 Ashburton Place, Room 2133
Boston, Ma. 02108

Aug 4, 2005

Dear Sir,

Hello. I now write to supplement my July 26 & 27, 2005 letters. The reason I haven't been able to mail them yet is due to SBCC Librarian, Mary Morrissca, rarely makes round in the hospital and I have had a chance to ask in envelopes and other writing materials. Please note, she is suppose to make weekly rounds.

On Aug 3, 2005 Caseworker Ryan Carney showed me documentation that stated "I was ending the DDU appeal process", which means Cpt. Depelo rendered a decision on my July 27, 2005 DDU appeal (D.Report No. 51051 & 51050) but Lt. James R. Hart of the SBCC Disciplinary Office is refusing to furnish Mr. Nyper and I with the said results. Also he (Hart) is denying me the results to D-Report No. 5___05. Hart is going to let the appeal time elapse to deprive me appellate review. This is all part of the ongoing D. Process Violations through the manipulation of the disciplinary process that has resulted in me losing all my privileges to approximately 2008, which is a calculated play to cut off my access to the outside world to prohibit me from exercising my Freedom of Speech Rights in regards to the Mental, Physical and Sexual torturing of me by DOC Officials.

I am not receiving my incoming Legal Mail, nor is my outgoing mail leaving the institution because SBCC Officials want to prohibit me from litigating my Class Action Lawsuit (Ricci V. Dennehy) against the DOC, all in hopes in gets dismissed. On Aug. 3, 2005 I made State Auditor Michael Sousa aware of my unconstitutional living conditions and now I am being tortured by "Lt." Anthony Peluso.

I look forward to your anticipated cooperation in this matter.

Respectfully Submitted,

Cc: Namous Sources

Cert___d (?) (?) No. 7___9 3___0 0000 6___ 3___

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

| Inmate | RICE, JORDAN M | | **Commit No** | W65429 | **Housing Unit** HSU | |
|--------|----------------|---|--------------|--------|---------------------|---|
| **Date** | 11-JUN-2005 | **D- Report No.** | 57195 | **Institution** | SOUZA-BARANOWSKI COR | CTIONAI |

**OFFENSE(S) & CODE NO.:**

02-VIOLATING ANY DEPARTMENT RULE OR REGULATION
06-COUNTERFEITING, FORGING, MISREPRESENTATION
08-CONDUCT WHICH DISRUPTS
32-VIOLATING ANY LAW
33-ATTEMPTING TO COMMIT ANY OFFENSE

Exhibit No. A

**Major** [X]           **Minor** [ ]

**Description of Offense(s)**

On June 11,2005 at approximately 9:05 a.m. it was determin   that inmate Jordan Rice W65429 did attempt to circumvent the institution  mail policy while housed at Souza Baranowski Correctional Center.

While I C.O. Lareau was retrieving mail from the Shirley Post O  ce, I was signing for a certified envelope addressed to Jordan Martel Rice.  n the front of the envelope there was an address label from SLUTSKY &  UTSKY Attorneys at Law 450 Pleasant St. Suite 6 Brockton Massachusetts 0230 . The envelope also had printed on the bottom of the address: Do Not Open/  torney Client Priveledge. After signing the certified card that was attache  o the envelope, I turned it over to see the address of the sender. It read  3lenda Rice 177 Battles Farm Dr. Brockton, Ma 02301. Realizing that the a  resses did not match, I made a photocopy of this certified card.

Upon returning to the Institution, I checked with the IPS depart  it and it was determined that the sender of the envelope( Blenda Rice)   s the mother of Jordan Martel Rice. According to 103 CMR 481 mail from thi  sender is not recognized as privileged therefore it was opened. Inside the  velope there was numerous pages of Internet material, photos of inmate Rice,  piece of mail addressed to Jordan M Rice at 177 Battles Farm Dr Brockton M  02301-222, a letter addressed from Sheryl Jackson Holliday and various othe  photocopied pages.

