Jordan M. Rice - W65425
1 Administration Road
Bridgewater, Ma. 02331

Mark L. Wolf, Federal Justice
1 Courthouse Way; Room 5110
Boston, Ma. 02210

Re: Rice v. Brady, DKT. No. 04-10859-MLW, Supplement Letter

Dear Justice,

Hello, now comes Jordan M. Rice, the Petitioner, in the above-referenced Habeas Corpus Petition. The Petitioner moves to "Supplement his August 1st and 23rd, 2005 letter's requesting appointment of new counsel". The Petitioner again request's "New Counsel" and that this Supplemental letter be treated as a Motion, Affidavit and Memorandum of Law in regards to this request. New Counsel is warranted in the interest of justice on the following grounds:

1. <u>Counsel's Attempt to Waiver of Meritorious Issue</u>: In Counsel's "August 16, 2005 Motion accompanied with Supporting Affidavit in Opposition To Petitioner's Request For New Counsel" in which he related to this Honorable Court that "it is in his legal Opinion that the Ineffective of Assistance Counsel in conjunction with the Prosecutions Misconduct of withholding the Bloody Palm Print is an non-meritorious issue." The Petitioner will further demonstrate Counsel is completely <u>WRONG</u>!

In the Petitioner's August 23rd, 2005 letter (at page two), he meritoriously asserted that Mr. Ronald Smith refused to provide his Private Investigative, Ronald Rice, with an affidavit (See Exhibit No. 1), which would contradict Trooper Patricia Bean's trial testimony of Mr. Smith rendering the Forensic Opinion that the blood palm print being "consistence with the victim's palm print and none of the suspects", because he has received lucratives private latent print contracts from Massachusetts Law Enforcement (Exhibit No. 2).

Indeed Mr. Smith has received over $250,000.00 in no bid [illegible] contracts from Massachusetts Law Enforcement which explains why he refused to uphold his duty as a Office of the Court. This Court may take judicial notice of the fact of

Smith's Company no bid these lucrative contracts, which are currently active (see Boston Herald articles dated September 16 & 17, 2005 Exhibit No. 3). This genuine conflict of interest is a undevelop fact and a factual dispute.

The State Court erroneously excluded P.I. Rice's Affidavit (Exhibit No. 2) as Hearsay in the Petitioner's request for an post-conviction Rule 30 Evidentiary Hearing which denied him a full and fair opportunity to defend against the State's accusations and the indelible common law right "to be heard in [ones] defense." Chambers V. Mississippi, 410 U.S. 284, 294 (1973). All the meritorious facts surrounding Bloody Palm Print are genuine issues of material facts in dispute. Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in state court either at the time of the trial or in a collateral proceeding Townsend V. Sain, 372 U.S. 293, 312 (1963). See also, Otsuki V. DuBois, 994 F. Supp. 47 (D. Mass. 1998) (Same).

Therefore, Counsel's attempt to waive this material facts in dispute is a "Sound Appellate Strategy" due to (1) he is friends with Attorney, Harney Owens, whom is the subject of ineffective assistance of Counsel in conjunction with this bloody palm print and (2) Counsel (McCann) is related to an SBCC Lieutenant Lieutenant McCann, whom has engaged in covering up the Mental, Physical and Sexual Torturing of the Petitioner by his fellow SBCC Officers and will be a defendant in a Class Action Lawsuit, Which all warrants new counsel being appointed to the petitioner, whom will exercise due diligence of these material facts in dispute. Hence is why Justice Wolf originally appointed Counsel in the case at bar.

2. <u>Denied Access to the Courts</u>: Not only is Attorney McCann denying the the Petitioner access to the court unsound appellate strategy demonstrated above and said previously filed letters but also the Department of Corrections (DOC) is so denying the Petitioner access to the court;

(1) The Petitioner is a Protective Custody (P.C.) Prisoner being arbitrarily held in punitive segregation basically since June 18, 2001 which is in clear violation Blake V.

Commissioner, 374 Mass. 337, 339 (Mass. 1978). (Holding that Protective Custody Prisoners not to be held in Punitive Segregation). The Petitioner along with several other P.C. Prisoner has been placed in punitive segregation in retaliation for exercising their freedom of speech rights in regard to the role SBCC Officer's played in the murder of P.C. Prisoner John Geoghan and the following cover up by the DOC (See Exhibit No. 4). Frazier V. Dubois, 922 F.2d 560, 561-62 (1990) (Retaliation against a prisoner for exercising First Amendment Rights is unlawful).

Since unconstitutionally being arbitrarily held in punitive segregation, the DOC has employed an unconstitutional Law Library System against the petitioner because he has filed a Class Action Lawsuit against the DOC for their Malfeasance arbitrary acts which has prompted the petitioner to file a "Order To Show Cause And Temporary Restraining Order" against the DOC with this court in the case at bar. DeTomaso V. McGinnis, 970 F.2d 211, 214 (7th Cir. 1992); accord, Williams V. Meese, 926 F.2d 994, 998 (8th Cir. 1991) ("Because the constitution protects an inmate's access to the courts, prison officials may not retaliate against those who seek or obtain such access- whether the retaliation takes the form of withholding property or privileges or is not matter").

Old Colony Correctional Center (OCCC) Officials are failing to protect the Petitioner and provide him access to the courts (See Exhibit No. 5). The Petitioner's appealed these denials (See Exhibit No. 6). See, Farmer V. Brennan, 114 S.Ct. 1970, 1982-84 (1994) (Prison Officials must take reasonable measure to protect prisoners from assault by other inmates). See also, Little V. Walker, 552 F.2d 193, 195-97 (7th Cir. 1977) (Protective Custody conditions that do not provide adequate protection, such as mixing protective custody and punitive segregation inmates, are unconstitutional); Bounds V. Smith, 430 U.S. 817, 821 (1977) ("Beyond doubt that prisoners have a constitutional right of access to the Courts").

(2) DOC Officials are now engaging in the State and Federal Crimes of censoring the Petitioner's mail due to the fact their Mental, Physical and sexual torturing of the Petitioner is very transparent and they fear of the outside world

will learn of these grave inhumane atrocities! Namely the Courts and Media Personnels. See <u>Kimberlin V. Quinlan</u>, 774 F.Supp. 1, 3-4 (D.D.C. 1991)(Prisoners "have a First Amendment right to be free from governmental interference with their contacts with the press if that interference is based on the content of their speech or proposed speech).

On or about May 10, 2005 the petitioner mailed Attorney Greta Janusz a copy of his Class Action Lawsuit (See Exhibit No. 7). By June 13, 2005 Attorney Janusz didn't receive her copy of the said Lawsuit (See Exhibit No. 8) which she never received and the Petitioner had to mail her another copy. Still to date, here at OCCC all the Petitioner's mail is being unconstitutionally obstructed (See Exhibit No. 8 & 9). See <u>Procunier V. Martinez</u>, 416 U.S. 396, 419-22 (1974)(Prisoners are entitled to undostructed and confidential communication with courts and with attorneys and their assistants). Also the petitioner can demonstrate with official DOC documentation that; DOC Officials illegally recorded his legal calls with Attorney's which is in clear violation of Federal Statute: 18 USC 2510-2521 (Title VII, Ommibus Crime Control and Safe Streets Act of 1968).

## CONCLUSION

For the foregoing meritorious reasons, the Petitioner's request for new counsel should be granted, in the interest of justice and one of the competent counsels requested in the petitioner's two previously filed letter's should be appointed.

Signed under the pains and penalties of perjury this 26th day of September 2005.

x_____
Jordan M. Rice