```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

JORDAN M. RICE,                )
     Petitioner,               )
                               )
          v.                   )    C.A. No. 04-10859-MLW
                               )
TIMOTHY HALL,                  )
     Respondent.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      September 30, 2005

I.   INTRODUCTION

Petitioner Jordan Rice filed a Motion for Writ of Habeas Corpus under 28 U.S.C. §2254 (Docket No. 5). On August 26, 2004, respondent Timothy Hall moved to dismiss this petition, asserting that Rice failed to exhaust two of his claims in state court (Docket No. 11). Rice has conceded that one claim is unexhausted but has not attempted to establish good cause for its failure to be exhausted in state court (Docket No. 42). Rice has requested that the court deny Hall's Motion to Dismiss and stay the petition so that he may exhaust his claims in state court or, alternatively, permit him to delete any claims that the court deems unexhausted so that he may proceed with the exhausted claims (Docket No. 41).

More recently, Rice filed a Motion to Appoint New Counsel claiming that: 1) there has been a breakdown in communication between himself and his appointed counsel, Eugene McCann; 2) McCann

1

has conflicts of interest; and 3) Rice has been denied access to the courts (Docket No. 43).  McCann has opposed this motion (Docket No. 47).

On September 8, 2004, Rice filed a Motion for Stay of Execution (Docket No. 24).  Hall has not opposed this motion.  On August 4, 2005, Rice filed a letter, requesting a Stay of Execution on "any and all Statute of Limitations and/or Time Frames" due to the alleged problems that he has been experiencing with McCann (Docket 44).

For the reasons discussed in this Memorandum, Rice's unexhausted claims are being deleted from his petition and the motion to dismiss is otherwise being denied.  Rice's request for new counsel is also being denied.


II.  DISCUSSION

   A.   Writ of Habeas Corpus and Motion to Dismiss

Traditionally, when petitions contained both exhausted and unexhausted claims, they were usually dismissed without prejudice. Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, the Supreme Court has ruled that the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") is not tolled by the pendency of a federal habeas petition.  Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001) (A petition for federal habeas corpus relief is not "an application for State post-conviction or

other collateral review" within the meaning of the tolling provision of AEDPA, 28 U.S.C. §2244(d)(2)).

If the court dismisses this petition, it appears that any subsequent petition for federal habeas corpus relief will be barred by AEDPA, 28 U.S.C. §2244(d)(1) because, unless re-opened, Rice's conviction was final by June 22, 2004 when the time for seeking certiorari review by the Supreme Court expired, which was ninety days after the conclusion of his direct review by the Massachusetts Supreme Judicial Court on March 24, 2004. See Celikoski v. United States, 21 Fed.Appx. 19, 21 n.1 (1st Cir. 2001); see Kapral v. United States, 166 F.3d 565, 570-71 (3rd Cir. 1999); see also Sup.Ct.R.13.  Until recently, where dismissal without prejudice would result in a future federal habeas petition being time-barred under AEDPA, the Court of Appeals for the First Circuit deemed it "preferable" for the district court to "'retain jurisdiction over the meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.'" Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (quoting Duncan, 121 S. Ct. at 2130); see also Neverson v. Bissonnette, 261 F.3d 120, 126, n. 3 (1st Cir. 2001).

Earlier this year, however, the Supreme Court cautioned against the liberal granting of stays and instructed that they should be allowed only upon a determination that "there was good cause for the petitioner's failure to exhaust his claims first in

state court." Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005). In addition, even when good cause is established, district courts should not grant stays when petitioners' unexhausted claims are "plainly meritless." Id. The Supreme Court has further instructed that in the absence of good cause, district courts should permit petitioners to delete the unexhausted claims from a mixed petition and proceed with the exhausted claims "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

Rice admits that he did not exhaust Ground H, which alleges that the Commonwealth's expert witness was allowed to testify beyond his expertise. Thus, this claim must be deleted to prevent Rice's right to pursue federal relief from being eliminated. Id.

Rice disputes the contention that he did not exhaust claim G, which alleges that he was unfairly cross-examined. The burden of proving that a federal claim has been exhausted at the state court level is on the petitioner. Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989). This burden "is a heavy one." Id. Rice has failed to satisfy this burden with respect to Ground G. More specifically, he has provided no factual record from state court that substantiates his claim that he exhausted Ground G at the state level. Thus, this claim is being deleted too.

With the unexhausted claims deleted, the petition is no longer "mixed." The motion to dismiss the petition after those deletions

is, therefore, being denied.

    B.   <u>Motion to Appoint New Counsel</u>

While "[t]here is no absolute constitutional right to a free lawyer in a civil case," <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991), the court has the authority to appoint an attorney for a financially eligible person seeking relief under 28 U.S.C. §2254 "upon the determination that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). Analogous to appointment of counsel in a criminal context, however, an eligible person in a civil case "does not have the right to choose a particular counsel at any cost in terms of delay." <u>United States v. Mastroianni</u>, 749 F.2d 900, 914 (1st Cir. 1984). In order to prevail upon a Motion to Appoint New Counsel, the movant must show that any conflict between himself and his appointed counsel "resulted in a total lack of communication preventing [] adequate" representation. <u>United States v. Allen</u>, 789 F.2d 90, 92 (1st Cir.), <u>cert. denied</u>, 479 U.S. 846, 107 (1986).

Rice's Motion to Appoint New Counsel is not supported by evidence that establishes a total lack of communication between himself and McCann. Indeed, McCann, in a sworn affidavit, maintains that he has retrieved Rice's state court files, discussed with Rice his petition and the Commonwealth's Motion to Dismiss pursuant to what he was instructed to do (Docket No. 48). McCann

5

also states that he has spoken with Rice by telephone at least six times (as recently as July 20, 2005) and with Rice's mother on at least twelve occasions (Docket No. 48). At minimum, this evidence demonstrates that there has not been a total lack of communication between Rice and McCann. Indeed, it appears that McCann has been energetic and effective in representing Rice.

Furthermore, Rice has failed to present any evidence that substantiates his claims that McCann maintains relationships with others that constitute conflicts of interest or that Rice has been denied access to the courts.

In these circumstances, Rice's motion to appoint new counsel is not meritorious. Thus, it too is being denied.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The respondent's Motion to Dismiss (Docket No. 11) is ALLOWED to the extent that Grounds G and H may not be maintained and is otherwise DENIED.

2. The petitioner's Motion to Appoint New Counsel (Docket No. 43) is DENIED.

3. The petitioner's Motion for Stay of Execution (Docket No. 24) is MOOT.

4. The respondent shall, by November 15, 2005, file a Motion to Dismiss based on the merits or otherwise address the merits of

this case.

     5.   The petitioner shall respond by January 4, 2005.


                                                       /s/ MARK L. WOLF  
                                                     UNITED STATES DISTRICT JUDGE