Jordan M. Rice - W 5429
1 Administration Road
Bridgewater, Ma. 02324

Office Of The Bar Counsel
Attn. Alison Cloutier, Assistant Bar Counsel
99 High Street
Boston, Ma. 02110

Re: Complaint Lodged Against Attorney Eugene Patrick McCann - BBO. No. 327100

Dear Ms. Cloutier,

Hello, now comes Jordan M. Rice, "Rice", in response of Ms. Cloutier correspondence dated Sept. 20, 2005. Rice requests this letter be treated as a Complaint against Attorney Eugene P. McCann, "McCann", and supporting affidavit and Memorandum of Law. The Complaints against McCann are set forth as followed:

## Procedural History

Trial before a jury commenced on Oct. 13, 1998 in Brockton Superior Court with Judge Charles J. Hely presiding. Attorney Henry Owens, "Owens", represented Rice. On Oct. 20, 1998, Rice was convicted of First-Degree Murder and Arson.

With permission of the SJC pursuant to G.L.c. 278 § 33E, a post-trial motion for new trial on grounds Owens was ineffective assistance of trial counsel filed on Nov. 4, 2002. Rice's motion cited numerous instances of inattention by Owens resulting in the forfeiture of defense, including pretrial preparation, pleadings and trial performance, see Exhibit "A". Despite this showing, by Memorandum and Order dated February 3, 2003, the motion was denied without a evidentiary hearing. On Jan. 9, 2004 the SJC heard arguments on Rice's appeal. On March 24, 2004 the SJC affirmed Rice's wrongful conviction and affirmed "order denying motion for new trial." Com. V. Rice, 441 Mass. 291 (2004)

On April 29, 2004 Rice filed an application for Writ of Habeas Corpus under 28 U.S.C. §§ 2254, which Federal Judge Mark L. Wolf presiding. On March 17, 2005 Judge Wolf granted Rice's request for appointment of counsel, i.e., McCann whom now refuse to pursue properly meritorious claims that relief can be granted on as demonstrated below.

## Facts of the Complaint

### (A) Conflict Of Interest

McCann has informed Rice that he "would not pursue the ineffective Assistance to Counsel Claim against Hank", i.e., Henry Owens because he "feels Owens is the upmost professional that received a bum rap from the bar of overseer's and he doesn't need any more problems. Plus the Strickland Standard is a heavy burden to overcome and this case can't get over that hurdle." Furthermore McCann has told Rice "Owens is his friend." Rice has prosecution misconduct, Brady Violation, Conviction obtained on perjuried testimony Claims all in conjunction with the Ineffective assistance to Counsel Claim which has been properly exhausted in State Court. More importantly from the record Justice Wolf found these claims to meritorious and "Sufficiently complex to warrant professional legal assistance". Exhibit "B" at pg. no. 3.

### (B) Meritorious Claims

Well prior to the commencement of trial on March 14, 1998 Rice wrote Owens requesting that Owens file a Motion to Compel any and all fingerprint evidence among other things. By reply letter dated March 11, 1998, Owens declined to honor any of Rice's request. See Exhibit "B" at pg. no(s). 6-10.

On the second day of trial Rice learned, through testimony, for the first time State Trooper Patricia Beehan frivolously claimed that FBI Agent Randall

Fitzwaters destroyed the Bloody Palm Print found at the crime scene and Mississippi Latent Print Expert Ronald Smith rendered the opinion the print belonged to the victim and not any of the 48 suspects including Rice, nor was Fitzwaters or Smith called to testify at trial, see Exhibit "B" at pg. no(s). 11-15. Since trial Private Investigator Ronald Rice (no relation) has proven this testimony from Trooper Beehan to be false but Fitzwaters and Smith refuses to furnish affidavits contradicting Trooper Beehan's trial testimony, see Exhibit "C".

The FBI has a repeated and well documented history of withholding documents from defendants wrongfully convicted. Most recently Joseph Salvati, Peter J. Limone and Edward Greco, see Exhibit "D". But more surprisedly Smith's refusal to furnish Rice with an affidavit is due to the fact Smith personal owned company has received lucrative no bid contracts for Massachusetts Law Enforcement, see Exhibit "E".

### (C) Wrong Application Of Law

Judge Hely and the SJC erroneously deemed Private Investigator (P.I.) Rice's Affidavit as hearsay in denying Rice relief which is a "unreasonable application" of clearly established federal law, the Supreme Court held that "a federal habeas court may grant the writ". Lockyer V. Andrade, 538 U.S. 63, 73 (2003). Here both State Courts engaged in a classic example of the Supreme Court prohibited which is when a hearsay statement bears "pesuasive assaurances of trustworthiness" and is critical to the defense it may not be excluded by a "Mechanistic" application of state hearsay rule. Chambers V. Mississippi, 410 U.S. 284, 302 (1973)

P.I. Rice had no reason to lie in his affidavit (Exhibit "C") and the State Courts was in manifest disregard of the unequicol laws of the land because the said affidavit should of been accepted via granting the evidentiary hearing request which wouldn't of instantly reversed Rice's Conviction. At a evidentiary hearing Rice would of supeona Fitzwaters and Smith to testify under oath to these exculpatory statements expressed to P.I. Rice. Such testimony will substaniate all the claims surrounding

the Bloody Palm Print. Furthermore, production of this exculpatory piece of evidence among other exculpatory evidence will exonerate Rice beyond a reasonable doubt. Also no two people have the same prints.

