Jordan M. Rice · W65429
1 Administration Road
Bridgewater, Ma. 02324

David Nathanson, Attorney
44 Bromfield St
Boston, Ma. 02108

Sept. 27, 2005

Dear Sir,

Hello, I am in receipt of your letter dated Sept. 26, 2005 denying me counsel. Most respectly, the grounds of your denial are misplaced. As I initially informed two of my claims wasn't federalized in State Court and due to this fact my Habeas Corpus is the subject of dismissal in federal Court (Rice V. Brady, DKT. No. 04-00859-MLW). I wish to federalize the claim and raise four new claims under the umbrella of "ineffective assistance to appellate counsel.

I now request to be furnished with the name and address of the individual that I can appeal your decision too? Please note, my family and I bared the cost from Trial and Direct Appellate Counsel's. Therefore, the Commonwealth should at least appoint me one counsel because I haven't abused the system. In fact this is the first time I request Counsel from the Commonwealth.

I look forward to your anticipated cooperation to this matter.
Respectfully Submitted,

CC: Mark L. Wolf, Federal Justice
        Enclosure
        Court TV Producer

FORM "A"

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: Jordan M. Rice | INMATE'S #: W65429 | DATE: 9-2-05 |
|---|---|---|

| INSTITUTION: OCCC | DATE OF INCIDENT: 9/2/05 |
|---|---|

**INSTRUCTIONS:**
Refer to 103 CMR 491, Inmate Grievance Policy.
Check off a grievance type that best describes your grievance in **Block A.**
In **Block B,** give a brief and understandable summary of your complaint/issue.
List any actions you may have taken to resolve this matter in **Block C.** Be sure to include the identity of staff members
you have contacted.
Provide a Requested Remedy in **Block D.**
Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency
and one additional grievance type.

_____ **EMERGENCY**

Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.

Mr. Rice is being denied access to the Court because he is a
Protective Custody Prisoner and if he goes to the law library he
will be forced to go with Population Prisoners. If Mr. Rice
is forced to exercise self defense against a Population Prisoner the
DOC will use this to portray him as a unruly prisoner, which is
there ultimate gold to continue covering up the mental, Physical and
Sexual torturing of Rice along with how all his Civil liberties has been
circumvented via unlawfully contining him in punitive seg segation since June 15, 2001

List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.

I spoke with Attorney Lauren Petit of MCLS who
informed me to file this grievance form

Provide your Requested Remedy. To grant Mr. Rice 5 Hour's a week in the
Law Library alone, i.e, not with Population Prisoners.

| Inmate's Signature | Date: 9/2/05 |
|---|---|
| Staff Recipient | Date: 9-8-05 |

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10
BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)
Block A. Continued   (SELECT ONE TYPE ONLY)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**Name** RICE JORDAN M     **Grievance#** 13014    **Institution** OLD COLONY CORRECTIONAL CENTER

**Commit No.** W65429    **Housing** SEGREGATION UNIT    **Date Of Incident** 20050902    **Date Of Grievance** 2005 0902

**Complaint** Mr. Rice is being denied access to the court because he is a protective custody prisoner and if he goes to the law library he will be forced to go with population prisoners. If Me Rice is forced to exercise self defense against a population prisoner the DOC will use this to portray him as a unruly prisoner, which is there ultimate gold to continue covering upp the mental, physical and sexual torturing of Rice along with how all his civil liberties has been circumvented via unlawfully confing hims in punitive segation since June 16, 2001.

**Remedy Requested** to grant Mr. Rice 5 hours a week in the law library alone, i.e, not with population prisoners.

**Staff Recipient** McKenzie Amanda   CO I

**Staff Involved**

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050908    **Decision Date** 20050915

**Signature** Costello Richard K   CO I

**Final Decision** PARTIAL APPROVAL

**Decision** This grievance is partially approved. I have met with the Director of Classification and was informed that you are not on protective custody status as you claim in your grievance; you are being held for disciplinary reasons. You may submit a slip to attend law library during normally scheduled hours to your Unit OIC. You will only attend law library with other individuals from Segregation, not with population prisoners, as that is not allowed per policy. You will not be allowed additional library time as requested. We keep records indicating any possible enemy issues that you or other Segregation inmates may have here. These lists are checked before the library schedule is established to avoid any potential conflict situations.

**Signature** _____    **Date** 9/15/05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

**Name** RICE JORDAN M     **Institution** OLD COLONY CORRECTIONAL CENTER

**Commit No.** W65429    **Grievance#** 13014    **Date Received** 20050908

**Signature.** McKenzie Amanda   CO I

FORM "B"

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE APPEAL FORM**

| INMATE'S NAME: Jordan M. Rice | INMATE'S #: W65439 | DATE: |
|---|---|---|
| INSTITUTION: OCCC | ASSIGNED GRIEVANCE #: 13014 | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in **Block A**, in a brief and understandable manner.
3. Provide your requested remedy in **Block B**.

