Jordan M. Rice - W65439
1 Administration Road
Bridgewater, Ma. 02324

Eugene P. McCann, Attorney
59 Jackson St.
Lawrence, Ma. 01840

Oct. 21, 2005

Re: Rice V. Brady, DKT. No. 04-10859-MLW

Dear Sir,

Hello, please find enclosed your copy of an letter dated Oct. 20, 2005 addressed to my attention from CPCS Director Donald S. Bronstein. In which he explicitly states that "if he [yourself] believes that [my] unexhausted claims have merit", he will seriously consider appointing you to represent me.

Mr. Bronstein is referring to the unexhausted claims I raised in the memorandum of law and joint appendix for which was forwarded to your attention via Certified mail on July 14, 2005. Also I have revised my unexhausted Argument of "Rice Was Denied Due Process Of Law Under The State And Federal Constitutions When During Trial The Indictment Was Amended With Felony Murder Charge Depriving Him Fair Notice Of Criminal Charges" because I have an "Actual Innocence" claim that has been incorporated. An copy of the said revised Argument is enclosed for your convenience.

I hope you find all the enclosed documents helpful.

Respectfully Submitted,

[signature]

CC: Mark L. Wolf, Federal Judge / Enclosure
Certified Mail No: 7003 2260 0003 1864 1491



# The Commonwealth of Massachusetts
## Committee for Public Counsel Services
### 44 Bromfield Street, Boston, MA 02108

**WILLIAM J. LEAHY**
CHIEF COUNSEL

TEL: (617) 482-6212
FAX: (617) 988-8495

**PATRICIA A. WYNN**
DEPUTY CHIEF COUNSEL
PRIVATE COUNSEL DIVISION

**ANDREW SILVERMAN**
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

WRITER'S DIRECT DIAL NUMBER

October 20, 2005

Jordan M. Rice, W65429
OCCC
One Administration Road
Bridgewater, MA 02324

Dear Mr. Rice:

    I am writing as you requested to confirm our conversation today. As we discussed, you shopuld ask your attorney in your federal habeas proceeding, Eugene McCann, to contact me if he believes that there are meritorious issues to be presented and exhausted in state court so that they can be raised in your federal habeas petition. Although Attorney McCann is not certified by CPCS for post-conviction work, he can request assignment for the purpose of representing you in a new trial motion court, and I will consider that request. Please make it clear to Attorney McCann that he should only request this assignment if he believes that your unexhausted claims have merit.

Very truly yours,

Donald S. Bronstein
Director of Criminal Appeals
Private Counsel Division

# ARGUMENT

## Rice Was Denied Due Process Of Law Under The State And Federal Constitutions When During Trial The Indictment Was Amended With Felony Murder Charge Depriving Him Fair Notice Of Criminal Charges

The Federal Constitution guarantee's Rice under the Sixth and Fourteenth Amendments "No principle of procedural due process is more clearly established than that of notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, State or Federal." Watson V. Jago, 558 F.2d 330, 338 (1977), quoting Cole V. Arkansas, 333 U.S. 196, 201 (1948). See also, United States V. Santa-Manzano, 842 F.2d 1, 2 (1st Cir. 1988); United States V. Allard, 864 F.2d 248, 250 (1st Cir. 1989) and United States V. Bott, 745 F.Supp. 34, 37 (D. Mass. 1990)

The Constructive Amendment of Rice's indictment via Felony Murder underlying factor, aggravated rape, Charge during trial denied him Due Process of Law, which is set forth as an amendment to the indictment "occurs when the charging terms

of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them." Watson, 558 F.2d at 338, quoting, Gaither v. United States, 413 F.2d 1061, 1071 (1969). Cf. United States v. Dunn, 758 F.2d 30, 35 (1st Cir. 1985) And "of course, if a different crime was added to the charges against which the defendant had to meet, there would have been a constructive amendment" depriving fair notice of criminal charges. Watson, 558 F.2d at 334; United States v. Sir Kue Chin, 534 F.2d 1032, 1036 (2d Cir. 1976), United States v. Holt, 529 F.2d 981 (4th Cir. 1975), Stirone v. United States, 361 U.S. 212 (1960)[5]

"To allow the prosecutor to amend the indictment at trial [with an Felony Murder] so as to enable the prosecution to seek a conviction on a charge not brought by the grand jury unquestionably constituted a denial of due process by not giving [the defendant] fair notice of criminal charges to brought against him . . . as a matter of law . . . was prejudiced by the constructive amendment" of Felony Murder Charge. Watson, 558 F.2d at 388.

