Jordan M. Rice - W65439
P.O. Box 100
South Walpole, Ma. 02071

David Nathanson, Attorney
44 Bromfield St.
Boston, Ma. 02108

Nov. 29, 2005

Dear Sir,

Hello, I apologize too for the delay in answering your letter dated Nov. 21, 2005. The reason for the delay is I was transferred to MCI Cedar Junction on Nov. 8, 2005 and institutional mail forwarding is slow which is why I didnt receive your correspondence until the above date.

To answer your question of what issues Appellate Counsel was ineffective for not federalizing? The three issues are set forth below:

1) Improper for prosecutor to communicate false impressions not based upon any evidence through questions

2) Trial Counsel erroneously permitted a Commonwealth witness to testify beyond his expertise in violation of due process

3) Rice was denied due process of law under the state and federal Constitutions when during trial the indictment was ~~late~~ amended with Felony Murder Charge depriving him fair notice of criminal charges (See included redraft of this argument).

To answer your question about the issue of Appellate Counsel not raising Trial Counsel's failure to challenge the false testimony regarding the no smoking policy at South Bay was not raised in the proper context

because the 4th, 6th and 14th Constitutional Amendments should of been raised in conjunction with one another, pursuant to Kimmelman v. Morrison, 477 U.S. 365 (1986), because due to the perjuried testimony I wasn't afforded a full and fair opportunity to litigate my 4th Amendment Claim. Also the Suppression Judge used the perjuried testimony in his Memorandum and Order to deny my meritorious 4th Amendment Claim. Furthermore, arguing a 4th Amendment claim in conjunction with other meritorious Constitutional Amendment Claims is the only way to attain Federal review on Habeas Corpus. See "Kimmelman"

The unfederalized issues and the unproperly argued 4th Amendment are the most important issues I wish to exhaust in State Court. There maybe an instructional claim but I am not done researching it because my Law Library access is extremely limited!

Time is running out in Federal Court on my Habeas Corpus Petition. I truly appreciate if my situation could receive prompt attention because these matter's has been pending before your office approximately since the Summer of 2004. Also, would you please call the MCI Cedar Junctions Superintendent's Office and request that I allowed access to the telephone so I can call and discuss these matters with you. Due to the fact since Nov. 8, 2005 I been denied access to the telephone and canteen (to purchase stamps), which is denying me my guaranteed Constitutional rights of access to the courts.

Thank you for your attention to this matter.

Respectfully Submitted,

CC: Mark L. Wolf, Federal Judge
Enclosure