United States District Court
District Of Massachusetts

Jordan M. Rice,
  Petitioner,

v.

Bernard Brady,
  Respondent,

No. 04-10859-MLW

Petitioner's Traverse In Opposition Of Motion To Dismiss

## CUSTODY

Petitioner agrees that he is in custody as stated by the Respondent. Petitioner claims that he is not "lawfully" in custody because of the violations of his rights under the U.S. Constitution that are alleged in the "Grounds" section of his Petition for Writ of Habeas Corpus. Except as expressly admittedly herein, Petitioner denies each and every allegation of the Respondent Motion and re-affirms that his confinement is in violation of the Constitution

## STANDARD OF REVIEW

Petitioner agrees that the petition is governed by the AEDPA. However, Petitioner contends that the State Court unreasonably determined the facts, and that facts which the State Court found are contradicted by clear and convincing evidence in the record, and

- 2 -

that the State Court's conclusions of law are contrary to, and consist of an unreasonable application of, clearly established law as determined by the U.S. Supreme Court.

## EXHAUSTION

Petitioner has exhausted all the claims in his petition for Writ of Habeas Corpus but has requested an Stay Of Execution to return to the State Court for purposes of exhausting meritorious unexhausted claims for possible Federal Review.

## PROCEDURAL ISSUES

The petition is timely under the AEDPA and there have been no state procedural defaults.

## DEMAND FOR EVIDENTIARY HEARING

Petitioner demands an evidentiary hearing in this court on all the claims in the petition. The State Court failed to hold an evidentiary hearing on the Motion For New Trial, and therefore did not determine the decisive and operative "facts" upon which a denial of Petitioner's constitutional claims could legitimately be based. This

-3-

failure was not due to any fault of petitioner, who was denied an evidentiary hearing in State Court even though petitioner requested such a hearing and diligently established the factual and legal basis for such a hearing. In fact, in denying the Petitioner's request for a evidentiary hearing the State Court's decision (1) was contrary to clearly established federal law as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. AEDPA § 2254 (d)(1).

## INCORPORATION BY REFERENCE

Petitioner incorporates by reference the Petition for Writ of Habeas Corpus, along with all supporting documents, including Supporting Memorandum Of Law along with other supporting legal documents. Further, Petitioner incorporates by reference Petitioner's Memorandum Of Law in Support of Traverse in Opposition of Motion To Dismiss, which is being submitted contemporaneously.

- 4 -

# PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein and in the documents incorporated by reference, Petitioner respectfully requests that the Court:

(1) order an denial to the Respondents motion;

(2) order an Evidentiary Hearing;

(3) grant the ~~writ~~ request for an Stay of Execution;

(4) grant the writ of habeas corpus, reverse Petitioner's conviction, and order a new trial;

(5) grant all other appropriate relief, including relief requested in the accompanying motions too.

Dated: Dec. 23, 2005 A.D.

x _____

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464