UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JORDAN MARTELL RICE, | ) ) ) | |
| Petitioner | ) ) | |
| v. | ) ) | Civil Action No. 04-10859-MLW |
| TIM HALL, | ) ) ) | |
| Respondent | ) ) | |

**PETITIONER'S MEMORANDUM OF LAW IN REPLY TO RESPONDENT'S OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

  The petitioner submits this memorandum in reply to the respondent's written opposition to his petition for writ of habeas corpus. While the petitioner believes his petition, supporting affidavit and the record are sufficient on the merits, the respondent's written opposition raises issues that require explanation. First, the applicable standard for this Court's review of an ineffective assistance of counsel claim should be clarified to include the alternative consideration of whether trial counsel's performance failed to subject the prosecution's case to meaningful adversarial testing and should also allow for the consideration of the cumulative effect of all of trial counsel's errors in the aggregate. This claim should also emphasize trial counsel's failure to investigate and introduce a highly exculpatory lab report excluding the petitioner's DNA from matching a key piece of crime scene evidence, *i.e.* a coffee cup with a bloody palm print. This fact was ignored both by the Massachusetts Supreme Judicial Court and the respondent. This evidence, by itself, could have raised reasonable doubt at trial. Second, jury unanimity was required in their deliberation of the <u>Cunneen</u> factors to avoid a fundamentally unfair verdict. Third, the petitioner's claim regarding the prosecution's improper summation should not be

1

defaulted, but is capable of being reviewed by this Court, subject to a different standard. Finally, petitioner's claim as ground four in his *pro se* petition that his conviction was obtained by a violation of his rights against self-incrimination is clearly part of this ineffective assistance of counsel claim and should not be dismissed.

## STATEMENT OF THE CASE AND FACTS

The respondent has set forth the procedural history and facts of this case adequately in his petition, and they need not be restated in this reply. However, since the filing of the petition, the respondent has brought a motion to dismiss which has been denied. In its motion, the respondent failed to raise the issues of (1) whether the issue of the prosecutor's closing argument is procedurally defaulted, (2) whether the petitioner is barred from raising a Forth Amendment issue in his petition, and (3) whether petitioner's ground D (violation of self-incrimination before the Grand Jury) was exhausted. The respondent, by such failure, has waived the remedy of dismissal by motion and these issues should be addressed on the merits. Rule 11 of the Rules Governing Section 2254 Cases, allows for the application of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12 provides for the waiver of defenses not included in a motion.

## ARGUMENT

I.    THE PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM INVOLVES THE FAILURE TO INVESTIGATE AND INTRODUCE A KEY PIECE OF EXCULPATORY EVIDENCE IGNORED BY THE SJC.

The standard for ineffective assistance of counsel is whether (a) trial counsel's performance fell below an objective standard of reasonableness and (b) whether the defendant was prejudiced thereby because there is a reasonable probability that, but for trial counsel's errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466

U.S. 668, 887-694 (1984); United States v. Theodore, 354 F.3d 1, 5-6 (1st Cir. 2003). Prejudice under the second prong is presumed if trial counsel entirely failed to subject the prosecution's case to meaningful adversarial testing. United States v. Cronic, 466 U.S. 648, 659 (1984); Ouber v. Guarino, 293 F.3d 19, 33 (1st Cir 2002); Theodore, supra at 7 n. 1.

Under Strickland, the reviewing Court should look at the "totality of the evidence before the judge or jury," keeping in mind that "[s]ome errors … have … a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture …" Id. at 695-696. Therefore, the reviewing Court should consider the cumulative effect of all "errors in the aggregate" when considering an ineffective assistance of counsel claim. Lindstadt v. Keane, 239 F.3d 191, 199 (2nd Cir. 2001) (citing Strickland for authority in considering "cumulative effect" of counsel's errors); See also, Moore v. Johnson, 194 F.3d 586, 619 (5th Cir. 1999) (holding court should examine cumulative effect of counsel's errors across both trial and sentencing); Stouffer v. Reynolds, 168 F.3d 1155, 1163-1164 (10th Cir. 1999) ("Taken alone, no one instance establishes a deficient representation. However, cumulatively, each failure underscores a fundamental lack of formulation and direction in presenting a coherent defense.").

