United States District Court
District Of Massachusetts

Jordan M. Rice,
    Petitioner

V.

Bernard Brady,
    Respondent.

No. 04-10859-MLW

Supporting Affidavit and Memorandum of Law For Petitioner's Request For An Evidentiary Hearing and Discovery

The limitations on evidentiary hearings contained in the AEDPA are only relevant to the petitioner who fails to develop the factual record in State Court. Brewer V. Marshall, 941 F.Supp. 216, 228-29 (D.Mass. 1996), rev'd in part, 119 F.3d 993 (1st Cir. 1997). Where the facts are in dispute, the federal in habeas corpus must hold an evidentiary hearing. Townsend V. Sain, 372 U.S. 293, 312 (1963). An Petitioner must demonstrate "good cause" for discovery in attaining such a order from the District Court.[1] Bracy V. Gramley, 520 U.S. 899 (1997). The specified factual reasons for an Evidentiary Hearing and

---

[1] The Petitioner reserves the right to supplement his discovery request with interrogatories and request for documents.

- 2 -

Discovery are now set forth as followed:

In the case at bar, the petitioner's former Private Investigator, Ronald Rice (no relation), has developed an factual record surrounding the exculpatory bloody palm print[a], i.e., (i) Randall Fitzwaters, the FBI agent who supposedly destroyed the print on the coffee cup with chemicals, denies any knowledge or involvement with the alleged destruction of evidence; and (ii) Ron Smith, the latent print expert, did not provide a forensic opinion to the Commonwealth, only a courtesy examination, as there was not enough detail to either include or exclude the victim as the source of the print, nor was Smith shown any of the comparison prints of Rice or any other suspects, directly contradicting Beehan's trial testimony that she brought with her all such comparison prints for Smith's examination (T. II/162-163). Also

---

[a] Petitioner asserts that upon production of the said "Print" he will be exonerated. Please note, no two people have the same print.

- 3 -

Filwaters denial squarely contradicts Trooper Beehans trial testimony in regards to the destruction of the print. (See Affidavit of Ron Rice sworn to October 25, 2002, R.310-317). (T. II/148-149)

The State Court in denying the petitioner's request for a post conviction Evidentiary Hearing and Discovery engaged in a classic example of what the Supreme Court prohibited which is when a hearsay statement bears "persuasive assurances of trustworthiness" and is critical to the defense, it may not be excluded by a "Mechanistic" application of state hearsay rules, Chambers V. Mississippi, 410 U.S. 284, 302 (1973)

The State Courts deem Private Investigator Rice's affidavit as Hearsay in denying the petitioner's said "Requests" along with affirming his conviction. The said affidavit was critical to the defense because it clearly established several constitutional violations as followed: (1) Ineffective assistance of counsel via failing to investigate, see Stickland V. Washington,

466 U.S. 668 (1984), see also Wiggins V. Smith, 123 S.Ct. 2527 (2003) (Counsel held ineffective for failing to investigate); (2) Conviction based upon perjuried testimony, Giglio V. United States, 405 U.S. 150 (1972), Napue V. Illinois, 360 U.S. 264 (1959) (Due process rights violated by conviction attained with perjuried testimony; (3) Prosecution failed to disclose evidence favorable to the accused, Brady V. Maryland, 373 U.S. 93 (1963).

This issue is a material dispute, which were not resolved in the State Courts and warrants a Evidentiary Hearing and Discovery in this Honorable Court.

Mason ~~~~~ testified at the Suppression Hearing that he first inquiried of prison officials whether they might seize a discarded cigarette butt containing Rice's saliva (M.S. I/26, 35-37). Mason was allegedly told that "inmates were not allowed to smoke in the facility" (M.S I/26) -- an assertion which is demonstrably untrue, raising serious concerns about

- 5 -

the credibility of Mason's testimony, sanctioned by the prosecutor. See, e.g., United States v. Bagley, 473 U.S. 667, 680 (1985) (Knowing use of false testimony involves prosecutorial misconduct and corruption of truth-seeking function of the trial process).

At the time, smoking by inmates was permitted at South, as clearly indicated in a December, 1996 prison canteen form submitted by Rice which permitted the purchase of tobacco items by prisoner (R.16). Indeed, this Court may take judicial notice of the fact that a smoking ban did not go into effect at South Bay until May 1, 1999 (See Boston Herald articles dated April 25 and 26, 1999 (R.17).

The perjuried testimony also in regards to the no smoking ban was rendered to cover up the fact items were seized from Rice's cell. Further substantiating Rice's illegal search and seizure claim is South Bay Officer Michael Jacobs omission in question form of "How do I Know that

- 6 -

those items were pulled out of the cell?" (M.S. II/14).[3]

More importantly, in Judge Brady's memorandum and order, at pg. no. 3, (R. 18-25) he sites the perjuried testimony as reason in denying Petitioner's quest to suppress the unlawful seized items, which clearly violates the Due Process Rights of Petitioner. The Court has discretion to review a Fourth Amendment claim in conjunction with other constitutional violations, because other constitutional violations clearly establish a Petitioner was Denied a Full and Fair Opportunity to litigate his Fourth Amendment Claim. See, e.g., Kimmelman V. Morrison, 477 U.S. 365, 375 (1986).

This issue too is a material dispute, which were not resolved in the State Court fairly and warrants a Evidentiary Hearing and Discovery in this Honorable Court.

---

[3] Rice has requested a Stay of Execution to exhaustion a Sixth Amendment Violation in conjunction with this 4th & 14th Amendment Violations.

The petitioner requests ~~the~~ Subpoena Power to call:[4]

1) State Trooper Patricia Beehan
2) FBI Agent Randall Fitzwaters
3) South Bay Correctional Officer Michael Jacobs
4) State Trooper Joseph Mason
5) South Bay Correctional Officer Thomas McKenna
6) Private Investigator Ronald Rice
7) Mississippi Expert Ronald Smith
8) South Bay Correctional Officer ~~Sg~~ Sgt. Walsh

The petitioner requests discovery from the following:[5]
1) Commonwealth Of Massachusetts
2) Federal Bureau Of Investigation
3) Johnson and Wales College (and Inn)
4) South Bay Correctional Center
5) Massachusetts State Police
6) United States Department Of Justice

---

[4] Petitioner reserves the right to subpoena additional individuals, if necessary

[5] Petitioner again states he reserves the right to request additional discovery and submit interrogatories.

-8-

## CONCLUSION

WHEREFORE, the foregoing facts, in dispute, warrant an Evidentiary Hearing and Discovery be ordered by this Honorable Court.

Signed up under the pains and penalties this 23 day of December, 2005 A.D.

Dated: Dec. 23, 2005

x /s/ Jordan M. Rice

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464