UNITED STATES DISTICT COURT
District Of Massachusetts

Jordan M. Rice,
    Petitioner,
V.
Bernard Brady,
    Respondent

DKT. NO. 04-10859: MLW

Request To Order Court Appointed Counsel To Raise Petitioner's Meritorious Claims Surrounding the Bloody Palm Print

### Motion, Affidavit and Memorandum Of Law

Now comes Petitioner, Jordan M. Rice,. Today (Jan. 4, 2006) I spoke with my court appointed Attorney, Eugene P. McCann, and he read to me his Opposition To Respondent's Motion To Dismiss, which fails to raise the following (1) Conviction based upon perjuried testimony, see Giglio V. United States, 405 U.S. 150 (1972), see also Napue V. Illinois, 360 U.S. 264 (1959); (2) Withholding of exculpatory evidence, Brady V. Maryland, 373 U.S. 83, 88 (1963) and; (3) Ineffective Assistance of Counsel for failing to investigate, see Wiggins V. Smith, 123 S.Ct. 2527 (2003), see also Strickland V. Washington, 466 U.S. 668, 686 (1984) (Counsel has a duty to investigate).[1] All issues were properly exhausted before the State Courts.

These claims are highly meritorious and Judge Wolf in granting Rice counsel cited such claims warranted ~~further~~ counsel. Furthermore the Court granted Counsel because the DOC has (and currently still is) denied Rice his

---

[1] Rice filed a Pro Se Opposition but was unable to put before the Courts supporting exhibits because the DOC withhold his legal Papers (and still are) but now offer's to supporting exhibits.

- 2 -

Constitutional Right of Access to the Courts and now it is directly injuring Rice because Appointed Counsel is waiving the issue's he was appointed to raise ~~and Recently~~ over Rice's repeated objections and the Court has failed to address these matters. Rice has a right to be properly heard on the meritorious of the ~~Claims~~ Claims Counsel is unlawfully waiving.

To better understand the merit's of the three said claims, See Exhibit No. A. The State Courts in denying Rice's request for an Evidentiary Hearing and Direct Appeal deemed Private Investigator Ronald Rice's (no relation) affidavit (in regards to the three said claims) as hearsay. (See Rice's Affidavit marked Exhibit No. B). This is a classic example of what the Supreme Court held when a hearsay statement bears "persuasive assurances of trustworthiness" and is critical to the defense, it may not be excluded by a "mechanistic" application of State hearsay rules. Chambers V. Mississippi, 410 U.S. 284, 302 (1973). Therefore, the State Courts decision is contrary to clearly established Federal Law.[2]

Here Counsel is foregoing these meritorious issues, which are "clearly stronger than those presented" in his opposition. Smith V. Murray,

---

[2] The issue Counsel raises in his Opposition, he raises a weaker argument about Trial Counsel failing to ~~the~~ blood on the Coffee cup exclude Rice which was the victims. This is a frivolous attempt to cover up his sabotaging Rice's Petition.

- 3 -

477 U.S. 527 (1986). If this petition is dismissed, Rice will have no way to appeal them to the First Circuit ~~First Circuit Court~~ Court of Appeals because he is being denied right of access to the Courts and his Court Appointed Counsel is waiving the issues over Rice's repeated objections. Current Counsel is willfully attempting to sabotage this Petition from being successful for two reasons (1) He is related to a DOC Employee, Lieutenant McCann, whom Rice has filed complaints against for torturing him and (2) Attorney McCann is Good Friends with Trial Attorney Henry Owens, whom is the subject of the meritorious Ineffective Assistance of Counsel Claim

Again the Court hasn't directly addressed these matters, nor has the Court addressed the previously filed Petitioner's request of Order to Show Cause and Temporary Restraining Order to force the DOC to give Rice access to his legal documents and his Constitutional Rights of Access to the Courts. See Bounds V. Smith, 430 U.S. 817, 821 (1977) (It is now established beyond doubt that prisoner's have a constitutional right of access to the Courts).

On Jan. 4, 2006 when Rice respectfully verbally objected to Attorney McCann's waiving the three said Claims, McCann stated to Rice "Hey look asshole, go write another letter to Wolf or the BBO,

-4-

if your unhappy". This is a clear "irreconcilble conflict [that is depriving Rice] effective assistance of counsel". Brown v. Craven, 424 F.2d 1166 (9th Cir. 1970).

## CONCLUSION

Rice requests:

(1) Order Counsel to raise the three outlined claims surrounding the bloudy Palm Print;

(2) If necessary, raise these claims before the First Circuit Court of Appeals should this court dismiss or deny the Petition;

(3) In the alternative
   (a) Order New Counsel for Rice; and/or
   (b) Order the DOC to give Rice access to the Courts.

Signed under the pains and penalties of perjury this 4th day of January, 2006 A.D.

x [signature]

Jordan M. Rice
P.O. Box 8000
Shirley, Ma. 01464