# EXHIBIT C

# Manzi & McCann

### ATTORNEYS AT LAW

59 Jackson Street
Lawrence, Massachusetts 01840
Telephone: (978) 686-5664
Fax: (978) 794-9628

Vincent C. Manzi, Jr.
Eugene Patrick McCann

*OF COUNSEL*
Steven A. Baddour

*OF COUNSEL*
Charles Scott Nierman, MA & FL

Peter J. McQuillan
Patrick F. McCann, TX only
Michael A. Manzi
Rick M. Seccareccio
Sonya B. Brown
Terrence B. Downes

January 25, 2006

**VIA FEDERAL EXPRESS**
Dorothy Anderson
Office of the Bar Counsel
99 High Street
Boston, MA 02110

RE:    BBO File No. B2-05-0265 (Jordan M. Rice)

Dear Ms. Anderson:

This letter will serve as a response to your letter, dated December 29, 2005.  I have reviewed your letter and its enclosures.  I am enclosing copies of selected filings in the Habeas Corpus Petition case.  These filings include documents filed by Mr. Rice and my office, as well as some of Judge Wolf's orders and rulings.  I have also included a copy of the SJC's opinion in *Commonwealth v. Rice*, 441 Mass. 291 (2004).  I hope that after you review this letter, and its enclosures, you will agree that all of Mr. Rice's claims against me are frivolous and typical to his character.

The background of Mr. Rice's case is important.  Mr. Rice was convicted of first degree murder by reason of extreme atrocity and cruelty, and he was also convicted of arson.  The allegation was that Mr. Rice raped a woman, stabbed her eleven times on a couch, attempted to burn the couch with her on it, failed to burn the couch, moved her to a bed, and set the bed on fire.  When interviewed by the police, Mr. Rice denied ever having sexual intercourse with the victim.  After sperm cells inside the victim's vagina were identified by DNA testing to belong to Mr. Rice, he testified at trial that he had consensual sexual intercourse with her earlier on the day of the murder.  Mr. Rice raised numerous issues on appeal, some of which were constitutional nature, and some were not.  His convictions were upheld by the SJC and he filed a *pro se* petition for writ of habeas corpus.

His *pro se* petition had several problems on its face.  In his petition, he raised some issues that had no federal constitutional grounds, were not raised in state court, or were otherwise expressly barred from habeas corpus review.  The defendant filed a motion to dismiss the entire petition because it included some of these issues.  Mr. Rice then filed a *pro se* motion to appoint counsel which was allowed by Judge Wolf.  I was then appointed as counsel.  I responded to the defendant's motion to dismiss by citing a very recent United States Supreme Court opinion

Lowell Office
219 Central Street
Lowell, Massachusetts 01852
Telephone: (978) 441-2398

January 25, 2006
Dorothy Anderson
Office of the Bar Counsel
Page 2 of 3

(decided after defendant's motion to dismiss was filed) where it was held that the appropriate course of action with such a petition is to excise the inappropriate claims as opposed to dismissing the entire petition. The court did just that.

Next, the defendant filed his answer to Mr. Rice's *pro se* petition. Judge Wolf ordered the plaintiff to file a reply to the defendant's answer, and I did. In the reply, I addressed select issues raised by the defendant's answer. All grounds raised in Mr. Rice's *pro se* petition, that were not dismissed pursuant to the defendant's motion to dismiss, are still viable regardless of whether they were addressed in the reply.

Mr. Rice's claims against me are frivolous and typical to his character. Mr. Rice has an estranged relationship with the truth. As the SJC stated in its opinion in reference to Mr. Rice's claim that the prosecutor inappropriately called him a liar in his closing argument, "[w]hen the evidence proves that the defendant has lied, it is not improper to refer to him as a liar." *Rice*, *supra*, at 301.

