```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

JORDAN M. RICE,                )
     Petitioner,               )
                               )
          v.                   )    C.A. No. 04-10859-MLW
                               )
TIMOTHY HALL,                  )
     Respondent.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                           June 28, 2006

I.   INTRODUCTION

On April 29, 2004, the petitioner, incarcerated in state prison on a conviction for first degree murder and arson, filed an application for writ of habeas corpus under 28 U.S.C. §2254 (Docket No. 5). The petition asserted a number of constitutional claims, including ineffective assistance of counsel and prosecutorial failure to disclose evidence. The petitioner also filed several motions for appointment of counsel. (Docket Nos. 3, 10, 20, and 29). The court allowed these motions on March 17, 2005 based on the complexity of the case, which the court noted may require "expert testimony on DNA and other issues . . ." March 17, 2005 Order in Rice v. Hall, C.A. 04-10859-MLW. Attorney Eugene Patrick McCann ("McCann") was appointed counsel for the petitioner on March 21, 2005. Since his appointment, the petitioner filed two motions for the appointment of new counsel, which the court denied based on the determination that there was not a total breakdown in

1

communications. (Docket Nos. 43, 56, 64 and 68). More recently, the petitioner has filed another motion for appointment of new counsel in which he submits the names of fifteen (15) attorneys who he would like to represent him. (Docket No. 103). In addition, McCann has filed a Motion to Withdraw as Counsel for the Petitioner. (Docket No. 99).

Rice, even though he continues to be represented by counsel, has filed nine (9) other pro se motions through which he seeks: 1) a hearing on his "Order to Show Cause and Temporary Restraining Order" (Dkt. 74); 2) an evidentiary hearing and discovery concerning disputed facts (Dkt 75); 3) an order to compel the Department of Corrections to release a recording of a telephone call in which McCann allegedly engaged in "egregious attorney misconduct" by threatening the petitioner and stating that he will not exhaust a meritorious claim for relief in state court (Dkt. 81); 4) an order that requires McCann to raise some of Rice's claims regarding the bloody palm prints evidence (Dkt. 83); a Certificate of Appealability (COA) that permits the petitioner to appeal from the court's Judgment (which has not yet been entered in this case) (Docket Nos. 88 and 96); an order allowing him to proceed in forma pauperis on appeal (Docket No. 89); and appointment of counsel on appeal (Docket Nos. 90 and 97).

For the reasons discussed below, all of these motions are being denied.

II. DISCUSSION

    A. Appointment of New Counsel

While "[t]here is no absolute constitutional right to a free lawyer in a civil case," DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991), the court has the authority to appoint an attorney for a financially eligible person seeking relief under 28 U.S.C. §2254 "upon the determination that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). Analogous to appointment of counsel in a criminal context, however, an eligible person in a civil case "does not have the right to choose a particular counsel at any cost in terms of delay." United States v. Mastroianni, 749 F.2d 900, 914 (1st Cir. 1984). In order to prevail upon a motion to appoint new counsel after one has already been appointed, the movant must show good cause. United States v. Allen, 789 F.2d 90, 92 (1st Cir.) (citing United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973). A movant establishes good cause by demonstrating that any conflict between himself and his appointed counsel "resulted in a total lack of communication preventing [] adequate" representation and that his or her motion is timely. Id.

Rice's most recent Motion to Appoint New Counsel is not supported by evidence that establishes a total lack of communication between himself and McCann. Rather, Rice merely reiterates the same grounds for appointment of new counsel that

this court has already denied (i.e. new counsel should be appointed because (1) McCann has a conflict of interest due to his alleged relation to SBCC Lieutenant McCann and (2) Rice has been denied access to the courts) and again has failed to present any evidence that substantiates his claims.

On the other hand, McCann, in an affidavit supporting his motion to withdraw, states that the conflict between himself and the petitioner has "permanently squelched whatever little communications that remained between the Petitioner and me." Aff. of McCann, ¶6. In addition, he states that he is "unable to communicate advice to the Petitioner because of the Petitioner's obvious, albeit unjustified, lack of trust." Id. These statements indicate that there has been a total lack of communication. Nevertheless, this case has been fully briefed and the petition is ready to be decided on its merits without an evidentiary hearing. McCann, himself, believes that "he has fulfilled the obligations of his appointment in this matter," obviating the need for "additional representation." Id. at ¶7. This court agrees. Accordingly, although there appears to have been a total breakdown in communications between Rice and McCann, McCann's Motion to Withdraw is also being denied without prejudice to refiling after the court considers the merits of Rice's habeas petition.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Attorney McCann's Motion to Withdraw as Counsel for the Petitioner (Docket No. 99) is DENIED without prejudice to refiling after the court considers the merits of petitioner's application for writ of habeas corpus.

2. The petitioner's Request for New Counsel and Notice to the Court (Docket No. 103) is DENIED.

3. The petitioner's other pro se motions (Docket Nos. 74, 75, 81, 83, 88, 89, 90, 96, and 97) are DENIED without prejudice.

                                            /s/ MARK L. WOLF
                                          UNITED STATES DISTRICT JUDGE