United States Appeal Court
District        Of Massachusetts

FILED
IN CLERKS OFFICE
2006 JUL
U.S. DISTRICT COURT
DISTRICT COURT
MASS.
12:41

Jordan M. Rice,                    DKT. No. 06-10432 - RGS
        Petitioner,

vs.                                Direct Appeal From District Court
Kathleen Denneby, et al.,          Denial of Appointment Of Counsel.
        Respondents

Statement Of the Case

    This is a Civil Rights Action under 42 U.S.C. §1983 brought by a

State Prisoner whom is being denied access to the courts among other Constitutional

Violations. On March 6, 2006 Plaintiff, Jordan M. Rice, filed this Civil Action

along with requesting appointment of counsel. On April 6, 2006 District Court

Judge Richard G. Stearns denied Plaintiff's request for Appointment of

Counsel without any explanation (See Exhibit No. 1)[1]. On May 26, 2006 Judge

Stearns denied Plaintiff's request for: 1) Motion For Reconsideration Of

Appointment Of Counsel; 2) Application For Certificate Of Appealability From

District Court and; 3) Motion For Appointment of Counsel For Appellate

Review (See Exhibit No. 2).

_____

    [1] Plaintiff also filed supporting Affidavit and Memorandum of
Law with his Motion For Appointment Of Counsel.

## Introduction

Now comes Petitioner, Jordan M. Rice, on direct appeal to the Chief Judge of the District Of Massachusetts Court Of Appeals Michael Boudin.[2]

## Issue's Presented

1. Whether the District Court Erroneously Denied Petitioner's Request For Appointment Of Counsel Where One of the Issues Outlined In His Complaint Is Denied Access To The Courts?

2. Whether the District Court Erroneously Denied Petitioner's Request For Appointment Of Counsel Without Explaining Their Reason For Denying The Appointment Of Counsel?

3. Whether the District Court Abused It's Discretion Where Petitioner's Request To Appeal Was Denied Without Explanation?

## ARGUMENT

### Point I

The District Court Should Of Granted The Request For Appointment Of Counsel

The District Court should of granted the Petitioners

[2] Petitioner knows that his Format of this Appeal most likely isn't correct but this is the best he can do because the Respondents are denying him access to the Courts. If the Court won't accept this Appeal then please appoint counsel to file a proper appeal.

request for appointment of counsel because one of the issues outlined in his Civil Complaint is a Highly Meritorious denied access to the courts which is set forth in the Respondents own words, i.e., their written correspondences addressed to the Petitioner. These correspondences make this issue alone ripe for Summary Judgment on behalf of the Petitioner!

The Respondents has gravely Mentally, Physically and Sexually Tortured the Petitioner in reprisal for his simply speaking out about their vast Cover up of officers role in the murder of Prisoner John Geoghan which is why the Respondent's has held the Petitioner in punitive segregation.[3] This torture has led the Respondents to willfully conspire to sabotage all Petitioner's matter's before the courts and this conspiracy has been extended to them committing Federal crimes of Censorring my mail to cut my access to the outside world off.

First, the Respondents has informed Petitioner that he must cite in detail what he needs to proceed Pro Se on his Habeas Corpus Petition and other litigation before ~~matters to~~ the courts. This law library system has been repeatedly deemed unconstitutional and is contrary to clearly

---

[3] All the Mental, Physical and Sexual Torture is set forth in the Complaint. Also the Respondents are in violation of Blaney V Commissioner 374 Mass 337 (1978)

- 4 -

④

established Federal Law. See, <u>Messere V. Fair</u>, 752 F.Supp. 48, 50 (D. Mass. 1990). Second, the petitioner can demonstrate "actual injury" from the Respondents unconstitutional Law Library System. <u>Lewis V. Casey</u>, 116 S.Ct. 2174 (1996).

