# The Commonwealth of Massachusetts
## Department of State Police

WILLIAM F. WELD
GOVERNOR

KATHLEEN M. O'TOOLE
SECRETARY

COLONEL REED V. HILLMAN
SUPERINTENDENT

May 30, 1996

TO:     Trooper Joseph Mason, Plymouth CPAC

FROM:   Trooper Patricia A. Beehan #0591, Crime Scene Services Section

SUBJECT:    Comparison examination of palm prints
            CSSS Case # D95-0808
            Diane Harrigan Homicide

1.  On September 23, 1995, a partial palm print was observed on a coffee cup located in the sink at 475 Battles Farm Drive, Brockton. The partial palm print was left in blood. This officer secured the coffee cup from the scene for further palm print examination and comparisons.

2.  This officer obtained major case prints on numerous individuals for comparisons to the above mentioned palm print. Refer to attached list of names.

3.  On May 29, 1996, this officer consulted with Mr. Ron Smith, Associate Director of the Mississippi Crime Laboratory, Meridian, Mississippi. Mr. Smith is a specialist in latent print examination and his special expertise is in palm print comparisons. After visual examination of this palm print, Mr. Smith advised this officer that the flow of the ridges and the location of the creases of the palm are consistent with the known right palm print of the victim, Diane Harrigan, but he is unable to confirm that the partial palm print located on the coffee cup is positively hers due to insufficient detail.

Respectfully Submitted,

Patricia A. Beehan #0591
Trooper, Massachusetts State Police
Crime Scene Services Section, SP Middleboro



# NEW ENGLAND LEGAL INVESTIGATIONS

*Certified Handwriting and Profiling Experts*

53 AMANDA AVENUE • PLYMOUTH, MA 02360
TEL: (508) 759-2551 • FAX: (508) 759-4672

CRIMINAL
INDUSTRIAL
INSURANCE
FORENSIC

October 24, 2002

Donald Harwood
Attorney At Law
c/o Primo Law Firm
20 Corporate Woods Blvd.
Albany, New York 12211

### AFFIDAVIT OF RONALD H. RICE

I, Ronald H. Rice, hereby depose and state as follows:

I am a fully licensed Private Investigator through the Massachusetts Department Of State Police, license number: P-99 (copy attached). I have been retained by the defendant, Jordan M. Rice.

On Friday, October 4, 2002, I spoke with an FBI agent, Randall Fitzwater, who supposedly destroyed a palm print on a coffee cup with chemicals, according to the trial testimony of trooper Patricia A. Beehan.

Mr. Fitzwater expressly denied any knowledge, remembrance or involvement with this alleged destruction of evidence, although he declined to forward an affidavit to me in this regard.

On Friday, October 4, 2002, I spoke with Ron Smith, a latent print expert, formerly of the Mississippi Crime Laboratory, who supposedly provided a forensic opinion to the Commonwealth concerning the bloody palm print found on a coffee cup in the kitchen sink at the crime scene.

Mr. Smith told me that he _did not_ provide a forensic opinion to the Commonwealth, only a curtesy opinion, as there was not enough detail to include or exclude the victim as the source of the print; nor was Mr. Smith shown any of the comparison prints of Mr. Rice or any other suspect, contradicting trooper Beehan's trial testimony that she brought with her all such comparison prints for Smith's examination. Mr. Smith was unable to forward an affidavit to me in this regard.

Attached hereto is a certified copy of a restraining order dated 1/26/94 that the victim obtained against James Morgan.





# The Commonwealth of Massachusetts

## Department of State Police



*This is to certify that* ___CHECKMATE FORENSIC SERVICES, INC.___

*of* ___PLYMOUTH, MASSACHUSETTS___ *has been duly licensed to conduct the business of a*

*under the title of* ___NEW ENGLAND LEGAL INVESTIGATIONS (RONALD H. RICE, RESIDENT MANAGER)___

## PRIVATE DETECTIVE

*at* ___53 AMANDA AVENUE, PLYMOUTH, MASSACHUSETTS 02360___

*in accordance with the provisions of Section 22-30, Chapter 147, of the General Laws,*

*from* ___AUGUST 31, 2002___ *to* ___AUGUST 31, 2003___

(License Number P-99)

THIS LICENSE DOES NOT CONFER UPON THE LICENSEE THE POWER AND THE AUTHORITY OF A CONSTABLE OR POLICE OFFICER



Jordan M. Rice
177 Battles Farm Drive
Brockton, MA 02301


Ronald Smith & Associates
Attn: Ronald Smith
P O Box 4436
Meridian, MS 39304


RE: **Freedom of Information Act Request**
Freedom of Information Act, (5 U.S.C. sec. 552);
Privacy Act, (5 U.S.C. sec. 552(6) (d) (b) (7);
General (5 U.S. C sec. 552(k) (a)

Dear Mr. Smith:

Hello, this letter will serve as my request, pursuant to the provisions of the "Freedom Of Information Act "(5 U.S. C & 552), AND THE Privacy Act (5 U.S.C. 552A (d) (1) (0), and applicable State "Freedom of Information Provisional Statute and/or regulations if state agency request, for full disclosure, and release of records and/or data contained in the files of your agency and/or company, and specifically maintained under my name and/or identifier assigned to my name.

