Exhibit

"B"



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORDAN M. RICE, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 06-10431-RCL |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BUREAU | ) |
| OF INVESTIGATION, ET AL, | ) |
| | ) |
| Defendants. | ) |

### UNITED STATES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The United States, through United States Attorney Michael J. Sullivan, respectfully requests the Court enter an order dismissing Jordan M. Rice's ("Rice") complaint because the Court lacks jurisdiction over the subject matter of this action. In support, the United States says:

1.    On November 19, 2004, pursuant to the Freedom of Information Act/Privacy Act ("FOIPA"), Rice filed a FOIPA request with the Federal Bureau of Investigation Headquarters in Washington, D.C. ("FBI Headquarters"). FBI Headquarters conducted an extensive search and, in a December 1, 2004 letter, informed Rice that search failed to find any records or information. While that letter also informed Rice he could direct a FOIPA request to local FBI field offices, he elected to file a complaint that seeks records from FBI Headquarters that it does not have.

WHEREFORE, the United States respectfully requests, for the reasons that are more fully set forth in its accompanying memorandum of law, the Court dismiss Rice's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORDAN M. RICE, | ) |
|  | ) |
| Plaintiff, | ) C.A. No. 06-10431-RCL |
|  | ) |
| v. | ) |
|  | ) |
| FEDERAL BUREAU | ) |
| OF INVESTIGATION, ET AL, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

### UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Jordan M. Rice ("Rice"), pursuant to the Freedom of Information Act/Privacy Act

("FOIPA"), filed a requst for information with the Federal Bureau of Investigation Headquarters

in Washington, D.C. ("FBI Headquarters")[1]. After extensive searches, FBI Headquarters, *inter*

*alia,* informed Rice: (1) no records are held at FBI Headquarters that are responsive to his

request; and (2) that he can file a FOIPA request with local field offices. *See* December 14,

2006, Declaration of David Hardy, ¶ 6, attached as Exhibit 1. Instead, Rice filed the above

captioned complaint demanding, *inter alia,* a Court order requiring FBI Headquarters to produce

records it does not have. The United States moves this court to dismiss Rice's complaint for lack

---

[1] In the fall of 2004, Rice filed two FOIPA requests with FBI Headquarters. The first request, filed on October 5, 2004, was rejected on December 20, 2004 because it did not contain sufficient information to conduct a search of the central records system. Before Rice received that rejection, however, he submitted a second request on November 19, 2004, which provided the FBI sufficient information to conduct the search. The FBI conducted that search and informed Rice that search failed to find any records or information. Rice's complaint only involves his second, November 19, 2004, FOIPA request.

of subject matter jurisdiction because no records exist at FBI Headquarters that are responsive to Rice's FOIPA request. *See* 5 U.S.C. § 552; *Hiemeir v. Watergate Special Prosecutor Force,* 420 F. Supp. 794 (N.D. Ill. 1976), reversed and remanded, 565 F.2nd 967 (7th Cir. 1977) (If no documents have been improperly withheld, the court lacks subject matter jurisdiction).

In determining whether subject matter jurisdiction exists, the court may consider information outside of the pleadings in resolving pertinent factual issues. *Gonzalez v. U.S.,* 284 F.3d 281, 288 (1st Cir. 2002); Kamen *v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986). Moreover, while the court may assume as true factual allegations in the complaint, it should not draw argumentative inferences favorable to the plaintiff when considering whether jurisdiction has been shown. *Vartanian v. Monsanto Co.,* 14 F.3d 697, 700 (1st Cir. 1992) (citing *Knight v. Mills* 836 F.2d 659 (1st Cir. 1987)); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164 (1993) (assume as true factual allegations); *Norton v. Larney,* 266 U.S. 511, 515 (1925) (should not draw argumentative inferences favorable to plaintiff)).

