# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT
### No. 07-1429

**JORDAN M. RICE,**
Plaintiff,

-against-

**FEDERAL BUREAU OF INVESTIGATION**
Defendants, ET AL.

On Appeal From The United States District Court For
The District OF Massachusetts
The Honorable Reginald C. Lindsay, Presiding

---

## BRIEF OF THE PLAINTIFF

---

By: Jordan M. Rice, Pro Se
P.O. Box 100
South Walpole, Ma. 02071

# Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . i

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Subject Matter and Appellate Jurisdiction . . . . . . . . 1

Statement of Issues Presented for Review . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . 1

   A. Statement of Proceedings . . . . . . . . . . . . . . . . . . . . 1

   B. Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   Point I

      The District Court Should Not Have Granted Summary
      Judgment Based On Its Resolution Of
      Disputed Facts . . . . . . . . . . . . . . . . . . . . . . . . 6

   Point II

      The Plaintiff's Factual Allegations Raise a
      Material Issue . . . . . . . . . . . . . . . . . . . . . . . . 7

   Point III

      The Plaintiff is Being denied a Impartial
      Adjudication . . . . . . . . . . . . . . . . . . . . . . . . 10

Relief Requested . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Statutes and Rules

Rule 56(c), Fed.R.Civ.P. ............... 5

5 U.S.C. § 552 ET AL., The Freedom Of Investigation Act (FOIA) ... 6, 12

requested to the Freedom of Information Act and Privacy Acts which is in violation of the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

B. Statement of Facts

On October 15, 1996 plaintiff was indicted for Arson and Murder by a Plymouth County Grand Jury. Trial before a jury commenced on October 13, 1998 Judge Charles Hely presiding in Brockton (Massachusetts) Superior Court. The second day of plaintiff's trial (on October 14, 1998) Massachusetts State Police Trooper Patricia Beehan testified she seized a bloody palm print found on a coffee cup at the crime scene. Herself and Massachusetts State Police Lieutenant Kenneth Martin traveled to Johnson and Wales, Inn. where Defendant FBI Agent Randall Fitzwaters was conducting a seminar. During a examination of the said "print" in attempt to enhance the palm print with chemicals, he (Fitzwaters) allegedly destroyed the print via wipping it away (See Trial Transcript; A.54-56). Plaintiff had no pre-trial discovery to this destruction. Def. Fitzwaters was never called to testify at plaintiff's trial because such an examination is in violation of FBI protocol (See Submitting Latent Print Evidence, A.45-52).

On October 20, 1998 Plaintiff was convicted of First-Degree Murder and Arson. A mandatory life sentence was imposed that same day on the murder conviction and concurrent, 19-20 year sentence was imposed on the arson conviction. On October 4, 2002 plaintiff's Private Investigator (P.I.) Ronald Rice (no relation) spoke with Def. Fitzwaters whom denied any knowledge or involvement with the alleged destruction of the bloody palm print, although he declined to forward an affidavit to

-2-

this effect but stated he would file memo's with his supervisor making them aware of it matter (See Affidavit of Ronald Rice; A.17-19). On March 24, 2004 the Supreme Judicial Court affirmed Plaintiff's wrongful conviction where the court held P.I. Rice's affidavit as hearsay in light of Def. Fitzwaters no submitting an affidavit stating he didn't destroy the bloody palm print which left Trooper Beehan's perjuried Trial Testimony to stand as fact. See Com. V. Rice, 441 Mass. 291, 303-04 (2004).

On April 30, 2004 plaintiff wrote an letter with supporting exhibits via certified mail to Def. Robert S. Mueller, whom is the FBI, explaining Trooper Beehan's perjuried trial testimony surrounding Def. Fitzwaters along with requesting Federal Probe be conducted. (See Letter & Exhibits addressed to Robert S. Mueller, dated April 30, 2004; A.9-15). On October 5, 2004 plaintiff filed his first FOIA Request because Def. Mueller never responded to his correspondence (See FOIA Request, dated October 5, 2004; A.23-24). On November 19, 2004 plaintiff filed an second FOIA Request which was well-defined because he feared the first said request was to vague to be successful (See FOIA Request, dated November 19, 2004; A.26-30).

