United States District Court
District Of Massachusetts

FILED IN CLERK'S OFFICE
2007 JUL 12 A 11: 52
U.S. DISTRICT COURT
DISTRICT OF MASS

Jordan M. Rice,
  Petitioner,

v.

Bernard Brady,
  Respondent.

DKT. No. 04-10859-MLW

Notice To The Court Of Attorney Eugene P. McCann's Egregious Attorney Misconduct

Now comes Petitioner, Jordan M. Rice, to notify the court of Court Appointed Counsel, Eugene P. McCann's egregious attorney misconduct in the above referenced case. The Petitioner sued Attorney McCann for Legal Malpractice in United States District Court for his egregious attorney misconduct in the above referenced case (See Exhibit No. 1 - Civil Complaint).

Petitioner in his Civil Complaint, first alleged Attorney McCann refused to follow Chief District Court Judge Mark L. Wolf's order of pursuing the claims surrounding the Bloody Palm Print (See Exhibit No. 1 at paragraph no. 23). Attorney McCann in his answer omits this exculpatory fact (See Exhibit No. 2, at paragraph no. 23).

Second, Petitioner alleged that he Personally requested to Attorney McCann no less than 7 times to pursue the claims surrounding the bloody palm print that Chief Judge Wolf appointed him to raise (See Exhibit No. 1 at paragraph no. 26). Attorney McCann in his answer omits this fact too (See Exhibit No. 2 at paragraph no. 26).

Third, Petitioner alleged Attorney McCann found three unexhausted claims meritorious but he didn't exhaust them because in his own words he "doesn't care if [I] ever get out of prison" which is what he stated to the Petitioner's

Mother, Blenda Rice, and Petitioner during a December 31, 2005 telephone conversation (See Exhibit No. 1 at paragraph no. 41). Attorney McCann in his answer omits this very highly exculpatory fact too (See Exhibit No. 2 at paragraph no. 41).

Blenda Rice has entered a sworn affidavit to this conversation which is on the docket in the above referenced case and petitioner requests this court closely review it. Also the authenticity of Exhibit No(s). 1 and 2 can be verified by reviewing the docket of Rice v. McCann, DKT. No. 06-10502-NMG.

It is now no question the petitioner is being denied effected assistance of counsel in the above referenced case which warrants new counsel being appointed and Attorney McCann's own arrogant omissions establish petitioner's constitutional rights are and have been violated. See Strickland v. Washington, 466 U.S. 66, 686 (1984).

Furthermore, it should be noted on May 9, 2007 Petitioner spoke with counsel over the telephone for the first time in over 2 year. Counsel informed me that there hasn't been a decision in the above referenced case. Petitioner then attempted to inform Attorney McCann of the fact that Cellmark Lab Reports has two different DNA Profiles for petitioner which is medically impossible and the said Reports cites a second contributor's DNA present. These facts supports my meritorious unexhausted actual innocences claim among others. Counsel abruptly hang the phone up in the petitioner's face after stating a very rude and unprofessional comment to the petitioner.

Petitioner and his family has been in contact with University of California Professor William C. Thompson whom is a renown expert on DNA Evidence and he is supporting the petitioner's claim that the two DNA profile in the above referenced case is medically impossible, i.e., there truly isn't a match (See Exhibit No. 3). Petitioner in his Habeas Corpus Petition has raised