Exhibit No.

1

United States District Court
District Of Massachusetts

Jordan M. Rice
            Plaintiff
V.
Eugene P. McCann,
Manzi & McCann, et.al.,
            Defendants

DKT No 1:06-cv-10502-NMG

Jury Trial Demanded

## COMPLAINT

### Preliminary Statement

This is a Civil Rights Action filed by Jordan M. Rice, a State Prisoner, for damages and injunctive relief under 42 U.S.C. 1981, 1983, 1985 & 1988, alleging Legal Malpractice in violation of the 1st, 5th, 6th, 8th and 14th Amendments of the United States Constitution.

### Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional Right under 42 U.S.C. §§ 1331 (a) and 1343

### Parties

1. Plaintiff, Jordan M. Rice, has a mailing address of 177 Battles Farm Drive; Brockton, Ma. 02301.

2. Defendant, Eugene Patrick McCann, is being sued in his individual and official capacities. He has a business address of Manzi & McCann; 59 Jackson Street; Lawrence, Ma. 01840

### Facts

3. On March 17, 2005 Judge Mark L. Wolf appointed Defendant "Def" Eugene Patrick McCann to represent the Plaintiff on his Habeas Corpus Petition (Rice V. Brady, DKT. No. 04-10859-MLW). Judge Wolf ordered counsel be granted because Plaintiff's "petition asserted a number of constitutional claims, including ineffective assistance of Counsel and prosecutorial failure to disclose evidence, i.e., a bloody palm print. He (Wolf) further held "that the prosecution failed to disclose possibly exculpatory

evidence ... and is sufficiently complex to warrant professional legal assistance"
See Exhibit "A".

4. The ineffective assistance of counsel and prosecutorial failure to disclose evidence claims were properly preserved in State Court for federal review See Exhibit "B" at Pg. No. ③ 11-31.

5. Def. McCann has two Conflict of Interest, which are at the heart of his ~~Malpractice~~ Legal Malpractice Representation as set forth:

(a) Def. McCann is related to an Souza-Baranowski Correction Center (SBCC) Officer, i.e., Lieutenant McCann whom the Plaintiff has ~~filed~~ filed complaints against for abusing him and has filed a civil Lawsuit against in this court.

(b) Def. McCann is friends with the infamous Attorney Henry Owens whom is the subject of the meritorious ineffective assistance of counsel claim raised in the Plaintiff's Habeas Corpus Petition. See Exhibit "B".

## Def. McCann is related to Lt. McCann

6. Plaintiff has been mentally, physically and sexually tortured by Department of Corrections "DOC" officers along with all his constitutional right violated, which has led to him filing a Civil Action in this court and Lt. McCann is listed as one of the individuals whom engaged in the said violations.

7. Lt. McCann has participated in attempting to cover up the torturing of the Plaintiff and has attempted to coerce the plaintiff from exercising his freedom of speech rights about the abuse.

8. While being held in the SBCC Prison Hospital Quarantine Cell for 24 Hours a day, 7 days a week, Nurse Susan Gariepy attempted to murder the Plaintiff via placing blood in his food to infect him with an infectious disease, which was in reprisal of him reporting her family member, i.e., SBCC c/o Andrew Burns twice attempting to sexual assault him.

9. Plaintiff informed Lt. McCann ~~does stated do~~ of Nurse Gariepy acts and in turn Lt. McCann stated "Oh, you just dont get it", We are one

- 3 -

big family and we don't go against one another. Like my family member who is representing you in Federal Court isn't going to go against us and help you get out of jail because he is with us."

10. Lt. McCann was referring to Def. McCann.

11. These facts in regards to abuse and torture aren't hard to believe especially given the fact that Correctional Officer's has harassed and threaten D.O.C. Commissioner Kathleen M. Dennehy for discipling Correctional Officer's for there malfeasence behavior against prisoners. See Exhibit "C"

12. On Oct. 28, 2005 Def. McCann visited Plaintiff at Old Colony Correctional Center. At this time, Def. McCann attempted to coerce the Plaintiff into withdrawing all his grievance form against Correctional Officer's. Def. McCann stated to Plaintiff that he has family working for the D.O.C. and he stands with Officer's. If the Plaintiff didn't knock the shit off of filing grievance forms against officer's he wasn't going to do shit for him on his petition.

