United States District Court
District of Massachusetts

FILED
IN CLERKS OFFICE
AUG 28 PM 5:01
U.S. DISTRICT COURT
DISTRICT OF MASS.

Jordan M. Rice,
  Petitioner

v.

Bernard Brady,
  Respondent

DKT. No. 04-10859-MLW

Notice To The Court Of Prison Officials Federal Crimes In Regards To Petitioner's Mail

Now comes the Petitioner, Jordan M. Rice to notice this court of Prison Officials transparent federal crimes in regards to the mishandling of Petitioner's mail intentionally which has caused him actual injury in the United States Court Of Appeals For The First Circuit (See Exhibit "A"). Petitioner brings this to the Courts attention because if Judge Wolf's Magistrate or Judge Wolf has rendered any type of decision on petitioner's numerous motions or the petition itself, he has absolutely No knowledge of it due to the said federal crimes by Prison Officials and Petitioner has demonstrated through his filing that court appoint counsel, Eugene P. McCann is willfully being ineffective assistance of counsel that. He (McCann) has admitted in his omissions. There is a grave breakdown in our Attorney-Client Relationship. In fact the last rendered decision Petitioner is aware of was issued last summer by this court in the above reference case.

Therefore, these federal crimes of censoring the petitioner's mail by Prison Officials has denied the Petitioner his guaranteed Constitutional Rights Of access to the courts. See Bounds V. Smith, 430 U.S. 817, 205 (Prisoner's have a fundamental constitutional right of access to the Courts). See also, Lewis V. Casey, 518 U.S. 343 (1996) (Prisoner's must demonstrate "actual injury" to support an Bounds violation). The Petitioner

- 2 -

met this burden and the facts of Prison Officials are committing the federal crimes; i.e., censoring his mail but the sad part is No One Cares because they have put prison Officials above the law!

The petitioner has exercised extreme due diligence in the above referenced case and any and all possible procedural default isn't on the behalf of the Petitioner which should be excused! Especially in light of the U.S. Supreme Courts decision in Bowles V. Russell, No. 06-5306 (U.S. 06/14/07) (A federal appeals court had no jurisdiction to hear an appeal from the denial of a habeas corpus petition because the notice of appeal was filed two days late).

Signed under the pains and penalties of perjury this 15th day of August, 2007 A.D.

Dated: Aug. 15, 2007

Jordan M. Rice
P.O. Box 100
Walpole, Ma. 02071