# United States District Court
## District of Massachusetts

FILED IN CLERK'S OFFICE
2007 SEP -7 A 9 54
U.S. DISTRICT COURT
DISTRICT OF MASS.

Jordan M. Rice,
    Petitioner,

V.

Bernard Brady,
    Respondent.

DKT. No. 04-10859-MLW

Notice To The Court Of Attorney Eugene P. McCann's Perjury.

Now comes Petitioner Jordan M. Rice to notify the Court Of Court Appointed Counsel, Eugene P. McCann's reckless perjury which was to mask his egregious attorney misconduct of sabotaging the above referenced case. The Petitioner filed a Motion To Appoint New Counsel on three grounds which McCann opposed this request with his own Opposition and Affidavit where he ~~alleged~~ pointed out that "he allegedly met in person with me when necessary and had provided me with all documents filed with the Court" (See Docket No. 43). On September 30, 2005 Judge Mark L. Wolf denied Petitioner's request for new appointment of counsel because due to McCann's perjury the court held in part McCann had been "energetic and effective" in representing Petitioner (See Docket No. 56).

    Indeed McCann met in person with the Petitioner for the only time on October 28, 2005 which was approximately 29 days after the Courts denial of Petitioner's request for new appointment of counsel. This is a undisputed fact because McCann admits this under oath where he answered Interrogatories for the Legal Malpractice Lawsuit that Petitioner filed against McCann for his sabotaging the above referenced case (See Exhibit No. 1 at page no. 5).

    The only thing McCann has been energetic and effective in representing ~~he~~ is covering up his sabotaging the above referenced case which isn't an overstatement because Petitioner

has placed before this Court McCann's following omissions of: 1) he (McCann) refused to follow Judge Wolf's order of pursuing the claims surrounding the Bloody Palm Print; 2) Petitioner no less than 7 times requested in writing McCann pursue the Bloody Palm Print Claims and; 3) he found three unexhausted claims meritorious but refused to exhaust them in State Court because in McCann's own words, he "doesn't care if [I] ever get out of prison" as told to Petitioner and his Mother, Blenda A. Rice by McCann. (See Exhibit No. 2)

The root of his perjury may be due to his lack of interest of justice feeling about Petitioner exonerating his name in his state wrongful convictions which an unexhausted Highly Meritorious Actual Innocence Claim that needs to be put before the State Court. This actual innocent claim includes demonstrating there wasn't a DNA Match in the case at bar as falsely testified to at the State Trial which isn't hard to believe given the recent heavy criticism for botching DNA Samples. This DNA Match was the cornerstone of the Commonwealth's case but now it's proving to be a stumbling block. Furthermore this would explain why the Bloody Palm Print was withheld from the petitioner, i.e., it will exonerate him beyond a reasonable doubt. Withholder of exculpatory evidence is a constitutional violation that warrants granting the petition in the above referenced case.

McCann's breach of his duties as an Officer of the Court in the case at bar are rooted as followed: 1) he (McCann) is friends with Attorney Henry Owens whom is the subject of the meritorious ineffective assistance of trial counsel claims. Please note, Attorney Owens was suspended from practicing law for his own grave egregious attorney misconduct; 2) he (McCann) is related to a Correctional Officer whom Petitioner has filed institutional prison complaints and a Civil Complaint (in this District Court) against for abuse of him and; 3) McCann has stated he shares some type of relationship with State Police Chemist Patricia Beshan whom withheld the Bloody Palm Print that could exonerate the petitioner. This all explains why McCann stated "doesn't care if [I] ever get out of prison".

-3-

Please take judicial notice, Petitioner isn't aware of any decision in this matter which I am notifying the Court of because Prison Officials are committing the federal crime of censoring my incoming and outgoing Legal/Personal Mail (See Exhibit No. 3). Petitioner fears that if a decision has/is rendered he won't receive it due to the mail censoring and grave break down in communications. If my petition is denied I won't have a timely notice of it to file a notice of appeal which will result in Petitioner filing a late notice of appeal and pursuant to the most recent Supreme Court held that a federal appeals courts had no jurisdiction to hear an appeal from the denial of a habeas corpus petition because the notice of appeal was filed late. See, Bowles V. Russell, No. 06-5306 (U.S. 6/14/07). It is transparents that on appeal Petitioner can't depend on McCann to "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, for from being evidence of incompetence, is the hallmark of effective appellate advocacy" Smith V. Murray, 477 U.S. 527, 536 (1986), because McCann admits to stating he "doesn't care if [I] ever get out of prison" (See Exhibit No. 2 at paragraph no. 4).

WHEREFORE, new counsel should be immediately appointed in the interest of justice.

Respectfully Submitted,

Dated: Aug 22, 2007 A.D.

Jordan M. Rice
P.O. Box 100
Walpole, Ma. 02071

Certified Mail No.
7006 0100 0003 9497 6068