

Exhibit No.

1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JORDAN M. RICE, <br> Plaintiff | ) <br> ) <br> ) <br> ) |
| V. | )     CASE No. 06CV10502-NMG <br> ) |
| EUGENE P. McCANN, <br> MANZI & McCANN, ET AL. <br> Defendants | ) <br> ) <br> ) <br> ) |

## DEFENDANT EUGENE PATRICK McCANN'S ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

1.    The defendant, Eugene P. McCann ("Attorney McCann") objects to each Interrogatory and Requests for Production to the extent it seeks information protected by the attorney-client privilege, by the attorney work-product doctrine, or by another applicable protection or privilege. When answering an Interrogatory or responding to a Requests for Production, Attorney McCann will not provide information which it reasonably believes is protected by any privilege, including the attorney-client privilege or work-product privilege.

2.    The absence or existence of a specific objection does not waive any of Attorney McCann' General Objections, and each answer, without further reference, is made subject to and incorporates these General Objections.

3.    To the extent information is later developed which would be required to be provided under Rule 33, Rule 24 or otherwise, Attorney McCann reserves its right to raise objections not raised herein, where applicable, to such supplemental answers to Interrogatories and Requests for Production.

4.      Attorney McCann objects to these Interrogatories and Requests for Production to the extent they are not limited in time or over-broad in time on the ground that such Interrogatories are unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence. Unless otherwise specifically set forth, Attorney McCann provides answers from the period January 1, 2005 to the present only in response to these Interrogatories and Requests for Production.

5.      Attorney McCann objects to each of the requests for production to the extent that they are unreasonably cumulative or duplicative, overbroad or unduly burdensome and thus prohibited by Fed. R. Civ. P. 26. In particular, Attorney McCann objects, without limitation, to requests that demand "any," "all" or "any and all" copies of a document or documents inasmuch as such requests are overbroad and compliance with such requests is unduly burdensome, if not impossible.

6.      Attorney McCann objects to the phrases "relates to," "concerning" and "having in any way to do with" as those phrases are unduly vague and subject to multiple interpretations. When answering Interrogatories or responding to the Requests for Production using these or similar phrases, Attorney McCann will respond as if the terms constituting, evidencing or referring to were used.

7.      Attorney McCann objects to answering Interrogatories or responding to Requests for Production for which he has no basis of knowledge, and/or for which he is not qualified to answer and will only answer Interrogatories and respond to Requests for Production for which he has knowledge and is qualified to answer.

8.    Attorney McCann's answers in response to any Interrogatory does not constitute: (a) an admission that information actually does exist which is fully responsive to Mr. Rice's Interrogatories or (b) an admission that Attorney McCann accepts any characterization of any events described in the Interrogatories, any such characterization being specifically denied. Likewise,    Attorney McCann's agreement to provide documents in response to any Request does not constitute: (a) an admission that documents actually do exists responsive to Mr. Rice's Requests; or (b) an admission that Attorney McCann accepts any characterization of any events described in the Requests, any such characterization being specifically denied.

9.    Attorney McCann objects to these Interrogatories and Requests for Production on the grounds they are untimely and Mr. Rice has failed to conform to Fed. R. Civ. P. 26.

Notwithstanding this objection, but without waiving the same, Attorney McCann shall answer the following interrogatories and respond to the following requests for production, to the best of his abilities.

## INTERROGATORIES AND ANSWERS

1.    State whether if your reviewed District Court Mark L. Wolf's decision (dated March 17, 2005) appointing you to represent the plaintiff on his Habeas Corpus Petition.

ANSWER:    Yes.

2.    State whether if you have a duty as an officer of the Court to follow Chief Judge Wolf's order to pursue claims he appointed you to represent the plaintiff. If those procedures are set forth in any policy, direction, or other documents, produce the documents.

-3-

ANSWER:    Attorney McCann objects to to the tone and innuendo contained in this interrogatory. Subject to this objection and the General Objections, Attorney McCann states that he always attempts to comply fully with any orders of any court to the best of his abilities.

3.    State whether if you are related to anyone who is or did work for the Department of Corrections.

ANSWER:    No.

4.    State whether if this relative worked at Souza-Baranowski Correctional Center and the relative's full name.

ANSWER:    Not applicable.

5.    State whether if the plaintiff filed institutional complaints against your relative.

ANSWER:    Not applicable.

6.    State whether if you held any anger, bias or animosity against the plaintiff for filing the complaint against your relative.

ANSWER:    Not applicable.

7.    State whether if or October 28, 2005 was the first time you met with the plaintiff in person during a prison visitt.

ANSWER:    To the best of my recollection, yes.

-4-

8.      State whether if on October 28, 2005 this visit took place at Old Colony

Correctional Center (OCCC).

ANSWER:      To the best of my recollection, yes.


9.      State whether if this October 28, 2005 visit was the only time you met with the

plaintiff.

ANSWER:      To the best of my recollection, this is the only time I met with Mr. Rice in

person.


10.     State whether if you knew any prison officials at OCCC on October 28, 2005.

ANSWER:      To the best of my knowledge and recollection, no.


11.     State whether if you had any conversation with OCCC prison officials in regards

of plaintiff and described said conversation in painstaking detail.

ANSWER:      To the best of my knowledge and recollection, no.


12.     State whether if you every instructed the plaintiff to withdraw all his grievance

forms against correction officers during the visit at OCCC on October 28, 2005.

ANSWER:      To the best of my recollection, I advised Mr. Rice that the grievances may

not have been helpful to his situation at that time.

-5-

13.    State whether if you share any type of friendship with Attorney Henry Owens.

ANSWER:    I am acquainted with Attorney Henry Owens as another criminal defense attorney. However, I have no friendship with him, nor do I socialize with him.


14.    State whether if you believe Attorney Henry Owens received an unfair or unwarrant disciplinary action form the Board of Bar Overseers.

ANSWER:    I lack sufficient knowledge of the underlying circumstances of that disciplinary action to render an opinion on whether or not it was warranted.


15.    State whether if you believed the plaintiff has meritorious claims of ineffective assistance of counsel against Henry Owens.

ANSWER:    I believe that I raised all of the meritorious claims available to Mr. Rice in the United State District Court in my representation of him in his petition for habeas corpus.


