```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| JORDAN M. RICE, )<br>    Petitioner )<br> )<br>v. )<br> )<br>TIMOTHY HALL, )<br>    Respondent ) | C.A. No. 04-10859-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                September 30, 2007

    The court has today denied petitioner Jordan Rice's petition for habeas corpus pursuant to 28 U.S.C. §2254. The motion was briefed appropriately by petitioner's counsel. Although there were contentions as to which no real argument was made, the court discerned no good argument that could have been made in support of them. Therefore, the court did not decide petitioner's renewed motion to appoint new counsel before deciding the merits of his petition.

    Similarly, in view of the lack of merit in Rice's long-pending petition and the powerful evidence of his actual guilt, the court has determined that it is not appropriate to allow his recent requests for funds for a DNA expert and an evidentiary hearing at which the expert might testify.

    Accordingly, petitioner's motions for new counsel, funds for a DNA expert, and an evidentiary hearing (Docket Nos. 135, 136, and 148) are hereby DENIED.

The court has considered petitioner's foreseeable request for a certificate of appealability concerning the dismissal of his claims under the standards of 28 U.S.C. §2253(c)(2) and <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003). These standards are met for only three of petitioner's five grounds for relief: his claim concerning the failure to appoint substitute counsel (Ground One); his claim of ineffective assistance of counsel (Ground Five); and his Due Process Clause jury instruction claim (Ground Six). Therefore a certificate of appealability is hereby ISSUED on these three claims only.

It is hereby further ORDERED that petitioner's counsel, Francis McCann, Esq., shall confer with petitioner to determine whether he wishes to appeal the denial of his request for a writ of habeas corpus; timely file a notice of appeal if petitioner so requests; and then, in view of petitioner's request for a new lawyer, Mr. McCann may file a notice of withdrawal as petitioner's counsel.

                                        /s/ Mark L. Wolf
                             UNITED STATES DISTRICT JUDGE