United States District Court
District Of Massachusetts

FILED
IN CLERKS OFFICE
2007 OCT 25 P 4:10
U.S. DISTRICT COURT
DISTRICT OF MASS.

Jordan M. Rice,
    Petitioner

v.

Timothy Hall,
    Respondent

DKT. No. 04-10859-MLW

Motion For New Counsel For Appellate Review To The First Circuit Court Of Appeals

    Now comes Jordan M. Rice, Petitioner in the above entitled case and moves that this Court Appoint him new Counsel for Appellate Review to The First Circuit Court Of Appeals on the following grounds:

    1) On March 17, 2005 Justice Wolf appointed counsel to pursue a highly meritorious prosecutor misconduct claim where he held in appointing counsel "the prosecution failed to disclose possibly exculpatory evidence... and is sufficiently complex to warrant professional legal assistance" (See Document No. 34). Appointed Counsel willfully failed to raise the Prosecutor Misconduct claim. Petitioners Private Investigator Ronald Rice (no relation) was so disturbed by Attorney McCann's actions (or lack there of) and clear conflicts of interest that he authorred his concerns to Judge Wolf to no avail (See Docket No. 91)

    2) Appointed Counsel failed to raise the meritorious Prosecution misconduct among other meritorious claims for these grave conflicts of interest:

    (i) Attorney McCann is related to a prison guard whom petitioner has filed complaints against for abuse and has filed ~~settled filed~~ an lawsuit against in District Court for said abuse. See Rice v. Dennehy, DKT. No. 06-0433-RGS. Also Lt. McCann, Counsel relative, has personally informed the Petitioner that his

## II

was sabotaging this litigation for speaking to file complaints against him and other officers.

(ii) Attorney McCann is friends with the infamous Attorney Henry Owens whom is the subject of an highly meritorious ineffective assistance of trial claim for failing to investigate among other supportive grounds Attorney McCann refused to pursue any of the meritorious claims of ineffective assistance of counsel against Attorney Owens because he (McCann) personally informed petitioner and his Petitioner's Mother, Blenda Rice, that "his friend Hank (i.e., Henry Owens) has received a bum rap from the BBO [Board Of Bar Overseers] and hank didn't need anymore problems so he won't pursue any claims against hank". Please note, Attorney Owens was suspended from practicing law for his malpractice representation of clients.

(iii) Attorney McCann has further informed Petitioner and his Mother, Blenda Rice, that State Police Chemist Patrice Beehan was a Good officer whom "would never withhold Any Evidence", because he knows her, which means they share some type of relationship. Ms. Beehan is the subject of the meritorious claim of withholding a bloody palm print that constitute prosecution misconduct.

It should be noted McCann has further informed Petitioner and his Mother, Blenda Rice, that "doesn't care if [petitioner] ever gets out of prison" which may explain why Attorney McCann raised "Weaker rather than Stronger" claim on appeal constituting ineffective assistance of appellate counsel (See Docket No. 142 - Petitioner's Motion Notifying the Court of Attorney McCann's Statement which he admitted in Civil Litigation Related to this case). Reed V. Ross, 468 U.S. 1, 13-14 (1984) (Noting that the failure to

## III

raise a significant constitutional claim supports a claim of ineffective assistance of counsel); Fagan V. Washington, 942 F.2d 1155, 1157 (1991) (Finding ineffective assistance of appellate counsel when the attorney failed to raise a substantial claim but instead raised a weaker one). It is transparent that Attorney McCann was ineffective assistance assistance of appellate Counsel.

Furthermore, new counsel should be appointed on these grounds:

(i) Petitioner is being denied access to the court where he doesn't have physical access to the law library to pursue his appeal;

(ii) Petitioner is pursuing on appeal conflicts of Interest claim and ineffective assistance of appellate counsel against Attorney McCann, and

(iii) The Department Of Corrections Law Library System is in clear violation of Established First Circuit Law and Supreme Court Law. See Messere V. Fair, 752 F.Supp. 48, 50 (D. Mass 1990). See also Lewis V. Casey, 518 U.S. 343 (1996).

## CONCLUSION

To preserve fundamental fairness and in the interest of justice, Petitioner should be appointed new counsel to represent him on appellate review with explicit instruction that new counsel is to raise all Petitioner's claim setforth in this COA motion.

Respectfully Submitted,

*[signature]*

Dated: October 11, 2007