Inmate Rice was sent in the letter from Sheryl Jackson Hollida  , five pages of photos-copies along and a Disapproved Correspondence Cc  raband Notice for the remaining material. . A copy of the Notice was also  ent to the sender. The envelope, photocopies of the certified card and 1  aining contents were placed into evidence pending the disciplinary process.

| Has Inmate been placed on Awaiting Action Status | | | **Yes** [X] | | **No** [ ] | | | |
|---|---|---|---|---|---|---|---|---|
| **Referred to DA** | [ ] **Yes** | [X] **No** | | **Referred to DDU** | [ ] **Yes** | [X] | |
| **Reporting Staff** | | Donald Lareau R | | | **Date** 11-JUN-2005 | | 1e 13:06 |

| **Days off** | Sun Mon | |
|---|---|---|
| **Shift** | 7x3 | |

20050714 14:28

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### DISCIPLINARY REPORT

| Inmate | RICE, JORDAN M | | Commit No | W65429 | Housing Unit HSU | | | |
|---|---|---|---|---|---|---|---|---|
| Date | 11-JUN-2005 | D- Report No. | 57195 | Institution | SOUZA-BARANOWSKI COI | | | ECTIONAI |

| Shift Commander | Michael Mellen R | Date | 11-JUN-2005 | T | ɔ | 14:11 |
|---|---|---|---|---|---|---|

| Disciplinary Officer | James Hart R | Date | 13-JUN-2005 | T | ɔ | 07:00 |
|---|---|---|---|---|---|---|

**Results** GUILTY

| Code Description | Sanctions | Start Date | End Date | # of Units | S$ | Amount |
|---|---|---|---|---|---|---|
| 02-VIOLATING ANY DEPARTMENT RULE OR REGULATION | Loss Visits | | | 90 | | |
| 06-COUNTERFEITING, FORGING, MISREPRESENTATION | Isolation | | | 15 | | |
| 32-VIOLATING ANY LAW | Loss Canteen | | | 90 | | |

| Reviewing Authority | | Date | | e | |
|---|---|---|---|---|---|

Exhibit No. A

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

| Inmate | RICE, JORDAN M | | | Commit No | W65429 | Housing Unit | HSU |
|--------|---------------|--|--|-----------|--------|--------------|-----|
| Date | 17-JUN-2005 | D- Report No. | 57487 | Institution | SOUZA-BARANOWSKI COI ECTIONAI |

**OFFENSE(S) & CODE NO.:**
02-VIOLATING ANY DEPARTMENT RULE OR REGULATION
06-COUNTERFEITING, FORGING, MISREPRESENTATION
08-CONDUCT WHICH DISRUPTS
33-ATTEMPTING TO COMMIT ANY OFFENSE

Exhibit No. 3

**Major** [X]          **Minor** []

**Description of Offense(s)**

On June 17, 2005 it was determined that inmate Jordan Rice W65 9 did circumvent the institutional mail process by misrepresenting himself l u sing another inmate's name and commitment number as a return address n two outgoing letters.

On June 17, 2005 the Souza-Baranowski Mail Room Officers notified t  Inner Perimeter Security Office that they had in possession two suspicious  tg oing letters with return addresses from inmate Jeffery Medina W66561  Inner Perimeter Security Officer David Shaw and Inner Perimeter Security fficer Michael Pierce reported to the Health Services Unit to interviev inmate Jeffery Medina W66561.  Inmate Medina claimed that he did not w .e the letters.  Inmate Medina willingly opened the envelopes to verif  their contents.  Upon inspection of the contents it was verified that the e  elopes and letters were written by inmate Jordan Rice W65429. Inmate Rice re  sed to be interviewed in regards to this matter.  It should be noted tha  inmate Rice was shown the two envelopes and he stated, " What, did you  )en my mail." He was advised that inmate Medina opened the letters in this 1  orting officers presents. The letters were marked and logged as evidence .n the Inner Perimeter Security Office.  All proper authorities notified.

| Has Inmate been placed on Awaiting Action Status | | | | Yes [X] | No [] | | | |
|--------------------------------------------------|--|--|--|---------|-------|--|--|--|

| **Referred to DA** | [] Yes | [X] No | | **Referred to DDU** | [] Yes | [X] | |
|--------------------|--------|--------|--|---------------------|--------|-----|--|
| **Reporting Staff** | | David Shaw M | | | **Date** 17-JUN-2005 | | ie 12:31 |

| **Days off** | Sun Mon | | | |
|--------------|---------|--|--|--|
| **Shift** | flex | | | |

| **Shift Commander** | Shaun Dewey C | | **Date** 17-JUN-2005 | ie 14:14 |
|---------------------|---------------|--|----------------------|----------|

| **Disciplinary Officer** | James Hart R | | **Date** 20-JUN-2005 | ie 07:57 |
|--------------------------|--------------|--|----------------------|----------|

| **Results** | GUILTY | | |
|-------------|--------|--|--|

20050713 14:18

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

| Inmate | RICE, JORDAN M | | **Commit No** | W65429 | **Housing Unit** HSU |
|---|---|---|---|---|---|
| **Date** | 21-JUL-2005 | **D- Report No.** | 59305 | **Institution** | SOUZA-BARANOWSKI CO. ECTIONA |