### (D) Federal Evidentiary Hearing.

The Habeas Corpus System is designed to identify and correct any applications of clearly established federal law. Lockyer V. Andrade, 538 U.S. 63, 73 (2003). In regards to the bloody palm print discovery and a Evidentiary Hearing is warranted. In fact the Supreme Court held "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." Townsend V. Sain, 372 U.S. 293, 312 (1963). See also, Otsuki V. Dubois, 994 F.Supp. 47, 49-51 (1998) (Same). Therefore, at this later stage Rice can still receive discovery and a evidentiary hearing with competent counsel!

### (F) Incriminating History For Success

This agency (BBO) has suspended Owens from practicing law due to his malpractice representation, see Exhibit "E". The Massachusetts Appeals Courts has labeled Owens defense strategy in a murder case against Abigail Gilliard as "Foolhardy" in overturning the conviction, see Exhibit "H".

Now U.S. Attorney Michael J. Sullivan, "Sullivan", was the then District Attorney of Plymouth County during Rice's arraignment thru trial. Any office Sullivan is lead prosecutor has a pattern of withholding exculpatory evidence, see Exhibit "I". Justice Wolf has been "frequently been critical of government misconduct", see Exhibit "I" and "J". In the case at bar Justice Wolf will be "critical of the government misconduct" which competent counsel!

### (G) Omission And Perjury By McCann.

Despite all these meritorious facts surrounding the bloody palm print, McCann is attempting to waive these claims via firmly omitting it is his "position that the so-called bloody palm print evidence is such a non-meritorious issue", see Exhibit "K" at pg. no. 2

In McCann's motion (Exhibit "K") at pg. no. 3(e), he committed perjury before the Federal Court via claiming that he "met in person with Mr. Rice when it was necessary to do so." McCann has never met with Rice in person and the computer prison visiting database will demonstrate this fact.

Also in the motion McCann claims he shared at least 12 conversations with Rice's Mother. Rice disputes this fact along with his Mother. Furthermore, Rice's Mother: (A) doesn't have any legal education, (b) doesn't know all the facts of Rice's appellate grounds, and (c) she isn't a co-defendant in this case. McCann should of had 12 conversation with Rice instead of 6 conversations that were 10 minutes in duration over a five month timeframe. Therefore, it makes no sense for McCann to pound the table about this frivolous fictitious fact other then the motto lawyers are taught in Law School, i.e., "If you have the law, pound the law. If you have the facts, pound the facts. If you have neither, pound the table!"

In light of McCann's reckless perjuries, this Honorable Bar must examine any of his opposition pleadings to this complaint with a close and suspicion eyes.

### (H) McCann's Relative is a Defendant in Rice's Lawsuit.

Rice has been held in punitive segregation since June 18, 2003 held on protective custody status, which is in violation of Blaney V. Commissioner, 74 Mass. 337, 339 (1978), where he has been Mentally, Physically and Sexually Tortured by SBCC Officers, see Exhibit "L".

Rice along with other Protective Custody prisoners has been repeatedly tortured for stating what Prisoner Joseph Druce now freely admits, i.e., Correctional Officer's help Druce Murder Prisoner John Geoghan and the DOC has covered it up with intimidation of prisoners, see Exhibit "N".

In the face of this clear Civil Rights Violations Rice has filed a Class Action Lawsuit which in amendment will add SBCC Lieutenant McCann will be a defendant for engaging in a cover up, see Exhibit "O". Furthermore, on Feb. 20, 2005 Attorney McCann has told Rice that "he heard Rice made alot of enemies in the DOC." Attorney McCann could of only heard this from his relative SBCC Lieutenant McCann. This fact along with the fact of friendship with Owens explains why McCann is attempting to sabotage Rice's Habeas Corpus from being successful.

(I) Other Supporting Caselaw for A Probe By This Board.

"If it weren't for Owens' unprofessional errors, the result of the proceeding would have been different" Kimmelman V. Morrison, 477 U.S. 365, 376 (1986), citing Strickland V. Washington, 466 U.S. 668, 686 (1984). The claims surrounding the bloody palm print are "dead bang Winner[s]" in federal collateral review. "A dead bang winner is an issue that is obvious on the record and must have leaped out upon a casual reading of the transcript and would have resulted in a reversal on appeal" upon proper application of clearly established federal law. Jamison V. Collins, 100 F.Supp.2d 647, 737 (Cir 00). It should be noted that better work on McCann's behalf will accomplish "Something material for the defense" but his conflict of interest in the foregoing is prohibiting him. Com. V. Satterfield, 373 Mass. 109, 115 (1977). Currently McCann's incompetent decision of attempting to waive the claims surrounding the Bloody Palm Print are "manifestly unreasonable" or "Seriously prejudicial". Com. V. Nardone, 406 Mass. 123, 126 (1989). For McCann to be competent counsel "requires the guiding hand of counsel at every step in the proceedings against" Rice along with pursuing all claims properly exhausted i

State Court. <u>Powell V. Alabama</u>, 287 U.S. 45, 69 (1932).

Ineffective assistance of counsel may result from McCann's conflict of interest. The court established elements that must be met, in <u>Cuyler V. Sullivan</u>, 446 U.S. 335 (1980), that "a defendant can demonstrate a Sixth Amendment violation by showing: 1) The defense counsel was actively representing conflicting interests, and; 2) The conflict had an adverse effect on specific instances on counsel's performance". Rice has met these elements in the foregoing.

### Conclusion

A formal probe be launched into this complaint. Any and all reasonable sanctions be imposed upon McCann. The Complete and Final Investigative Report be forwarded to Rice and Federal Judge Mark L. Wolf whom is presiding over <u>Rice V. Brady</u>, DKT. No. 04-10859-MLW.

Signed under the pains and penalties of perjury.

x_____
Jordan M. Rice

CC: Court TV Producer
   Mark L. Wolf, Federal Judge
   Enclosure