**A. Provide your appeal argument in a brief and understandable manner.**

Mr. Rice now appeals the decision of Grievance Form No. 13014 because the Grievance Coordinator misconstrue the complaint language and distorted the facts with his final decision. Mr. Rice is being denied access to the Court because he is a Protective Custody Prisoner being arbitrarily held in punitive segregation. If Mr. Rice physically goes to the Law library, he will be forced to go with population prisoners, who are being held in punitive segregation, for disciplinary infractions allegedly committed in population, and are Rice's natural enemy for two reasons (1) Rice testified against some of their friends and (2) Rice is a protective custody prisoner. If Mr. Rice is forced to exercise self defense in the law library against a population prisoner being held in punitive segregation the DOC will use this to portray Rice as a unruly prisoner, which is there ultimate gold to continue covering up their retaliatory mental, physical and sexual torturing of Mr. Rice and how all his Civil Liberties has been circumvent via unlawful arbitrarily confining Rice in punitive segregation basically since June 18, 2001 to the present date which is in direct violation of Blaney v. Commissioner, 374 Mass. 337 (1978). The DOC must still Protect Rice even while unlawfully confining him in punitive segregation, and he is still a protective custody prisoner.

**B. Provide your requested remedy**

To Grant Mr. Rice five hours a week in the law library alone, i.e., not with population prisoner being held in punitive segregation with Rice. This requested remedy is in pursuant to the following caselaw. Blaney v. Commissioner, 374 Mass. 337, 339 (1974); Bounds v. Smith, 430 U.S. 817, 831 (1977); and Messere v. Fair, 752 F.Supp. 48, 50 (D. Mass. 1990). See also Cepulonis v. Fair, 78-3333-RWZ (D. Mass. 1987)

Inmate's Signature _____ Date: 9/16/05

Staff Recipient _____ Date: _____

**(Inmate receipts/responses will be generated via the Inmate Management System.)**

*The Commonwealth of Massachusetts*
*Committee for Public Counsel Services*
*44 Bromfield Street, Boston, MA 02108*

**WILLIAM J. LEAHY**
CHIEF COUNSEL

TEL: (617) 482-6212
FAX: (617) 988-8495

**PATRICIA A. WYNN**
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

**ANDREW SILVERMAN**
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

September 26, 2005

Mr. Jordan M. Rice, W65429
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

Dear Mr. Rice,

I apologize for the delay in responding to your letter dated July 22, 2005 (received by this office on August 4, 2005). As you know, Attorney Stephenson previously screened your case but you chose to proceed without him formally completing the screening. However, as you also know, Attorney Stephenson was likely to conclude that there existed no further meritorious issues in your case. (That is not to say that the issues raised in your direct appeal are not meritorious and properly presented in your habeas petition – for which you already have counsel.)

However, as to the new issues raised in the materials that you sent me, the Committee for Public Counsel Services declines to further screen these issues and declines to assign counsel. I reviewed your memorandum very carefully. These issues are not meritorious. Essentially, you raise six issues.

First, you raise a due process claim because your trial attorney was unfairly surprised that the Commonwealth was proceeding on a theory of felony murder with the underlying felony being aggravated rape. In order to succeed on a post-direct appeal motion for a new trial in Massachusetts, you must show that the issues are both "new" and "substantial". It is almost certain that the SJC will say that this issue is not "new" because they dealt with this issue in the direct appeal in the context of an ineffective assistance claim. Reframing it as a due process claim does not make it "new". (I further note that you were not convicted on the felony murder theory.)

Second, you raise a claim that a chemist was improperly permitted to testify beyond his qualifications. This claim fails for the same reason as your first claim: it is not new.

Third, you claim that your clothing and other items seized from you at the Suffolk County House of Correction should have been suppressed because the correctional officers testified falsely. You raise this as a claim of ineffective assistance for failure to raise this issue. The grounds for suppression raised by your attorneys were clearly

stronger than this issue. Therefore, counsel was not ineffective for failing to raise a weaker issue.

Fourth, you claim that counsel should have pursued juror interviews to determine the effect of the allegedly improperly-admitted evidence regarding rape. First, the evidence was properly admitted. Second, juror interviews are only permitted by Massachusetts courts where the jurors are exposed to evidence that was not admitted at trial. That is not what happened in your case.

Fifth, you claim that your confrontation rights were violated by the testimony of witnesses who overheard you make ambiguous statements (that the prosecutor argued were admissions). Statements by a defendant are non-hearsay and are therefore admissible without offending the confrontation clause.

Sixth, you claim that the arson indictment should have been dismissed because there was insufficient evidence to establish your identity as the arsonist. This claim is almost certainly waived. It could have been raised by both your trial and appellate counsel and they did not do so. Therefore, you can only succeed on the claim if you can show a substantial likelihood of a miscarriage of justice. You cannot make such a showing where the trial jury heard both the Commonwealth's evidence and evidence challenging the identification of you as the perpetrator and found you guilty beyond a reasonable doubt.

I am sorry to have to bring you bad new. Good luck to you.

Very truly yours,

David Nathanson
Staff Attorney
Criminal Appeals Unit
Private Counsel Division