---

[5] Only Two indictments were rendered against Rice, i.e., on October 15, 1996 "Murder" and on December 9, 1996 "Burning of a Dwelling House". See Ex. "M"

See also, De Jonge V. Oregon, 299 U.S. 353, 362 (1937); Stirone, 361 U.S. at 213; United States V. DeCavalcant, 440 F.2d 1264 (3d Cir. 1971); Gaither V. United States, 413 F.2d at 1061

"Article 12 [of the Declaration of Rights of the Massachusetts Constitution] requires that no one may be convicted of a crime punishable by a term in the state prison without first being indicted for that crime by a grand jury." Commonwealth V. Barbosa, 421 Mass 547, 549 (1995); Brown V. Commissioner, 394 Mass. 89, 92 (1985); Jones V. Robbins, 8 Gray 329, 347-349 (1857); Accord Ex Parte Bain, 121 U.S. 1 (1887). In Massachusetts, there are leading antebellum cases that guarantees Rice that "it is essential to an indictment, that the facts constituting the offence intended to be punished should be averred" to provide fair notice. Tuttle V. Commonwealth, 68 Mass. 505, 506 (1854) See also, Plumbly V. Commonwealth, 43 Mass. 413 (1841). Any underlying Felony Murder Charge "must be set forth in the indictment" to provide Fair Notice. Hope V. Commonwealth, 50 Mass. 134, 137 (1845). See also, Commonwealth V. Smith, 1 Mass 245 (1804); Larned V. Commonwealth, 53 Mass 240 (1847), and Most

-4-

recently, United States Supreme Court Justice(s), Anthony Scalia and Clarence Thomas, poignantly quoted these Massachusetts "leading antebellum cases" in both their concurring opinions in Apprendi. V. New Jersey, 120 S.Ct. 2348, 2367-2379 (2000), which would extend to the major opinion.

The most important element of the Massachusetts Felony Murder Doctrine is the fifth, which states "the felony must have been independent of the homicides" Commonwealth V. Ortiz, 408 Mass. at 466-467. Likewise the seventh element of the Model Penal Code states "the underlying felony must be independent of the Homicide". Most recently the Federal Courts has held "Where a Statute annexes a higher degree of punishment to a common-law felony, if committed under particular circumstances, an indictment for the offence, in order to bring the defendant within that higher degree of punishment, must expressly charge it to have been committed under those circumstances, and must state the circumstances with certainty and precision". See, Apprendi. 530 U.S. at 480 and United States V. Wilkes, 130 F.Supp.2d 222, 237 n.22 (2001). In the case at bar, there was No independent rape evidence, nor

was there any such indictment for rape.

Likewise, the Supreme Judicial Court has held "In the midst of the trial, by virtue of the allowance of the amendment offered by the district attorney, the defendant was confronted with the charge of a felony of considerable magnitude, a crime for which could be prosecuted only upon an indictment by the grand jury... [and it] is impossible in these circumstances that the defendant would not be prejudiced in his defense." Commonwealth v. Cooper, 264 Mass. 378, 382 (1938) See also Jones v. Gray, 8 Gray 354; Commonwealth v. Horregan, 127 Mass. 450, Opinion of the Justices, 232 Mass. 601, 603. In Commonwealth v. Dean, 109 Mass. 349 (1872) The Court held in overturning the conviction, "It is a rule of the common law, as well as a provision of the Constitution of this Commonwealth, that no one shall be held to answer, unless the crime with which it is intended to charge him is set forth in the indictment with precision and fulness, and this rule is not to be defeated." Id. at 352. Again, there was no fair notice of the felony murder charge underlying factor "Rape" set forth in either of Rice's two indictments, See Ex."M". Therefore, Rice's indictments were unconstitutional amended