The respondent's argument that the Massachusetts standard is "even more favorable to the petitioner" than Strickland is without merit. (Resp's Mem. of Law at 27.) Indeed, the respondent contradicts himself on the same page, stating "... the Massachusetts standard on ineffective assistance is at least as beneficial to criminal defendants as the standard set forth in *Strickland* ..." (Resp's Mem. of Law at 27 n. 4.)

There was no evidence presented at trial that could place the petitioner at the crime scene. There was evidence that the victim died in the living room from a rapidly fatal stab wound. A coffee cup with a bloody palm print was found in the kitchen. The victim could not have put it

3

there because she died in the living room almost immediately after she was stabbed. The blood on the coffee cup was not the petitioner's, as stated in a Cellmark Laboratory report, dated January 7, 1198, which is attached to the petitioner's affidavit as Ex. "L." The petitioner's trial counsel did not investigate this lab report, nor did trial counsel attempt to introduce this evidence at trial or use it to cross-examine any witness. The Massachusetts Supreme Judicial Court ignored the coffee cup DNA issue, and the respondent merely quoted the SJC's analysis regarding the destruction of the palm print. If trial counsel investigated this evidence, the real perpetrator's blood may have been found on the coffee cup. At the very least, if trial counsel used this lab report in cross-examination, it would have allowed for the possibility that at least someone other than the petitioner was in the victim's apartment at the time of the murder, and that this someone was bleeding.

Also, trial counsel's failure to address the coffee cup DNA issue is important because it is connected to many of the petitioner's other grounds. It would have made other trial counsel errors less harmful, *e.g.*, the failure to preserve or object to the destruction of exculpatory forensic evidence (because the cup's DNA evidence is exculpatory forensic evidence *per se*), and the failure to present exculpatory evidence regarding the culpability of other suspects (because the cup's DNA evidence raises this possibility).

It was objectively unreasonable for trial counsel to ignore this evidence because there is no strategic reason to ignore it. The lab report clearly raises the possibility of an alternative theory of the crime. Alternative possibilities create reasonable doubt. A lab report excluding the petitioner's DNA from a bloody piece of crime scene evidence certainly creates a reasonable possibility of reasonable doubt. As such, the petition should be allowed on this portion of this ground alone.

In addition to the foregoing, considering all trial counsel errors in the aggregate, as set forth in the petition, affidavit and in the record, the petitioner has certainly met the applicable standard of ineffective assistance of counsel.

**II.        JURY UNANIMITY SHOULD HAVE BEEN REQUIRED WITH RESPECT TO EXTREME ATROCITY OR CRUELTY FACTORS**

The petitioner has raised, as his sixth ground, that the jury should have been instructed that they must be unanimous in their determination of what constituted extreme atrocity or cruelty. The petition and the petitioner's affidavit set forth this argument adequately, however, the respondent's opposition deserves a reply.

In Massachusetts, for a jury to return a verdict of first degree murder by extreme atrocity or cruelty, the jury considers the following factors: indifference to or taking pleasure in the victim's suffering, consciousness and degree of suffering of the victim, extent of physical injuries, number of blows, manner and force with which delivered, instrument employed, and disproportion between the means needed to cause death and those employed. Commonwealth v. Cunneen, 389 Mass. 216, 227 (1983). The United States Supreme Court has held that jury unanimity is required as to items of criminal offenses constituting elements of the offense. Richardson v. United States, 526 U.S. 813 (1999) (requiring jury unanimity in finding what "continuing series of violations" constitute the crime of engaging in a continuing criminal enterprise). Just what items constitute elements are not subject to a single test, and "instead of such a test, our sense of appropriate specificity is a distillate of the concept of due process with its demands for fundamental fairness ... and for the rationality that is an essential component of that fairness. Schad v. Arizona, 501 U.S. 624, 637 (1991) (citation omitted). The rest of the Schad opinion proceeded with a "presumption of legislative competence to determine the

appropriate relationship between means and ends in defining the elements of a crime." However, the Cunneen factors are not a legislatively created list, and deserve no such presumption. Instead, whether the Cunneen factors constitute elements should be determined by the "demands of fundamental fairness," notwithstanding the fact-specific holding of Schad or any contrary Massachusetts case law.[1]

The Cunneen factors present the analytically identical issue addressed in Richardson. In Richardson, relative to the continuing series of violations constituting the crime of continuing criminal enterprise, the judge instructed the jurors that they "must unanimously agree that the defendant committed at least three federal narcotics offenses," while adding, "[y]ou do not . . . have to agree as to the particular three or more federal narcotics offenses committed by the defendant." Richardson, 526 U.S. at 816. This has held to be an erroneous instruction and that jury unanimity was required on each individual violation constituting the criminal enterprise. Id. at 824.