Mr. Rice's complaints against me are well rehearsed indeed. He is a chronic and habitual complainer who ritualistically attacks his attorneys without cause. Please note Mr. Rice's "tortuous history" with prior attorney's in this matter. *Rice*, *supra*, at 296-297. He moved to discharge his first attorney for reasons that included counsel's failure to hire a particular investigator. The motion was denied with a finding that counsel was "competent, loyal and diligent." A second attorney was appointed for an interlocutory appeal, but was discharged after Mr. Rice's family hired trial counsel. Trial counsel filed a motion to withdraw, supposedly at Mr. Rice's request. Trial counsel indicated Mr. Rice would not accept his advice. Mr. Rice alleged, during a two (2) day hearing, that any lack of cooperation was trial counsel's fault for not raising the defenses Mr. Rice wanted. "The judge expressed incredulity at [Mr. Rice's] assertion that counsel failed to communicate with him or show him any paperwork he had done in the case." All of Mr. Rice's unfounded allegations against his prior attorney's, *i.e.*, not pursuing defenses he wants, failure to communicate, failure to show paperwork, conflict of interest, incompetence, and breakdown in communication are merely old lies alleged anew against me.

Mr. Rice's repetition of the same complaints against different attorneys turned toward me by way of Document 43, filed in Federal Court on August 4, 2005. In this document, Mr. Rice alleges a "Breakdown in Communications," "Conflict of Interest," and "Denied Access to the Courts" (an apparent indictment of the Department of Corrections' "unconstitutional law library system" and not of counsel). I responded to this document by filing Documents Nos. 47 and 48, respectively entitled "Opposition to Petitioner's Request for New Counsel," and "Affidavit of Eugene Patrick McCann in Support of His Opposition to Petitioner's Request for New Counsel." In my opposition and affidavit, I made it clear that I had reviewed numerous letters from Mr. Rice, researched the issues the letters raised, and discussed them with Mr. Rice and his mother (with Mr. Rice's permission) on numerous occasions. Some of the issues were meritorious, and some, as in issues that were not raised in state court, were not. I counseled Mr. Rice to seek state court-appointed counsel to pursue these issues, because I was only appointed to federal matter.

January 25, 2006
Dorothy Anderson
Office of the Bar Counsel
Page 3 of 3

My opposition and affidavit also pointed out that I had met in person with Mr. Rice when necessary and had provided him with all documents I filed with the court.

Judge Wolf, like the trial judge, and the justices of the Supreme Judicial Court, found no merit to Mr. Rice's attacks on counsel. On September 30, 2005, Judge Wolf filed his Memorandum and Order, Document No. 56, ruling on the defendant's motion to dismiss and Mr. Rice's motion to appoint now counsel. Judge Wolf ruled that the unexhausted claims in Mr. Rice's petition should be deleted, and that his motion for new counsel was denied. Despite Mr. Rice's claims, Judge Wolf found that "McCann has been energetic and effective in representing Rice," and "Rice has failed to present any evidence that substantiates his claims that McCann maintains relationships with others that constitute conflicts of interest or that Rice has been denied access to the courts." This is reminiscent of the trial judge's "incredulity" over Mr. Rice's claims against trial counsel. *Rice, supra* at 296.

There has been no professional misconduct on my part in my representation of Mr. Rice. Judge Wolf pointed out in his Memorandum and Order, filed September 30, 2005, that Mr. Rice has no constitutional right to a court-appointed attorney in a civil case, and that even in a criminal case, a criminal defendant has no right to choose his court-appointed counsel. Mr. Rice has demonstrated a history of making unsubstantiated claims against his attorneys in hopes of replacing them with those who will pursue his meritless defenses. I will not pursue Mr. Rice's meritless defenses because to do so would be a futile waste of time and would move focus away from other, more meritorious, defenses. I have communicated and met with Mr. Rice where this strategy was made clear to him. I have effectively responded to the defendant's motion to dismiss and have replied to the defendant's answer in a manner consistent with this strategy. Ignoring irrelevant and frivolous claims does not amount to professional misconduct. It is the opposite.

Kindly notify me if, after your review of this letter and its enclosures, you feel differently. The trial judge, the SJC, and Judge Wolf, found no merit to Mr. Rice's claims. If you feel your legal abilities trump those of Judge Wolf, please tell me how so, and detail your reasons. If you feel further action on Mr. Rice's complaint is necessary, I request a full hearing.

Please do not hesitate to contact me should you have any questions or need additional information.

Thank you for your attention.

Very truly yours,

Eugene Patrick McCann

Enclosures
cc:    Jordan Martell Rice