These actual injuries are: 1) Petitioner failed to learn that he had a one year statute of limitations to return to State Court to federalize issues. These three issues are highly meritorious which would lead to reversal of his wrongful First Degree Murder Conviction, 2) Currently one of the Respondents, i.e., Souza-Baranowski Correctional Center Lieutenant McCann's relative, i.e., Attorney Eugene McCann has attempted to sabotage Petitioner's Habeas Corpus before Judge Mark L. Wolf in reprisal of Petitioner filing complaints against Lt. McCann. Now their is a Legal Malpractice Complaint pending against Attorney McCann in District Court [4]. See, <u>Rice V. McCann</u>, DKT. No. 06-10502-NMG 3) The Petitioner has a lawsuit pending against the FBI for failing to answer his F.O.I.A. Request which would demonstrate the Mass. State Police withheld a exculpatory bloody palm print that would

[4] McCann has filed motions to withdraw as Attorney of Record.

- 5-

③

exonerate petitioner from his wrongful murder conviction. Due to the Respondents unconstitutional law library system petitioner can't litigate this matter either. See, Rice V. F.B.I., DKT. No. 06-0431-RCL and

4) Most recently, on May 16, 2006 the Respondents officers seized lawsuits against the FBI, Attorney McCann and the Department of Corrections (this Civil Action) from the Petitioner's cell during a shakedown which is all part of their torture of him for speaking out and to prohibit him from speaking out[5] (See Exhibit No. 3). The appeal of this grievance form (Exhibit No. 3) is currently pending.

Petitioner needs counsel appointed to correct this constitutional violations which will establish equitable tolling because the procedurally defaults in his habeas corpus was circumstances beyond my control, i.e., due to the Respondents unconstitutional law library system.

Furthermore, in deciding whether to appoint counsel the court should consider "the indigents ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to

---

[5] The Petitioner can't serve the Defendants with copies of the Complaint due to this unlawful seizure.

- 6 -

present the case." <u>Cookish V. Cunningham</u>, 787 F.2d 1, 3 (1st Cir. 1986). Each of those factors weighs in favor of appointing counsel in this case.[6]

## Point II

### The District Court Failed To Provide An Explanation For The Denial Of Appointment Of Counsel.

The District Court in denying Petitioner's request for Appointment of Counsel failed both times to provide an explanation for their reasons not to appoint counsel. See Exhibit No(s). 1 and 2.

District Courts should explain their reasons for denying the appointment of counsel. See, <u>Howland V. Kilquist</u>, 833 F.2d 639, 646 (7th Cir. 1987); <u>Robbins V. Maggio</u>, 750 F.2d 405, 413 (5th Cir. 1985)

## Point III

### The District Court Abused It's Discretion When It Refused To Grant Petitioner's Request To Appeal The Denial Of Appointment Of Counsel.

The Petitioner moved to appeal the denial of Appointment of Counsel and the District Court unlawfully denied this request

---

[6] Petitioner set forth each of these factors in his Motion For Appointment of Counsel along with supporting Affidavit and Memorandum of Law.

-7-

(See Exhibit No. 2). The Petitioner knows of no caselaw nor does he have the access to research this $ issue but he does know he has a right to appeal this denial. This is why he has filed this appeal to the best of his ability.

### Relief Requested

For the foregoing reasons, the request for Appointment of Counsel should be granted.

Respectfully Submitted,

x _(signature)_

Jordan M. Rice
177 Battles Farm
Brockton, Ma. 02301



# Exhibit No.

# 1

United States District Court
District Of Massachusetts

FILED
IN CLERKS OFFICE

2006 MAR -6 P 2:50

U.S. DISTRICT COURT
DISTRICT OF MASS.

Jordan M. Rice,
         Plaintiff,

     v

Kathleen Dennehy, et al.,
         Defendants

DKT. No. _____

06 CA 10432 RGS

<u>Motion For The Appointment Of Counsel</u>

Plaintiff Jordan M. Rice, requests this court to appoint counsel
to represent him in this case for the following reasons:

1) The Plaintiff is unable to afford counsel.

2) The issues involved in this case are complex including the denied access to the
Court Claim.

3) The plaintiff, is a punitive segregation prisoner, has been denied access
to the Courts.

4) The plaintiff has a limited Knowledge of the law.

5) The plaintiff suffer's from a Mental illness.

Respectfully Submitted,

Jordan M. Rice
177 Battles Farm Dr.
Brockton, Ma. 02301

Denied. RMS Stearns DJ
4-6-06.

SCANNED
DATE: 3/6/06
BY:





Exhibit No.