This request is sought specifically for complete documents, Amendment, Deletion and/or expungment (5 U.S.C. & 552 A (d) (a) (a)), or records maintained by Mr. Smith.

The records sought, but not limited to, is either video or go through the records maintained by your former State Agency and/or Company, and to have copied after either reviewing or receiving a list of compiled information within your former State Agency and/or Company.

1. Investigation and/or Investigatory Reports filed by Ronald Smith in regards to his examination of a bloody palm print on a cup during a seminar at the Massachusetts State Police Academy in New Braintree, Massachusetts on May 29, 1996 (See Exhibit No. 1).

2. Investigation and/or Investigatory Reports file by Ronald Smith in regards to his October 4, 2002 telephone conversation with Private Investigator

      Ronald Rice where Mr. Smith denied professionally examining the Bloody Palm Print (See Exhibit (No. 2)

3. Reports of Evidentiary and/or Scientific Information finds by Ronald Smith in regards to his May 29, 1996 examination of the Bloody Palm Print (See Exhibit No. 1).

4. Final and closing Investigatory Reports filed by Ronald Smith in regards to his May 29, 1996 examination of the Bloody Palm Print (See Exhibit No. 1).

5. Final and closing Investigatory Reports filed by Ronald Smith in regards to his October 4, 2002 telephone conversation with Private Investigator Ronald Rice in which Mr. Smith denied examining the Bloody Palm Print (See Exhibit No. 2).

6. Criminalistics and/or Chemist Reports filed by Ronald Smith in regards to his May 29, 1996 examination of the Bloody Palm Print (See Exhibit No. 1)

7. Internal Reports filed by Ronald Smith in regards to his May 29, 1996 examination of the Bloody Palm Print (See Exhibit No.1)

8. Internal Reports filed by Ronald Smith in regards to his October 4, 2002 telephone conversation with Private Investigator Ronald Rice in which Mr. Smith denied examining the Bloody Palm Print (See Exhibit No. 2)

9. Any and all information, data or reports and/or memos otherwise not exempted by Statute (5.U.S.C. & 552 (6) (a) )b) (7), 5 U.S. C. & 552A (j) (a) (k) (a), or law;

Tarlton V. Saxbe, 507 F.2d 116, 156 U.S. App. D.C. 293(1974), Sullivan V. Murphy, 478 F.2d 938, 156 U.S. App 28 (1973). Your Agency and/or Company is advised that investigation reports in total are no longer exempted status unless under the specific exemptions noted, and only with reference to specific citation of authority, Paton V. LaPrade, 524 F2d 862, 868-69 (3rd Cir. 1975).

    If is further requested that your Agency and/or Company in response to the material requested, specifically inform me if and to whom the file and/or material therein contained has been release too. Any identifiable individual(s) or agency, their name, title, purpose and need for such information and need for such information, the date of such release, the specific material that was release, the person within your Agency and/or Company who released such information, and specific reference to authority, statute or regulation, governing such release (5U.S.C. & 552a (d) (1), Paton V LaPrade, 524 F. 2D 862 (3rd Cir. 1975); Tarlton V. Saxbe, 507 F2.a 116, 165 35 L Ed. 2d. 536 (1973).

It is further requested that your Agency and/or Company provide me with a copy of regulations of your department as provided by Statute (5 U.S.C. & 552), so that compliance with such relegations is adhered to except as otherwise provided by law (5 U.S.C. & 701 ET sq.).

This request is made pursuant to the "Freedom of Information Act" (5 U.S.C. & 552), and the "Privacy Act" (5 U.S.C. & 552A), together with the "alternative means of access", to permit me maximum access to the records in and maintained on file in our Agency and/or Company. If and for any reason it is determined that portions of & 552 (6) (a) (b) (7), 522A (j) (a), (k) (2), or by regulation pursuant to Menard V. Mitchell, 430 F2d 486, 139 U. S. App. D.C. 113(1970); Nemetz V. Department of Treasury 446 F. Supp. 102, I request specific relation to authority for such deletion.

If it should be determined that any material is deemed Confidential, due to identification of source, then permission is granted to the Agency and/or Company to delete source of identification ONLY from material for release. Paton V. LaPrade, 524 F. 2D 862 (3rd Cir. 1975), Chastain V. Kelly, 510 F.2D 1232.

Pursuant to title (5 U.S.C. & 552 (6) (a) (i)), it is noted that your Agency and/or Company has (10) TEN working days following the receipt of this request to provide the information and material sought. Should any reasonable delay be occasioned it is requested that your Agency and/or Company inform me of this delay, as provided by Federal Regulations and the data as to when your Agency and/or Company will be able to act upon the request. Also for your convenience any files under my name and/or related to me filed by Mr. Ronald Smith.

I look forward to your anticipated cooperation to this matter.

Respectfully Submitted

Dated: *July 18, 06*

Cc: Sheryl J. Holiday, Director of B.U. Journalism Section
Michele McPhee, Boston Herald Reporter
Ronald Rice, Private Investigator
Mark L. Wolf, Chief Federal Judge
Enclosure

CERTIFIED MAIL NO.
7005 1820 0006 0256 2477