In November 2004, FBI Headquarters conducted an extensive search for records and that search did not reveal any records. *See* Exhibit 1. For example, FBI Headquarters searched the Central Records System ("CRS") using Rice's name in order to locate any main investigatory files maintained at FBI Headquarters. *Id* at ¶ 11. A search of the CRS by using the name "Jordan Martell Rice" would result in a search that would cover a six-way phonetic breakdown of the name. *Id* at ¶ 16. The FBI Headquarters search also included the use of plaintiff's date of birth and Social Security number to identify responsive records. *Id.* This search located no records. Furthermore, all places reasonably likely to contain responsive documents were

2

-66-

searched but no records were found. *Id.* In addition, upon receipt of Rice's civil complaint,

another search of the automated indices at FBI Headquarters was conducted on November 20,

2006 using the same search mechanism described above. *Id* at ¶ 17. This additional search

again revealed no records responsive to plaintiff's FOIPA request at FBI Headquarters. *Id.*

The FOIPA grants District Courts jurisdiction to enjoin an agency from improperly

withholding agency records. In this case, FBI Headquarters has no records. The Supreme Court

defined the limits of that jurisdiction in *Kissinger v. Reporters Committee for Freedom of the*

*Press*, 100 S.Ct. 960, 63 L.Ed.2d 267, 281 (1980), when it said:

> Under Title 5, U.S.C., Section 552, federal jurisdiction
> is dependent upon a showing that an agency has (1)
> "improperly" (2) withheld (3) "agency records".... Judicial
> authority to devise remedies and enjoin agencies can only be
> invoked, under the jurisdictional grant conferred by Section
> 552, if the agency has contravened all three components of this
> obligation.
>
> See also, *NLRB v. Sears, Roebuck and Co.*, 421 U.S. 132
> (1975).

If no documents have been improperly withheld, the Court lacks subject matter

jurisdiction. *See, Niemeir v. Watergate Special Prosecution Force*, 420 F. Supp. 794 (N.D. Ill.,

1976), reversed and remanded, 565 F.2nd 967 (7th Cir. 1977). Additionally, "[w]henever it

appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject

matter, the Court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

For the foregoing reasons the United States respectfully moves this Court to enter an

order dismissing plaintiff's complaint.

Respectfully submitted,

UNITED STATES OF AMERICA

3

— 6 7 —

By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

By:     */s/Christopher Alberto*
        CHRISTOPHER ALBERTO
        Assistant U.S. Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
Dated: December 19, 2006         (617) 748-3100

## CERTIFICATE OF SERVICE

I, Christopher Alberto, Assistant U.S. Attorney, hereby certify that the foregoing
Memorandum of Law was filed through the Electronic Court Filing system and will be sent via
first class mail to Jordan M. Rice, W65429, P.O. Box 100 Walpole, MA 02071.

*/s/ Christopher Alberto*
CHRISTOPHER ALBERTO
Assistant United States Attorney

Date: December 19, 2006

4

- 68 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORDAN M. RICE | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-CV-10431 (RCL) |
| FEDERAL BUREAU OF INVESTIGATION, et al. | ) |
| Defendants. | ) |

### DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 211 employees who staff a total of ten (10) units and a field operational service center unit whose

~ 69 ~

collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the plaintiff, Jordan M. Rice's November 19, 2004, Freedom of Information Act/Privacy Act ("FOIPA") request for records from the FBI pertaining to himself.

(4)    The purpose of this declaration is to support defendant FBI's no record response to plaintiff's request for information on himself.

## CORRESPONDENCE RELATING TO PLAINTIFF'S REQUEST

(5)    By letter dated November 19, 2004, plaintiff filed a request to FBIHQ seeking access to "records and/or data contained in the files of your agency, and specifically maintained under my name and/or identifier assigned to my name." Plaintiff cited seven (7) specific subcategories:

> 1. Investigation and/or Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agent in regards to the Sept. 27, 1995 examined at Johnson/Wales Inn, in Seekonk, Massachusetts during a seminar.

2. Investigation and/or Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agent in regards to the Oct. 4, 2004 about my criminal conviction with my Private Investigator Ronald H. Rice.

3. Reports of Evidentiary and/or Scientific Information finds by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents.

4. Final and Closing Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents.

5. Criminalistics and/or Chemist Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents.

6. Internal Reports filed by Latent Print Expert FBI Agent Randall Fitzwater, any other FBI Agents or Office of Professional Responsibility.