On December 1, 2004 Def. David M. Hardy wrote the plaintiff informing him no records were responsive after an automate indices of central records (See Letter from David M. Hardy, dated December 1, 2004; A.36). On December 17, 2004 plaintiff filed an Administrative Appeal (See Administrative Appeal, dated December 17, 2004; A.38-39). On January 4, 2004 Def. Priscilla Jones wrote plaintiff confirming receipt of his Administrative Appeal (See Letter from Priscilla Jones, dated January 4, 2004, A.41). On or about March 16, 2005 plaintiff's attorney, Charles K. Stephenson, phoned

-3-

the defendants whom never returned his call (See Letter From Charles K. Stephenson, dated March 16, 2005; A.43). After over a year of no response from the defendants despite repeated calls and correspondences on February 26, 2006 the plaintiff filed a Civil Complaint (See Plaintiff's Civil Complaint; A.2-61).

After the plaintiff filed his complaint, he wrote Def. Jones an letter along with a copy of his Civil Complaint trying to resolve the issue without lengthy and potentially damning litigation for the defendants on August 22, 2006 (See Letter To Priscilla Jones, dated August 22, 2006; A.124-129). On October 13, 2006 Def. Daniel J. Metcalfe wrote the plaintiff informing him his administration appeal was closed (See Letter from Daniel J. Metcalfe, dated October 13, 2006; A.131).

On December 19, 2006 the Defendants Attorney, Christopher Alberto, filed a Motion To Dismiss (See Defendants Motion To Dismiss; A.63-100). In their supporting declaration of David M. Hardy, attached to the Motion To Dismiss, omits that the search was limited to only an automated search of FBI Headquarters and failed to search additional sources for the requested documents (See Declaration of David M. Hardy, A.69-76). On December 30, 2006 Plaintiff filed his Opposition To Defendants Motion To Dismiss (See Plaintiff's Opposition To Defendants Motion To Dismiss; A.102-133). On January 12, 2007 the district court allowed the defendants Motion To Dismiss (See Judgment Of Dismissal, dated January 16, 2007; A.138).

-4-

## Summary Of Argument

The defendants own sworn Declaration raises a substantial doubt as to the adequacy of the search for records sought and would have supported a judgment for the plaintiff. Summary judgment was therefore improper on the record before the district court.

## ARGUMENT

## POINT I

## THE DISTRICT COURT SHOULD NOT HAVE GRANTED SUMMARY JUDGMENT

Summary Judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. Whether a party is entitled to summary judgment is a question of law over which this court exercises plenary review. Toby v. Estell/JWP, Inc., 985 F.2d 330, 332 (7th Cir. 1993); Erie Telecommunications, Inc. v. City of Erie, Pa., 853 F.2d 1084, 1093 (3d.

-5-

Cir. 1988). If a review of the record raises substantial doubt as to adequacy of agency's search for records sought pursuant to Freedom of Information Act (F.O.I.A), particularly in view well-defined requests and positive indication of overlooked materials, summary judgment for agency in requester's FOIA action is inappropriate. 5 U.S.C. § 552(a)(6)(A)(i),(C).

    A. The district court improperly resolved factual disputes in granting summary judgment

    Def. Hardy's declaration "raises substantial doubt as to adequacy of [the FBI's] search for record sought pursuant to Freedom of Information Act" because there are additional sources that should of be searched. 5 U.S.C. § 552(a)(6)(A)(i),(C). A summary judgment is properly only if, viewing the record in the light most

-6-

favorable to the non-moving party, the documents on file disclose no genuine issue of material fact and the moving party is entitled to judgment as a dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Phelan V. Thompson</u>, 889 F.Supp. 517 (1st. Cir, 1994).

B. The disputed factual issues are material where the defendant's failed to conduct an adequate search.

A "material" fact is one that "might affect the outcome of the suit under the governing law". <u>Anderson V. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The disputed facts alleged by the plaintiff are material because Def. Hardy's Declaration omits that only an automated search of FBI Headquarters and fail to search these additional sources".