<u>Def. McCann is friend with Attorney Owens</u>

13. Plaintiff's trial counsel, i.e, Henry Owens was highly ineffective before and during his trial. See Exhibit "B"

14. Attorney Owens has been deemed "foolhardy" for his defense strategy at murder trials by the Massachusetts Court Of Appeals whom reversed the murder conviction on ineffective assistance of counsel grounds. See Exhibit "D".

15. The Board of Bar Overseer's banned Attorney Owens from practicing law for four years due to his malpractice representation of clients and the Supreme Judicial Court concurred with this decision. See Exhibit "E".

16. On Oct. 28, 2005 Def. McCann informed the Plaintiff that he wouldn't pursue claim against Attorney Owens because his pal Hank is upmost utmost professional whom has received a bum rap from the Boar of Bar Overseers and doesn't need anymore problems.

<u>Def. McCann's refusal to answer the conflict of interest charges</u>

17. On August 1, 2005 Plaintiff requested new counsel ...ing

meritorious claim of Denied Right to fair notice of criminal charges See Exhibit "B" at pg no. 28.

39. No less than 5 times in writing did the plaintiff clearly request Def. McCann to stay the Habeas Corpus Petition to exhaust the unfederalized issues in State Court. See Exhibit "T". But Def. McCann never put an effort into attaining the stay. See Exhibit "U."

40. Attorney Donald S. Bronstien of Committee For Public Counsel, whom is the Director of Criminal Appeals, was willing to appoint Def. McCann to exhaust unfederalized issues in the State court for Federal Review. Therefore, funds weren't a issue. See Exhibit "V."

41. It is also clear Def. McCann found these issues, which needed to be exhausted in State Court, meritorious but simply he (McCann) in his own words 'doesn't care if LIJ ever get out of prison. See Exhibit "S".

<u>The Denied Fair Notice Of Criminal Charges Issue is Meritorious</u>

42. Plaintiff will now demonstrate that the denied Fair Notice of Criminal Charges issue is highly meritorious, which cause of led to reversal of the Conviction. Furthermore, it is inconceivable for Def. McCann to forego this issue too.

43. From a casual reading of the trial transcript the Due Proc is Violation of Denied Fair Notice Of Criminal Charges leaps out from the record because in the midst of the second day of trial the prosecution amended the indictment with Felony murder Charge underlying factor of Rape and no indictment was ever sought for Felony murder or Rape. See Exhibit "W"

44. Plaintiff's state appellate counsel, i.e., Donald Harwood was ineffective on First Direct Appeal for not embellishing on his one sentence argument or not federalizing his one sentence argument. See Exhibit "B" at pg. no. 28

45. Plaintiff drafted a federalized argument for the Due Process Violation of Denied Fair Notice Of Criminal Charges. See Exhibit "X".

46. On Dec 31, 2005 Def. McCann over the telephone stated to the Plaintiff's mother that "he wouldn't raise the Due Process Violation Claim

because he (McCann) didn't like the Plaintiff and doesn't care if he ever get out of prison." See Exhibit "S"

## Def. McCann Failure To Interview Newly Discovered Eyewitness

47. A newly discovered eyewitness has emerged that saw a white male covered in blood leaving the crime scene area. This fact is highly exculpatory because the Plaintiff is a fairly dark skinned black male

48. Def. McCann refuses to rase this highly meritorious actual innocent claim because he doesn't care if Plaintiff ever gets out of prison. See Exhibit "S"

49. It is possible that the white male that the newly discovered eyewitness saw the murderside morning of the murder leaving the crime scene, not only committed the crime Plaintiff is wrongfully incarcerated for but has committed several other murders of women in the same manner, which would make him a serial killer of women. See Exhibit "Y".

## Egregious Attorney Misconduct By Def. McCann

50. On Dec. 31, 2005 Def. McCann threaten to stick the Plaintiff complaint with the Board of Bar Overseers up the plaintiff's back side, which was in reprisal of the Plaintiff filing his complaint for Def. McCann sabotaging his Habeas Corpus Petition and the Plaintiff's Mother was on the telephone when Def. McCann threaten Plaintiff with physical violence. See Exhibit "S"

## Actual Injury From Def. McCanns Legal Malpractice

51. Due to Def. McCann's actions Plaintiff was denied to have his ineffective assistance of Counsel and Prosecutor Misconduct of withholding exculpatory evidence properly presented before Judge Wolf, which is why Judge Wolf appointed Def. McCann.