16.    State whether if you were employed with Henry Owens at a Law Firm in any manner.

ANSWER:    No.


17.    State whether if you or any of your family members were represented by Henry Owens or his firm.

ANSWER:    To the best of my knowledge and recollection, no.

-6-

18.    State whether you or your Law Firm every represented Henry Owens or his family members.

ANSWER:    To the best of my knowledge and recollection, no.


19.    State whether if you were ever involved in any type of business ventures with Henry Owens or his Law Firm.

ANSWER:    No.


20.    State whether in painstaking details the reasons if you believed the plaintiff ineffective assistance counsel claims against Henry Owens were non-meritorious.

ANSWER:    Attorney McCann objects to the word "painstaking" as it is overbroad and subject to multiple interpretations. Subject to this objection and the General Objections, I believe that I raised all of the meritorious claims available to Mr. Rice in the United State District Court in my representation of him in his petition for habeas corpus.


21.    State what unexhausted claim he found meritorious as you written in your letter addressed Dorothy Anderson of the Office of the Bar Counsel dated January 25, 2006.

ANSWER:    Any such letter would speak for itself.

22.    State whether if it was your duty as an officer of the court to exhaust the meritorious unexhausted claims before the state court prior to the one year anti-terrorist statue expired. If those procedures are set forth in any policy, directive, or other documents, produce the documents.

ANSWER:    Objection. My representation of Mr. Rice was limited to his petition for habeas corpus filed in the United States District Court of Massachusetts. I was not appointed to represent him in the Massachusetts state courts.

23.    State whether if and who you contacted at the Committee For Public Counsel Services informing them about the unexhausted meritorious claims

ANSWER:    Yes, I did contact the Committee For Public Counsel Services on Mr. Rice's behalf. I do not remember the person I spoke with or the content of my conversation with that person.

24.    State whether if you addressed all the issues opposed in the Respondent's Motion to Dismiss the plaintiff's Habeas Corpus Petition.

ANSWER:    I addressed all of the available and meritorious issues.

25.    State whether if you are related to Patricia Beehan whom is a Massachusetts State Police Chemist via blood or marriage.

ANSWER:    To the best of my knowledge, no.

-8-

26.    State whether if you know Patricia Beehan on a personal level.

ANSWER:    No.


27.    State whether if you every represented Patricia Beehan.

ANSWER:    No.


28.    State whether if you believed Patricia Beehan committed perjury at plaintiff's state criminal trial to withhold a bloody prints.

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.


29.    State whether if you have any relatives employed or was employed by the Massachusetts State Police.

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.


30.    State whether if you or your Law Firm represented the Massachusetts State Police in any manner.

-9-

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this

interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior

interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice

has not received leave of court or a written stipulation to do so.

31.    State whether if you believe the plaintiff raped the victim he is convicted or

murdering.

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this

interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior

interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice

has not received leave of court or a written stipulation to do so.

32.    State whether if you believe the Plaintiff is guilty of his convictions.

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this

interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior

interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice

has not received leave of court or a written stipulation to do so.

33.    State whether if you are related to Diane Harrigan via blood or marriage.

-10-

ANSWER:     Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

34.     State whether if you or your Law Firm every represented Diane Harrigan or one of her family members.

ANSWER:     Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

35.     State whether if anyone at your Law Firm is related to Diane Harrigan via blood or marriage.

ANSWER:     Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

36.     State whether if anyone at your Law Firm is related to Henry Owens via blood or marriage.

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

37.    State whether if anyone at your Law Firm is related to Patricia Beehan via blood or marriage.

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

38.    State whether if you or your Law Firm every represented Massachusetts Correctional Officer's or Massachusetts Correctional Officer's Union in any manner.

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

39.    State whether if you believed the plaintiff's claim of denied Fair Notice of Criminal Charges to be meritorious.

-12-

ANSWER:     Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

40.     State whether if you spoke with the plaintiff and his mother, Blenda Ricer over the telephone December 31, 2005.

ANSWER:     Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

41.     State whether if you every spoke with Private Investigator Ronald Rice in regards to his investigation of the plaintiff's criminal conviction. If this conversation is set forth in any job description or other documents, produce any and all documents.

ANSWER:     Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so. As to the requests for production, Attorney McCann previously has forwarded copies of such documents to Mr. Rice or his successor counsel.

-13-

42.     State whether if you every spoke with Attorney Donald Herwood in regards to the claims (he raised on the plaintiff's direct appeal) and investigation of the plaintiff' criminal conviction. If this conversation is set forth in any job description or other documents, produce any and all documents.

ANSWER:     Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so. As to the requests for production, Attorney McCann previously has forwarded copies of such documents to Mr. Rice or his successor counsel.

43.     State whether if you reviewed and research any and any all the letters the plaintiff wrote you in regards to legal claims, exhausted and unexhausted. If those duties are set forth in any job description, policy, directive or other documents, produce any and all documents.

ANSWER:     Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so. As to the requests for production, Attorney McCann previously has forwarded copies of such documents to Mr. Rice or his successor counsel.

44. State whether if you litigated Federal Habeas Corpus Petition prior to be appointed to represented the plaintiff.

ANSWER: Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

45. State the number of Federal Habeas Corpus Petitions you litigated personally.

ANSWER: Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

46. Produce any and all case title and citations of every Federal Habeas Corpus Petition you personally litigated.

ANSWER: Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

-15-

47.    State whether if you have any specialized training in litigating Federal Habeas Corpus Petitions. If this training is set forth in any documents, produce any and all documents.

ANSWER:    Pursuant to Fed. R. Civ. P. 33(a) Attorney McCann objects to this interrogatory and all subsequent interrogatories served by Mr. Rice on the grounds the prior interrogatories constitute more than 25 in number including all discrete subparts and Mr. Rice has not received leave of court or a written stipulation to do so.

**ATTORNEY McCANN RESERVES HIS RIGHT TO AMEND AND/OR SUPPLEMENT THESE INTERROGATIOES AND RESPONSES PRIOR TO TRIAL.**

Signed under the pains and penalties of perjury this 30ᵗʰ day of July, 2007.