**OFFENSE(S) & CODE NO.:**

02-VIOLATING ANY DEPARTMENT RULE OR REGULATION
06-COUNTERFEITING, FORGING, MISREPRESENTATION
08-CONDUCT WHICH DISRUPTS
23-UNAUTHORIZED POSS. OF PROPERTY BELONGING TO ANOTHER PERSON
24-POSS OF ITEMS, NOT AUTHORIZED
33-ATTEMPTING TO COMMIT ANY OFFENSE

Exhibit No. C

**Major** [X]          **Minor** [ ]

**Description of Offense(s)**

On July 21, 2005 this reporting officer determined that inmate Jordan Rice W65429 circumvented the Inmate Telephone System by utilizing nother inmate's Pin number to place a telephone call. The following facts h  been established through the interview process, call detail records, ar  video surveillance.

On July 20, 2005 at approximately 14:04 hours the Departme   Duty Station received a telephone call from an inmate that identified hi  lf as Jordan Rice. This telephone call lasted approximately three minutes. Inmate telephone records indicate a call was placed to this telephone numbe  out by a different inmate.   Video surveillance shows that inmate Rice was  on the telephone at the exact time of this aforementioned telephone cal   The inmate's name and committment that was identified on the call detail  ecords was interviewed by this reporting officer on July 21, 2005.  Dur  ig the interview, the inmate denied placing a call to the Duty Station at  e time in question.

The call detail records and video surveillance were marked as  idence and placed in the IPS Evidence Locker. All proper authorities were n ified. E.O.R.

| Has Inmate been placed on Awaiting Action Status | | **Yes** [ ] | **No** [ ] | | | |
|---|---|---|---|---|---|---|
| **Referred to DA** | [ ] **Yes** | [X] **No** | **Referred to DDU** | [ ] **Yes** | [X] | |
| **Reporting Staff** | | Charles Hooper R | | **Date** 21-JUL-2005 | | e 17:52 |

**Days off**     Sun Mon

**Shift**        Flex

| **Shift Commander** | Scot Haverty D | **Date** 21-JUL-2005 | e 19:57 |
|---|---|---|---|

| **Disciplinary Officer** | James Hart R | **Date** 22-JUL-2005 | e 06:51 |
|---|---|---|---|

**20050722 06:53**

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*50 Maple Street, Suite 3*
*Milford, Massachusetts 01757-3698*
*(508) 422-3300*
*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M.  :  anehy
*Commiss : er*

James R. : : ider
*Deputy Comu. : sio ner*

February 4, 2005

Exhibit No. 3

Jordan Rice, W65429
Bridgewater State Hospital
20 Administration Road
Bridgewater, MA 02324

Dear Mr. Rice,

I am in receipt of your correspondence dated November 12, 2004. I apologize for the delay in responding.

Regarding your legal work being lost subsequent to your transfer from Old Colony Correctic Center, attached you will find a copy of your inventory which indicates one cubic foot of leg work was forwarded to Souza Baranowski Correction Center on July 28, 2004.

Records indicate that on October 26, 2004, Souza Baranowski Correctional Center and Old Colony Correctional Center inventoried their Property Departments based on your Grievanc 5646 and were unsuccessful in locating any additional legal documents belonging to you.

I have been advised by Assistant Deputy Commissioner Marshall that you have not been denied access to the courts. Rather, you have refused to cite your specific needs in your libra request. In order to receive the material you need, you must be specific in your request. Thi a requirement for all inmates submitting a library request. For this reason, your grievances concerning your library requests were denied.

Be advised your issues pertaining to medical issues and your claims of staff misconduct will b
addressed in separate correspondences.