- 6 -

denying Rice his due process rights of fair notice of charges. The State and Federal are in agreement that indictment amendments cannot properly be justified by counsel failure to request a bill of particulars, nor can a bill of particulars cure an amendment. See Commonwealth V. Barbosa, 421 Mass. 547 (1995); Commonwealth V. Ries, 337 Mass. 565, 580-581 (1958); Watson V. Jago, 558 F.2d 330, 338 (1977); Russell V. United States, 369 U.S. 749, 769-70 (1962) and United States V. Norris, 281 U.S. 619, 622 (1930)

The following facts in the case at bar are indisputable. Rice was never Indicted for Rape. Nor was there any evidence the victim in the victim in the case at bar was raped. Likewise, the Commonwealth's Autopsy Report by Dr. Bruce Weiner dated March 6, 1996 (Ex. "N"), indicated that the victims "... genitalia are unremarkable, i.e., there was no medical evidence of rape trauma but incredibly the Rape Charge was constructively amended throughout Rices Trial repeatedly. As a frivolous proof of such a charge was the fact Rices DNA was located in the victims vagina. Here this evidence only demonstrated Rice had sex with the victim but the Prosecution manipulated to

-7-

amend a fictitious Rape Charge. <u>Dunn V. United States</u>, 442 U.S. 100 (1979)(Due Process is violated upon conviction of act not constituting a crime).[6]

The prosecutor promised to call witness Beverly Wilson, who would testify that Rice described the murder, which he was in Florida in the summer of 1995, as being of "an older woman ... who had been stabbed and raped and a fire had been set to cover it up" (T.I/99-100). Not surprisely, the prosecutor never called Wilson at trial to ~~rape repeatedly~~ repeat this fictitious claim because it was impossible for Rice to have made such an statement due to the fact the murder occurred in September of 1995 and Rice was in Florida the Summer of 1995 and incarcerated in the Summer of 1996 to the present date. <u>Anderson V. Butler</u>, 858 F.2d 16, 17 (D. Mass 1988)(Failure to produce promised witness reversable error).

---

[6] Exhibit "N" at page no. 4 clearly and convincedly demonstrates that there is absolutely No Physical Evidence of a Rape occurring in the case at bar.

-8-

During the course of the second day of trial the Prosecution for the first time notified Rice an felony murder charge underlying fact "Rape" would be pursued and Rice Objected (T. II/14-15).[7] From the entire content of this sidebar it clearly demonstrates Rice was denied Fair Notice of the amended Rape Charge, See Cole V. Arkansas, 333 U.S. 196, 201 (1948) (Due Process requires fair notice of specific charges).

The prejudicial slang term "Rape Kit" was utilized 37 times (T. I/47;

---

[7] The Court: Regarding the Photographs of the victim, the Commonwealth is, in part, proceeding on extreme atrocity or cruelty. For my own information, will you be pressing a felony murder theory in this case?
Mr. O'Connell: Yes.
The Court: What underlying facts?
Mr. O'Connell: Rape.
The Court: Okay, Yes?
~~illegible~~
Mr. Owens: Your Honor, if I may, this is the first time that I've been informed that the Commonwealth is alleging that a rape took place here. There has never been any discovery. I have no knowledge of this whatsoever. The government now is saying that there was rape. He's not charged with rape.
Mr. O'Connell: He doesn't have to be.
The Court: Wait, Wait, one at a time.
Mr. Owens: And this is the first time that I've been given any information that the Government was alleging a rape was committed.  (Sidebar in part)

-9-

III/86,87,89,93,107,144,145,150; IV/33-35,37,40) throughout trial, despite the fact there being absolutely no evidence of rape or an indicted rape charge. The proper medical terminology is "Vaginal Swab", which was utilized 11 times (T.V/14-16, 30, 31, 33). A Vaginal swab is only a small part of a "PERK Kit", which stands for "Physical Evidence Recovery Kit" (See Ex. "O"). The Rape Kit terminology was repeatedly utilized to plant the fictitious Rape Charge in the juror's mind. It is clear the Rape Kit term left a false rape impression in one or more of the juror's mind due to their question during deliberations. (T.V/126)[3] Castillo V. United States, 530 U.S. 120 (2000)(Use of the term "Machinegun" Made an element of a separate and unindicted, aggravated crime), Commonwealth V Cooper, 264 Mass. 378 (1928)(Remitting amendment of indictment during trial, by inserting words "willfully and Maliciously").