Of course, to no avail, the government in Richardson, made the same argument the respondent makes here: that the individual items are a means to an element and are not elements themselves. Id. at 820-821. But, the concept of fundamental fairness demands otherwise. The Cunneen factors, like the series of violations in Richardson, present the possibility of a fundamentally unfair verdict. This unfairness can be characterized by a jury's disagreement with items that are factually distinct but not fully proved beyond a reasonable doubt. The respondent's robbery example taken from the dicta of Richardson is, thus, inapposite. The jury should have been instructed that they must be unanimous on what Cunneen factor the

---

[1] See Commonwealth v. Obershaw, 435 Mass. 794 (2002) (upholding prior ruling describing Cunneen factors as "evidentiary considerations" and not elements for which a unanimous jury verdict would be required); See also Commonwealth v. Hunter, 427 Mass. 651, 657 (1998).

prosecution proved beyond a reasonable doubt before they returned a verdict of guilty by extreme atrocity or cruelty.

**III.     THE PETITIONER'S GROUND THAT THE PROSECUTION'S SUMMATION WAS IMPROPER SHOULD NOT BE PROCEDURALLY DEFAULTED.**

The petitioner set forth the argument that the prosecution's closing argument was improper because it was factually unfounded, prejudicial and inflammatory. The specific instances of these errors are adequately set for in the petition and in the record. The respondent suggests the petitioner is somehow precluded from arguing this ground now because there was no objection to the prosecutor's remarks during trial. Of course, the respondent goes on to state how the petitioner can proceed despite this omission if he can show a "fundamental miscarriage of justice."

In his brief to the Massachusetts Supreme Judicial Court, the petitioner acknowledged that trial counsel did not object to the prosecution's closing argument, and applied the resulting Massachusetts standard of "substantial risk of miscarriage of justice." The SJC applied the same standard. Commonwealth v. Rice, 441 Mass. 291, 299 (2004).

Although the term "fundamental" appears to be less strict than the word "substantial," the petitioner maintains that any error involving improper conduct of the prosecution resulting in a conviction of first degree murder is both a fundamental and a substantial miscarriage of justice. There is no doubt this ground of the petition can be addressed by the fundamental miscarriage of justice standard, and the petitioner maintains that his petition does, in fact, meet this standard based upon the language of his petition, affidavit and the record.

7

IV.         THE PETITIONER'S GROUND THAT HIS CONVICTION WAS OBTAINED BY A VIOLATION OF HIS RIGHT AGAINST SELF-INCRIMINATION SHOULD NOT BE DISMISSED

The petitioner, in ground four of his petition, argues that the prosecution presented evidence to the grand jury in violation of his rights against self-incrimination by allowing testimony to the effect that the petitioner refused to turn over evidence to the police. The petitioner cited his affidavit in this ground, and the affidavit clearly sets forth this argument as part of his claim of ineffective assistance of counsel. This was also the case in his brief to the SJC, which is followed closely in petitioner's affidavit. Because this ground was addressed in state court, it is not unexhausted and should not be dismissed.

## CONCLUSION

For the reasons stated in this reply, as well as stated in his petition and elsewhere in the record, the petitioner requests this Honorable Court to allow his petition for writ of habeas corpus.

                          Respectfully submitted,
                          Jordan Martell Rice
                          By his attorney,


                          /S/ Eugene Patrick McCann
                          _____
                          Eugene Patrick McCann
                          Manzi & McCann
                          59 Jackson Street
                          Lawrence, MA 01840
                          (978) 686-5664

Dated: January 4, 2006

## CERTIFICATE OF SERVICE

    I, Eugene Patrick McCann, hereby certify that on this <u>4th</u> day of January, 2006, I have served a true copy of the foregoing by electronic filing upon counsel for the respondent:

Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108

        /S/ Eugene Patrick McCann
        _____
        Eugene Patrick McCann