2

United States District Court
District Of Massachusetts

IN CLERK'S OFFICE

Jordan M. Rice,
        Plaintiff,

v.

Kathleen Dennehy, et. al.,
        Defendants.

DKT. NO. 04-0432-RGS

MAY 26
U.S. DISTRICT COURT
DISTRICT OF MASS

Motion for Reconsideration Of
Appointment Of Counsel

        Plaintiff Jordan M. Rice now moves to request that this Court reconsider it's denial of Plaintiff request for Appointment of Counsel, on two grounds: 1) The Courts April 6, 2006 denial is without explaining their reason for denying the Appointment of Counsel and 2) The Plaintiff's lawsuit in part is based on a highly meritorious denied access to the courts claim.

        Plaintiff is still being denied access to the courts, which is prohibitting him from representing himself Pro Se in this matter and other matters currently pending before the court. Plaintiff requests that this court review the denied access to the Court Claim set forth in his lawsuit.

                    CONCLUSION

        WHEREFORE, the plaintiff's motion for the appointment of Counsel should be granted.

                        Respectfully Submitted,

Dated: April 10, 2006 A.D.

                        Jordan M. Rice
                        177 Battles Farm Dr.
                        Brockton, Ma 02301

Denied. RGS Stearns DJ 5-26-06.

United States District Court
District Of Massachusetts

FILED
IN CLERKS OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

Jordan M. Rice,
    Plaintiff

v.

Kathleen Dennehy, et al.,
    Defendants.

DKT.No. 2006 MAY 26 04-10859-RGS

Application For Certificate Of
Appealability From District Court

Plaintiff, Jordan M. Rice, hereby requests that the District
Court issue a Certificate Of Appealability (COA), permitting Plaintiff to appeal
from the Judgement entered by the Court on April 6, 2006, denying the
Plaintiff's Motion For Appointment Of Counsel. Concurrently with this
Application, Plaintiff has filed a timely Notice Of Appeal.

        Issue On Which Certificate Of Appeal Is Sought

    1. Whether the District Court erroneously denied Plaintiff's request
for appointment of counsel where one of the issues outlined in his lawsuit was denied
access to the court.

    2. Whether the District Court erroneously denied Plaintiff's request for
appointment of counsel without explaining their reason for denying the appointment of counsel.

                                            Respectfully Submitted,

Dated: April 10, 2006 A.D.                  Jordan M. Rice
                                            177 Battles Farm Dr.
                                            Brockton, MA 02301

United States District Court
District of Massachusetts

FILED
CLERKS OFFICE

Jordan M. Rice,
              Plaintiff,

v.

Kathleen Dennehy, et al.,
              Defendants

DOCKETED

Motion For Appointment Of
Counsel For Appellate Review

Civil Action No. 04-10859-RGS

U.S. DISTRICT COURT
DISTRICT OF MASS

Plaintiff Jordan M. Rice, now moves to request that this Court appoint him Counsel to appeal the denial of Appointment of Counsel to represent him on this lawsuit [1]. The lawsuit set forths a very highly meritorious denied access to the courts claims, i.e., prohibitting him from representing himself Pro-Se. Without the Appointment of Counsel the Constitutional violation of denied access to the Courts won't be addressed or corrected.

## CONCLUSION

WHEREFORE, the plaintiff's motion for the appointment of Counsel should be granted.

Respectfully Submitted,

x _____

Jordan M. Rice
177 Battles Farm Dr.
Brockton, Ma. 0239

Dated: April 10, 2006

Denied. R.D. Stearns DS 5-26-06

---

[1] This motion is to be considered in the event that the Motion For Reconsideration of Appointment of Counsel is denied



Exhibit No.

3

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | RICE JORDAN M | | Grievance# | 18330 | Institution | MCI CEDAR JUNCTION |

| Commit No. | W65429 | Housing | TEN BLOCK | Date Of Incident | 20060516 | Date Of Grievance | 20060516 |

**Complaint**

On May 16, 2006 an Special Tactical Team shook down my cell and seized six handwriting affidavits, two typed affidavits, letters to Judge Mark Wolf, Lt. Governor Kerry Healy, Fox news reporter Michael Beaudet, and a Rule 30 motion for new trial along with other documents. The affidavits pertained to my criminal & civil matters. The letter's were sealed in addressed envelopes. This is denying me access to the courts.