7. Any and all information, data or reports and/or memos otherwise not exempted by Statute (5 U.S.C. § 552 (6)(a)(b)(7), (5 U.S.C. § 552A (j)(2) (k)(2), or law;

(See Exhibit A.)[1]

(6)    By letter dated December 1, 2004, FBIHQ assigned FOIPA No. 1009313 to the request and informed plaintiff that a search of the automated indices to the central records system files at FBIHQ located no records responsive to his request for records on himself. Plaintiff was advised that although no records responsive to his FOIPA request were located he could file an administrative appeal by writing to the Co-Director, Office of Information and Privacy ("OIP"), United States Department of Justice (DOJ). Plaintiff was also advised that if he wanted a search of FBI field office files he would have to direct a request to the appropriate field office. (See Exhibit B.)

(7)    By letter dated December 17, 2004, plaintiff appealed to the OIP, DOJ requesting a "precise determination of why my request has been denied when documents do exist pertaining

---

[1] The FBI has a record of an additional letter being received from plaintiff on December 20, 2004 but is unable to produce a copy. According to the FBI's records, this request was rejected as "1st party unperfected" and returned to plaintiff.

to my said "Request"." (See Exhibit C.)

(8)    By letter dated December 20, 2004, FBIHQ returned plaintiff's request and
informed him that his letter did not contain sufficient information to conduct an accurate search
of the central records system at FBIHQ. (See Exhibit D.)[2]

(9)    By letter dated January 4, 2005, OIP acknowledged receipt of plaintiff's letter
received in its office on December 27, 2004. OIP informed plaintiff his appeal had been assigned
Appeal No. 05-0699. (See Exhibit E.)

(10)    By letter dated February 15, 2005, plaintiff returned the December 20, 2004
FBIHQ letter with the additional identifying data that he had been requested to provide. (See
Exhibit F.)

## EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(11)    The Central Records System ("CRS"), which is utilized by the FBI to conduct
searches in response to FOIA and Privacy Act requests, enables it to maintain information which
it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The
records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other
files compiled for law enforcement purposes. This system consists of a numerical sequence of
files broken down according to subject matter. The subject matter of a file may relate to an
individual, organization, company, publication, activity, or foreign intelligence matter. Certain
records in the CRS are maintained at FBIHQ. Records that are pertinent to specific field offices
of the FBI are maintained in those field offices. Although the CRS is primarily designed to serve

---

[2] FBIHQ's letter dated December 20, 2004 is in response to plaintiff's October 5, 2004
request which was returned to plaintiff with the FBI request for more information. Plaintiff's
October 5, 2004 request letter could not be located in FBI records.

−72−

as an investigative tool, the FBI utilizes the CRS to conduct searches that are likely to yield

documents responsive to FOIA and Privacy Act requests.

(12)    Access to the CRS is obtained through the General Indices, which are arranged in

alphabetical order. The General Indices consist of index cards on various subject matters that are

searched either manually or through the automated indices. The entries in the General Indices

fall into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the name
> corresponding with a subject of a file contained in the CRS.
>
> (b) A "reference" entry --"Reference" entries, sometimes called "cross-references,"
> are generally only a mere mention or reference to an individual, organization, or
> other subject matter, contained in a document located in another "main" file on a
> different subject matter.

(13)    Access to the CRS files in FBI field offices is also obtained through the General

Indices (automated and manual), which are likewise arranged in alphabetical order, and consist

of an index on various subjects, including the names of individuals and organizations. Searches

made in the General Indices to locate records concerning a particular subject, such as Jordan

Martell Rice, are made by searching the subject requested in the index. FBI field offices have

automated indexing functions.

(14)    On or about October 16, 1995, the Automated Case Support ("ACS") system was

implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ. Over 105 million

records were converted from automated systems previously utilized by the FBI. The ACS

consists of three integrated, yet separately functional, automated applications that support case

management functions for all FBI investigative and administrative cases:

> (a) Investigative Case Management ("ICM") - ICM provides the ability to open,

-13-

assign, and close investigative and administrative cases as well as set, assign, and track leads.
The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens
a case. The field offices that receive leads from the OO are referred to as Lead Offices ("LOs") -
formerly known as Auxiliary Offices. When a case is opened, it is assigned a Universal
Case File Number ("UCFN"), which is utilized by all FBI field offices, Legats, and FBIHQ that
are conducting or assisting in the investigation. Using a fictitious file number "111-HQ-12345"
as an example, an explanation of the UCFN is as follows: "111" indicates the classification for
the specific type of investigation; "HQ" is the abbreviated form used for the OO of the
investigation, which in this case is FBIHQ; and "12345" denotes the individual case
file number for the particular investigation.