-7-

(A) Search under the name of Private Investigator Ronald Rice whom personally spoke with Def. Fitzwaters;

(B) Search the Federal Archives and Records Center in Bayone, New Jersey;

(C) Search the FBI Criminal Laboratory;

(D) Search Def. Randall Fitzwaters Field Office;

(E) Search the Federal Record Center in Georgia;

(F) Search under the name of Massachusetts State Police Trooper Patricia Beehan;

(G) Personally contact Def. Fitzwaters, himself, and

(H) Personally contact Def. Fitzwaters Supervisor at the time he (Fitzwaters) had the conversation, denying the destruction of the bloody palm print, with P.I. Rice.

It is transparent that the defendants "cannot limit it's search to only one or more places if there are additional sources that are likely to turn up the information requested". Valencia-

-8-

<u>Lucena v. U.S. Coast Guard</u>, 180 F.3d 321, 326 (D.D.C. 1997). The defendants search is inadequate when it was evident from the agency's disclosed records that a search of another of it's records system might uncover the documents sought." <u>Valencia-Lucena</u>, 180 F.3d at 326. The automated search failed to produce the requested information and the defendants should of personally contacted Def. Fitzwaters personally because the courts has held "when all sources fail to provide leads to the missing record, agency personally should be contacted if there is a close nexus, as here, between the person and the particular record". <u>Valencia-Lucena</u>, F.3d at 328; See also, <u>Nation Magazine v. United States Customs Serv</u>, 71 F.3d 885, on remand, 937 F. Supp. 39, 43-44 (D.D.C. Cir. 1996). Noting, Correctly, that the adequacy of a search is separate from

-9-

the question of whether the requested [documentation] are found. <u>Nation Magazine</u>, 71 F.3d at 892 n.7.[1]

C. The defendants are denying the plaintiff an impartial adjudication.

Individuals making request under the Freedom of Information Act has a right to "an impartial adjudication". <u>5 U.S.C. § 552 (b)(7)</u>. The information requested is highly exculpatory because it will establish beyond a reasonable doubt that Massachusetts State Police Trooper ~~Edward~~ Patricia Beehan committed perjury under oath, at the plaintiff's state trial to withhold exculpatory evidence (Bloody Palm Print) which would prove beyond a reasonable

---

[1] Here the plaintiff cites caselaw from the District of Columbia Circuit because the defendants are located in Washington, D.C. with the exception of Def. Robert S. Mueller.

-10-

doubt plaintiff is **NOT GUILTY** of the Murder and Arson Convictions. Additionally a conviction based upon false testimony violates due process. Giglio V. United States, 405 U.S. 150 (1972) (Conviction based upon perjured testimony violates due process); Napue V. Illinois, 360 U.S. 264 (1959) (Same). See also, Brady V. Maryland, 373 U.S. 83, 88 (1963) (Government must turn over exculpatory evidence); Commonwealth V. Rice, 441 Mass. 291, 303-04 (2004)

Furthermore, plaintiff is being denied "an impartial adjudication" on his Federal Habeas Corpus Petition currently pending in the district court where three meritorious constitutional claims, which relief can be granted on, has been raised in regards to this bloody palm print, i.e., 1) Counsel

-11-

## RELIEF REQUESTED

For the foregoing reasons, the grant of summary judgment should be reversed and the case should be remanded to the district court with instructions ordering the defendants to answer Plaintiff's interrogatories and search the additional sources cited herein.

Respectfully Submitted,

Dated: May 31, 2007.

x /s/ Jordan M. Rice

Jordan M. Rice, Pro Se
P.O. Box 100
Walpole, Ma. 02071

## Certificate Of Service

I, Jordan M. Rice, hereby certify that the foregoing Brief and Addendum was sent via first class mail to Christopher Alberto, Defendant's Counsel

Dated: May 31, 2007

x /s/ Jordan M. Rice

Jordan M. Rice

-13-