52. Due to Def. McCann's actions meritorious issues are lost or lost for Federal Review

53. Due to Def. McCann's actions of raising weaker issues in his reply (See Exhibit "K" and "L") over stronger issues properly preserved for Federal Review (See Exhibit "B") denied Plaintiff fundamental fairness on his Habeas Corpus

54. Due to Def McCann's actions Plaintiff was denied fundamental fairness on State and Federal Appellate Processes.

55. Due to Def McCann's action Plaintiff was denied to present his actual innocences claim before the State and Federal Courts.

Claims For Relief

1. The Legal Malpractice Action of Def. McCann violated the Plaintiff's rights as guaranteed by the 1st, 5th, 6th, 8th and 14th amendments of the United States Constitution

2. The Legal Malpractice Actions of Def. McCann violated 42 U.S.C 1981, 1983, 1985 and 1988

Prayers For Relief

WHEREFORE, the Plaintiff respectfully requests the this Honorable Court:

1 Declare the Plaintiff's claims are indefeasible;

2 Declare Def. McCann must indemnify Plaintiff for his violative actions and behavior towards Plaintiff's legal rights;

3 Declare Def. McCann violated Plaintiff's legal rights under the United States Constitution;

4 Declare a declaratory judgment as is this action predicate further relief;

5 Declare that the adequacy of damage must be measure by the nature of the alleged [un] authorized deprivations, as well as further relief may be granted including an award for damages.

6. Grant damages to Plaintiff pursuant to 42 U.S.C 1981, 1983, 1985 and 1988 for the Legal Malpractice he suffered from Def. McCann's representation in the form of $20 Million dollars;

7. Grant Plaintiff Punitive damages in the form of 20 million Dollars;

8. Grant Plaintiff Emotional Distress damages in the form of 20 Million dollars;

9. Grant Plaintiff Compensatory damages in the form of 20 million dollars;

10. Grant Plaintiff Nominal Damages in the form of 20 million dollars;

11. Grant Plaintiff Pain and Suffering damages in the form of 20 million dollars;

12. Grant Plaintiff's Cost and attorney fee; and

13. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,

Jordan M. Rice, Pro S
177 Battles Farm Dr.
Brockton, Ma 0230

Dated: March 2, 2006

Exhibit No.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
JORDAN M. RICE,                          )
    Plaintiff                          )
                         )
V.                                       )     CASE No. 06CA10502-NMG
                         )
EUGENE P. McCANN,                        )
MANZI & McCANN, ET AL.                   )
    Defendants                         )
                         )

## DEFENDANT'S ANSWER AND JURY DEMAND

Now comes the Defendants, Eugene P. McCann and Manzi and McCann (collectively

referred to as "Atty. McCann"), in the above-entitled action, and for answer says:

## PRELIMINARY STATEMENT

Atty. McCann denies allegations contained in the unnumbered paragraph of the

Preliminary Statement and calls upon the Plaintiff to prove same.

## JURISDICTION

1.     Atty. McCann denies allegations contained in Paragraph 1 and calls upon the

Plaintiff to prove same.

## PARTIES

1 (sic). Atty. McCann lacks sufficient knowledge to either admit or deny the allegations

contained in second Paragraph 1 of the complaint.

2.     Atty. McCann admits the allegations in Paragraph 2.

1

## FACTS

3.    Atty. McCann neither admits nor denies the allegation contained in Paragraph 5 and calls upon Plaintiff to prove same. Atty. McCann further states that Judge Wolf's Order, dated March 17, 2006, in the case of Jordan M. Rice v. Timothy Hall, U.S. District Court, Civil Action No. 04-10859-MLW, speaks for itself.

4.    Paragraph 4 sets forth a legal argument for which no answer is required.

5.    Atty. McCann denies the allegations contained in Paragraph 5 and calls upon the Plaintiff to prove same.

6.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 6.

7.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 7.

8.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 8.

9.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 9.

10.    Atty. McCann denies the allegations contained in Paragraph 10 and calls upon the Plaintiff to prove same.

11.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 11.

12.    Atty. McCann admits that on or about October 28, 2005, he visited the Plaintiff at Old Colony Correctional Center. Atty. McCann denies the remaining allegations contained in Paragraph 12 and calls upon the Plaintiff to prove same.