Eugene Patrick McCann, BBO #327400
Manzi and McCann
59 Jackson Street
Lawrence, Massachusetts 01840
Tel.  (978) 686-5664

Signed as to objections only:

Eugene Patrick McCann, BBO #327400
Manzi and McCann
59 Jackson Street
Lawrence, Massachusetts 01840
Tel.  (978) 686-5664

-16-

## CERTIFICATE OF SERVICE

I, Eugene Patrick McCann, certify under the pains and p7enalties of perjury, that I have on this 30th day of July, 2007, served a copy of the foregoing upon the Plaintiff by mailing same, first class mail, postage prepaid to:

Jordan M. Rice, Inmate #W65429
MCI Cedar Junction
P.O. Box 100
Walpole, Massachusetts 02071

Eugene Patrick McCann

-17-





United States District Court
District Of Massachusetts

Jordan M. Rice,                )     DKT. No. _____
        Petitioner,            )
                               )
v.                             )     Notice To The Court Of
                               )
Bernard Brady,                 )     Attorney Eugene P. McCann's
        Respondent,            )     Egregious Attorney Misconduct

Now comes Petitioner, Jordan M. Rice, to notify the court of Court Appointed Counsel, Eugene P. McCann's egregious attorney misconduct in the above referenced case. The Petitioner sued Attorney McCann for Legal Malpractice in United States District Court for his egregious attorney misconduct in the above referenced case (See Exhibit No. 1 - Civil Complaint).

Petitioner in his Civil Complaint, first alleged Attorney McCann refused to follow Chief District Court Judge Mark L. Wolf's order of pursuing the claims surrounding the Bloody Palm Print (See Exhibit No. 1 at paragraph no. 23). Attorney McCann in his answer omits this exculpatory fact (See Exhibit No. 2, at paragraph no. 23).

Second, Petitioner alleged that he Personally requested to Attorney McCann no less than 7 times to pursue the claims surrounding the bloody palm print that Chief Judge Wolf appointed him to raise (See Exhibit No. 1 at paragraph no. 26). Attorney McCann in his answer omits this fact too (See Exhibit No. 2 at paragraph no. 26).

Third, Petitioner alleged Attorney McCann found three unexhausted claims meritorious but he didn't exhaust them because in his own words he "dosin't care if [I] ever get out of prison" which is what he stated to the Petitioner's

-2-

Mother, Blenda Rice, and Petitioner during a December 31, 2005 telephone conversation (See Exhibit No. 1 at paragraph no. 41). Attorney McCann in his answer omits this very highly exculpatory fact too (See Exhibit No. 2 at paragraph no. 41).

Blenda Rice has entered a sworn affidavit to this conversation which is on the docket in the above referenced case and petitioner requests this court closely review it. Also the authenticity of Exhibit No(s). 1 and 2 can be verified by reviewing the docket of Rice V. McCann, DKT No. 06-10502-NMG.

It is now no question the petitioner is being denied effected assistance of counsel in the above referenced case which warrants new counsel being appointed and Attorney McCann's own arrogant omissions establish's petitioners constitutional rights are and have been violated. See Strickland V. Washington, 466 U.S. 668, 686 (1984).

Furthermore, it should be noted on May 9, 2007 Petitioner spoke with counsel over the telephone for the first time in over 2 year. Counsel informed me that there hasn't been a decision in the above referenced case. Petitioner then attempted to inform Attorney McCann of the fact that Cellmark Lab Reports has two different DNA Profiles for petitioner which is medically impossible and the said Reports cites a second contributor's DNA present. These facts supports my meritorious unexhausted actual innocences claim among others. Counsel abruptly hang the phone up in the petitioner's face after stating a very rude and unprofessional comment to the petitioner.

Petitioner and his family has been in contact with University of California Professor William C. Thompson whom is a renown expert on DNA Evidence and he is supporting the petitioner's claim that the two DNA profiles in the above referenced case is medically impossible, i.e., there truly isn't a match (See Exhibit No. 3). Petitioner in his Habeas Corpus Petition has raised

- 3 -

ineffective assistance of trial counsel on numerous grounds and one of these grounds is "Counsel's failure to move for preservation, analysis and the production of exculpatory forensic evidence" which is now constitutionally ripe for relief on the petitioner's behalf.

In the interest of justice Petitioner needs new counsel appointed which is set forth in Attorney McCann's own exculpatory omissions! Please note, petitioner is unaware of any decision in this case.

Respectfully Submitted,

Dated: June 18, 2007

Jordan M. Rice
P.O. Box 100
Walpole, Ma. 02071

Certified Mail No.
7006 3450 0002 9160 1600



Exhibit No

1

United States District Court
District Of Massachusetts

Jordan M. Rice
    Plaintiff

V.
Eugene P. McCann,
Manzi & McCann, et.al.,
    Defendants

DKT. No. 1:06-cv-10502-NMG

Jury Trial Demanded

# COMPLAINT

## Preliminary Statement

This is a Civil Rights Action filed by Jordan M. Rice, a State Prisoner, for damages and injunctive relief under 42 U.S.C. 1981, 1983, 1985 & 1988, allegeing Legal Malpractice in violation of the 1st, 5th, 6th, 8th and 14th Amendments of the United States Constitution.

## Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional Right under 42 U.S.C. §§ 1331 (a) and 1343

## Parties

1. Plaintiff, Jordan M. Rice, has a mailing address of 177 Battles Farm Drive, Brockton, Ma. 02301.

2. Defendant, Eugene Patrick McCann, is being sued in his individual and official capacities. He has a business address of Manzi & McCann; 59 Jackson Street; Lawrence, Ma. 01840

## Facts

3. On March 17, 2005 Judge Mark L. Wolf appointed Defendant "Def" Eugene Patrick McCann to represent the Plaintiff on his Habeas Corpus Petition (Rice V. Brady, DKT. No. 04-10859-MLW). Judge Wolf ordered counsel be granted because Plaintiff's "petition asserted a number of constitutional claims, including ineffective assistance of counsel and prosecutorial failure to disclose evidence, i.e., a bloody palm print. He (Wolf) further held "that the prosecution failed to disclose possibly exculpatory

evidence . . . and is sufficiently complex to warrant professional legal assistance"
See Exhibit "A".