Sincerely,

*Kathleen M. Dennehy*

Kathleen M. Dennehy
Commissioner

cc:     Timothy Hall, Assistant Deputy Commissioner
        John Marshall, Assistant Deputy Commissioner
        Bernard F. Brady, Acting Superintendent, OCCC
        Sue Martin, Director, Health Services
        Kristie Ladouceur, Department Grievance Coordinator
        Inmate File
        File

Exhibit No 3



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Souza-Baranowski Correctional Center*



**Mitt Romney**
*Governor*
**Kerry Healey**
Lieutenant Governor
**Edward A. Flynn**
*Secretary*

*P. O. Box 8000*
*Shirley, MA  01464*

Kathlee   **M. Dennehy**
Cc     is sioner
**Jame   J. Bender**
Deput    m z.missioner
L      **Russo**
Suj    tendent

Exhibit No. 4

June 16, 2005

Jordan Rice, W65429
Souza Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

Dear Mr. Rice,

Please be advised that I am in receipt of your letter requesting your copies. Please be advised that I delivered your copies on June 15, 2005. It should also be noted that on June 15, 2005, I received from you, a list with one request. This request will be processed as soon as possible.

Regarding access to the CD-ROM, as previously stated the Department of Corrections is working adamantly on having the CD-ROM in the HSU. As I have previously stated I will get a list of cases from you and I will give them to the Librarian for her to make copies.

I trust this addresses your concerns.

Sincerely,

Lynn Chernesky
Director of Treatment

Cc:
    File



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Souza-Baranowski Correctional Center*



**Mitt Romney**
*Governor*
**Kerry Healey**
Lieutenant Governor
**Edward A. Flynn**
*Secretary*

*P. O. Box 8000*
*Shirley, MA  01464*

**Kathlee M. Dennehy**
*C ...is-sioner*
**Jame R. Bender**
*Deput ...m_missioner*
**L i Russo**
*Su  nt≡ndent*

June 20, 2005

Exhibit No. 5

Jordan Rice, W65429
Souza Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

Dear Mr. Rice,

Please be advised that Deputy Superintendent, Anthony Mendonsa, has forwarded your letter regarding access to the CD-ROM to me. Please be advised that we are adamantly working on CD-ROM access in the HSU. Once there is CD-ROM access in the HSU you will have access to it.

I have received your letter requesting your legal cases. They will be returned to you by June 24, 2005.

I trust this addresses your concerns.

Sincerely,

Lynn Chernesky
Lynn Chernesky
Director of Treatment

Cc:    Deputy Superintendent, Anthony Mendonsa
       File



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Souza-Baranowski Correctional Center*



**Mitt Romney**
*Governor*
**Kerry Healey**
Lieutenant Governor
**Edward A. Flynn**
*Secretary*

*P. O. Box 8000*
*Shirley, MA  01464*

Kathlee    I. Dennehy
    Co.    is sioner
Jame     . Bender
Deput    m missioner
    L   Russo
Su     tendent

June 21, 2005

Exhibit No. 6A

Jordan Rice, W65429
Souza Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

Dear Mr. Rice

Please be advised that Acting Deputy Superintendent, Michael Rodrigues, has forwarded your letter dated June 13, 2005 regarding access to the CD-ROM. As I stated in my correspondence to you on June 20, 2005 the Department of Corrections and Tech. Services are working adamantly to have CD-ROM access in the SMU. Until that time, you can continue to write to me, via institutional mail, for your Legal Law cases.

I trust this addresses your concerns.

Sincerely,

Lynn Chernesky, Director of Treatment
Director of Treatment

Cc:    Anthony Mendonsa, Deputy Superintendent
    File



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Souza-Baranowski Correctional Center*



**Mitt Romney**
*Governor*
**Kerry Healey**
Lieutenant Governor
**Edward A. Flynn**
*Secretary*

*P. O. Box 8000*
*Shirley, MA  01464*

**Kathlee  A . Dennehy**
*C  issioner*
**Jam   t. Bender**
*Deput   mmissioner*
**L   Russo**
*Su,   tendent*

July 15, 2005

Jordan Rice, W65429
Souza Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

Exhibit No. 6B

Dear Mr. Rice,

Please be advised that Deputy Superintendent, Anthony Mendonsa, has forwarded your letter stating that Mary Morrison did not return your material to you. On July 8, 2005 Mary Morrison did deliver your material that you are looking for. The one sheet that she did not photocopy was a page from the internet. As of July 15, 2005 I have not received any more requests for legal material.

I trust this addresses your concerns.