Rice testified on his on his own behalf and during cross-examination the prosecutor

---

[3] Jury Question: Could we have a clarification of whether the rape kit samples were collected at the crime scene or at autopsy?

- 10 -

improperly communicated the false Amended Rape Charge impressions through his questioning of Rice (T.V/55-56) Slochower V. Board of Higher Ed. of City of New York, 350 U.S. 551 (1956) (Unrelated questions was violative of due process); Likewise, during closing arguments the prosecutor attempt to shock the jury by unfairly and repeatedly arguing that a knife had been held to the victim's neck while she was raped (T.V/87,93) -- even though there was no evidence whatsoever to support the Commonwealth's rape theory. Berger V. United States, 295 U.S. 78, 88 (1935) (During Closing arguments the "Prosecutor has a duty to refrain from improper methods calculated to produce a wrongful conviction)

To further bolster the Constructive Amended Rape Charge, i.e., felony murder underlying factor of Aggravated Rape jury instructions were charged to the jury (T.V/114-118) over Rice's Objections (T.V/120-121) Lucas V. O'Dea, 179 F.3d 412, 416-18 (6TH) (Jury instruction resulted in constructive amendment of Murder Charge), Rice was convicted of First-Degree Murder by extreme atrocity or cruelty (T.V/5-6) but there is a substantial risk some member of the jury may have used the prosecutor's Amended Rape Charge contructed throughout the trial to unfairly convict him

of Rape because under the so-called "Cunneen" factors verdicts do not have to be unanimous in contrast to Federal Law. Commonwealth v. Cunneen, 389 Mass. 216, 227 (1983) (factors for Murder under extreme atrocity or cruelty), Commonwealth v. Obershaw, 435 Mass. 794, 809 (2002) (No unanimity required for Cunneen factors). Richardson v. United States, 526 U.S. 813 (1999) (discussing unanimity requirement as to theory of predicate acts under continuing federal crime). Hence, Rape is an extreme atrocious and cruel crime.

Furthermore, Rice is "actually innocent" of the amended rape conviction Murray v. Carrier, 477 U.S. 478, 496 (1986) ("A constitutional violation has probably resulted in the conviction of one who is actually innocent"), Watkins v. Ponte, 987 F.2d 27, 31 (1st Cir. 1993) (Defendant "must supplement the constitutional violation with a colorable showing of factual Innocence") Rice has met this burden in the foregoing beyond a reasonable doubt.

Likewise, where there is a substantial risk that the defendant was convicted of a crime for which he wasn't indicted by a grand jury, [the Court] cannot apply harmless error standard" Commonwealth v. Barbosa, 421 Mass. at 554, citing, United States v. Floresca,

- 13 -

38 F.3d 706, 711 (4th Cir. 1994), <u>Strirone V. United States</u>, 361 U.S. 212, 217 (1960).

<u>Watson V Jago</u>, supra, is a very similar situation to the case at bar. The Court held in reversing the conviction that the jury not convicting Watsons of the amended Felony Murder doesn't mean he wasn't "denied due process of law under the Fourteenth Amendment when he was forced during the State Court trial to defend against a charge of Felony-murder, which was not contained in the indictment." <u>Id</u>. at 331

This issue of Rice being denied Due Process of Law under the State and Federal Constitutions when during trial the indictment was constructively amended with Felony Murder Charge under jury factor of Aggravated Rape depriving him fair notice of criminal charge was a "dead bang winner". Appellate Counsel was ineffective on Rice's First Direct Appeal for not embellishing on his one sentence argument or federalizing his one sentence argument because this "dead bang winner" was one of those rare [strikethrough] fundamental constitutional errors that strike at the heart of the trial process, due to this "dead bang [w is 2] winner" winner issue on appeal. A dead bang winner is an issue that is obvious on the record and must have leaped out upon

a casual reading of the transcript and would have resulted in a reversal on appeal." <u>Jamison V. Collins</u>, 100 F Supp. 2d 647, 737 (2000), quoting, <u>United States V. Cook</u>, 45 F.3d, 388, 395 (10th Cir. 1995), <u>Banks V. Reynolds</u>, 54 F.3d 1508, 1515 (10th Cir. 1995)

Accordingly, this error warrants a reversal and/or the exclusion of mentioning of any Rape in the event of retrial on other grounds.