**Remedy Requested**

To return Mr. Rice's property. If the property can't be located luanch a probe.

**Staff Recipient**

Aucoin Ann Marie    CO I

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| Date Received | 20060522 | Decision Date | 20060524 |

**Signature**    Aucoin Ann Marie    CO I

**Final Decision**    DENIED

**Decision**

The search report for the insitutional major search was viewed by this office and it indicates that nothing was removed from your cell. If an item was removed it would have been documented on the search report therefore, there is nothing to support your claim that staff removed these items.

**Signature**    *AnnMarie Aucoin CB*    **Date**    5/24/06

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

## INMATE RECEIPT

| Name | RICE JORDAN M | | | Institution | MCI CEDAR JUNCTION |

| Commit No. | W65429 | Grievance# | 18330 | Date Received | 20060522 |

**Signature.**    Aucoin Ann Marie    CO I

FORM "B"

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE APPEAL FORM**

| INMATE'S NAME: | INMATE'S #: | DATE: |
|---|---|---|
| Jordan Rice | W65429 | 5/24/06 |

| INSTITUTION: | ASSIGNED GRIEVANCE #: |
|---|---|
| MCI Cedar Junction | 18330 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in Block A, in a brief and understandable manner.
3. Provide your requested remedy in Block B.

**A. Provide your appeal argument in a brief and understandable manner.**

Mr. Rice now appeals the denial of Grievance No. 18330 because on May 16, 2006 during the stockblow Shake down the Special Tactical Team seized six handwritten affidavits, two typed affidavits, letters to Judge Mark Wolf, Lt. Governor Kerry, Fox News Reporter Michael Beaudet and a Rule 30 motion for newtrial along with other documents. The affidavits pertained to my criminal and civil matters. The letters were sealed in addressed envelopes. This is denying me access to the courts. The Grievance Coordinator denied this grievance because the said items were on the search report. These items are non-contraband items that weren't suppose to be removed from my cell and natural wouldn't be on any search report. Furthermore, the Grievance Coordinator frivolous claimed no items were remove from my cell which is wrong; because a extra pillow was seized.

**B. Provide your requested remedy**

To immediately return Mr. Rice's property. If the property can't be located launch a probe into this matter.

Inmate's Signature _____ Date: 5/25/06

Staff Recipient_____ Date:_____

(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS  *18330*
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | RICE JORDAN M | | | **Institution** | MCI CEDAR JUNCTION | |
| **Number** | W65429 | **Housing** | TEN BLOCK | **Appeal Date** | 24-MAY-2006 | **Date Of Grievance** 16-MAY-2006 |
| | | | | **Appeal Received Date** | 05-JUN-2006 | |

**Appeal**   Mr. Rice now appeals the denial of grievance No. 18330 because on May 16, 1006 during the shakedown the Special Tactical Team seized six handwritten affidavits, two Typed affidavits, letters to Judge Mark Wolf, Lt. Governor Kerry, Fox News Reporter Michael Beaudet and a Rule 30 motion for new trial along with other documents. The affidavits pertained to my criminal and civil matters. The letters were sealed in addressed envelopes. This is denying me access to the courts. The grievance Coordinator denied this grievance because the said items were on the search report. These items are non-contraband items that weren't supposed to be removed from my cell and natural wouldn't be on any search report. Furthermore, the Grievance Coordinator frivolous claimed no items were removed from my cell which is wrong. Because a extra pillow was seized.

**Remedy Requested**   To immediately return Mr. Rice's property. If the property can't be located launch a probe into this matter.

**Staff Recipient**   Aucoin Ann Marie   CO I

**Signature** _____

---

## DECISION BY SUPERINTENDENT

**Appeal Received Date**   05-JUN-2006        **Decision Date** _____        **Decision** _____

**Decision By** _____

**Reasons** _____

**Signature** _____        **Date** _____

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Inmate's Name** | RICE JORDAN M | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W65429 | **Appeal Received Date** | 05-JUN-2006 |
| **Staff Recipient** | Aucoin Ann Marie  CO I | | |

**Superintendent's Signature**   *John Marshall Jr*