(b) Electronic Case File ("ECF") - ECF serves as the central electronic repository
for the FBI's official text-based documents. ECF supports the universal serial concept, in that
only the creator of a document serializes it into a file. This provides a single-source entry of
serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c) Universal Index ("UNI") - UNI continues the universal concepts of ACS by ·
providing a complete subject/case index to all investigative and administrative cases. Only the
OO is required to index; however, the LOs may index additional information as needed. UNI, an
index of approximately 96.2 million records, functions to index names to cases, and to search
names and cases for use in FBI investigations. Names of individuals or organizations are
recorded with identifying applicable information such as date or place of birth, race, sex, locality,
Social Security number, address, and/or date of event.

(15)    The decision to index names other than subjects, suspects, and victims is a
discretionary decision made by the FBI Special Agent ("SA") assigned to work on the

-74-

investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Jordan Martell Rice.

### SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(16)    In response to plaintiff's November 19, 2004 request which was assigned FOIPA number 1009313, a search of the automated indices was conducted at FBIHQ on Jordan Martell Rice. FBIHQ searched the CRS using plaintiff's name in order to locate any main investigatory files maintained at FBIHQ. A search of the CRS by using the name "Jordan Martell Rice" would cover a six-way phonetic breakdown of the name. For example, this particular name search would locate records using the phonetic sounds of each last and first name of the following names: "Rice, Jordan Martell;" "Rice, Jordan M.;" "Rice, Jordan;" "Rice, J. Martell;" "Rice, J. M.;" and "Rice, Martell."[3] FBIHQ's search also included the use of plaintiff's date of birth and Social Security number to identify responsive records. This search located no records responsive to plaintiff's request at FBIHQ. All places reasonably likely to contain responsive documents were searched, but no records were found. In addition, upon receipt of plaintiff's civil complaint,

---

[3] Information related to plaintiff's criminal investigation, to include latent fingerprint results, etc., should be located in plaintiff's main file.

Jordan Martell Rice : W65429
Souza-Baranowski Corr. Center
P.O. Box 8000
Shirley, Ma. 01464

Federal Bureau of Investigation
Attn: Freedom Of Information Officer
Chief F.O.I.A & Privacy Act Section
935 Pennsylvania Avenue, N.W.
Room 6296 JEH
Washington, D.C. 20535

Dear F.O.I.A. Officer,

Re: Freedom of Information Act Request
Freedom of Information Act, (5 U.S.C. sec. 552);
Privacy Act (5 U.S.C. sec. 552 (b) (1) (2) (7);
General (5 U.S.C. sec. 552A (j) (2)) or
Specific (5 U.S.C. sec. 552 A (K) (2)
Not Applicable To This Request.

This letter will serve as my request, pursuant to the provisions of the "Freedom of Information Act" (5 U.S.C. §552), and the Privacy Act (5 U.S.C. 552A (d) (1) (b)), and applicable state "Freedom of Information Provisional Statute and/or regulations if State agency request, for full disclosure and release of records and/or data contained in the files of your agency, and specifically maintained under my name and/or identifier assigned to my name.

This request is sought specifically for complete documents, Amendments, Deletion and/or expungement (5 U.S.C. § 552A (d) (2) (a)), or records maintained by your agency.

The records sought, but not limited to, is either view and go through the records maintained by your office/department, and to have copies after either reviewing or receiving a

- 1 -

...list of compiled information within your office or department.

1. Investigation and/or Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agent in regards to the Sept. 27, 1995 examined at Johnson/Wales Inn in Seekonk, Massachusetts during a seminar.