13.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 13.

14.     Atty. McCann admits the allegations contained in Paragraph 14.

15.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 15.

16.     Atty. McCann denies the allegations contained in Paragraph 16 and calls upon the Plaintiff to prove same.

17.     Atty. McCann denies the allegations contained in Paragraph 17 and calls upon the Plaintiff to prove same.

18.     Atty. McCann denies the allegations contained in Paragraph 18 and calls upon the Plaintiff to prove same. Atty. McCann further answers that Exhibits G and H speak for themselves.

19.     Atty. McCann admits the allegations contained in Paragraph 19. However, Atty. McCann denies the false and libelous statements of the Plaintiff contained in Exhibit I.

20.     Atty. McCann denies the allegations contained in Paragraph 20 and calls upon the Plaintiff to prove same. Atty. McCann further answers that Exhibit J speaks for itself.

21.     Atty. McCann denies the allegations contained in Paragraph 21 and calls upon the Plaintiff to prove same.

22.     Atty. McCann neither admits nor denies the allegation contained in Paragraph 22 and calls upon Plaintiff to prove same. Atty. McCann further states that Judge Wolf's Order, dated March 17, 2006, in the case of Jordan M. Rice v. Timothy Hall, U.S. District Court, Civil Action No. 04-10859-MLW, speaks for itself.

23.     Atty. McCann admits the allegations in the first sentence of Paragraph 23.

3

However, Atty. McCann neither admits nor denies the remaining allegations contained in Paragraph 23. Atty. McCann further states that Judge Wolf's Order, dated March 17, 2006, in the case of Jordan M. Rice v. Timothy Hall, U.S. District Court, Civil Action No. 04-10859-MLW, and Exhibit H speak for themselves.

24.     Atty. McCann denies the allegations contained in Paragraph 24 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibits K and L speak for themselves.

25.     Atty. McCann denies the allegations contained in Paragraph 25 and calls upon the Plaintiff to prove same.

26.     Atty. McCann admits that the Plaintiff may have requested that he pursue issues which had previously been dismissed or deemed frivolous. However, Atty. McCann denies the remaining allegations contained in Paragraph 26 and calls upon the Plaintiff to prove same.

27.     Paragraph 27 contains no factual allegations for which answer is required. However, to the extent Paragraph 27 is deemed to contain such factual allegation, Atty. McCann denies them and calls upon the Plaintiff to prove same.

28.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 28.

29.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 29.

30.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 30.

31.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 31.

32.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations

contained in Paragraph 32.

33.     Atty. McCann neither admits nor denies the allegation contained in Paragraph 33 and calls upon the Plaintiff to prove same.

34.     Atty. McCann denies the allegations contained in Paragraph 34 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibit Q speaks for itself.

35.     Atty. McCann denies the allegations contained in Paragraph 35 which is based on false statements provided to P. I. Rice by the Plaintiff and calls upon the Plaintiff to prove same.

36.     Atty. McCann denies the allegations contained in Paragraph 36 and calls upon the Plaintiff to prove same.

37.     Atty. McCann neither admits nor admits the allegations contained in Paragraph 37 and calls upon the Plaintiff to prove same.

38.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 38.

39.     Atty. McCann denies the allegations contained in Paragraph 39 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibits T and U speak for themselves.

40.     Atty. McCann neither admits nor admits the allegations contained in Paragraph 40 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibit V speaks for itself.

41.     Atty. McCann admits the allegations contained in Paragraph 41. Atty. McCann further states that Exhibit S speaks for itself.

42.     Paragraph 42 contains no factual allegations for which answer is required. However, to the extent Paragraph 42 is deemed to contain such factual allegation, Atty. McCann denies them and calls upon the Plaintiff to prove same.

43.    Atty. McCann neither admits nor admits the allegations contained in Paragraph 43 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibit W speaks for itself.

44.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 44.

45.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 45.

46.    Atty. McCann denies the allegations contained in Paragraph 46 and calls upon the Plaintiff to prove same.

47    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 47.

48.    Atty. McCann denies the allegations contained in Paragraph 48 and calls upon the Plaintiff to prove same.

49.    Atty. McCann neither admits nor admits the allegations contained in Paragraph 49 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibit Y speaks for itself.