4. The ineffective assistance of counsel and prosecutorial failure to
disclose evidence claims were properly preserved in State Court for federal review.
See Exhibit "B" at Pg. No. (s). 11-31.

5. Def. McCann has two Conflict of Interest, which are at
the heart of his ~~Malpractice~~ Legal Malpractice Representation as set forth:

(a) Def. McCann is related to an Souza-Baranowski Correctional
Center (SBCC) Officer, i.e., Lieutenant McCann whom the
Plaintiff has ~~filed~~ filed complaints against for abusing him
and has filed a civil Lawsuit against in this court.

(b) Def. McCann is friends with the infamous Attorney
Henry Owens whom is the subject of the meritorious
ineffective assistance of counsel claim raised in the
Plaintiff's Habeas Corpus Petition. See Exhibit "B".

~~Def. McCann is related to Lt. McCann~~

6. Plaintiff has been mentally, physically and sexually tortured by
Department of Corrections "DOC" officers along with all his constitutional rights
violated, which has led to him filing a Civil Action in this court and Lt. McCann
is listed as one of the individuals whom engaged in the said violations

7. Lt. McCann has participated in attempting to cover up the
torturing of the Plaintiff and has attempted to coerce the plaintiff from
exercising his freedom of speech rights about the abuse.

8. While being held in the SBCC Prison Hospital Quarantine Cell for
24 Hours a day - 7 days a week, Nurse Susan Gariepy attempted to murder the
Plaintiff via placing blood in his food to infect him with an infectious disease,
which was in reprisal of him reporting her family member, i.e., SBCC c/o Andrew Barns
twice attempting to sexual assault him.

9. Plaintiff informed Lt. McCann ~~does stated do~~ of Nurse
Gariepy acts and in turn Lt. McCann stated "Oh, you just don't get it'. We are one

- 3 -

big family and we don't go against one another. Like my family member who is representing you in Federal Court isn't going to go against us and help you get out of jail because he is with us?"

10. Lt. McCann was referring to Def. McCann.

11. These facts in regards to abuse and torture aren't hard to believe especially given the fact that Correctional Officer's has harassed and threaten D.O.C Commissioner Kathleen M. Dennehy for discipling Correctional Officer's for there malfeasance behavior against prisoners. See Exhibit "C"

12. On Oct. 28, 2005 Def. McCann visited Plaintiff at Old Colony Correctional Center. At this time, Def. McCann attempted to coerce the Plaintiff into withdrawing all his grievance form against Correctional Officer's. Def. McCann stated to Plaintiff that he has family working for the D.O.C. and he stands with Officer's. If the Plaintiff didn't knock the shit off of filing grievance forms against officer's he wasn't going to do shit for him on his petition.

Def. McCann is friend with Attorney Owens

13. Plaintiff's trial counsel, i.e. Henry Owens was highly ineffective before and during his trial. See Exhibit "B"

14. Attorney Owens has been deemed "foolhardy" for his defense strategy at murder trials by the Massachusetts Court Of Appeals whom reversed the murder conviction on ineffective assistance of counsel grounds. See Exhibit "D".

15. The Board of Bar Overseer's banned Attorney Owens from practicing law for four years due to his malpractice representation of clients and the Supreme Judicial Court concurred with this decision. See Exhibit "E".

16. On Oct. 28, 2005 Def. McCann informed the Plaintiff that he wouldn't pursue claim against Attorney Owens because his pal Hank is a utmost professional whom has received a bum rap from the Board of Bar Overseers and doesn't need anymore problems.

Def. McCann's refusal to answer the conflict of interest charges

17. On August 1, 2005 Plaintiff requested new counsel

- 4 -

the conflict of interest charge outlined in paragraph nos. 6-16 of this complaint to Judge Wolf (See Exhibit "F").

18. In Def. McCann's Opposition To [Plaintiff's] Request for New Counsel (See Exhibit "G") and Supporting Affidavit (See Exhibit "H"), he refused to answer or refute the conflict of interest charges.

19. Plaintiff sought the Office of the Bar Counsel to probe Def. McCann's conflict of interest and legal malpractice claims. See Exhibit "I"

20. In Def. McCann's opposition to Plaintiff's request for a probe, he again refused to answer or refute the conflict of interest charges via assassinating the Plaintiff's character solely. See Exhibit "J".

21. At all cost Def. McCann has avoided answering the Conflict of Interest Charges and Legal Malpractice Charges.

Legal Malpractice

22. It is clear Judge Wolf appointed Def. McCann to pursue the ineffective assistance of counsel claim and prosecutorial failure to disclose evidence, i.e., withholding of a bloody palm print. See Exhibit "A"

23. It is also transparent that Def. McCann has refused to follow Judge Wolf's order because he deemed the prosecutor's withholding of the bloody palm print is "non-meritorious". See Exhibit "H". Despite Judge Wolf deeming the issue meritorious enough to appoint counsel.

24. In Def. McCann's frivolous Reply To Respondent's Opposition To Petition For Writ Of Habeas Corpus (See Exhibit "K") and Supporting Memorandum of Law (See Exhibit "L"), he purposely failed to raise the prosecution's withholding of the Bloody Palm Print and ineffective assistance of Counsel Claims. In fact, Def. McCann purposely raised weaker issues out of all the preserved issues in the state brief. Compare Exhibits "K and L" with Exhibit "B"

25. Def. McCann frivolously contends that issues not raised in his answer "are still viable regardless of whether they addressed" in the reply which is marked Exhibits "K & L". See also Exhibit "J" at pg. no. 3 of 3. The

- 5 -

Statement is totally frivolous because pursuant to the strict rules governing the Habeas Corpus Process under the Anti-Terrorism and Effective Death Penalty Act of 1996 second Petition are procedurally barred so all issued must be addressed now for Federal review.