Sincerely,

Lynn Chernesky, Director of Treatment
Director of Treatment

Cc:    Michael Rodrigues, Acting Deputy Superintendent
        File

Exhibit No. 6 C

Jordan M. Rice-W6543
HSU, Cell #17

Lynn Chornosky, Dir. of Treatment
SBCC

July 16, 2005

Dear Madam,

Hello, I am in receipt of your letter dated July 15, 2005. On July __ 2005 Ms. Morrison didn't deliver the legal materials I am seeking. When __ __ was out on training, I forwarded you three list of Legal Request. You __ __ vered one list but not the other two, all while she was still out. When I attemp__ __ to inform you that the other two list were missing but you let S/O Anthony __ __ prohibit me from speaking with you via jumping up and down waving his h__ds and telling you to "go-go", i.e., leave the hospital so I couldn't speak with __ which you both found amusing. Had these Unprofessional Childish Ant__ __ not been played out then you would of learned that I am missing two li__ __ of Requested Legal Materials and this is why you haven't received any more request from me because for a month almost I been waiting for my last requ__ __ to be fulfilled. Therefore, would you please insure my last two Legal Request to __ Materials, i.e., below, be promptly fulfilled?

I look forward to your anticipated cooperation to this matter.

Respectfully Sub__ted,

x _____

CC: Mark L. Wolf, Federal Justice
Enclosure

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | |
|---|---|---|---|
| **Name** | RICE JORDAN M | **Grievance#** 12040 | **Institution** SOUZA-BARANOWSKI |
| **Commit No.** | W65429   **Housing** HSU | **Date Of Incident** | CORRECTIONAL |

**Date Of Incident** 20050714   **Date Of Grievance** 2005(  4

**Complaint** THERE ARE NO BOOKS OF HABEAS CORPUS OR CIVIL PROCEDURES IN THE SMU SAT  LITE LAW LIBRARY, WHICH IS DENYING MR. RICE ACCESS TO THE COURTS.

**Remedy Requested** TO PROVIDE MR. RICE WITH BOOK ON HABEAS CORPUS AND CIVIL PROCEDURES

**Staff Recipient** McDermott Barbara J  CO II

**Staff Involved**

**Signature**

----------------------------------------------------------------

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050719   **Decision Date** 20050721

**Signature** McDermott Barbara J  CO II

**Final Decision** DENIED

**Decision** As advised by Director of Treatment Chernesky, you will not be able to rec  ve the book due to it being contraband.

**Signature**                                   **Date**

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

----------------------------------------------------------------

### INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Name** | RICE JORDAN M | | **Institution** SOUZA-BARANOWSKI |
| **Commit No.** | W65429 | **Grievance#** 12040   **Date Received** | CORRECTIONAL   20050719 |

**Signature.** McDermott Barbara J  CO II

Exhibit No. 7

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**Name** RICE JORDAN M  **Grievance#** 11377  **Institution** SOUZA-BARANOWSKI

**Commit No.** W65429  **Housing** HSU  **Date Of Incident** 20050618  **Date Of Grievance** 20050...  CORRECTIONAL

**Complaint** From June 12, 2005 thru June 18, 2005 Law Library Mary Morrison didn't make round in the SBCC Hospital segregation unit dispense legal supplies of pape pencils, pens, and envelope or to deliver copies of legal document and to c  .ect documents for copies to be made.  This is denying Mr. Rice access to the cc  :s because he is unconstitutional held in a double solid door quarantine cell hours a day, 7 days a week.

**Remedy Requested** To ensure Mary Morrison makes weekly rounds because she very rarely comes t  :he hospital segregation unit.

**Staff Recipient** McDermott Barbara J  CO II

**Staff Involved**

**Signature**

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050623  **Decision Date** 20050708

**Signature** McDermott Barbara J  CO II

**Final Decision** PARTIAL APPROVAL

**Decision** Although the librarian has not been able to make rounds weekly in the HSU, arrangements have been made through DOT Chernesky to provide you with nece  ry items.

**Signature**  **Date**

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

### INMATE RECEIPT

**Name** RICE JORDAN M  **Institution** SOUZA-BARANOWSKI CORRECTIONAL

**Commit No.** W65429  **Grievance#** 11377  **Date Received** 20050623

**Signature.** McDermott Barbara J  CO II

Exhibit No. 8