2. Investigation and/or Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agent in regards to the Oct. 4, 2004 about my criminal conviction ~~that~~ with my Private Investigator Ronald H. Rice

3. Reports of Evidentiary and/or Scientific Information finds by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents

4. Final and Closing Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents

5. Criminalistics and/or Chemist Reports filed by Latent Print Expert FBI Randall Fitzwater or any other FBI Agents.

6. Internal Reports filed by Latent Print Expert FBI Agent Randall Fitzwater, any other FBI Agents or Office of Professional Responsibility

7. Any and all information, data or reports and/or memos other wise not exempted by Statute (5 U.S.C § 552 (c) (2) (b) (7)), (5 U.S.C § 552A (j) (2) (k) (2), or law;

Trulleo V. Saxbe, 507 F. 2d 116, 156 U.S. App. D.C. 293 (1974), Sullivan V. Murphy, 478 F. 2d 938, 156 U.S. App. 28 (1973). Your agency is advised that investigation reports in total are no longer exempted status unless under the specific exemptions noted, and only

-2-

me of this delay, as provided by agency regulations, and the date as to when your agency
will be able to act upon the request. Also for your convenience any files under my
name and/or related to me filed by FDI Agent Randall Fitzworker or any other FBI
Agents.

I look forward to your anticipated cooperation to this matter.

Respectfully Submitted,

~Jordan Marshall Rice~

Dated: Nov. 19, 2004

Jordan Marshall Rice
D.O.B: _____
S.S.N.: _____

Certified Mail No.
7003 2360 0000 1351 7502

-4-

# Commonwealth Of Massachusetts

## Affidavit Of Indigency

Pursuant to General Laws Chapter 261, Section 27A-G the applicant, Jordan M. Rice, swears (or affirm as follows):

Applicant is Indigent in that he is a person:

Whose income, after taxes is 125% or less of the the current poverty threshold annually established by the Community Services Administration pursuant to section 625 of the Economic Opportunity Act, as Amended.

1*/ _____ or, Applicant requests that the copying fees be waived.

Signed under the pains and penalties of perjury.

x Jordan Martell Rice

Dated: Nov. 19, 2004

Jordan Martell Rice
P.O. Box 8000
Shirley, Ma. 01464

1*/
This is substantially the same poverty standard used by legal services programs funded by the Federal Legal Services Corporation 42 U.S.C. 44 2997(F)(2) (A) (i) (II). The citation to sec 625 (EOA) G.L.C. 261, sec 27A, Amended St. 1980, c. 539, sec., sec. 627. Pub 88-452 to Sec. 624 [42 U.S.C. § 2971(d).]

Certified Mail No. 7003 2260 0000 1351 7502

-5-

− 82 −

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JORDAN M. RICE,                           )
                                          )
        Plaintiff,                        )
                                          )
             v.                           )    Civil Action No. 06-CV-10431
                                          )
                                          )
FEDERAL BUREAU OF INVESTIGATION,          )
        et al.,                           )
                                          )
        Defendants.                       )
                                          )

# Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 1, 2004

MR JORDAN MARTELL RICE
**W65429
POST OFFICE BOX 8000
SHIRLEY, MA 01464

Request No.: 1009313- 000
Subject: RICE, JORDAN MARTELL

Dear Mr. Rice:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

Based on the information furnished, a search of the automated indices to our central records system files at FBI Headquarters located no records responsive to your FOIPA request.

Although no records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Should you desire a check of our field office files, it will be necessary for you to direct your request to the appropriate field office.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JORDAN M. RICE,                          )
                                         )
        Plaintiff,                       )
                                         )
            v.                           )      Civil Action No. 06-CV-10431
                                         )
                                         )
FEDERAL BUREAU OF INVESTIGATION,         )
    et al.,                              )
                                         )
        Defendants.                      )
                                         )

# Exhibit C

-85-

Jordan M. Rice - 1245489
P.O. Box 8000
Shirley, Ma. 01464

Office of Information and Privacy
U.S. Department of Justice, Suite # 570
Flag Building
Washington, DC. 20530

OFFICE OF INFORMATION
AND PRIVACY

DEC 27 2004

RECEIVED

Re: Freedom of Information-Privacy Acts Administrative Appeal

Dear Director,

Hello, this is an Administration Appeal under the Freedom of Information-Privacy Acts, 6 U.S.C. Sec 552(a) and any and all Administrative Appeals applicable to Provisional Statute and/or Regulations.