50.    Atty. McCann denies the allegations contained in Paragraph 50 and calls upon the Plaintiff to prove same.

51.    Atty. McCann denies the allegations contained in Paragraph 51 and calls upon the Plaintiff to prove same.

52.    Atty. McCann denies the allegations contained in Paragraph 52 and calls upon the Plaintiff to prove same.

53.    Atty. McCann denies the allegations contained in Paragraph 53 and calls upon the

6

Plaintiff to prove same.

54.    Atty. McCann denies the allegations contained in Paragraph 54 and calls upon the

Plaintiff to prove same.

55.    Atty. McCann denies the allegations contained in Paragraph 55 and calls upon the

Plaintiff to prove same.

WHEREFORE, Atty. McCann demands:

1.    The dismissal of all Counts of the Complaint;

2.    An award of attorney's fees for the defense of same; and

3.    Such other relief as this Court deems appropriate and just.


## JURY DEMAND

Defendant, Atty. McCann, Demands Trial By Jury on All Issues.


## AFFIRMATIVE DEFENSES

1.    The Plaintiff has failed to state a claim against Atty. McCann upon which relief

can be granted.

2.    This Court lacks subject matter jurisdiction over the Plaintiff's claims.

3.    The Plaintiff's Complaint is barred by the doctrines of collateral estoppel, res

judicata and claim and issue preclusion.

4.    The alleged cause of the Plaintiff's injuries is one for which Atty. McCann is not

legally liable.

5.    The act of acts or omission of act or acts alleged in the Plaintiff's Complaint to be

negligent or wrongful were committed, if at all, by a person for whose conduct Atty. McCann

7

was not legally responsible.

6.      Atty. McCann states that he has not violated a well-established constitutional right of the Plaintiff.

7.      Atty. McCann states that the Plaintiff has failed to state causes of action which rise to the level of constitutional violations.

8.      Atty. McCann states that if Plaintiff sustained damages as alleged in his Complaint, they were caused by the acts of a third person or persons, which acts Atty. McCann had no reason to anticipate and of which person or persons Atty. McCann had no knowledge, and over whom they had no control.

9.      Atty. McCann states his alleged acts or omissions were not the cause, proximate or otherwise, of the alleged injury or damage.

                              Respectfully submitted for,
                              Eugene P. McCann and Manzi & McCann,
                              Pro Se,

                              /s/ Eugene Patrick McCann

                              _____
                              Eugene Patrick McCann, BBO #327400
                              Charles Scott Nierman, BBO #543994
                              Manzi and McCann
                              59 Jackson Street
                              Lawrence, Massachusetts 01840
                              Tel.  (978) 686-5664

DATED: April 25, 2007

## CERTIFICATE OF SERVICE

I, Eugene Patrick McCann, certify under the pains and p7enalties of perjury, that I have on this 27th day of April, 2007, served a copy of the foregoing upon the Plaintiff by causing it to be delivered by electronic filing and by first class mail, postage prepaid.

                              /s/ Eugene Patrick McCann

                              _____
                              Eugene Patrick McCann

8

Exhibit No.

3

UNIVERSITY OF CALIFORNIA, IRVINE

BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO     SANTA BARBARA • S? IA CRUZ



William C. Thompson, J.D., Ph.D.
Professor and Chair
Department of Criminology, Law and Society

School of Social Ecology
Irvine, CA  92697-7080
(949) 824-5575
(949) 824-3001 Fax

June 7, 2007

Mr. Jordan Rice
C/O Blenda Rice
177 Battles Farm Drive
Brockham, Mass.  02301

Dear Mr. Rice,

I received your letter asking for help on your case. Although I cannot be your lawyer and cannot represent you in court, I am interested in your statement that "Cellmark has two different DNA profiles matching me in two different lab reports which I know is medically impossible."

I am very interested in seeing the two Cellmark reports that have different profiles matching you. If, as you say, the two profiles are different, then it probably means that an error has occurred in the DNA testing in your case.

If the two DNA profiles that "match" you are different, I will be willing to help you investigate the scientific issues on a pro bono basis—that is, without fee. Please understand that I am offering to help you look into an error in DNA testing (if the evidence suggests that there was an error). I am not offering to be your lawyer. I may be able to help you find a lawyer, however, if it appears that a DNA testing error has occurred in your case.

If you can send me copies of the two Cellmark reports, I will review then immediately and let you know whether I can help you further.

Sincerely,

William C. Thompson