26. No less than 7 times did Plaintiff request in writing that Def. McCann pursue these two meritorious claims that Judge Wolf appointed him to raise, Bwhich he (McCann) never answered in writing. The authenticity of each letter can be verified by reviewing the docket because almost every ~~was~~ correspondence that Plaintiff wrote Def. McCann a copy of Placed on the docket for Judge Wolf's Knowledge. See Exhibit "M"

Prosecution Misconduct and Ineffective Assistance Of Counsel Claims Are Meritorious

27. Plaintiff will now demonstrate the Prosecution Misconduct of withholding the Bloody Palm Print and Ineffective Assistance of Counsel Claims are very meritorious and will result in reversal of Plaintiff's wrongful murder conviction

28. Plaintiff requested Attorney Owens to investigate this Bloody Palm Print among other things but he refused. See Exhibit "B" at pg. nos. ~~14-22~~ 14-32

29 On Oct. 14, 1998, the second day of trial, Plaintiff learned for the first time in testimony of Massachusetts State Trooper Patricia Beehan fictitiously ~~state~~ claimed that: 1) FBI Agent Randall Fitzwaters destroyed the Bloody Palm Print and 2) Mississippi Latent Print Expert Ronald Smith provided a forensic opinion of the bloody palm print belonging to the victim.

30. FBI Agent Fitzwaters and/or Mr. Smith was never called to testify at ~~say~~ Plaintiff's trial by the Commonwealth or Defense.

31. After Plaintiff was ~~cen~~ wrongfully convicted of First Degree Murder and sentenced to Life without the possibility of parole. His Private Investigator Ronald Rice (no relation) contacted FBI Agent Fitzwaters, whom denied destroying the bloody palm print and contacted Mr. Smith whom denied ever providing a forensic opinion to Trooper Beehan about the bloody palm print. See Exhibit "B" at pg. nos. 18-21. See also Exhibit "O"

32. Plaintiff has newly discovered evidence, i.e., a Massachusetts State Police Evidence Recovery Log, which demonstrates that the Bloody Palm

- 6 -

Print existed late as Oct. 21, 1996 and this precludes Agent Fitzwaters from destroying the said "Print" on Sept. 27, 1995 along with his verbal denial to P.I. Rice. See Exhibit "P".

33. Exhibits "O" and "P" clearly establish the following constitutional Violations:

(a) Ineffective Assistance Of Trial Counsel, i.e., Henry Owens for failing to investigate the Bloody Palm Print;

(b) The Prosecution withheld exculpatory evidence, i.e., the bloody palm print; and

(c) Plaintiff's conviction is based upon perjuried testimony rendered by Trooper Beehan in regards to the bloody palm print.

34. Further demonstrating that Def. McCann's actions are Legal Malpractice is the fact Judge Mark L. Wolf, whom is presiding over Plaintiff's Habeas Corpus Petition, has been frequently critical of government misconduct of withholding evidence. See Exhibit "Q".

35. P.I. Rice was so disturbed by Def. McCann's conflict of interest Legal, as outlined in this complaint, that he wrote Judge Wolf condemning Def. McCann's actions and explained the claims surrounding the bloody palm print as outlined above. See Exhibit "R".

36. Simply Def. McCann doesn't care if the Plaintiff ever gets out of prison as he informed Plaintiff and his Mother on Dec. 31, 2005, which is due to his conflict of interest. See Exhibit "J".

Failure To Exhaust Meritorious Issues in State Court

37. The Plaintiff had two unfederalized meritorious issues that were the subject of an dismissal: 1) Prosecutor improperly communicated false impression not based upon any evidence through questions, See Exhibit "B" at pg. nos) 41 n.5 and 2) Commonwealths witness testified beyond his expertise, See Exhibit "B" at pg. nos) 46-47.

38. Then plaintiff discovered a third unfederalized highly

-7-

meritorious claim of Denied Right to fair notice of criminal charges. See Exhibit "D" at pg. no. 28.

39. No less than 5 times in writing did the plaintiff clearly request Def. McCann to stay the Habeas Corpus Petition to exhaust the unfederalized issues in State Court. See Exhibit "T". But Def. McCann never put an effort into attaining the stay. See Exhibit "U".

40. Attorney Donald S. Bronstien of Committee For Public Counsel, whom is the Director of Criminal Appeals, was willing to appoint Def. McCann to exhaust unfederalized issues in the State Court for Federal Review. Therefore, funds weren't a issue. See Exhibit "V".

41. It is also clear Def. McCann found these issues, which needed to be exhausted in State Court, meritorious but simply he (McCann) in his own words "doesn't care if LT ever get out of prison. See Exhibit "S".

<u>The Denied Fair Notice Of Criminal Charges Issue is Meritorious</u>

42. Plaintiff will now demonstrate that the denied Fair Notice of Criminal Charges issue is highly meritorious, which cause of led to reversal of the conviction. Furthermore, it is inconceivable for Def. McCann to forego this issue too.

43. From a casual reading of the trial transcript the Due Process Violation of Denied Fair Notice Of Criminal Charges leaps out from the record because in the midst of the second day of trial the prosecution amended the indictment with Felony murder Charge underlying factor of Rape and no indictment was ever sought for Felony murder or Rape. See Exhibit "W".

44. Plaintiff's state appellate counsel, i.e., Donald Harwood was ineffective on First Direct Appeal for not embellishing on his one sentence argument or not federalizing his one sentence argument. See Exhibit "B" at pg. no. 28.

45. Plaintiff drafted a federalized argument for the Due Process Violation of Denied Fair Notice Of Criminal Charges. See Exhibit "X".

46. On Dec 31, 2005 Def. McCann over the telephone stated to the Plaintiff's mother that "he wouldn't raise the Due Process Violation Claim

- 8 -

because he (McCann) did't like the Plaintiff and doesn't care if he ever get out of prison." See Exhibit "S"

## Def. McCann Failure To Interview Newly Discovered Eyewitness

47. A newly discovered eyewitness has emerged that saw a white male covered in blood leaving the crime scene area. This fact is highly exculpatory because the Plaintiff is a fairly dark skinned black male.

48. Def. McCann refuse's to raise this highly meritorious actual innocent claim because he doesn't care if Plaintiff ever gets out of prison. See Exhibit "S"

49. It is possible that the white male that the newly discovered eyewitness saw the murder the morning of the murder leaving the crime scene, not only committed the crime Plaintiff is wrongfully incarcerated for but has committed several other murders of women in the same manner, which would make him a serial killer of women. See Exhibit "Y".