I filed my First request for documents under the Freedom of Information-Privacy Acts on October 5, 2004, which is marked Exhibit No. 1. Out of fear that this request was too vague to be successful I filed my Second request for documents under the Freedom of Information-Privacy Acts on November 19, 2004, which is marked Exhibit No. 2. As you will notice my second request (Exhibit No. 2) is in very painstaking Detail. At less one of my said "Request" was assigned the following identification number 1009313-00.

On December 1, 2004 I received a response to my request in a letter signed by Mr. David M. Hardy. I am writing to obtain a precise determination of why my request has been denied when documents do exist pertaining to my said "Request". The documents that were withheld must be disclosed under the FOIPA because it is likely to contribute significantly to public understanding of the operations or activities of both the State Police of Massachusetts, Federal Bureau of Investigation and Federal Government, and is not primarily in my

## PAGE 2 of 2

commercial interest, nor a business trying to get information on industrial competitors.

I expect a final ruling on my appeal within twenty working days, the time specified in the statute.

Thank you for consideration of this appeal.

Sincerely,

Jordan M Rice

Dated: Dec. 17, 2004

CC: Franci Richardson, Boston Herald Reporter
Charles Stephenson, Attorney
Enclosure

### Certified Mail No.

7003 2260 0002 1864 3495

Jordan M. Rice - W65439
P.O. Box 8000
Shirley, Ma. 01464

Federal Bureau of Investigation (F.B.I.)
Attn: Freedom of Information Officer
Chief F.O.I.A. & Privacy Act Section
Room 6296 JEH
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

(PAGE 1 of 2)

Exhibit No. 1

Re: Freedom of Information Act Request

Dear F.O.I.A. Officer,

Hello, my name is Jordan M. Rice (Petitioner) and I am a Massachusetts State Prisoner incarcerated at Souza-Baranowski Correctional Center. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a, I now hereby request access to or a copy of all documentation "Confirming or Denying on September ~ 1985, F.B.I. Agent Randall Fitzwaters, who is a Latent Print Expert at the F.B.I. C... Laboratory in Washington, destroyed a Bloody Palm Print on a coffee cup brought to him by Massachusetts State Trooper Patricia Ann Beehan for a courtesy examination and courtesy opinion, while he (Fitzwaters) conducted a seminar at the Johnson & Wales Inn, in Seekonk, Massachusetts."

I am aware I am entitled to make this request under the Freedom of Information and/or the Privacy Act and if your agency response is not satisfactory, I am prepared to make an administrative appeal. Please indicate to me the name of the official to whom such an appeal should be addressed. I am aware that if my request is denied I am entitled to know the grounds for this denial.

I am aware that while the law allows your agency to withhold specified categories of

- 88 -

## PAGE 2 of 2

exempted information, you are required by law to release any segregable portions that are left after the exempted material has been deleted from the data I am seeking.

I request a waiver of all fees for this request because I am a indigent inmate. Disclosure of the requested information to me is in the public interest and in the interest of justice because it is likely to contribute significantly to public understanding of the operations or activities of both the State (Massachusetts) and Federal government, and is not primarily in my commercial interest, nor a business trying to get information on industrial competitors.

If possible, I would prefer to see the original documents in person rather than having costs made, in order to avoid copying fees. Because subsequent requesters may also want copies of these documents, I do not consider it fair that as the first requester, I should bear the full cost of the initial search for this material.

I look forward to your prompt attention to this matter.

Respectfully Submitted,

x *Jordan Martell Rice*

Jordan Martell Rice

Dated: Oct. 5, 2004

CC: Enclosure

Certified Mail No.
7003 1680 0004 8819 9206.

Exhibit No. 1

Jorden Mactell Rice : W65.429
Souza-Baranowski Corr. Center
P.O. Box 8000
Shirley, Ma. 01464

Federal Bureau of Investigation
Attn: Freedom Of Information Officer
Chief F.O.I.A & Privacy Act Section
935 Pennsylvania Avenue, N.W.
Room 6296 JEH
Washington, D.C. 20535

Exhibit No. 2

Dear F.O.I.A. Officer,

Re: Freedom of Information Act Request
Freedom of Information Act. (5 U.S.C. sec. 552);
Privacy Act (5 U.S.C. sec. 552 (b) (d) (k)(7);
General (5 U.S.C. sec. 552A (j) (2) or
Specific (5 U.S.C. sec. 552A (k) (2)
Not Applicable To This Request.