## Egregious Attorney Misconduct By Def. McCann

50. On Dec. 31, 2005 Def. McCann threaten to stick the Plaintiff complaint with the Board of Bar Overseers up the plaintiff's back side, which was in reprisal of the Plaintiff filing his complaint for Def. McCann sabotaging his Habeas Corpus Petition and the Plaintiff's Mother was on the telephone when Def. McCann threaten Plaintiff with physical Violence. See Exhibit "S"

## Actual Injury From Def. McCann's Legal Malpractice

51. Due to Def. McCann's actions Plaintiff was denied to have his ineffective assistance of Counsel and Prosecutor Misconduct of withholding exculpatory evidence properly presented before Judge Wolf, which is why Judge Wolf appointed Def. McCann.

52. Due to Def. McCann's actions meritorious issues are forever lost for Federal Review.

-9-

53. Due to Def. McCann's actions of raising weaker issues in his reply (See Exhibit "K" and "L") over stronger issues properly preserved for Federal Review (See Exhibit "B") denied Plaintiff fundamental fairness on his Habeas Corpus.

54. Due to Def. McCann's actions Plaintiff was denied fundamental fairness on State and Federal Appellate Processes.

55. Due to Def. McCann's action Plaintiff was denied to present his actual innocences claim before the State and Federal Courts.

## Claims For Relief

1. The Legal Malpractice Actions of Def. McCann violated the Plaintiff's rights as guaranteed by the 1st, 5th, 6th, 8th and 14th amendments of the United States Constitution.

2. The Legal Malpractice Actions of Def. McCann violated 42 U.S.C. 1981, 1983, 1985 and 1988.

## Prayers For Relief

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

1. Declare the Plaintiff's claims are indefeasible;

2. Declare Def. McCann must indemnify Plaintiff for his violative actions and behavior towards Plaintiff's legal rights;

3. Declare Def. McCann violated Plaintiff's legal rights under the United States Constitution;

4. Declare a declaratory judgment as is this action predicate further relief;

5. Declare that the adequacy of damage must be measure by the nature of the alleged [un] authorized deprivations, as well as further relief may be granted including an award for damages;

-10-

6. Grant damages to Plaintiff pursuant to 42 U.S.C 1981, 1983, 1985 and 1986 for the Legal Malpractice he suffered from Def. McCain's representation in the form of $20 Million dollars;

7. Grant Plaintiff Punitive damages in the form of 20 million Dollars;

8. Grant Plaintiff Emotional Distress damages in the form of 20 Million dollars;

9. Grant Plaintiff Compensatory damages in the form of 20 Million dollars;

10. Grant Plaintiff Nominal Damages in the form of 20 million dollars;

11. Grant Plaintiff Pain and Suffering damages in the form of 20 million dollars;

12. Grant Plaintiff's Cost and attorney fee; and

13. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,

Dated: March 2, 2006

Jordan M. Rice, Pro Se
177 Battles Farm Dr.
Brockton, Ma 02301

Exhibit No.

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JORDAN M. RICE,    )
    Plaintiff    )
                  )
V.                )    CASE No. 06CA10502-NMG
                  )
EUGENE P. McCANN, )
MANZI & McCANN, ET AL.    )
    Defendants    )
                  )

## DEFENDANT'S ANSWER AND JURY DEMAND

Now comes the Defendants, Eugene P. McCann and Manzi and McCann (collectively

referred to as "Atty. McCann"), in the above-entitled action, and for answer says:

## PRELIMINARY STATEMENT

Atty. McCann denies allegations contained in the unnumbered paragraph of the

Preliminary Statement and calls upon the Plaintiff to prove same.

## JURISDICTION

1.    Atty. McCann denies allegations contained in Paragraph 1 and calls upon the

Plaintiff to prove same.

## PARTIES

1 (sic). Atty. McCann lacks sufficient knowledge to either admit or deny the allegations

contained in second Paragraph 1 of the complaint.

2.    Atty. McCann admits the allegations in Paragraph 2.

1

## **FACTS**

3.      Atty. McCann neither admits nor denies the allegation contained in Paragraph 5 and calls upon Plaintiff to prove same. Atty. McCann further states that Judge Wolf's Order, dated March 17, 2006, in the case of Jordan M. Rice v. Timothy Hall, U.S. District Court, Civil Action No. 04-10859-MLW, speaks for itself.

4.      Paragraph 4 sets forth a legal argument for which no answer is required.

5.      Atty. McCann denies the allegations contained in Paragraph 5 and calls upon the Plaintiff to prove same.

6.      Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 6.

7.      Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 7.

8.      Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 8.

9.      Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 9.

10.     Atty. McCann denies the allegations contained in Paragraph 10 and calls upon the Plaintiff to prove same.

11.     Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 11.

12.     Atty. McCann admits that on or about October 28, 2005, he visited the Plaintiff at Old Colony Correctional Center. Atty. McCann denies the remaining allegations contained in Paragraph 12 and calls upon the Plaintiff to prove same.

13.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 13.

14.    Atty. McCann admits the allegations contained in Paragraph 14.

15.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 15.

16.    Atty. McCann denies the allegations contained in Paragraph 16 and calls upon the Plaintiff to prove same.

17.    Atty. McCann denies the allegations contained in Paragraph 17 and calls upon the Plaintiff to prove same.

18.    Atty. McCann denies the allegations contained in Paragraph 18 and calls upon the Plaintiff to prove same.  Atty. McCann further answers that Exhibits G and H speak for themselves.

19.    Atty. McCann admits the allegations contained in Paragraph 19.  However, Atty. McCann denies the false and libelous statements of the Plaintiff contained in Exhibit I.

20.    Atty. McCann denies the allegations contained in Paragraph 20 and calls upon the Plaintiff to prove same.  Atty. McCann further answers that Exhibit J speaks for itself.

21.    Atty. McCann denies the allegations contained in Paragraph 21 and calls upon the Plaintiff to prove same.

22.    Atty. McCann neither admits nor denies the allegation contained in Paragraph 22 and calls upon Plaintiff to prove same.  Atty. McCann further states that Judge Wolf's Order, dated March 17, 2006, in the case of Jordan M. Rice v. Timothy Hall, U.S. District Court, Civil Action No. 04-10859-MLW, speaks for itself.