This letter will serve as my request, pursuant to the provisions of the "Freedom of Information Act" (5 U.S.C. §552), and the Privacy Act (5 U.S.C. 552A (d) (1) (o)), and applicable state "Freedom of Information Provisional Statute and/or regulations if State agency request, for full disclosure, and release of records and/or data contained in the files of your agency, and specifically maintained under my name and/or identifier assigned to my name.

This request is sought specifically for complete documents, Amendment, Deletion and/or expungment (5 U.S.C. §552A (d) (2) (a)), or records maintained by your agency.

The records sought, but not limited to, is either view and.or through the records maintained by your office/department, and to have copied after either reviewing or receiving a

- 1 -

list of compiled information within your office or department.

1. Investigation and/or Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agent in regards to the Sept. 27, 1995 examined at Johnson/Wales Inn in Seekonk, Massachusetts during a seminar.

2. Investigation and/or Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agent in regards to the Oct. 4, 2001 about my criminal conviction with my Private Investigator Ronald H. Rice

3. Reports of Evidentiary and/or Scientific Information finds by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents

4. Final and Closing Investigatory Reports filed by Latent Print Expert FBI Agent Randall Fitzwater or any other FBI Agents

5. Criminalistics and/or Chemist Reports filed by Latent Print Expert FBI Randall Fitzwater or any other FBI Agents.

6. Internal Reports filed by Latent Print Expert FBI Agent Randall Fitzwater, any other FBI Agents or Office of Professional Responsibility

7. Any and all information, data or reports and/or memos otherwise not exempted by Statute (5 U.S.C. § 552 (c) (a) (b) (n)), (5 U.S.C § 552a (j) (2) (K) (2), or law;

Tarlton V. Saxbe, 507 F. 2d 116, 156 U.S. App. D.C. 293 (1974), Sullivan V. Murphy, 478 F. 2d 938, 156 U.S. App. 38 (1973). Your agency is advised that investigation reports in total are no longer exempted status unless under the specific exemptions noted, and only.

-2-

Exhibit No. 2

with reference to specific citation of authority, Biton V. LaPrade, 534 F.2d 862, 868-69 (3rd Cir. 1975)

It is further requested that your agency in response to the material requested, Specifically inform me if and to whom the file and/or material therein contained has been released too. Any identifiable individual(s) or agency, their name, title, purpose and need for such information and need for such information, the date of such release, the specific material that was release, the person within your agency who released such information, and specific reference to authority, statute or regulation, governing such release (5 U.S.C. 3552A (B) (1), Biton V. LaPrade, 534 F.2d 862 (3rd Cir. 1975); Tarlton V. Sacks, 507 F.2d 116, 165 U.S. App. D.C. 293 (1974), Linda V. Richard D., 410 U.S 614, 93 S.Ct. 1146, 35 L. Ed. 2d. 536 (1973).

It is further requested that your agency provide me with a copy of specific regulations of your department as provided by statute (5 U.S.C. § 553), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C § 701 et seq.).

This request is made pursuant to the "Freedom of Information Act" (5 U.S.C. § 552), and the "Privacy Act" (5 U.S.C. § 552A), together with the "alternative means of access", to permit me maximum access to the records in and maintained on file in your agency. If and for any reason it is determined that portions of § 552 (b) (2) (b) (7), 552A (j) (2), (K) (2), or by regulation pursuant to Menard V. Mitchell, 430 F.2d 486, 139 U.S. App. D.C. 113 (1970), Nemetz V. Department of Treasury, 446 F. Supp. 103, I request specific citation to authority for such deletion.

If it should be determined that any material be deemed Confidential, due to identification of source, then permission is granted to the agency to delete source of identification Only from material for release Biton V. LaPrade, 534 F.2d 862 (3rd Cir. 1975), Chastain V. Kelly, 510 F.2d 1232

Pursuant to title (5 U.S.C. § 552 (a) (6) (i)), it is noted that your agency had (10) TEN working days following the receipt of this request to provide the information and material sought. Should any reasonable delay be occasioned, it is requested that your agency inform

-3-

Exhibit No. 2

me of this delay. as provided by agency regulations, and the date as to when your agency will be able to act upon the request. Also for your convenience any files under my name and/or related to me filed by FBI Agent Randall Fitzwater or any other FBI Agents.