23.    Atty. McCann admits the allegations in the first sentence of Paragraph 23.

3

However, Atty. McCann neither admits nor denies the remaining allegations contained in Paragraph 23. Atty. McCann further states that Judge Wolf's Order, dated March 17, 2006, in the case of Jordan M. Rice v. Timothy Hall, U.S. District Court, Civil Action No. 04-10859-MLW, and Exhibit H speak for themselves.

24.    Atty. McCann denies the allegations contained in Paragraph 24 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibits K and L speak for themselves.

25.    Atty. McCann denies the allegations contained in Paragraph 25 and calls upon the Plaintiff to prove same.

26.    Atty. McCann admits that the Plaintiff may have requested that he pursue issues which had previously been dismissed or deemed frivolous. However, Atty. McCann denies the remaining allegations contained in Paragraph 26 and calls upon the Plaintiff to prove same.

27.    Paragraph 27 contains no factual allegations for which answer is required. However, to the extent Paragraph 27 is deemed to contain such factual allegation, Atty. McCann denies them and calls upon the Plaintiff to prove same.

28.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 28.

29.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 29.

30.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 30.

31.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 31.

32.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations

4

contained in Paragraph 32.

33. Atty. McCann neither admits nor denies the allegation contained in Paragraph 33 and calls upon the Plaintiff to prove same.

34. Atty. McCann denies the allegations contained in Paragraph 34 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibit Q speaks for itself.

35. Atty. McCann denies the allegations contained in Paragraph 35 which is based on false statements provided to P. I. Rice by the Plaintiff and calls upon the Plaintiff to prove same.

36. Atty. McCann denies the allegations contained in Paragraph 36 and calls upon the Plaintiff to prove same.

37. Atty. McCann neither admits nor admits the allegations contained in Paragraph 37 and calls upon the Plaintiff to prove same.

38. Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 38.

39. Atty. McCann denies the allegations contained in Paragraph 39 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibits T and U speak for themselves.

40. Atty. McCann neither admits nor admits the allegations contained in Paragraph 40 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibit V speaks for itself.

41. Atty. McCann admits the allegations contained in Paragraph 41. Atty. McCann further states that Exhibit S speaks for itself.

42. Paragraph 42 contains no factual allegations for which answer is required. However, to the extent Paragraph 42 is deemed to contain such factual allegation, Atty. McCann denies them and calls upon the Plaintiff to prove same.

5

43.    Atty. McCann neither admits nor admits the allegations contained in Paragraph 43 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibit W speaks for itself.

44.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 44.

45.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 45.

46.    Atty. McCann denies the allegations contained in Paragraph 46 and calls upon the Plaintiff to prove same.

47.    Atty. McCann lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 47.

48.    Atty. McCann denies the allegations contained in Paragraph 48 and calls upon the Plaintiff to prove same.

49.    Atty. McCann neither admits nor admits the allegations contained in Paragraph 49 and calls upon the Plaintiff to prove same. Atty. McCann further states that Exhibit Y speaks for itself.

50.    Atty. McCann denies the allegations contained in Paragraph 50 and calls upon the Plaintiff to prove same.

51.    Atty. McCann denies the allegations contained in Paragraph 51 and calls upon the Plaintiff to prove same.

52.    Atty. McCann denies the allegations contained in Paragraph 52 and calls upon the Plaintiff to prove same.

53.    Atty. McCann denies the allegations contained in Paragraph 53 and calls upon the

Plaintiff to prove same.

54.     Atty. McCann denies the allegations contained in Paragraph 54 and calls upon the

Plaintiff to prove same.

55.     Atty. McCann denies the allegations contained in Paragraph 55 and calls upon the

Plaintiff to prove same.

WHEREFORE, Atty. McCann demands:

1.      The dismissal of all Counts of the Complaint;

2.      An award of attorney's fees for the defense of same; and

3.      Such other relief as this Court deems appropriate and just.

## **JURY DEMAND**

Defendant, Atty. McCann, Demands Trial By Jury on All Issues.

## **AFFIRMATIVE DEFENSES**

1.      The Plaintiff has failed to state a claim against Atty. McCann upon which relief

can be granted.

2.      This Court lacks subject matter jurisdiction over the Plaintiff's claims.

3.      The Plaintiff's Complaint is barred by the doctrines of collateral estoppel, res

judicata and claim and issue preclusion.

4.      The alleged cause of the Plaintiff's injuries is one for which Atty. McCann is not

legally liable.

5.      The act of acts or omission of act or acts alleged in the Plaintiff's Complaint to be

negligent or wrongful were committed, if at all, by a person for whose conduct Atty. McCann

7

was not legally responsible.

6.      Atty. McCann states that he has not violated a well-established constitutional right
of the Plaintiff.

7.      Atty. McCann states that the Plaintiff has failed to state causes of action which
rise to the level of constitutional violations.

8.      Atty. McCann states that if Plaintiff sustained damages as alleged in his

Complaint, they were caused by the acts of a third person or persons, which acts Atty. McCann

had no reason to anticipate and of which person or persons Atty. McCann had no knowledge, and

over whom they had no control.

9.      Atty. McCann states his alleged acts or omissions were not the cause, proximate
or otherwise, of the alleged injury or damage.

> Respectfully submitted for,
> Eugene P. McCann and Manzi & McCann,
> Pro Se,
>
> /s/ Eugene Patrick McCann
>
> _____
> Eugene Patrick McCann, BBO #327400
> Charles Scott Nierman, BBO #543994
> Manzi and McCann
> 59 Jackson Street
> Lawrence, Massachusetts 01840
> Tel. (978) 686-5664

DATED: April 25, 2007

## CERTIFICATE OF SERVICE

I, Eugene Patrick McCann, certify under the pains and p7enalties of perjury, that I have
on this 27th day of April, 2007, served a copy of the foregoing upon the Plaintiff by causing it to
be delivered by electronic filing and by first class mail, postage prepaid.