I look forward to your anticipated cooperation to this matter.

Respectfully Submitted,

Jordan Martell Rice

Dated: Nov. 19, 2004

Jordan Martell Rice
D.O.B: _____
S.S.N.: _____

Certified Mail No.
7003 2360 0000 1351 1502

Exhibit No. 2

- 4 -

-93-

# Commonwealth Of Massachusetts

## Affidavit Of Indigency

Pursuant to General Laws Chapter 261, Section 27A-G, the applicant, Jordan M. Rice, swears (or affirm as follows)

Applicant is Indigent in that he is a person:

Whose income, after taxes is 125% or less of the the current poverty threshold annually established by the Community Services Administration, pursuant to section 625 of the Economic Opportunity Act, as Amended.

1* / _____ or, Applicant requests that the copying fees be waived."

Signed under the pains and penalties of perjury

*(signature)* Jordan Martell Rice

Dated Nov. 19, 2004

Jordan Martell Rice
P.O. Box 8000
Shirley, Ma. 01464

1* /

This is substantially the same poverty standard used by legal services programs funded by the Federal Legal Services Corporation 42 U.S.C. 44 2997E(2) (A) & (B). The citation to sec 625 (EOA) G.L.C. 261, sec 27A, Amended St. 1980, c. 539, sec., sec. 6c7, Pub 88-452, to sec 624 [42 U.S.C § 2971 (d).]

Cert. Fixed Mail No. 7003 2260 0000 1351 7502

-5-

Exhibit No. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORDAN M. RICE,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>   et al.,<br><br>    Defendants. | Civil Action No. 06-CV-10431 |

# Exhibit D

-9.5-

DEC-13-2006 06:36 CV-10431-RGL      Document 15-6      Filed 12/19/2006   Page 2 of 2 202 324 9409   P.21/25



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

*December 20, 2004*

Mr. Jordan M. Rice
\*\*W65429
177 Battles Farm Drive
Brockton, MA 02301

Dear Mr. Rice:

Your Freedom of Information-Privacy Acts (FOIPA) request is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: Jordan Martell Rice

Current Address: 177 Battles Farm Drive, Brockton, Ma. 02301

Date of Birth: June 26, 1973   Place of Birth: Stoughton, Massachusetts

Daytime Telephone Number: N/A

You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature: _____   Date: 2/15/05

To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You may fax your response directly to the RID Section at 202-324-3752.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JORDAN M. RICE,                        )
                                       )
        Plaintiff,                     )
                                       )
                v.                     )    Civil Action No. 06-CV-10431
                                       )
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
        et al.,                        )
                                       )
        Defendants.                    )
                                       )

# Exhibit E



U.S. Department of Justice

Office of Information and Privacy

_Telephone (202) 514-3642_                     _Washington, D C 20530_

**JAN 0 4 2005**

Mr Jordan M Rice
No W65429
177 Battles Farm Drive
Brockton, MA 02301

      Re  Request No 1009313-00

Dear Mr Rice·

      This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on December 27, 2004

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt  Your appeal has been assigned number 05-0699  Please mention this number in any future correspondence to this Office regarding this matter

      We will notify you of the decision on your appeal as soon as we can  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                    Sincerely,

                    Priscilla Jones
                    Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JORDAN M. RICE,                        )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )    Civil Action No. 06-CV-10431
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
        et al.,                        )
                                       )
        Defendants.                    )
                                       )

# Exhibit F

—99—



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

December 20, 2004

Mr. Jordan M. Rice
**W65429
177 Battles Farm Drive
Brockton, MA 02301

Dear Mr. Rice:

Your Freedom of Information-Privacy Acts (FOIPA) request is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: _Jordan Markell Rice_

Current Address: _177 Battles Farm Drive, Brockton, Ma. 02301_

Date of Birth: _June 26, 1973_  Place of Birth: _Stoughton, Massachetts_

Daytime Telephone Number: _N/A_

You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek._____

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature _____  Date _2/15/05_

To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You may fax your response directly to the RID Section at 202-324-3752.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division

— 100 —

TOTAL P.25