> /s/ Eugene Patrick McCann
>
> _____
> Eugene Patrick McCann

8







UNIVERSITY OF CALIFORNIA, IRVINE

BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO          SANTA BARBARA • SANTA CRUZ

William C. Thompson, J.D., Ph.D.                                School of Social Ecology
Professor and Chair                                             Irvine, CA 92697-7080
Department of Criminology, Law and Society                      (949) 824-5575
                                                               (949) 824-3001 Fax

June 7, 2007

Mr. Jordan Rice
C/O Blenda Rice
177 Battles Farm Drive
Brockham, Mass. 02301

Dear Mr. Rice,

I received your letter asking for help on your case. Although I cannot be your lawyer and cannot represent you in court, I am interested in your statement that "Cellmark has two different DNA profiles matching me in two different lab reports which I know is medically impossible."

I am very interested in seeing the two Cellmark reports that have different profiles matching you. If, as you say, the two profiles are different, then it probably means that an error has occurred in the DNA testing in your case.

If the two DNA profiles that "match" you are different, I will be willing to help you investigate the scientific issues on a pro bono basis—that is, without fee. Please understand that I am offering to help you look into an error in DNA testing (if the evidence suggests that there was an error). I am not offering to be your lawyer. I may be able to help you find a lawyer, however, if it appears that a DNA testing error has occurred in your case.

If you can send me copies of the two Cellmark reports, I will review then immediately and let you know whether I can help you further.

Sincerely,

William C. Thompson



Exhibit No.

3

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | RICE JORDAN M | | **Grievance#** 28299 | **Institution** MCI CEDAR JUNCTION | | | |
| **Commit No.** | W65429 | **Housing** | DEPARTMENT DISCIPLINARY UNIT | **Date Of Incident** | 20070725 | **Date Of Grievance** | 20070725 |

**Complaint**

On July 25, 2007 C/O Stephen Oliveria and C/O Cannon made verbal reference to open litigation that I currently have pending in the Federal Court which I been anticipating a court ruling on for a few monthst that I am not in receipt of. The only way both Officer's would have knowledge of this litigation is that my incoming mail was again censored by DDU Officer's whom read it and refuse to give it to me. Both Officer's verbal harassment about possessing my legal documents is captured on camcorder video tape operated by C/O Oliveria. This censoring of my mail is denying me my constitutional rights of access to the courts.

**Remedy Requested**

To probe this ongoing censorring of my mail. Also order staff to stop censorring my mail which is denying access to the courts and outside world.

**Staff Recipient**

Stork Robert E  CO II

**Staff Involved**

Cannone James M  CO I

Oliveira Stephen C  CO I

**Signature**

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20070727    **Decision Date**

**Signature**

**Final Decision**

**Decision**

**Signature**                                        **Date**

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

## INMATE RECEIPT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | RICE JORDAN M | | | **Institution** MCI CEDAR JUNCTION | | |
| **Commit No.** | W65429 | **Grievance#** | 28299 | **Date Received** | 20070727 | |

**Signature.** Stork Robert E  CO II

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

**Name** RICE JORDAN M           **Grievance#** 28271    **Institution** MCI CEDAR JUNCTION

| | | | | | |
|---|---|---|---|---|---|
| **Commit No.** | W65429 | **Housing** DEPARTMENT | **Date Of Incident** 20070724 | **Date Of Grievance** 20070724 |

DISCIPLINARY UNIT

**Complaint** On July 16, 2007 Mr. ~~Rice gave the case~~ worker two certified mail articles of mail addressed to:
1) Disability Law Center Attorney Karen Tally C#7006 3450 0002 9955 7181)
2) Boston Globe Reporter Jonathan Saltzman (#7006 3450 0002 9956 7198)
The certified mail addressed to Attorney Tally left the prison. Still to date Mr. Rice has no knowledge of postal funds being extracted from his prisoner account for Mr. Saltzman's certified mail. Nor does the post office have any record of receive the said article of mail addressed to Mr. Saltzman. This is part of the ongoing federal crime of censorring Mr. Rice's incoming and outgoing mail which includes both Personal & Legal mail to stop him from speaking out about the torturing of him. Also his mail has been given to other prisoner's whom are directly working with DDU staff. Still to date Mr. Rice hasn't received certified mail that his mother sent him. This is denying Mr. Rice access to the outside world and the court. Also these acts are in violation of Wrentham District Court Judge Warren A. Powers order of the censoring of my mail to be halted.

**Remedy Requested** To send out Mr. Rice's mail to Boston Globe Reporter Jonathan Saltzman. Also stop censorring Mr. Rice's incoming and outgoing mail that is denying him access to the outside world and courts. Or probe these matters.

**Staff Recipient** Stork Robert E  CO II

**Staff Involved**

**Signature**

---

#### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20070725    **Decision Date**

**Signature**

**Final Decision**

**Decision**

**Signature**                                    **Date**

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

#### INMATE RECEIPT

**Name** RICE JORDAN M                          **Institution** MCI CEDAR JUNCTION

**Commit No.** W65429           **Grievance#** 28271    **Date Received** 20070725

**Signature.** Stork Robert E  CO II

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | RICE JORDAN M | | **Grievance#** 28485 | **Institution** MCI CEDAR JUNCTION | | | |
| **Commit No.** | W65429 | **Housing** DEPARTMENT DISCIPLINARY UNIT | | **Date Of Incident** 20070729 | | **Date Of Grievance** 20070729 | |

**Complaint**  On July 29, 2007 at 12:00am C/O Ryan Quirk slammed the tier door and stated "Rice thats for ratting me out you fucking punk." The Officer that was with him hit my cell window with the flashlight. At 12:30am C/O Quirk slammed the tier door and stated "Ah, ha I got your mail, now see you at the post office

**Remedy Requested**  To probe this matter along with preserving the institutional video. Also order to stop censoring my incoming and outgoing mail.

**Staff Recipient**  Stork Robert E   CO II

**Staff Involved**  Quirk Ryan J   CO I

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20070801   **Decision Date**

**Signature**

**Final Decision**

**Decision**

**Signature**                                            **Date**

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

## INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | RICE JORDAN M | | **Institution** MCI CEDAR JUNCTION | |
| **Commit No.** | W65429 | **Grievance#** 28485 | **Date Received** 20070801 | |

**Signature.**  Stork Robert E  CO II